UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| C.P., by and through his parents, Patricia Pritchard and Nolle Pritchard; and PATRICIA PRITCHARD,<br><br>                  Plaintiffs,<br>          v.<br><br>BLUE CROSS BLUE SHIELD OF ILLINOIS,<br><br>                  Defendant. | CASE NO. 3:20-cv-06145-RJB<br><br>ORDER GRANTING PLATINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT |

This matter comes before the Court on Plaintiffs' Motion for Leave to File Amended Complaint. Dkt. 26. In the pending motion, Plaintiffs move to convert this individual case into a class action. The Parties request oral argument, but it is not necessary to fairly decide the issues. For the reasons set forth in this Order, Plaintiff's motion should be granted.

**I.   BACKGROUND**

Plaintiffs are C.P., a minor who is transgender and suffers from gender dysphoria, and his mother, Patricia Pritchard. Defendant, Blue Cross Blue Shield of Illinois ("Blue Cross"), is an

ORDER GRANTING PLATINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 1

insurance company that, according to the Complaint, administered a "self-funded" insurance policy for Pritchard's employer, CHI Franciscan. That insurance policy includes a blanket "Transgender Reassignment Surgery Exclusion." Pursuant to that exclusion, C.P. was denied gender affirming services.

Blue Cross previously moved to dismiss Plaintiff's Complaint. Dkt. 17. The Court denied that motion, finding that Plaintiffs had standing to sue and that they had properly stated a claim for which relief can be granted. Dkt. 23.

Plaintiffs filed the pending motion to add similarly situated individuals in plans administered by Blue Cross after learning that Blue Cross believed an adjudication in Plaintiffs' favor would only apply to C.P. and not to other similarly situated enrollees. Dkt. 27. Though Blue Cross previously filed a motion to dismiss, it has not yet answered the Complaint. Blue Cross opposes Plaintiffs' motion on the grounds that amendment would be futile. Dkt. 32.

## II.   DISCUSSION

Under Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend its complaint once as a matter of course either 21 days after service or within 21 days after service of the answer or of a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1). Plaintiffs served the Complaint nearly one year ago, and, although Defendant has not yet answered, Plaintiffs may not amend their Complaint as a matter of course because Defendant served (and the Court ruled on) a Rule 12(b) motion to dismiss many months ago. Therefore, Plaintiffs must be given permission to amend, which "[t]he court should freely give [] when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15's policy of favoring amendments [] should be applied with extreme liberality." *DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, a district court

ORDER GRANTING PLATINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 2

may deny leave if amendment would be futile, is sought in bad faith, would cause the opposing party undue prejudice, or would cause undue delay. *Id.*

Defendant argues leave to amend would be futile because Plaintiffs' proposed amended complaint does not, and cannot, name indispensable parties and because it cannot meet the class action requirements in Rule 23. Amendment is futile if "no set of facts can be proved under the amendment to the pleading that would constitute a valid and sufficient claim[.]" *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018).

### A. INDISPENSABLE PARTIES

A lawsuit cannot proceed in the absence of in indispensable party. Courts use a three-step analysis to determine whether a party is "indispensable." *EEOC v. Peabody W. Coal Co.*, 610 F.3d 1070, 1078 (9th Cir. 2010). First, the court must consider whether the party is "required" under Rule 19(a). *Id.* If so, "the second stage is for the court to determine whether it is feasible [] that the absentee be joined." *Id.* (internal quotation omitted). "Finally, if joinder is not feasible, the court must determine at the third stage whether the case can proceed without the absentee or whether the action must be dismissed," or, as in this case, whether amendment would be futile. *Id.*

A party is required if:

> (A) in that person's absence, the court cannot accord complete relief among the existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Plaintiffs' proposed class is defined as:

> All individuals who have been, are, or will be participants or beneficiaries in an ERISA self-funded "group health plan" (as defined in 29 U.S.C. § 1167(1))

administered by [Blue Cross] that contains a categorical exclusion denying or limiting coverage for gender affirming health care, like the "Transgender Reassignment Surgery" Exclusion contained in the CHI Plan . . . .

