HONORABLE JUDGE ROBERT J. BRYAN

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| C. P., by and through his parents, Patricia Pritchard and Nolle Pritchard; and PATRICIA PRITCHARD,<br><br>Plaintiffs,<br><br>vs.<br><br>BLUE CROSS BLUE SHIELD OF ILLINOIS,<br><br>Defendant. | Case No. 3:20-cv-06145-RJB<br><br>**DEFENDANT BLUE CROSS BLUE SHIELD OF ILLINOIS ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

**I. Introduction**

1. Blue Cross and Blue Shield of Illinois ("BCBSIL") states that Paragraph 1 of the First Amended Complaint states a legal conclusion and no response is required. BCBSIL states that the Affordable Care Act speaks for itself. BCBSIL further states that the relief requested is not appropriate under the Affordable Care Act.

2. BCBSIL admits that it serves as a third-party administrator for certain employer-provided benefit plans based in Illinois. BCBSIL denies the remaining allegations in Paragraph 2 and all inferences drawn therefrom. In all other respects, denied.

3. Denied.

4. BCBSIL is without knowledge of whether Plaintiff Patricia Pritchard receives health care coverage through the Catholic Health Initiatives Medical Plan "[a]s part of the

DEFENDANT BLUE CROSS BLUE SHIELD OF ILLINOIS ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT – 1
CASE NO. 3:20-CV-06145-RJB
TOWNSEND 75469525 1

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713 FAX: (206) 260-8946

compensation for her employment," and therefore denies that allegation. BCBSIL admits the remainder of the allegations in Paragraph 4.

5. BCBSIL admits that it provides administrative services for the Plan and administers the Plan according to its terms. BCBSIL denies the remaining allegations in Paragraph 5 and all inferences drawn therefrom.

6. BCBSIL admits that the Plan attached to the First Amended Complaint as App. A was effective January 1, 2019 and states that the Plan speaks for itself. BCBSIL denies that all claims submitted by C.P. were submitted under this version of the Plan.

7. BCBSIL states that the Plan speaks for itself. In all other respects, denied.

8. BCBSIL states that the Plan speaks for itself. In all other respects, denied.

9. BCBSIL states that the Plan speaks for itself. In all other respects, denied.

10. Denied.

11. Paragraph 11 does not require a response. BCBSIL admits that Plaintiffs purport to seek the relief stated. In all other respects, denied.

## II. PARTIES

12. BCBSIL admits that it provides third-party administrative services for the Plan. As to the remaining allegations, BCBSIL is without knowledge and the allegations are therefore denied.

13. BCBSIL admits that it provides administrative services for the Plan. BCBSIL admits that Plaintiffs were covered under the Plan at the time of the claims at issue in the complaint. As to the remaining allegations, BCBSIL is without knowledge and the allegations are therefore denied.

14. BCBSIL admits that it is a health care services company that offers services as a third-party administrator and also offers insurance products in Illinois. BCBSIL denies that it receives federal financial assistance in relation to its services as a third party administrator. BCBSIL admits that it is the third-party administrator for the Plan in which C.P. was enrolled. BCBSIL admits it is a division of Health Care Service Corporation, a mutual legal reserve

DEFENDANT BLUE CROSS BLUE SHIELD OF ILLINOIS ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT – 2
CASE NO. 3:20-CV-06145-RJB
TOWNSEND 75469525 1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

company headquartered in Chicago Illinois and that it is not a religious organization.

## III. JURISDICTION AND VENUE

15. Admitted. BCBSIL denies that any relief is appropriate under the ACA.

16. Admitted.

17. Admitted.

18. Admitted.

19. BCBSIL admits that it is subject to personal jurisdiction in Washington. In all other respects, denied.

## IV. FACTUAL BACKGROUND

*Gender Dysphoria and Its Treatment*

20. BCBSIL objects to Paragraph 20 as immaterial and irrelevant to the ultimate factual and legal disputes at issue in this litigation. To the extent an answer is required, BCBSIL denies the allegations in Paragraph 20 to the extent that they are inconsistent with scientific and medical facts. BCBSIL follows consensus recommendation from the medical community, evidence-based science, specialty society recommendations, and regulations when administering benefits.

21. BCBSIL objects to Paragraph 21 as immaterial and irrelevant to the ultimate factual and legal disputes at issue in this litigation. To the extent an answer is required, BCBSIL denies the allegations in Paragraph 21 to the extent that they are inconsistent with scientific and medical facts. BCBSIL follows consensus recommendation from the medical community, evidence-based science, specialty society recommendations, and regulations when administering benefits.

