UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| C.P., by and through his parents Patricia Pritchard and Nolle Pritchard; and PATRICIAL PRITCHARD, <br><br> Plaintiffs, <br><br> v. <br><br> BLUE CROSS BLUE SHIELD OF ILLINOIS, <br><br> Defendant. | CASE NO. 3:20-cv-06145-RJB <br><br> ORDER ON MOTION TO COMPEL AND MOTIONS TO SEAL |

This matter comes before the Court on Plaintiffs' Motion to Compel Discovery (Dkt. 52), Defendant's Motion to Seal Motion to Compel Discovery (Dkt. 55), Plaintiffs' Motion to Seal Pursuant to Protective Order (Dkt. 61), and Plaintiffs' Motion to Seal Placeholder (Dkt. 64). The Court has considered the documents filed in support of and opposition to the motions and the remaining file. Defendant requests oral argument, but the Court finds that it is not needed to fairly resolve the issues raised. The Court is fully advised. For the reasons set forth in this order,

ORDER ON MOTION TO COMPEL AND MOTIONS TO SEAL - 1

Plaintiffs' Motion to Compel should be granted, Defendant's Motion to Seal should be denied, and Plaintiffs' motions to seal should be granted in part.

### I. BACKGROUND

In the motion to compel discovery, Plaintiffs seek to additional information in response to Interrogatories and Requests for Production about other plans administered by Blue Cross that include an exclusion like the transgender reassignment surgery exclusion at issue in this case. Dkt. 52. Plaintiffs seek this information to support class action claims. *See id.* Blue Cross opposes Plaintiffs' motion to compel and moves to seal its briefing and related filings. Dkts. 55 and 56. According to Defendant, it already produced all responsive information, and information contained in the filings is confidential and proprietary. Dkt. 56 at 2.

Nonetheless, Blue Cross provided Plaintiffs additional discovery after they filed the pending motion to compel. *See* Dkt. 65. As of Plaintiffs' reply, the discovery remaining at issue is limited to: (1) the identity of employers with plans that contain or contained a gender affirming care exclusion during the proposed class period; (2) the total number of people enrolled in these plans, by plan year; and (3) documents responsive to Request for Production ("RFP") 13. *Id.* at 2. RFP 13 requests "[a]ll documents, emails, and other communications relating to covering or excluding treatment related to gender dysphoria and/or a gender-affirming care exclusion with regards to any plan identified in response to Interrogatories Nos. 3 and 6, including but not limited to, treatment with puberty blockers, hormone treatment, and/or surgery." Dkt. 55-1.

Plaintiffs' initially sought copies of all Benefit Program Applications ("BPAs") and Summary Plan Descriptions ("SPDs"), but agreed to reserve that dispute after Blue Cross agreed to provide a redacted set of exemplar BPAs and SPDs. Dkt. 52 and 65. Plaintiffs request that Blue Cross be ordered to produce the exemplar BPAs immediately and the remaining

information sufficiently in advance of the class certification deadline on July 6, 2022, so they can determine whether their class definition will need to be modified and, if so, how. Dkt. 65 at 8. They also ask that the Court order Blue Cross's Rule 30(b)(6) witness, Telisa Drake, who Plaintiffs already deposed, to be questioned about the belated production should Plaintiffs conclude that further questioning is necessary. *Id.*

In Plaintiffs' motions to seal, they move to seal information marked as "confidential" pursuant to the parties' stipulated protective order (Dkt. 25) and Western District of Washington Local Civil Rule ("LCR") 5(g)(3). Dkt. 61 at 5. Plaintiffs concede that information marked as confidential by Blue Cross in Dkts. 66-1 and 66-2 may be redacted, but argue that Dkt. 62-1 should not be filed under seal because it is a communication between counsel about document confidentiality that does not contain any confidential information. Dkt. 69 at 2.

## II.   DISCUSSION

**A.   PLAINTIFFS' MOTION TO COMPEL**

Under Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to the needs of the case, considering the importance of the issues at stake in the action, the amount in controverse, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Courts have broad discretion to manage discovery and to apply this rule using its judgment and experience. *See Avila v. Willits Envt. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

1. <u>Employer Identity for Which Blue Cross Administers Each Related Exclusion and Total Number of Enrollees in Each Plan Year by Year</u>

As a threshold argument, Plaintiffs argue that Blue Cross waived its objections to

produce this discovery because it did not object to that in its initial response. Dkt. 65 at 3. Plaintiffs' argument is not persuasive.

