The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

C.P., by and through his parents, Patricia Pritchard and Nolle Pritchard; and PATRICIA PRITCHARD,

               Plaintiffs,

     v.

BLUE CROSS BLUE SHIELD OF ILLINOIS,

             Defendant.

NO. 3:20-cv-06145-RJB

PLAINTIFF C.P.'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION AND SUBJOINED MOTION TO STRIKE THE EXPERT REPORT OF SCOTT CARR

**Note on Motion Calendar:**
  **October 28, 2022**

**CONFIDENTIAL –
Filed Under Seal
Pursuant to Dkt. Nos. 25, 77**

PLAINTIFF C.P.'S REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION AND SUBJOINED
MOTION TO STRIKE CARR REPORT
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

## Table of Contents

**I.**   REPLY IN SUPPORT OF CLASS CERTIFICATION .......................................1

**A.**   Commonality Is Met. ...........................................................................1

**B.**   Typicality is Met Because the Same "Course of Conduct" was Applied by BCBSIL to C.P.'s claims and Those of All Other Class Members. ......................................................................................5

**C.**   Certification Under Rule 23 (b)(1) is Proper. ....................................6

**D.**   Certification Under Rule 23(b)(2) Is Also Proper. .............................8

**E.**   The Class Is Properly Defined. ...........................................................9

**II.**   MOTION TO STRIKE CARR REPORT .......................................................12

**III.**   CONCLUSION ..............................................................................................12

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

1

2

**Table of Authorities**

CASES

*Am. Safety Cas. Ins. Co. v. Happy Acres Enters. Co.*
  2017 U.S. Dist. LEXIS 8285 (W.D. Wash. Jan 20, 2017) ..................................................... 12

*Asarco, LLC v. Union Pac. R.R. Co.,*
  765 F.3d 999 (9th Cir. 2014) ............................................................................................... 11

*Ballas v. Anthem Blue Cross,*
  2013 U.S. Dist. LEXIS 199523 (C.D. Cal., April 29, 2013) .................................................. 3

*Brown v. Bd. of Educ.,*
  347 U.S. 483 (1954) .............................................................................................................. 2

*Cooks v. Contra Costa Cty.,*
  No. 20-17516, 2021 U.S. App. LEXIS 34803 (9th Cir. Nov. 23, 2021) ............................. 11

*D.T. v. NECA/IBEW Family Med. Care Plan,*
  2021 U.S. Dist. LEXIS 257307 (W.D. Wash. Feb. 2, 2021) .................................................. 8

*D.T. v. NECA/IBEW Family Med. Care Plan,*
  No. C17-00004 RAJ, 2019 U.S. Dist. LEXIS 50683 (W.D. Wash. Mar.
  26, 2019) ................................................................................................................................ 8

*Davis v. Lab'y Corp. of Am. Holdings,*
  No. CV 20-0893 FMO (KSX), 2022 U.S. Dist. LEXIS 96130 (C.D.
  Cal. May 23, 2022) ................................................................................................................ 1

*Day v. Humana Ins. Co.,*
  335 F.R.D. 181 (N.D. Ill. 2020) ............................................................................................. 4

*Des Roches v. Cal. Physicians' Serv.,*
  320 F.R.D. 486 (N.D. Cal. 2017) ....................................................................................... 3, 4

*Ely v. Saul,*
  572 F.Supp.3d 751 (D. Ariz. 2020), *appeal dismissed* (Nov. 2, 2021) ................................. 4

*Fain v. Crouch,*
  2022 U.S. Dist. LEXIS 137083 (S.D. W. Va. Aug. 2, 2022) .................................................. 1

*Fosmire v. Progressive Max Ins. Co.,*
  277 F.R.D. 625 (W.D. Wash. 2011) ....................................................................................... 5

*Hanon v. Dataproducts Corp.,*
  976 F.2d 497 (9th Cir. 1992) ................................................................................................. 6

PLAINTIFF C.P.'S REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION AND SUBJOINED
MOTION TO STRIKE CARR REPORT – iii
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

*Jebian v. Hewlett-Packard Co. Emple. Benefits Org. Income Prot. Plan,*
   349 F.3d 1098 (9th Cir. 2003) ...................................................................... 6

*Johnson v. Lucent Techs., Inc.,*
   653 F.3d 1000 (9th Cir. 2011) .................................................................... 11

*K.M. v. Regence BlueShield,*
   No. C13-1214 RAJ, 2014 U.S. Dist. LEXIS 27685 (W.D. Wash. Feb.
   27, 2014) ....................................................................................................... 8

*Kavu, Inc. v. Omnipak Corp.,*
   246 F.R.D. 642 (W.D. Wash. 2007) ............................................................. 6

*Martell v. Trilogy, Ltd.,*
   872 F.2d 322 (9th Cir. 1989) ...................................................................... 11

*Mazza v. Am. Honda Motor Co.,*
   666 F.3d 581 (9th Cir. 2012) ........................................................................ 1

*McCluskey v. Trs. of Red DOT Corp. ESOP & Tr.,*
   268 F.R.D. 670 (W.D. Wash. 2010) ............................................................. 8

