# Exhibit 1

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

October 26, 2022

**<u>CONFIDENTIAL – F.R.E. 408</u>**

*BY EMAIL ONLY*

Gwendolyn Payton
Stephanie Bedard
KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
gpayton@kilpatricktownsend.com

Stephanie Bedard
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
sbedard@kilpatrictownsend.com

      RE:    *C.P. v. Blue Cross Blue Shield of Illinois*, **No. 3:20-cv-06145-RJB –** *Expert Disclosure of Scott Carr, Ph.D.*

Dear Gwendolyn and Stephanie:

      I am writing to you to request that Defendant, BlueCross BlueShield of Illinois (BCBSIL) withdraw the expert disclosure of Scott Carr, Ph.D. that it proffered last Friday in *Pritchard, et al. v. BlueCross BlueShield of Illinois*, long after the expert disclosure and discovery deadline ordered by the Court had passed, and a full 63 days after Dr. Fox's report was produced by Plaintiffs. You cite Dr. Carr's report in your Opposition to Plaintiffs' Motion for Class Certification (Dkt. No. 93, p. 24:18-24:19). Per the Western District's Local Rule, we are required to request that improper evidence relied upon in an opposition be stricken through an argument incorporated into the motion's reply. LCR 7(g). Accordingly, should you not agree to withdraw Scott Carr's expert disclosure by noon on Thursday, October 27, we shall move to strike Carr's disclosure in our reply on class certification to be filed no later than Friday October 28, 2022. Such objections will be filed without prejudice to any other rights Plaintiffs may have to object to such disclosure and/or move to have it and any other testimony from Dr. Carr stricken. *See, e.g.,* LCR 7(g)(5).

      As you are certainly aware, FRCP 26(a)(2)(A), (B), (D) require a party to disclose its expert witnesses to the opposing party at the times and sequence that the court orders.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

Gwendolyn Payton                                                            **CONFIDENTIAL – F.R.E. 408**
Stephanie Bedard
October 26, 2022
Page 2

In the absence of an applicable court order, parties are required to disclose their rebuttal witnesses "within 30 days after the other party's disclosure." FRCP 26(a)(2)(D)(ii). By any standard, Defendant's disclosure of Dr. Carr as a witness called to rebut Plaintiffs' expert Dr. Frank Fox's expert reports was untimely.

On June 17, 2022, Plaintiffs timely disclosed to Defendant their intention to call Frank Fox, Ph.D. as an expert witness. *See* Dkt. 48 (setting expert disclosure deadline of 6/17/2022). As we noted at the time, Plaintiffs did not submit Dr. Fox's report along with his disclosure as a witness because Defendant continued to refuse to produce discovery Dr. Fox required to render his opinion and formulate a report. (Email from E. Hamburger, 6/17/2022, 11:38 a.m.)

The additional time required to produce the Fox report was further lengthened by Defendant's continued refusal to produce the needed discovery, which we were forced to (successfully) move to compel to obtain. *See generally* Dkt. No. 70 (Order on Motion to Compel and Motions to Seal). Defendant then further dragged its feet in producing the discovery even after having been ordered to render it to Plaintiffs, turning over the final information related to what Dr. Fox needed to assess and prepare his report on August 16, 2022. (Email from Stephanie Bedard, 8/16/2022, 11:42 a.m.) Dr. Fox proceeded to promptly complete and document his analysis in a report that Plaintiffs sent to Defendant just three days later on August 19, 2022. (Email from Eleanor Hamburger, 8/19/2022, 11:55 a.m.) Any rebuttal to Dr. Fox's report was due on September 19, 2022. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii) (requiring disclosure of evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B)" to occur "within 30 days after the other party's disclosure").

