# Exhibit 2



KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

Suite 3700, 1420 Fifth Avenue
Seattle, WA 98101
t 206 467 9600  f 206 623 6793

October 27, 2022

direct dial 206 626 7714
direct fax 206 299 0414
GPayton@kilpatricktownsend.com

VIA E-MAIL

Daniel S. Gross
Eleanor Hamburger
Sirianni Youtz Spoonemore Hamburger PLLC
Daniel@sylaw.com
ele@sylaw.com

Omar Gonzalez-Pagan
Jenny Pizer
Lambda Legal
ogonzalez-pagan@lambdalegal.org
jpizer@lambdalegal.org

      Re:   *C.P., et. al. v. BCBSIL,* 3:20-cv-06145-RJB (Western District of Washington): Expert Disclosure of Scott Carr, Ph.D.

Dear Counsel:

      We write in response to your October 26, 2022 correspondence concerning Blue Cross and Blue Shield of Illinois ("BCBSIL")'s timely disclosure of Scott Carr, Ph.D. as a rebuttal expert witness. Your contention that Dr. Carr's rebuttal report was proffered in an untimely manner is inaccurate and misconstrues the timing of Plaintiffs' own expert disclosures.

      As an initial matter, your own expert disclosures were not timely. The deadline to serve expert witness disclosures in this action was June 17, 2022. *See* Dkt. 48. You served Dr. Frank Fox's initial expert disclosure on August 19, 2022 and then served his amended expert disclosure on September 29, 2022. Thus, your belated disclosure of Dr. Fox's amended expert report in late September 2022, without any notice to BCBSIL, was itself untimely.

      Dr. Fox's initial August 2022 disclosure was – as you recognize – based on outdated data from a primary source on which Dr. Fox relies. You claim that the reason Dr. Fox amended his report was to take into account "updated" statistics from the Williams Institute that were a "significant source on which he relied in reaching his conclusions." As you acknowledge, this substantial modification to his initial report led to "new likely numerosity figures for the proposed class" based on the new Williams Institute statistics. In other words, Dr. Fox

ANCHORAGE  ATLANTA  AUGUSTA  BEIJING  CHARLOTTE  DALLAS  DENVER  HOUSTON  LOS ANGELES  NEW YORK  RALEIGH  SAN DIEGO
SAN FRANCISCO  SEATTLE  SHANGHAI  SILICON VALLEY  STOCKHOLM  TOKYO  WALNUT CREEK  WASHINGTON  WINSTON-SALEM

Sirianni Youtz Spoonemore Hamburger PLLC
Lambda Legal
October 27, 2022
Page 2

materially revised his report to incorporate new statistics into his analysis, regardless of the impact on his conclusions.

As you recognize in your letter, both parties are required to disclose their rebuttal witnesses within 30 days after the other party's disclosure. Fed. R. Civ. P. 26(a)(2)(D)(ii). On October 21, 2022, in response to Dr. Fox's September 29, 2022 amended expert report, BCBSIL timely disclosed Dr. Carr's rebuttal expert report. It is undisputed that Dr. Carr's rebuttal report was disclosed well within the 30-day window contemplated by Rule 26(a)(2)(D)(ii).

Dr. Carr's rebuttal report analyzes in detail the conclusions reached and underlying data relied upon in Dr. Fox's September 2022 revised expert report. *See* Carr Rebuttal Report at pp. 1, 6-8, 13, 15-20 (analyzing the data in Updated Table 1 and Updated Table 5 of Dr. Fox's revised report). Dr. Carr certainly critiques Dr. Fox's flawed application of his methodology to the underlying data, including the Williams Institute statistics, but that by no means is a basis to strike Dr. Carr's report.

Your position is contradictory and without merit. On the one hand, you argue that the Court should disregard Dr. Fox's initial report and instead should consider Dr. Fox's amended report, which was filed well after the expert disclosure cutoff. On the other hand, you argue that Dr. Carr's rebuttal report, which was timely filed within 30 days of that amended report, should be stricken as untimely.

It is telling that you do not, and cannot, argue you were prejudiced by Dr. Carr's rebuttal expert disclosure. If Plaintiffs truly had concerns regarding Dr. Carr's rebuttal report, those concerns should have been addressed by seeking Dr. Carr's deposition, rather than moving to strike his timely report.

Plaintiffs cannot have it both ways. If Dr. Carr's rebuttal report is untimely, so too is Dr. Fox's amended report. Thus, if Plaintiffs seek to strike Dr. Carr's rebuttal report in their reply brief, BCBSIL will in turn file a surreply pursuant to LCR 7(g) to exclude both Dr. Fox's initial report (which relies on outdated data and is no longer operative) and Dr. Fox's untimely amended report.

Sincerely,

Gwendolyn C. Payton

cc:   Stephanie N. Bedard, Esq.