Dkt. 26-1 at 17.

Blue Cross argues that complete relief cannot be provided without involvement of each of the self-funded group plans. Under a self-funded plan, an employer "does not purchase an insurance policy from any insurance company in order to satisfy its obligations to its participants." *FMC Corp. v. Holliday*, 498 U.S. 52, 54 (1990). Instead, the employer pays for individual claims.[1] *See Sypher v. Aetna Ins. Co.*, Case No. 13-10007, 2014 WL 1230028, at *4–5 (E.D. Mich. 2014).

The standard for amendment tips strongly in Plaintiffs' favor. While Plaintiffs' proposed amended complaint may possibly exclude necessary parties, it does not necessarily so amendment is not clearly futile. According to Plaintiffs, the proper defendant when seeking relief from the terms of a self-funded insurance plan is the plan administrator. Dkt. 35 at 5 (citing *Tovar v. Essentia Health*, 857 F.3d 771, 778 (8th Cir. 2017); *Tovar v. Essentia Health*, 342 F. Supp. 3d 947, 954 (D. Minn. 2018)). Plaintiffs allege that Blue Cross administers the plan at issue and seek to include only other plaintiffs with plans administered by Blue Cross in the proposed class.[2] Dkt. 26-1. If true, then judgment against Blue Cross could give the proposed class complete relief without other defendants. *See Carr v. United Healthcare Serv., Inc.*, Case No. 15-cv-1105-MJP, 2016 WL 7716060, at *4 (W.D. Wash. 2016); *compare Sypher*, Case No. 13-10007, 2014 WL 1230028, at *4–5. In addition, a judgment against Blue Cross

---

[1] Self-funded plans appear to come with a range of possible terms. *See Almont Ambulatory Surgery Ctr., LLC, et al. v. UnitedHealth Grp., Inc., et al.*, 99 F. Supp. 3d 1110, 1122 (C.D. Cal. 2015).

[2] It is not clear that Blue Cross administers the plan at issue because the plan states that Catholic Health Initiatives is the "Plan Administrator." Dkt. 1-1 at 117.

ORDER GRANTING PLATINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 4

would not clearly impede the ability of other parties to protect their own interests because it would only affect policy terms that Blue Cross administers, not terms that an individual employer administers.  Because other parties are not clearly necessary, they are not clearly indispensable, and amendment is not clearly futile on these grounds.

### B.  FED. R. CIV. P. 23 REQUIREMENTS

Blue Cross argues that the class definition is fatally flawed because it requires individualized inquiries, creates a risk of incompatible standards of conduct, and because Plaintiffs cannot satisfy the requirements of commonality or typicality and, therefore, could not possibly meet the Rule 23 class action requirements.  Dkt 32.  According to Plaintiffs, the proposed class would be limited to other plaintiffs in similar situations, with similar policies, and for whom Blue Cross could similarly afford complete relief.  It is not clear at this stage that such a class could not possibly meet the Rule 23 requirements, so it is not clearly futile.  Blue Cross' argument should instead be considered on a motion for class certification.  *See Gillibeau v. City of Richmond*, 417 F.2d 426, 432 (9th Cir. 1969); *Barnett v. Cnty. of Contra Costa*, Case No. C04-4437-TEH, 2010 WL 2528523, at *4 (N.D. Cal. 2010).

Plaintiffs' proposed class is not clearly fatally flawed, so Blue Cross does not demonstrate that leave to amend is futile.

### III.   ORDER

Therefore, Plaintiffs' Motion for Leave to File Amended Complaint **IS GRANTED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

/

/

Dated this 2nd day of November, 2021.

*Robert J. Bryan* (signature)

ROBERT J. BRYAN
United States District Judge