22. BCBSIL objects to Paragraph 22 as immaterial and irrelevant to the ultimate factual and legal disputes at issue in this litigation. To the extent an answer is required, BCBSIL denies the allegations as stated. BCBSIL follows consensus recommendation from the medical community, evidence-based science, specialty society recommendations, and regulations when administering benefits. BCBSIL denies that there is uniformity of experience among people

DEFENDANT BLUE CROSS BLUE SHIELD OF ILLINOIS ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT – 3
CASE NO. 3:20-CV-06145-RJB
TOWNSEND 75469525 1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

experiencing gender dysphoria. BCBSIL is without knowledge as to whether this allegation is true as to any specific individual who identifies as transgender.

23. BCBSIL objects to Paragraph 23 as immaterial and irrelevant to the ultimate factual and legal disputes at issue in this litigation. To the extent an answer is required, BCBSIL denies the allegations in Paragraph 23 to the extent that they are inconsistent with scientific and medical facts. BCBSIL follows consensus recommendation from the medical community, evidence-based science, specialty society recommendations, and federal and state regulations when administering benefits.

24. BCBSIL objects to Paragraph 24 as immaterial and irrelevant to the ultimate factual and legal disputes at issue in this litigation. To the extent an answer is required, BCBSIL denies the allegations in Paragraph 24 to the extent that they are inconsistent with scientific and medical facts. BCBSIL follows consensus recommendation from the medical community, evidence-based science, specialty society recommendations, and regulations when administering benefits. BCBSIL denies that there is uniformity of experience among people experiencing gender dysphoria. BCBSIL is without knowledge as to whether this allegation is true as to any specific individual who identifies as transgender.

25. BCBSIL objects to Paragraph 25 as immaterial and irrelevant to the ultimate factual and legal disputes at issue in this litigation. To the extent an answer is required, BCBSIL denies the allegations as stated. BCBSIL follows consensus recommendation from the medical community, evidence-based science, specialty society recommendations, and regulations when administering benefits. BCBSIL denies that there is uniformity of experience among people experiencing gender dysphoria. BCBSIL is without knowledge as to whether this allegation is true as to any specific individual who identifies as transgender.

26. BCBSIL objects to Paragraph 26 as immaterial and irrelevant to the ultimate factual and legal disputes at issue in this litigation. To the extent an answer is required, BCBSIL denies the allegations as stated. BCBSIL follows consensus recommendation from the medical community, evidence-based science, specialty society recommendations, and regulations when

DEFENDANT BLUE CROSS BLUE SHIELD OF ILLINOIS ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT – 4
CASE NO. 3:20-CV-06145-RJB
TOWNSEND 75469525 1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

administering benefits. BCBSIL denies that there is uniformity of experience among people experiencing gender dysphoria. BCBSIL is without knowledge as to whether this allegation is true as to any specific individual who identifies as transgender.

27. BCBSIL objects to Paragraph 27 as immaterial and irrelevant to the ultimate factual and legal disputes at issue in this litigation. To the extent an answer is required, BCBSIL denies the allegations in Paragraph 27 to the extent that they are inconsistent with scientific and medical facts. BCBSIL follows consensus recommendation from the medical community, evidence-based science, specialty society recommendations, and regulations when administering benefits. BCBSIL denies that there is uniformity of experience among people experiencing gender dysphoria. BCBSIL is without knowledge as to whether this allegation is true as to any specific individual who identifies as transgender.

28. BCBSIL objects to Paragraph 28 as immaterial and irrelevant to the ultimate factual and legal disputes at issue in this litigation. To the extent an answer is required, BCBSIL denies the allegations in Paragraph 28 to the extent that they are inconsistent with scientific and medical facts. BCBSIL follows consensus recommendation from the medical community, evidence-based science, specialty society recommendations, and regulations when administering benefits.

29. BCBSIL objects to Paragraph 29 as immaterial and irrelevant to the ultimate factual and legal disputes at issue in this litigation. To the extent an answer is required, BCBSIL denies the allegations in Paragraph 29 to the extent that they are inconsistent with scientific and medical facts. BCBSIL follows consensus recommendation from the medical community, evidence-based science, specialty society recommendations, and regulations when administering benefits. BCBSIL denies that there is uniformity of experience among people experiencing gender dysphoria. BCBSIL is without knowledge as to whether this allegation is true as to any specific individual who identifies as transgender.