The interrogatory asks Blue Cross to "identify any other plans for which BCBSIL administers the same or similar Transgender Reassignment Surgery Exclusion." Blue Cross objects that the request is broad and burdensome but responds that "it will produce responsive Documents sufficient to show the requested information for ERISA self-funded group health plans in effect from November 23, 2016 to the present pursuant to Rule 33(d) of the Federal Rules of Civil Procedure. Dkt. 53-2 at 22. Plaintiffs' question does not clearly demand the identity of the employer associated with the exclusions, although employer identity certainly can be considered an identifying plan trait, so Blue Cross's failure to specifically object to employer name does not waive its ability to so object now. Therefore, the Court will not compel the discovery based on Blue Cross's alleged failure to object.

Nonetheless, the identity of employers for which Blue Cross administers these exclusions and the number of enrollees in each plan is relevant, responsive, and discoverable. As part of Blue Cross's defenses, it claims a "religious freedom" exemption to the anti-discrimination requirement of the Affordable Care Act. Other employers may claim a similar exemption, which may be relevant to class certification. This information will also help Plaintiffs determine how many potential class members fall into each exclusion category. Whether a large employer with a relatively high number of potential class members administers an exclusion substantially similar or dissimilar to the one administered to Plaintiffs, or vice versa, may help guide Plaintiffs' strategies and arguments moving further. Furthermore, Blue Cross has and can again access this information, so providing it to Plaintiffs will not be unduly burdensome.

2. <u>Responsive Documents to RFP 13</u>

Despite Blue Cross's agreement to provide some of the documents Plaintiffs originally requested in the pending motion to compel, the parties still dispute the discoverability of all of Request for Production No. 13, which is listed belong along with Blue Cross's response, as follows:

> <u>Request for Production No. 13</u>: All documents, emails, and other communications relating to covering or excluding treatment related to gender dysphoria and/or a gender-affirming care exclusion with regards to any plan identified in response to Interrogatories Nos. 3 and 6, including but not limited to, treatment with puberty blockers, hormone treatment, and/or surgery.
> RESPONSE: [Blue Cross] incorporates by reference its responses and objections to Interrogatory Nos. 3 and 6. [Blue Cross] also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or other applicable privileges. [Blue Cross] further objects to this Request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in seeking "all documents, emails, and other communications" without regard to the materiality of such documents to the facts at issue in this lawsuit. For example, this Request as drafted could encompass documents, emails, and communications related to the plans identified in response to Interrogatory Nos. 3 and 6 but which do not directly concern treatment for gender dysphoria and/or a gender-affirming care exclusion. [Blue Cross] incorporates by reference its responses and objections to Interrogatory Nos. 3 and 6. Notwithstanding the foregoing objections, [Blue Cross] states that it will meet and confer with Plaintiffs regarding the relevance of this request to the allegations in the complaint.

Responding to Plaintiffs' request will be more burdensome than providing employer names and numbers of enrollees, but the information is nonetheless relevant and should be provided. This is a discrimination lawsuit, and Plaintiffs can discover information related to Blue Cross's potential discriminatory or non-discriminatory reasons for administering the exclusions. Communications about covering or excluding treatment related to gender dysphoria may be broadly related to claims and defenses litigated in this matter, but it may also be narrowly related to the potential class. Communications and documents may show that some exclusions or elements of the exclusions have a non-discriminatory justification, while others were crafted

ORDER ON MOTION TO COMPEL AND MOTIONS TO SEAL - 5

to discriminate.  Should specific documents or communications be privileged, then Blue Cross may add them to its privilege log and proceed accordingly.

      3.  <u>Conclusion</u>

As discussed in the previous sections, Plaintiffs' Motion to Compel, as narrowed in their reply brief (Dkt. 65), should be granted.  Blue Cross should provide that information as soon as possible to give Plaintiffs time to review it before the deadline for class certification.  However, the Court will not order Blue Cross to produce its Rule 30(b)(6) witness to be questioned about the belated document production at this time.  Plaintiffs request is speculative.  If Plaintiffs request further questioning and Blue Cross declines their request, then Plaintiffs may move for the Court to order additional questioning.