*Med. Soc'y of N.Y. v. UnitedHealth Grp. Inc.,*
   332 F.R.D. 138 (S.D.N.Y. 2019) .................................................................. 7

*Meidl v. Aetna, Inc.,*
   2017 U.S. Dist. LEXIS 70223 (D. Conn. May 4, 2017) ............................... 7

*O'Connor v. Boeing N. Am., Inc.,*
   180 F.R.D. 359 (C.D. Cal. 1997) ................................................................. 7

*O'Connor v. Boeing N. Am., Inc.,*
   184 F.R.D. 311 (C.D. Cal. 1998) ............................................................... 10

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC,*
   31 F.4th 651 (9th Cir. 2022) ....................................................................... 10

*Renton v. Kaiser Found. Health Plan, Inc.,*
   No. C00-5370RJB, 2001 U.S. Dist. LEXIS 20015 (W.D. Wash. Sep.
   24, 2001) ....................................................................................................... 4

*Saffle v. Sierra Pac. Power Co. Bargaining Unit,*
   85 F.3d 455 (9th Cir. 1991) ...................................................................... 3, 4

*Schubert v. Anthem Blue Cross Life & Health Ins. Co.,*
   No. CV-14-06221-MWF-JC, 2015 U.S. Dist. LEXIS 200105 (C.D. Cal.
   Oct. 2, 2015) ................................................................................................. 4

PLAINTIFF C.P.'S REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION AND SUBJOINED
MOTION TO STRIKE CARR REPORT – iv
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

*Tech. Access Found. Health Benefit Plan v. Group Health Coop. (In re Z.D.)*,
   2012 U.S. Dist. LEXIS 149610 (W.D. Wash. Oct. 17, 2012) .................................. 3, 4, 7, 8, 9

*Thornton v. Comm'r of Soc. Sec.*,
   570 F.Supp.3d 1010 (W.D. Wash. 2020) ............................................................................. 4, 5

*Tomei v. Parkwest Med. Ctr.*,
   24 F.4th 508 (6th Cir. 2022) ........................................................................................... 10, 11

*Vega-Ruiz v. Northwell Health*,
   No. 20-315, 992 F.3d 61 (2d Cir. 2021) ................................................................................ 11

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) ................................................................................................................. 1

*Wit v. United Behav. Health*,
   2022 U.S. App. LEXIS 7514 (9th Cir. Mar. 22, 2022) ........................................................... 4

*Wit v. United Behavioral Health*,
   317 F.R.D. 106 (N.D. Cal. 2016) ....................................................................................... 7, 8

*Wolin v. Jaguar Land Rover N. Am., LLC*,
   617 F.3d 1168 (9th Cir. 2010) ................................................................................................. 6

*Woods v. Storms*,
   793 F. App'x 542 (9th Cir. 2020) .......................................................................................... 11

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
   259 F.3d 1101 (9th Cir. 2001) ............................................................................................... 12

### STATUTES

28 U.S.C. §1658 .................................................................................................................... 10

29 U.S.C. §1144(d) .................................................................................................................. 7

42 U.S.C. § 2000bb-1(c) ........................................................................................................... 5

42 U.S.C. §18116(a) .................................................................................................................. 7

### REGULATIONS

29 C.F.R. §2560.503-1(b)(5) ................................................................................................ 7, 12

PLAINTIFF C.P.'S REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION AND SUBJOINED
MOTION TO STRIKE CARR REPORT – v
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

# RULES

Fed. R. Civ. P. 26(a)(2)(D) ........................................................................................................ 12

Fed. R. Civ. P. 37(c) ................................................................................................................... 12

PLAINTIFF C.P.'S REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION AND SUBJOINED
MOTION TO STRIKE CARR REPORT – vi
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## I.  REPLY IN SUPPORT OF CLASS CERTIFICATION

### A.    Commonality Is Met.

There is at least one common question in this case:  May a third-party administrator ("TPA") that is subject to the Affordable Care Act's ("ACA") health anti-discrimination law, administer discriminatory exclusions of gender affirming care ("Exclusions") contained in ERISA self-funded plans? *See* Dkt. No. 96, p. 1:2–5; *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012). The Court's adjudication of a "yes" or "no" answer to this question will determine for all class members whether Defendant Blue Cross Blue Shield of Illinois ("BCBSIL") may continue its standard practice of administering the Exclusions when acting as a TPA for ERISA self-funded plans. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Commonality is easily met here, as it has been in other Section 1557 cases seeking a judicial determination regarding the scope of Section 1557. *See, e.g., Fain v. Crouch,* 2022 U.S. Dist. LEXIS 137083, at *10 (S.D. W. Va. Aug. 2, 2022); *Davis v. Lab'y Corp. of Am. Holdings*, No. CV 20-0893 FMO (KSX), 2022 U.S. Dist. LEXIS 96130, at *12 (C.D. Cal. May 23, 2022). Nothing more is needed. BCBSIL's arguments against commonality are meritless:

*1.    Differences in Plan Language are irrelevant.* BCBSIL argues that the plan language for the various Exclusions differs too much for commonality. Dkt. No. 93, p. 8–9. Not true.[1] BCBSIL's Rule 30(b)(6) witnesses testified that it administers the Exclusions consistently regardless of any minor differences in the plan language. Hamburger Decl., *Exh. 4,* pp. 69:8–71:4. When BCBSIL reviews claims in the plans containing such Exclusions, it determines if the service is related to "gender dysphoria" based on the diagnostic and procedural codes used; if so, the claim is denied under the Exclusions. *Id., see, e.g., id., Exh. 5,* pp. 22:2–24:11 (when BCBSIL's legal team identified plans that contained the Exclusions, it looked for denials of claims that

---

[1] The Exclusions are *identical* for 378 out of 398 plans identified by BCBSIL. Dkt. No. 87-17, p. 7; Hamburger Decl., *Exh. 5,* pp. 25:13-26:14. Of the handful of plans that have different language, some of them do not have "exclusions" and are therefore not covered by the proposed class definition. *Id.,* ¶2, *Exh. 4,* pp. 61:2-75:5.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

included a gender dysphoria diagnosis). As BCBSIL concedes, "gender dysphoria" is the condition that triggers the application of the Exclusions. *Id. Exh. 5,* p. 40:17–22. If such standard conduct violates Section 1557, then BCBSIL engages in discriminatory administration for all plans identified by BCBSIL that contain the Exclusions (regardless of any other services that the specific plans may cover or dissimilarities in the specific language or motivations of the employers). *See* Dkt. No. 93, p. 9:7–10:8, 15:5–19.[2] The focus of this legal challenge is on BCBSIL's standard conduct across all plans that require BCBSIL to administer the Exclusions. Differing plan language does not destroy commonality.

2. ***Availability of other coverage is irrelevant***. BCBSIL claims commonality fails because unidentified employers may "offer their employees the option of choosing plan designs without any transgender-related exclusions." Dkt. No. 93, p. 10:10–12.[3] Not true. If the Court concludes that BCBSIL engaged in illegal sex discrimination when it administered the Exclusions, then BCBSIL violated Section 1557, regardless of whether a class member could have obtained coverage elsewhere. Indeed, if such a defense were permitted by the Court, it would allow employers and TPAs to ***segregate transgender enrollees*** into separate (and likely unequal) health plans in order to receive coverage for medically necessary gender affirming care. *Cf., Brown v. Bd. of Educ.,* 347 U.S. 483, 495 (1954). Anti-discrimination law does not permit defendants to get a "free pass" on discrimination if the plaintiff could have obtained coverage elsewhere.

3. ***Class Members Who Have Not Had Claims Denied Are Included***. Commonality is not destroyed because BCBSIL has not ***yet*** denied claims under the Exclusions in certain plans.

---

[2] BCBSIL's "Addendum A" included some individual plans that did not have a categorical Exclusion and are therefore not included in the proposed class definition. Hamburger Decl., ¶2, *Exh. 4,* pp. 61:2-75:5. *See, e.g.,* Dkt. No. 94-1, *Exh. C,* pp. 109-118 of 139 (A handful of plans permit coverage for gender affirming care but impose limits, such as age or financial limits). Only Exclusions are challenged in this litigation.

[3] Given BCBSIL's unfounded resistance to disclosing which plans contained Exclusions (*cf.* Dkt. No. 70, p. 4), the record is devoid of how many employers offer additional plans that do not contain an Exclusion. *See* Dkt. No. 94-1, *Exh. C,* pp. 101:11-13 of 139.

PLAINTIFF C.P.'S REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION AND SUBJOINED
MOTION TO STRIKE CARR REPORT – 2
[No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

*See* Dkt. No. 93, pp. 10:18–11:1. BCBSIL continues to administer the Exclusions and has no plans to stop. *See* Dkt. No. 84-6, p. 165:8–18. It may deny claims in those plans at any time.

Moreover, Class members may have uncovered expenses for treatment for gender dysphoria that were never submitted because BCBSIL dissuaded them from doing so. For example, class members may have been told by BCBSIL on the telephone that the claims would be denied if submitted, and thus were discouraged from submitting them. *See, e.g.,* Hamburger Decl., *Exh. 4*, pp. 53:9–14, 66:3–68:4; 84:19–86:13. *See, e.g.*, *Tech. Access Found. Health Benefit Plan v. Group Health Coop. (In re Z.D.)*, 2012 U.S. Dist. LEXIS 149610, at *25–29 (W.D. Wash. Oct. 17, 2012) (requiring class notice and processing of previously unsubmitted claims for all class members). Indeed, Dr. Fox concluded that there are likely significantly more people who sought gender affirming care in the BCBSIL-administered plans than show up in BCBSIL's claims data. *Compare* Dkt. No. 79, *Exh. B,* ¶17, with Dkt. No. 87-17, p. 7.

4.      ***No individualized determinations are needed to address the Class claims***. Ninth Circuit authority holds that if the Court finds that Section 1557 applies to BCBSIL's TPA activities to prohibit its administration of the Exclusions, the proper relief is remand of the class's claims to BCBSIL to re-evaluate in accordance with its Medical Policy, and without any discriminatory administration. *See Saffle v. Sierra Pac. Power Co. Bargaining Unit*, 85 F.3d 455, 461 (9th Cir. 1991). No review of individual issues by the Court is required when the challenge seeks a change in an ERISA TPA's standard course of conduct:

> [U]nder *Saffle*, Plaintiffs can show that Defendants caused harm on a general basis if Plaintiffs can show that Defendants applied an incorrect standard in evaluating their claims. In other words, the claimed harm is "one of process, not outcome," and therefore harm and causation can be resolved on a class-wide basis. *Hart v. Colvin, 310 F.R.D. 427, 435 (N.D. Cal. 2015)*.