When Dr. Fox subsequently discovered that the statistics featured in a significant source on which he relied (the "Williams Institute") in reaching his conclusions about the likely numerosity of the proposed Plaintiff class had been updated, Dr. Fox created an Addendum to his primary disclosure in which he applied the same method employed in the primary disclosure to the more recent Williams Institute statistics. In the Addendum, Dr. Fox listed the new likely numerosity figures for the proposed class that were produced in this manner, noting that the new figures did not change his initial conclusion that on average about 300 members would be expected to seek gender-affirming care each year. *See* Addendum to Report of Frank G. Fox Ph.D., pp. 1-3. Plaintiffs promptly

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

Gwendolyn Payton  **CONFIDENTIAL – F.R.E. 408**
Stephanie Bedard
October 26, 2022
Page 3

produced the Addendum to Defendant on September 29, 2022. Plaintiffs also included a copy of Dr. Fox's original report with the Addendum for ease of reference. *Id.*

On Friday, October 21, Defendant for the first time and without prior notice disclosed Scott Carr, Ph.D. as an expert witness "responding to the report and Addendum offered by Frank G. Fox." (Email of Stephanie Bedard sent 10/21/2022, 2:11 p.m.) A report was attached to the message identifying Carr as a defense expert rebuttal witness.

By any standard, the Carr disclosure comes too late. The final expert disclosure deadline authorized by the Court was June 17, 2022. Even if that deadline was considered be waived or inapplicable to rebuttal witnesses, the default deadline for producing a rebuttal disclosure is 30 days after the production of the report it is offered to rebut. FRCP 26(a)(2)(D). Dr. Fox's report was produced on August 19, 2022. Accordingly, any expert Defendant offered to rebut Dr. Fox's opinions in that report was required to be disclosed along with their rebuttal report no later than September 19, 2022 (the 30th day fell on Sunday, September 18, 2022, extending the deadline to the following court day).

We anticipate that you will argue that the 30-day rebuttal expert disclosure deadline should flow from the date on which Dr. Fox submitted the Addendum to his report. Such a claim is likely to fail. First, by counsel's own words, Scott Carr's report was not offered simply to rebut any new opinions offered in the Addendum; the Carr report was "responding to **the report** and addendum offered by Frank G. Fox." (Emphasis added.) Moreover, Dr. Fox's Addendum did not change his methodology or the opinions on which it relied. He stated that he simply applied the method used and explained in his primary report to updated data. Conversely, Dr. Carr prominently critiqued his characterization of Dr. Fox's methods. *See, e.g.*, Carr Report, p. 5 (Summary of opinion 2 of 2 – "Dr. Fox's estimates of the number of transgender Group Members who sought transgender-related services is methodologically incorrect…. .). Second, on its face, Dr. Carr's report is offered not simply to challenge Dr. Fox's Addendum, but to rebut Dr. Fox's primary report, including the methods and opinions explained therein.

Should we be forced to litigate this, it is likely that the court will strike Dr. Carr's disclosure and bar him from testifying in other matters concerning this case. This is the presumptive remedy for a party's failure to timely disclose an expert witness. Federal Rule of Civil Procedure 37(c)(1) was designed to "put teeth" into the disclosure

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

Gwendolyn Payton  **CONFIDENTIAL – F.R.E. 408**
Stephanie Bedard
October 26, 2022
Page 4

requirements under Rule 26(a) and (e). *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014). It provides a presumptive sanction of exclusion of any witnesses that was not timely disclosed: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Here, there is no justification for Defendant's failure to timely disclose any witnesses intended to rebut Dr. Fox's methodology and the opinions on which it relies. Nor is such an untimely disclosure harmless. The Court's deadline for filing discovery motions fell on July 22, 2022 (Dkt. No. 74), and discovery was required to be completed by August 5, 2022, or August 12, 2022, concerning specific forms of discovery identified in the Order. Dkt. No. 73. Nor is the Court likely to extend these deadlines to accommodate Defendant's dilatory disclosures of this expert rebuttal.

For these reasons, we request that you inform us in writing by noon on Thursday, October 25, 2022, that you are withdrawing your disclosure of Dr. Carr as a witness of any kind in this matter. Should you not do so, we will seek from the Court an order that Dr. Carr be stricken as a witness or source of evidence in any capacity in this matter, with any accompanying remedies the Court deems appropriate. If you wish to discuss this, please feel free to contact me at dgross@sylaw.com. If you would prefer to discuss this directly, please feel free to suggest some times you are free for a call.

Thank you for your consideration.

Very truly yours,

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

*/s/ Daniel S. Gross*

Daniel S. Gross

DSG:sh
cc:   Omar Gonzalez-Pagan
      Jenny Pizer
      Eleanor Hamburger