30. BCBSIL objects to Paragraph 30 as immaterial and irrelevant to the ultimate factual and legal disputes at issue in this litigation. To the extent an answer is required, BCBSIL

DEFENDANT BLUE CROSS BLUE SHIELD OF ILLINOIS ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT – 5
CASE NO. 3:20-CV-06145-RJB
TOWNSEND 75469525 1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

denies the allegations in Paragraph 30 to the extent that they are inconsistent with scientific and medical facts. BCBSIL follows consensus recommendation from the medical community, evidence-based science, specialty society recommendations, and when administering benefits. BCBSIL denies that there is uniformity of experience among people experiencing gender dysphoria. BCBSIL is without knowledge as to whether this allegation is true as to any specific individual who identifies as transgender.

31. BCBSIL admits that the World Professional Association for Transgender Health ("WPATH") has formulated Standards of Care and states that those Standards of Care speak for themselves. In all other respects, denied.

32. BCBSIL admits that WPATH has formulated Standards of Care and states that those Standards of Care speak for themselves. In all other respects, denied.

33. BCBSIL admits that WPATH has formulated Standards of Care and states that those Standards of Care speak for themselves. In all other respects, denied.

34. BCBSIL objects to Paragraph 34 as immaterial and irrelevant to the ultimate factual and legal disputes at issue in this litigation. To the extent an answer is required, BCBSIL denies the allegations in Paragraph 34 to the extent that they are inconsistent with scientific and medical facts. BCBSIL follows consensus recommendation from the medical community, evidence-based science, specialty society recommendations, and regulations when administering benefits. BCBSIL denies that there is uniformity of experience among people experiencing gender dysphoria. BCBSIL is without knowledge as to whether this allegation is true as to any specific individual who identifies as transgender.

35. BCBSIL objects to Paragraph 35 as immaterial and irrelevant to the ultimate factual and legal disputes at issue in this litigation. To the extent an answer is required, BCBSIL denies the allegations as stated. BCBSIL follows consensus recommendation from the medical community, evidence-based science, specialty society recommendations, and regulations when administering benefits. BCBSIL denies that there is uniformity of experience among people experiencing gender dysphoria. BCBSIL is without knowledge as to whether this allegation is

DEFENDANT BLUE CROSS BLUE SHIELD OF ILLINOIS ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT – 6
CASE NO. 3:20-CV-06145-RJB
TOWNSEND 75469525 1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

true as to any specific individual who identifies as transgender.

36. BCBSIL objects to Paragraph 36 as immaterial and irrelevant to the ultimate factual and legal disputes at issue in this litigation. To the extent an answer is required, BCBSIL denies the allegations as stated. BCBSIL follows consensus recommendation from the medical community, evidence-based science, specialty society recommendations, and when administering benefits. BCBSIL denies that there is uniformity of experience among people experiencing gender dysphoria. BCBSIL is without knowledge as to whether this allegation is true as to any specific individual who identifies as transgender.

37. BCBSIL objects to Paragraph 37 as immaterial and irrelevant to the ultimate factual and legal disputes at issue in this litigation. To the extent an answer is required, BCBSIL denies the allegations as stated. BCBSIL follows consensus recommendation from the medical community, evidence-based science, specialty society recommendations, and regulations when administering benefits. BCBSIL denies that there is uniformity of experience among people experiencing gender dysphoria. BCBSIL is without knowledge as to whether this allegation is true as to any specific individual who identifies as transgender.

38. BCBSIL objects to Paragraph 38 as immaterial and irrelevant to the ultimate factual and legal disputes at issue in this litigation. To the extent an answer is required, BCBSIL denies the allegations in Paragraph 38 to the extent that they are inconsistent with scientific and medical facts. BCBSIL follows consensus recommendation from the medical community, evidence-based science, specialty society recommendations, and regulations when administering benefits. BCBSIL denies that there is uniformity of experience among people experiencing gender dysphoria. BCBSIL is without knowledge as to whether this allegation is true as to any specific individual who identifies as transgender. BCBSIL further denies that the services at issue in C.P.'s case were medically necessary according to consensus medical opinion.