    **B.  DEFENDANT'S MOTION TO SEAL**

Blue Cross moves to seal Plaintiffs' Motion to Compel Discovery (Dkt. 52), the Declaration of Eleanor Hamburger is Support of Plaintiffs' Motion to Compel (Dkt. 53), Blue Cross's Response to Plaintiffs' Motion to Compel (Dkt. 56), and the Declaration of Gwendolyn C. Payton is Support of Blue Cross's Response to Plaintiffs' Motion to Compel (Dkt. 57), all pursuant to the parties stipulated protective order (Dkt. 25) and Federal Rules of Civil Procedure and LCR 5(g)(3).

There is a strong, though not absolute, right of public access to access judicial records. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 & n. 7 (1978)).  Overcoming that presumption for a non-dispositive motion requires demonstrating good cause supported by specific factual findings. *Kamakana*, 447 F.3d at 1178–79 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 1989)).  This presumption does not apply to situations where material was filed

under seal pursuant to a valid protective order. *Foltz*, 331 F.3d at 1135. In such cases, courts presume that good cause has already been established. *Id.* However, the information at issue in Blue Cross's motion to seal was not marked as "Confidential." *See* Dkts. 62 and 68.

Blue Cross filed proposed redacted versions of the motions and declarations, which redact the number of plans for which it administers an exclusion for transgender-related services, the number and amount of denied claims administered by Blue Cross under these exclusions, and the number of enrollees and the Catholic Health Initiatives plan. It also argues that language from its Benefit Program Applications ("BPAs") and Summary Plan Descriptions ("SPDs") is confidential and should not be made public. *See* Dkts. 53 at 97 and 67. Blue Cross argues that this information is confidential and proprietary and that disseminating it could harm its competitive standing and interests of non-parties. Dkt. 55 at 3–4.

Blue Cross does not demonstrate good cause to seal. The disputed numbers are not clearly traceable to any specific employer or non-party to this lawsuit, to any individual enrollee, or a clear proprietary secret. They do not include any medical information, secret formula, or information that is "traditional kept secret" like a grand jury transcript. *See Kamakana*, 447 F.3d at 1185. The SPD language is general and that such a plan exclusion exists does not appear to be a secret. In short, Blue Cross does not demonstrate how public access these general numbers could harm its competitive standing or the interests of non-parties. Therefore, Blue Cross's Motion to Seal should be denied.

### C. PLAINTIFFS' MOTIONS TO SEAL

Plaintiffs' motions to seal relate to information marked by Blue Cross as confidential pursuant to the parties' stipulated protective order. Dkts. 61 at 5 and 64. Plaintiffs filed the motions to facilitate compliance with that order and LCR 5(g), but they substantively argue that

an email between counsel should not be sealed (Dkts. 61 and 69) while conceding that portions of the declaration filed in support of their reply (Dkts. 66-1 and 66-2) may remain under seal. The second motion to seal, Dkt. 64, is noted for July 1, 2022, but it is appropriate to resolve this motion at this time, June 28, 2022. Blue Cross did not file a response, the issues overlap so the Court is fully advised, and the deadline to file a motion for class certification, July 6, is quickly approaching.

The disputed emails (Dkt. 62-1), do not contain confidential or proprietary information and should not be sealed. They discuss discovery exchange and, in general terms, whether information should be redacted or sealed. *Id.* However, some information contained in in Dkts. 66-1 and 66-2, as Plaintiffs concede, does.

Therefore, Plaintiffs' Motion to Seal (Dkt. 61) should be denied and the emails may be unsealed, and Plaintiffs' Motion to Seal Placeholder (Dkt. 64) should be granted in part. The parties should confer about what information in Dkts. 66-1 and 66-2 should remain sealed and file an updated redacted copy reflecting those changes.

### III. ORDER

Therefore, the Court hereby ORDERS that:

- Plaintiffs' Motion to Compel (Dkt. 52) **IS GRANTED**;
- Defendant's Motion to Seal (Dkt. 55) **IS DENIED**;
- Plaintiffs' Motion to Seal (Dkt. 61) **IS DENIED**;
- Plaintiffs' Motion to Seal Placeholder (Dkt. 64) **IS GRANTED IN PART**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 28th day of June, 2022.

ROBERT J. BRYAN
United States District Judge

ORDER ON MOTION TO COMPEL AND MOTIONS TO SEAL - 9