*Des Roches v. Cal. Physicians' Serv.,* 320 F.R.D. 486, 499 (N.D. Cal. 2017); *Ballas v. Anthem Blue Cross*, 2013 U.S. Dist. LEXIS 199523, *35 (C.D. Cal., April 29, 2013). This process provides class members with broad injunctive relief and does not require the Court to engage in

PLAINTIFF C.P.'S REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION AND SUBJOINED
MOTION TO STRIKE CARR REPORT – 3
[No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

case-by-case medical necessity evaluations. *Des Roches,* 320 F.R.D. at 498.

To be clear, Plaintiffs are ***not*** seeking an adjudication by the Court as to the medical necessity of gender affirming care as to any individual.[4] *See* Dkt. No. 93, pp. 12–13. Rather, consistent with *Saffle*, Plaintiffs and the Class seek equitable relief through a decision that (1) declares the administration of the Exclusions by BCBSIL to be discrimination in violations of Section 1557; (2) orders BCBSIL to refrain from such discriminatory administration of the Exclusions in the future; along with (3) an order, as in *Z.D.*, directing BCBSIL to notify Class members, and then accept and process (or re-process) claims for gender affirming care in a non-discriminatory manner consistent with BCBSIL's existing medical policy.[5] *See Saffle*, 85 F.3d at 461. The injunction would "open the door" to a genuine consideration of medical necessity of class members' claims by ***BCBSIL*** under its existing Medical Policy, not by the Court. *See Wit v. United Behav. Health,* 2022 U.S. App. LEXIS 7514, at *9 (9th Cir. Mar. 22, 2022) (upholding class certification by finding plaintiffs' claims "avoided the individualized nature of the benefits remedy … by seeking 'reprocessing'").

Here, "[t]he legal issue is the same for all class members." *Ely v. Saul*, 572 F.Supp.3d 751, 773 (D. Ariz. 2020), *appeal dismissed* (Nov. 2, 2021); *see also Thornton v. Comm'r of Soc. Sec.*, 570 F.Supp.3d 1010, 1027 (W.D. Wash. 2020). "Although each claimant will have an individual case to be made to support his or her claim for … benefits, certifying the class will give each class

---

[4] The cases cited by BCBSIL for this point do not address it. *See* Dkt. No. 93, p. 13, citing to *Day v. Humana Ins. Co.*, 335 F.R.D. 181, 200 (N.D. Ill. 2020) (Rule 12(b)(6) dismissal of class allegations because plaintiffs failed to allege a common course of conduct by TPA for all putative class members); *Schubert v. Anthem Blue Cross Life & Health Ins. Co.,* No. CV-14-06221-MWF-JC, 2015 U.S. Dist. LEXIS 200105, at *22 (C.D. Cal. Oct. 2, 2015) (Rule 12(b)(6) dismissal with leave to amend of class allegations under Rule 23(b)(3) based upon predominance and the lack of a single common question in the allegations).

[5] *Renton v. Kaiser Found. Health Plan, Inc.,* No. C00-5370RJB, 2001 U.S. Dist. LEXIS 20015, at *25-26 (W.D. Wash. Sep. 24, 2001), relied upon by BCBSIL (Dkt. No. 93, pp. 13-14) is unavailing. In *Renton,* this Court denied class certification where the plaintiffs did not challenge a standard course of conduct by defendants, but rather objected to the various disclosures different defendants made regarding medical necessity determinations. In contrast here, there is extensive Rule 30(b)(6) testimony regarding BCBSIL standard practice when administering the Exclusions. Hamburger Decl., *Exhs. 4-5.*

PLAINTIFF C.P.'S REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION AND SUBJOINED
MOTION TO STRIKE CARR REPORT – 4
[No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

1  member the opportunity to make that claim—something they have been unable to do in the past."

2  *Id.* (cleaned up). "[T]he commonality prerequisite is satisfied." *Id.*

3      **5.    *RFRA Does Not Destroy Commonality.*** BCBSIL brings out its RFRA "red

4  herring" again, claiming that RFRA "would require an individualized inquiry into the religious

5  beliefs of each employer" such that there is no commonality. Dkt. No. 93, p. 14:22–24. There is

6  no RFRA defense here because the government is not a party to this case. *See* Dkt. No. 23, p. 9;

7  *see* 42 U.S.C. § 2000bb-1(c). BCBSIL still offers no evidence to demonstrate the presence of

8  either the government or a party with a "sincerely held religious belief," both of which are required

9  to invoke RFRA. *See* Dkt. No. 96, pp. 38–45.