39. BCBSIL objects to Paragraph 39 as immaterial and irrelevant to the ultimate factual and legal disputes at issue in this litigation. To the extent an answer is required, BCBSIL denies the allegations in Paragraph 39 to the extent that they are inconsistent with scientific and

DEFENDANT BLUE CROSS BLUE SHIELD OF ILLINOIS ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT – 7
CASE NO. 3:20-CV-06145-RJB
TOWNSEND 75469525 1

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

1   medical facts. BCBSIL follows consensus recommendation from the medical community, evidence-based science, specialty society recommendations, and regulations when administering benefits. BCBSIL denies that there is uniformity of experience among people experiencing gender dysphoria. BCBSIL is without knowledge as to whether this allegation is true as to any specific individual who identifies as transgender. BCBSIL denies that the services at issue in C.P.'s case were medically necessary according to consensus medical opinion.

40.   BCBSIL objects to Paragraph 40 as immaterial and irrelevant to the ultimate factual and legal disputes at issue in this litigation. To the extent an answer is required, BCBSIL denies the allegations in Paragraph 40 to the extent that they are inconsistent with scientific and medical facts. BCBSIL follows consensus recommendation from the medical community, evidence-based science, specialty society recommendations, and regulations when administering benefits. BCBSIL denies that there is uniformity of experience among people experiencing gender dysphoria. BCBSIL is without knowledge as to whether this allegation is true as to any specific individual who identifies as transgender.

41.   BCBSIL objects to Paragraph 41 as immaterial and irrelevant to the ultimate factual and legal disputes at issue in this litigation. To the extent an answer is required, BCBSIL denies the allegations as stated. BCBSIL follows consensus recommendation from the medical community, evidence-based science, specialty society recommendations, and regulations when administering benefits. BCBSIL denies that there is uniformity of experience among people experiencing gender dysphoria. BCBSIL is without knowledge as to whether this allegation is true as to any specific individual who identifies as transgender.

42.   BCBSIL objects to Paragraph 42 as immaterial and irrelevant to the ultimate factual and legal disputes at issue in this litigation. To the extent an answer is required, BCBSIL denies the allegations in Paragraph 42 to the extent that they are inconsistent with scientific and medical facts. BCBSIL follows consensus recommendation from the medical community, evidence-based science, specialty society recommendations, and regulations when administering benefits. BCBSIL denies that there is uniformity of experience among people experiencing

DEFENDANT BLUE CROSS BLUE SHIELD OF ILLINOIS ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT – 8
CASE NO. 3:20-CV-06145-RJB
TOWNSEND 75469525 1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

gender dysphoria. BCBSIL is without knowledge as to whether this allegation is true as to any specific individual who identifies as transgender.

43. BCBSIL states that the positions taken by the American Medical Association ("AMA"), American Psychological Association ("APA"), American Psychiatric Association, Endocrine Society, American College of Obstetricians and Gynecologists, American Academy of Family Physicians, and other major medical organizations speak for themselves. In all other respects, denied.

44. BCBSIL states that the positions taken by the WPATH speak for themselves. In all other respects, denied.

### BCBSIL's Administration of Health Plans and Exclusions

45. Admitted.

46. BCBSIL admits that it administers health benefits plans for certain employer groups headquartered in Illinois.

47. Admitted.

48. BCBSIL admits that other health benefit plans administered by BCBSIL may contain exclusions denying coverage for gender reassignment surgery. In all other respects, denied.

49. BCBSIL states that Resolution 122, passed by the AMA, speaks for itself. In all other respects, denied.

50. Denied.

51. BCBSIL denies that Section 1557 of the Affordable Care Act defines "health program or activity," and therefore denies the allegation that "BCBSIL was and remains a 'health program or activity' part of which receives federal financial assistance" because Paragraph 51's use of "health program or activity" is vague, ambiguous and undefined. BCBSIL admits that it administers programs for which it receives federal funds. BCBSIL further denies that Section 1557 of the Affordable Care Act defines "covered entity" and, therefore, denies the allegation that "BCBSIL was and continues to be a 'covered entity' under the Affordable Care Act, Section

DEFENDANT BLUE CROSS BLUE SHIELD OF ILLINOIS ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT – 9
CASE NO. 3:20-CV-06145-RJB
TOWNSEND 75469525 1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

1557" because Paragraph 51's use of "covered entity" is vague, ambiguous, and undefined. BCBSIL denies that its activities as a third-party administrator are subject to Section 1557 of the Affordable Care Act and denies the remaining allegations in Paragraph 51.