10     Nor will any class-wide injunctive relief require inquiry into the religious beliefs of any

11  employer by the Court. *See* Dkt. No. 93, p. 14. Plaintiffs seek to enjoin only BCBSIL from

12  administering discriminatory Exclusions. The injunction would not change any plan language or

13  require any action by any employer. If an employer is dissatisfied with BCBSIL's administration

14  of claims as a result of the order issued, the employer could have its plan administered by another

15  TPA not subject to Section 1557 – regardless of any religious belief.[6]

16  **B.    Typicality is Met Because the Same "Course of Conduct" was Applied by BCBSIL to C.P.'s claims and Those of All Other Class Members.**

17

18     BCBSIL claims that C.P.'s claims are not "typical" of the class because: (1) the CHI plan

19  language has changed over time; (2) C.P.'s claims are subject to a RFRA defense by BCBSIL;

20  and (3) some of C.P.'s gender affirming care was covered by CHI, even though he was subjected

21  to a categorical exclusion of all gender affirming care "related or leading to gender reassignment

22  surgery." Dkt. No. 93, pp. 16–17. But BCBSIL misconstrues typicality. The Ninth Circuit has

23

24     [6] *Fosmire v. Progressive Max Ins. Co.,* 277 F.R.D. 625, 633 (W.D. Wash. 2011), cited by BCBSIL, Dkt. No. 93,
   p. 15:1-3, is distinguishable. In that case, defendants had a unique defense against the named plaintiff. *Id.* Here, there

25  is no unique defense offered by BCBSIL against C.P., because BCBSIL has no RFRA defense (Dkt. No. 23, p. 9,
   Dkt. No. 96, pp. 38-45), and BCBSIL's Rule 30(b)(6) witness conceded that C.P.'s treatment was medically
   necessary under its own coverage policy. Dkt. No. 84-1, pp. 60:19-62:3.

26

instructed that "[t]he purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (citation omitted). All that is required is that class members' injuries result from the similar course of conduct by the defendant, regardless of varying fact patterns for each individual class member. *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642, 648 (W.D. Wash. 2007).

It does not matter that the CHI plan language has changed over time, or that a handful of plans have slightly different language for the Exclusion. BCBSIL always administered the CHI Plan in the same manner, regardless of changes in the specific plan language. Hamburger Decl., *Exh. 4,* pp. 84:19–87:8. BCBSIL was able to identify ***505 claims that were denied due to its consistent administration of the Exclusions.*** *Id., Exh. 5,* pp. 35:20–36:24; 37:9–16, 40:4–22. And, this was exactly what happened to C.P. His chest surgery and second Vantas implant were denied by BCBSIL based solely on the Exclusion. Dkt. Nos. 84-14, 97-20.[7]

The fact that BCBSIL administered coverage for some of C.P.'s non-surgical treatment for gender dysphoria, while others class members were subjected to Exclusions of all treatment for gender dysphoria does not destroy typicality. *See* Dkt. No. 93, p. 17:6–8. Typicality does not require all Class members be harmed in the same way or to the same degree. *See Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992).

**C.    Certification Under Rule 23 (b)(1) is Proper.**

      *1.    **The proposed class meets the requirements of Rule 23(b)(1)(A).*** BCBSIL has a

---

[7] BCBSIL's argument that C.P.'s claims are not typical because they were forwarded to the employer, *see* Dkt. No. 93, p. 16, is unavailing. *First,* the trigger for such review was BCBSIL's standard administration of the Exclusion, that flags gender-affirming care as not covered based on the diagnostic and procedural code, *i.e.,* the same course of conduct applicable to the entire class. *Second,* while CHI asked to review the denied claims related to gender affirming surgery (likely so it could prepare for any resulting employee complaints), ***CHI never changed the denials of the claims***. Hamburger Decl., *Exh. 4,* pp. 74:17-75.5. Of course, if CHI reversed any of BCBSIL's determinations, it could jeopardize CHI's claim to have "delegated discretionary authority" to BCBSIL in the plan. *See* Dkt. No. 84-13, p. 117 of 142. *See Jebian v. Hewlett-Packard Co. Emple. Benefits Org. Income Prot. Plan,* 349 F.3d 1098, 1105 (9th Cir. 2003).

PLAINTIFF C.P.'S REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION AND SUBJOINED
MOTION TO STRIKE CARR REPORT – 6
[No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

legal and fiduciary duty under ERISA to follow all applicable federal laws – including Section 1557. 29 U.S.C. §1144(d); 42 U.S.C. §18116(a). If BCBSIL is not able to administer a discriminatory exclusion in one plan because of Section 1557 prohibits it from doing so, it cannot do so in any ERISA plan with the same or similar exclusion. *See* 29 C.F.R. §2560.503-1(b)(5) (Under ERISA, plan provisions must be applied consistently with respect to similarly situated enrollees); *Z.D.,* 2012 U.S. Dist. LEXIS 76498, *17–*18. Since BCBSIL is obligated to ensure that similar plan provisions are applied consistently with respect to similarly situated claimants, certification under Rule 23(b)(1) is appropriate. *Id.; Med. Soc'y of N.Y. v. UnitedHealth Grp. Inc.,* 332 F.R.D. 138, 153 (S.D.N.Y. 2019).