52. BCBSIL denies that Plaintiffs use the correct citation in attempting to support Paragraph 52's allegations by referencing 45 C.F.R. § 92.5. BCBSIL states that it complies with the requirements of 45 C.F.R. § 92.4.

53. BCBSIL states that its communications with C.P. and his parents speak for themselves. In all other respects, denied.

54. BCBSIL admits that it provides administrative services for the Plan. In all other respects, denied.

***The Denial of Care to C.P.***

55. BCBSIL is without knowledge and the allegations are therefore denied.

56. BCBSIL is without knowledge and the allegations are therefore denied.

57. BCBSIL is without knowledge and the allegations are therefore denied.

58. BCBSIL admits that it has covered some of C.P. claims and has denied others.

59. BCBSIL admits that BCBSIL initially approved C.P.'s request for preauthorization. BCBSIL denies that the services at issue in C.P.'s case were medically necessary.

60. BCBSIL admits that it paid claims for certain services related to the Vantas implant.

61. BCBSIL admits that C.P.'s mother corresponded with BCBSIL representatives concerning coverage for the Vantas implant and states that the correspondence speaks for itself. In all other respects, denied.

62. BCBSIL admits that it sent a letter to C.P.'s mother dated April 21, 2017 and states that the letter speaks for itself.

63. BCBSIL admits that C.P.'s parents appealed the denial of coverage in a letter dated May 25, 2017 and states that the letter speaks for itself.

DEFENDANT BLUE CROSS BLUE SHIELD OF ILLINOIS ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT – 10
CASE NO. 3:20-CV-06145-RJB
TOWNSEND 75469525 1

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

64. BCBSIL admits that it sent a letter to C.P.'s parents dated October 19, 2017 regarding C.P.'s appeal and states that the letter speaks for itself.

65. BCBSIL admits that it sent a letter to C.P.'s parents dated April 27, 2018 regarding C.P.'s appeal and states that the letter speaks for itself. In all other respects, denied.

66. Denied.  The 2017 Plan did not cover the services at issue.

67. BCBSIL admits that the version of the Plan effective January 1, 2018 added an exclusion for Transgender Reassignment Surgery. BCBSIL denies that the version of the Plan attached as App. A has an effective date of January 1, 2018. In all other respects, denied.

68. Denied.

69. Denied.

70. BCBSIL is without knowledge and the allegations are therefore denied.

71. BCBSIL admits that the letter attached in App. H was sent and states that the letter speaks for itself. In all other respects, denied.

72. BCBSIL is without knowledge and the allegations are therefore denied.

73. BCBSIL admits that certain medical and mental health providers for C.P. wrote letters to BCBSIL regarding C.P.'s requests for pre-authorization and states that those letters speak for themselves. BCBSIL denies that the services at issue in C.P.'s case were medically necessary.

74. BCBSIL admits that it sent letters dated August 8, 2019 denying C.P.'s requests for pre-authorization and states that the letters speak for themselves.

75. BCBSIL is without knowledge and the allegations are therefore denied.

76. BCBSIL is without knowledge and the allegations are therefore denied.

77. BCBSIL admits that counsel for Plaintiffs sent an appeal letter dated December 2, 2019 to the Claims Review Section of BCBSIL.

78. BCBSIL admits that it sent a letter dated December 23, 2019 regarding the appeal request and states that the letter speaks for itself.  In all other respects, denied.

79. BCBSIL admits that certain claims were processed under the Plan. In all other

DEFENDANT BLUE CROSS BLUE SHIELD OF ILLINOIS ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT – 11
CASE NO. 3:20-CV-06145-RJB
TOWNSEND 75469525 1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

1 respects, denied.

2 80. Denied.

3 81. Denied.

4 82. Denied.

5 83. Denied.

6 84. Denied.

7 85. BCBSIL is without knowledge and the allegations are therefore denied.

8 86. Denied.

87. BCBSIL admits that no further appeal is required before a claim may be brought under § 1557 but denies that a further appeal would be futile. BCBSIL denies that the services at issue in C.P.'s case were medically necessary according to consensus medical opinion. In all other respects, denied.

88. Denied.

## V. CLASS ALLEGATIONS

89. BCBSIL admits that Plaintiffs purport to bring this action under Rule 23 of the Federal Rules of Civil Procedure. BCBSIL denies that class relief is appropriate.

90. BCBSIL admits that Plaintiffs purport to bring claims on behalf of the class proposed herein. BCBSIL denies that any such class is appropriate.