Where, as here, the obligations owed to the proposed class come from a statute rather than the plan terms, certification under Rule 23(b)(1)(A) is proper. *Id.* If class members are forced to bring multiple actions involving different plans with the same Exclusions, BCBSIL could be put in the position where its administration of Exclusions is deemed permissible by some courts, while being held to violate Section 1557 in others. *See id.,* at 154. "This falls squarely into the circumstances in which courts have certified classes under subsection (b)(1)(A)." *Id.; see Wit v. United Behavioral Health*, 317 F.R.D. 106, 133 (N.D. Cal. 2016); *Meidl v. Aetna, Inc.,* 2017 U.S. Dist. LEXIS 70223, at *56 (D. Conn. May 4, 2017) (certifying class challenging the actions of an ERISA plan administrator that categorically excluded coverage of a particular treatment in the various health plans it administered).[8]

BCBSIL attempts to distinguish these cases by stating that it has no standard practice when it comes to administration of the Exclusions. *See* Dkt. No. 93, p. 19:13–27 (arguing that there is no "blanket policy" at issue). As BCBSIL's Rule 30(b)(6) witnesses testified, BCBSIL had a standard course of conduct regarding the Exclusions:  (1) it authored the overwhelming majority

---

[8] *O'Connor v. Boeing N. Am., Inc.,* 180 F.R.D. 359, 368 (C.D. Cal. 1997), cited by BCBSIL at Dkt. No. 93, p. 18, n. 7, did not involve consideration of whether a TPA's standard administration of a health benefit exclusion complied with federal statute, and is wholly inapplicable.

PLAINTIFF C.P.'S REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION AND SUBJOINED
MOTION TO STRIKE CARR REPORT – 7
[No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

of the Exclusions, Dkt. No. 86-17, p. 13, Dkt. No. 84-6, pp. 34:16–22, 41:12–24; Hamburger Decl., *Exh. 5*, pp. 25:4–27:15; (2) it administered the Exclusions in the same way, by having services associated with a diagnosis of gender dysphoria trigger their application, *id., Exh. 4,* pp. 69:8–71:4, *Exh. 5,* p. 40:4–22; and (3) even when plan language changed over time, BCBSIL's administration of the Exclusions remained the same. *See, e.g., id., Exh. 4*, pp. 84:19–87:8.

      **2.**    ***The proposed Class meets the requirements of Rule 23(b)(1)(B).*** BCBSIL complains that there are no cases either cited by Plaintiff or otherwise involving certification under Rule 23(b)(1)(B). Dkt. No. 93, p. 19:1–2. This is demonstrably false. *See, e.g., Z.D.,* 2012 U.S. Dist. LEXIS 76498, *17–*18 ("The Court can envision few better scenarios for certification under (b)(1)(A) *or* (b)(1)(B)"); *D.T. v. NECA/IBEW Family Med. Care Plan,* No. C17-00004 RAJ, 2019 U.S. Dist. LEXIS 50683, at *24 (W.D. Wash. Mar. 26, 2019) (same); *K.M. v. Regence BlueShield,* No. C13-1214 RAJ, 2014 U.S. Dist. LEXIS 27685, at *49 (W.D. Wash. Feb. 27, 2014) (same); *cf. Wit*, 317 F.R.D. at 133.

      BCBSIL implies that Rule 23(b)(1)(B) is only for "limited fund" cases or where there is a showing that the Court's adjudication will "prejudice other class members." Dkt. No. 93, p. 19:2–3. The Rule is not so constrained. Under this subparagraph, class certification is proper when a decision on behalf of one member of the class will alter the interests of the other members. *McCluskey v. Trs. of Red DOT Corp. ESOP & Tr.*, 268 F.R.D. 670, 677 (W.D. Wash. 2010). That is the case here. If Plaintiff prevails on his claim that TPAs subject to Section 1557 cannot administer discriminatory Exclusions, then the interests of all other members of the class are benefited. Similarly, a loss would impede or impair the rights of those class members. "This is the quintessential (b)(1)(B) scenario." *D.T. v. NECA/IBEW Family Med. Care Plan*, 2021 U.S. Dist. LEXIS 257307, at *7 (W.D. Wash. Feb. 2, 2021) (internal quotations omitted).

**D.**    **Certification Under Rule 23(b)(2) Is Also Proper.**

      BCBSIL objects to certification of the class under (b)(2) because any injunction imposed

PLAINTIFF C.P.'S REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION AND SUBJOINED
MOTION TO STRIKE CARR REPORT – 8
[No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

on BCBSIL here would "materially affect non-parties," the employers with whom BCBSIL contracts. Dkt. No. 93, p. 20:7–9. But at this stage, the Court need only consider whether the proposed remedies fit within the parameters of Rule 23(b)(2). Since Plaintiffs seek a determination of the requirements of Section 1557 when BCBSIL acts as a TPA, certification under (b)(2) is perfect:

> The present case fits this bill to a "T." Again, the first proposed class does not contemplate or require the resolution of individual issues. It requires only that the Court determine the requirements of [federal] law as applied to the [TPA] as a whole.

*Z.D.,* 2012 U.S. Dist. LEXIS 76498, at *19 (cleaned up). Rule 23(b)(2) certification is proper.