91. BCBSIL admits that Plaintiffs purport to bring claims on behalf of the class proposed herein. BCBSIL denies that any such class is appropriate.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. BCBSIL admits that it does business in the Western District of Washington. BCBSIL denies the remaining allegations.

DEFENDANT BLUE CROSS BLUE SHIELD OF ILLINOIS ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT – 12
CASE NO. 3:20-CV-06145-RJB
TOWNSEND 75469525 1

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713 FAX: (206) 260-8946

98.     Denied.

## VI. CLAIM FOR RELIEF:
## VIOLATION OF SECTION 1557 OF THE AFFORDABLE CARE ACT, 42 U.S.C. §18116

99.     BCBSIL incorporates its answers to paragraphs 1-98 as if fully set forth herein.

100.    BCBSIL admits that Plaintiffs purport to seek the relief stated. In all other respects, denied.

101.    Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116, speaks for itself and no response is required.

102.    BCBSIL is without knowledge that it is a "covered 'health program or activity'" because, in Paragraph 102, Plaintiffs cite to no legal authority supporting this allegation, and BCBSIL therefore denies this phrase. BCBSIL further denies that Section 1557 of the Affordable Care Act defines "covered entity" and, therefore, denies the allegation that "[BCBSIL] is…a 'covered entity' for purposes of Section 1557" because Paragraph 102's use of "covered entity" is vague, ambiguous, and undefined.  BCBSIL denies that its activities as a third-party administrator are subject to Section 1557 of the Affordable Care Act.

103.    Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116, speaks for itself and no response is required.

104.    BCBSIL denies that Section 1557 of the Affordable Care Act defines "covered entity" and, therefore, denies the allegation that "[BCBSIL] is…a 'covered entity' for purposes of Section 1557" because Paragraph 104's use of "covered entity" is vague, ambiguous, and undefined. BCBSIL denies that its activities as a third-party administrator are subject to Section 1557 of the Affordable Care Act. In all other respects, denied.

105.    Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116, speaks for itself and no response is required. To the extent a response is required, BCBSIL denies that Section 1557 of the Affordable Care Act defines "covered entity" and, therefore, denies the allegation that "[BCBSIL] is…a 'covered entity' for purposes of Section 1557" because Paragraph 105's use of "covered entity" is vague, ambiguous, and undefined.  BCBSIL denies that its activities as a

DEFENDANT BLUE CROSS BLUE SHIELD OF ILLINOIS ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT – 13
CASE NO. 3:20-CV-06145-RJB
TOWNSEND 75469525 1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

third-party administrator are subject to Section 1557 of the Affordable Care Act.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

## VII. DEMAND FOR RELIEF

BCBSIL denies the unnumbered WHEREFORE clause in the Demand for Relief in the Complaint.

1. No response to Paragraph 1 in Plaintiffs' Demand for Relief is required. To the extent a response is required, BCBSIL denies that Plaintiffs and the members of the proposed class are entitled to any judgment.

2. No response to Paragraph 2 in Plaintiffs' Demand for Relief is required. To the extent a response is required, BCBSIL denies that it violated the rights of Plaintiffs or the members of any proposed class.

3. No response to Paragraph 3 in Plaintiffs' Demand for Relief is required. To the extent a response is required, BCBSIL denies that Plaintiffs are entitled to any injunctive or other type of relief.

4. No response to Paragraph 4 in Plaintiffs' Demand for Relief is required. To the extent a response is required, BCBSIL denies that Plaintiffs are entitled to an order requiring BCBSIL to reprocess or provide coverage for any denied pre-authorizations or denied claims for coverage.

5. No response to Paragraph 5 in Plaintiffs' Demand for Relief is required. To the extent a response is required, BCBSIL denies that the named Plaintiffs are entitled to any

DEFENDANT BLUE CROSS BLUE SHIELD OF ILLINOIS ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT – 14
CASE NO. 3:20-CV-06145-RJB
TOWNSEND 75469525 1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713 FAX: (206) 260-8946

judgment.

6. No response to Paragraph 6 in Plaintiffs' Demand for Relief is required. To the extent a response is required, BCBSIL denies that Plaintiffs are entitled to any attorneys' fees, costs, or expenses.

7. No response to Paragraph 7 in Plaintiffs' Demand for Relief is required. To the extent a response is required, BCBSIL denies that Plaintiffs are entitled to any other type of relief.