BCBSIL also argues that the class is not sufficiently "cohesive" for certification under Rule 23(b)(2). Dkt. No. 93, p. 21:7. This is just a rehash of BCBSIL's argument about "individual issues." *See id.* BCBSIL ignores that ***378 of the identified plans use the same BCBSIL-authored language***. Hamburger Decl., *Exh. 5,* pp. 25:4–27:15. The remaining ones are single variations on the BCBSIL standard language. *Id.* The class as a whole will benefit if the Court concludes BCBSIL cannot administer the Exclusions.

**E.      The Class Is Properly Defined.**

   *1.      The Class Definition is not overbroad.* The proposed class definition in Plaintiffs' Motion is narrower than Plaintiffs' original class definition. *See* Dkt. No. 93, pp. 6–8; *Compare* Dkt. No. 38, ¶91. For example, the initial class definition applied to both coverage exclusions ***and limitations***. *Id.* The current definition applies to only exclusions. Dkt. No. 78, p. 4. The definition is also narrowed in duration to since November 23, 2016, rather than the earlier date of 2014. *Id.*

BCBSIL complains that the use of the words "have required, require or will require" broadens the number of class members from the earlier version which applies to people who "***were, are or will be*** denied pre-authorization ***or coverage*** of otherwise covered services due to BCBSIL's administration" of the Exclusions. Dkt. No. 93, p. 7. BCBSIL offers no evidence – not even a declaration – that this language encompasses more people than the earlier language. The

PLAINTIFF C.P.'S REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION AND SUBJOINED
MOTION TO STRIKE CARR REPORT – 9
[No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

language, while different, is no broader.

Plaintiffs revised the language to clarify it and make it follow more closely other similar class definitions approved in ERISA health coverage litigation in the Western District of Washington. *See, e.g.,* Hamburger Decl., ¶3 (similar language was approved in other class certification orders in this district). Contrary to BCBSIL's claims, the definition does not "include all members who were ever in a plan with an exclusion." Dkt. No. 93, p. 7:11–13. Nor does it expand the number of plans involved, since the original class definition always included future class members – even class members who have not yet been denied coverage. *Compare id.,* p. 7:23–25 *with* Dkt. No. 38, ¶91.

Rather, under the proposed definition, to be a class member, the individual must "have required, require or will require" (*i.e.* have medical necessity for) gender affirming care that BCBSIL presently excludes pursuant to its standard administration of the Exclusions. At this stage, proof that all class members had actual denial of benefits is not required. *See Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 (9th Cir. 2022); *O'Connor v. Boeing N. Am., Inc.,* 184 F.R.D. 311, 320 (C.D. Cal. 1998). And, since Plaintiffs seek class-wide declaratory and injunctive relief, such that there is little risk of the definition being overbroad. Dkt. No. 93, p. 7. The injunctive remedy sought – notice and an opportunity to submit health care claims for gender dysphoria treatment for medical necessity review under BCBSIL's medical policy, would only be available to BCBSIL enrollees who received such treatment and are in the identified plans with Exclusions. Nonetheless, should the Court conclude that this definition is overbroad, it has the discretion to modify it. *Olean*, 31 F.4th at 669 n.14.

**2.    *The Statute of Limitations Under Section 1557 is Four Years.*** Since Congress did not establish a specific statute of limitations in Section 1557, the default federal statute of limitations of four years applies. *See* 28 U.S.C. §1658. *Tomei v. Parkwest Med. Ctr.,* 24 F.4th 508, 515 (6th Cir. 2022); *Vega-Ruiz v. Northwell Health*, No. 20-315, 992 F.3d 61, 66 (2d Cir.

PLAINTIFF C.P.'S REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION AND SUBJOINED
MOTION TO STRIKE CARR REPORT – 10
[No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

2021). This is consistent with existing Ninth Circuit precedent, applying 28 U.S.C. §1658 to other statutes enacted after December 1, 1990. *See Cooks v. Contra Costa Cty.*, No. 20-17516, 2021 U.S. App. LEXIS 34803, at *1 (9th Cir. Nov. 23, 2021) (The federal four-year statute of limitations applies to "federal claims that were 'made possible by a post-1990 amendments'" including amendments to the ADA in 1992); *Woods v. Storms*, 793 F. App'x 542, 543 (9th Cir. 2020) (applying the four year statute of limitations under 28 U.S.C. §1658 to claims under post-1990 amendments to 42 U.S.C. §1981); *Johnson v. Lucent Techs., Inc.,* 653 F.3d 1000, 1007 (9th Cir. 2011) (same). Moreover, the "enforcement mechanisms" for Title XI, incorporated into Section 1557, do not include its statute of limitations. *See Tomei,* 24 F.4th at 514.