## GENERAL DENIAL

BCBSIL further denies any allegation or paragraph in Plaintiffs' Complaint that has not been specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

By setting forth the defenses below, BCBSIL does not assume any burden not placed on BCBSIL under applicable law.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action for which relief may be requested.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack Article III standing to assert their claims because the treatments Plaintiffs seek are not medically necessary and, as a result, Plaintiffs fail to alleged the injury, causation, or redressability required by Article III.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' complaint is barred because the exclusion at issue in the Plan does not discriminate on the basis of sex according to federal regulations and case law.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint is barred because the Religious Freedom and Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq.*, permits the exclusion at issue.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent any damages suffered by Plaintiffs were proximately caused by persons and/or entities that are neither agents nor

DEFENDANT BLUE CROSS BLUE SHIELD OF ILLINOIS ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT – 15
CASE NO. 3:20-CV-06145-RJB
TOWNSEND 75469525 1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

employees of BCBSIL, and no legal or factual basis exists for imposing liability upon BCBSIL for the acts or omission of any such other persons and/or entities.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs have received all benefits to which they are entitled under the terms of any plan, and have not been denied any benefits to which they are entitled under any plan.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any cognizable damages, and to the extent they have suffered any such damages, they failed to mitigate those damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent they seek relief or remedies not available under ERISA.

### NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs allege that BCBSIL was acting in a fiduciary capacity, BCBSIL acted with good faith, reasonable care, skill, prudence, and diligence under the circumstances.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' demand for attorneys' fees should be denied because BCBSIL's defenses to this action are reasonable and made in good faith.

### ELEVENTH AFFIRMATIVE DEFENSE

BCBSIL reserves the right to assert all contractual terms, limitations, and exclusions of the applicable health insurance contract as facts are revealed during discovery in this case.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs, by their own acts and omissions, have waived any and all of their alleged rights to pursue the claims raised in the Complaint against BCBSIL.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from asserting each and every claim for relief contained in the

DEFENDANT BLUE CROSS BLUE SHIELD OF ILLINOIS ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT – 16
CASE NO. 3:20-CV-06145-RJB
TOWNSEND 75469525 1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

Complaint against BCBSIL and such estoppels bar Plaintiffs from obtaining any recovery, equitable or otherwise.

### FOURTEENTH AFFIRMATIVE DEFENSE

BCBSIL reserves the right to amend and/or supplement these responses and Affirmative Defenses.

DATED this 9th day of December, 2021.

KILPATRICK TOWNSEND & STOCKTON LLP

By   */s/ Gwendolyn C. Payton*
     Gwendolyn C. Payton, WSBA No. 26752
     gpayton@kilpatricktownsend.com
     1420 Fifth Ave., Suite 3700
     Seattle, WA 98101
     Telephone: (206) 626-7714
     Facsimile: (206) 623-6793

*Counsel for Blue Cross Blue Shield of Illinois*

DEFENDANT BLUE CROSS BLUE SHIELD OF ILLINOIS ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT – 17
CASE NO. 3:20-CV-06145-RJB
TOWNSEND 75469525 1

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

# **CERTIFICATE OF SERVICE**

I certify that on the date indicated below I caused a copy of the foregoing document, DEFENDANT BLUE CROSS BLUE SHIELD OF ILLINOIS ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT to be filed with the Clerk of the Court via the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| **Eleanor Hamburger**<br>SIRIANNI YOUTZ SPOONEMORE HAMBURGER<br>3101 WESTERN AVENUE STE 350<br>SEATTLE, WA 98121<br>206-223-0303<br>Fax: 206-223-0246<br>Email: ehamburger@sylaw.com | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| **Jennifer C Pizer**<br>LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC<br>4221 WILSHIRE BLVD., STE 280<br>LOS ANGELES, CA 90010<br>213-382-7600<br>Email: jpizer@lambdalegal.org | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| **Omar Gonzalez-Pagan**<br>LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC. (NY)<br>120 WALL STREET<br>19TH FLOOR<br>NEW YORK, NY 10005<br>212-809-8585<br>Email: ogonzalez-pagan@lambdalegal.org | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |

DATED this 9th day of December, 2021.

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Gwendolyn C. Payton*
     Gwendolyn C. Payton, WSBA #26752

*Counsel for Blue Cross Blue Shield of Illinois*

CERTIFICATE OF SERVICE - 18

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

TOWNSEND 75469525 1