　　　　*3.*　　　*The Class Claims relate back to the Initial Complaint.* An amended complaint relates back to the initial filing when both the original and amended pleadings "share a common core of operative facts" such that the defendant has "fair notice of the … conduct called into question." *Martell v. Trilogy, Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989). This standard is liberally applied. *Asarco, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

　　　　The initial complaint provided "clear notice" of allegations of class-wide discrimination to BCBSIL. Specifically, Plaintiffs asked for the following relief:

> ***Enjoin BCBSIL***, its agents, employees, successors, and all others acting in concert with them, *from administering or enforcing health benefit plans that exclude coverage for gender-affirming health care*, including applying or enforcing the Plan's Exclusion "for, or leading to, gender reassignment surgery," *and other similar exclusions in the health benefit plans BCBSIL administers and enforces, in violation of the Affordable Care Act now and in the future*;

Dkt. No. 1, ¶3 (emphasis added). The Initial Complaint contains additional allegations of class-wide discrimination. *See id.,* ¶4 (BCBSIL's administration impacts all transgender enrollees), ¶¶9–10 (complaining of BCBSIL's "targeted discrimination against transgender people"), ¶76 (alleging BCBSIL administers the Exclusion despite knowing that enrollees with gender dysphoria need medical treatment for their condition), ¶81 ("BCBSIL's administration of the

PLAINTIFF C.P.'S REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION AND SUBJOINED
MOTION TO STRIKE CARR REPORT – 11
[No. 2:18-cv-01191-JLR]

Sɪʀɪᴀɴɴɪ Yᴏᴜᴛᴢ
Sᴘᴏᴏɴᴇᴍᴏʀᴇ Hᴀᴍʙᴜʀɢᴇʀ ᴘʟʟᴄ
3101 Wᴇsᴛᴇʀɴ Aᴠᴇɴᴜᴇ, Sᴜɪᴛᴇ 350
Sᴇᴀᴛᴛʟᴇ, Wᴀsʜɪɴɢᴛᴏɴ 98121
Tᴇʟ. (206) 223-0303  Fᴀx (206) 223-0246

Exclusion denies transgender enrollees with gender dysphoria the benefits and health coverage available to other insureds."). Because BCBSIL has a legal and fiduciary duty under ERISA to treat similarly situated enrollees consistently, *see* 29 C.F.R. §2560.503-1(b)(5), Plaintiffs did not move for class certification at the outset. However, once BCBSIL's counsel made clear that BCBSIL would not change its standard conduct without class certification – even if C.P. prevailed – Plaintiffs amended the complaint to include class claims. *See* Dkt. No. 27, ¶2.

## II.   MOTION TO STRIKE CARR REPORT

BCBSIL concedes numerosity but belatedly seeks to rebut Dr. Fox's estimate of enrollees affected by BCBSIL's administration of the Exclusions with a report from Scott Carr, Ph.D. The report was disclosed on October 21, 2022, after the mandatory deadlines set by the Court and court rules, only one business day before the dispositive motion deadline and long after expert disclosures were due and discovery closed, precluding Plaintiffs from deposing Dr. Carr. *See id.,* Hamburger Decl., *Exhs.1, 3.*[9] *Am. Safety Cas. Ins. Co. v. Happy Acres Enters. Co.,* 2017 U.S. Dist. LEXIS 8285 *11 (W.D. Wash. Jan 20, 2017) (compliance with Rule 26(a) is mandatory.). The Carr report is simply too late and must be stricken. Dkt. 48; Fed. R. Civ. P. 26(a)(2)(D), 37(c); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001).

## III.   CONCLUSION

The Court should grant Plaintiffs' Motion for Class Certification. The Court should also grant Plaintiffs' Motion to Strike the Expert Report of Scott Carr.

---

[9] BCBSIL may counter that Dr. Fox's report and addendum were also late. *See* Hamburger Decl., *Exh. 2.* Dr. Fox was timely disclosed, given the pending motion to compel. *Id., Exhs. 3, 6.* His report was served on August 19, 2022, just three days after BCBSIL finally produced the disputed discovery. *Id., Exh. 3.* BCBSIL had the opportunity to depose Dr. Fox long before its class certification opposition brief was due. *Id.* His Addendum was served on September 29, 2022, applying the same methodology to new data and contained no new opinions. *Id., Exh. 7; see* Dkt. No. 94-3, *Exh. 6,* p. 73. Dr. Fox's report was timely and proper, and counsel and Dr. Carr concede they attack Dr. Fox's report and not just his Addendum. *Id., Exh. 8;* Dkt. No. 94-3, *Exh. U,* pp. 3-5.

PLAINTIFF C.P.'S REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION AND SUBJOINED
MOTION TO STRIKE CARR REPORT – 12
[No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

DATED:  October 28, 2022.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

*/s/ Eleanor Hamburger*

Eleanor Hamburger(WSBA #23992)
Daniel S. Gross (WSBA #23992)
3101 Western Avenue, Suite 350
Seattle, WA 98121
Tel. (206) 223-0303; Fax (206) 223-0246
Email: ehamburger@sylaw.com
            dgross@sylaw.com

LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.

*/s/ Omar Gonzalez-Pagan*

Omar Gonzalez-Pagan, *pro hac vice*
120 Wall Street, 19th Floor
New York, NY 10005
Tel. (212) 809-8585; Fax (212) 658-9721
Email:  ogonzalez-pagan@lambdalegal.org

Jennifer C. Pizer, *pro hac vice*
4221 Wilshire Boulevard, Suite 280
Los Angeles, California 90010
Tel. (213) 382-7600; Fax (213) 351-6050
Email:  jpizer@lambdalegal.org

*Attorneys for Plaintiffs*

PLAINTIFF C.P.'S REPLY IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION AND SUBJOINED
MOTION TO STRIKE CARR REPORT – 13
[No. 2:18-cv-01191-JLR]