UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| C. P., by and through his parents, Patricia Pritchard and Nolle Pritchard, individually and on behalf of others similarly situated; and PATRICIA PRITCHARD,<br><br>                    Plaintiffs,<br>     v.<br><br>BLUE CROSS BLUE SHIELD OF ILLINOIS,<br><br>                    Defendant. | CASE NO. 3:20-cv-06145-RJB<br><br>ORDER |

This matter comes before the Court *sua sponte* on review of the record. The Court has reviewed the record and is fully advised.

On November 9, 2022, Plaintiff C.P.'s motion to certify a class pursuant to Fed. R. Civ. P. "Rule" 23(a) and (b)(1)-(b)(2) was granted. Dkt. 113. The caption should be amended as above to reflect that the case is now a class action.

The class was certified as:

ORDER - 1

> All individuals who: (1) have been, are, or will be participants or beneficiaries in an ERISA self-funded "group health plan" (as defined in 29 U.S.C. § 1167(1)) administered by Blue Cross Blue Shield of Illinois ("BCBSIL") during the Class Period and that contains a categorical exclusion of some or all Gender-Affirming Health Care services; and (2) were, are, or will be denied pre-authorization or coverage of treatment with excluded Gender Affirming Health Care services.
>
> **DEFINITIONS**:
>
> "Class Period" means November 23, 2016 through the termination of the litigation.
>
> "Gender-Affirming Health Care" means any health care service— physical, mental, or otherwise—administered or prescribed for the treatment of gender dysphoria; related diagnoses such as gender identity disorder, gender incongruence, or transsexualism; or gender transition. This includes but is not limited to the administration of puberty delaying medication (such as gonadotropin-releasing hormone (GnRH) analogues); exogenous endocrine agents to induce feminizing or masculinizing changes ("hormone replacement therapy"); gender-affirming or "sexreassignment" surgery or procedures; and other medical services or preventative medical care provided to treat gender dysphoria and/or related diagnoses, as outlined in World Professional Association for Transgender Health, Standards of Care for the Health of Transsexual, Transgender, and Gender Nonconforming People, 7th Version (2012).

*Id.* Class counsel was appointed. *Id.*

There are several case management and other issues that must now be addressed. A status conference should be scheduled for Monday, **November 28, 2022 at 10:00 a.m. by Zoom**.

**Order on Class Certification**. Under Rule 23(c)(1)(B), "an order that certifies a class action must define the class and the class claims, issues or defenses, and must appoint class counsel." The order granting the motion to certify the class in this case was deficient in that it did not define "the class claims, issues or defenses." Rule 23(c)(1)(C) provides that an order granting class certification "may be altered or amended before final judgment."

ORDER - 2

The Plaintiffs should be ordered to file a proposed amended order certifying the class. The proposed order should include "class claims, issues [and] defenses." This proposed order should be filed by **November 29, 2022**.

**Notice.** Fed. R. Civ. P. 23(c)(2)(A) provides that "[f]or any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class." In the interest of due process, class members should be given notice of this case. The Court finds that the notice requirements in Rule 23(c)(2)(B) are appropriate given the nature of this case.

The Plaintiffs should be ordered to file a proposed notice plan that follows the requirements of Rule 23(c)(2)(B). This proposed notice plan and a proposed order should be filed by **December 5, 2022**.

**Appointing a Guardian Ad Litem for C.P. and Class Members who are Minors.** Rule 23(d)(1) grants the court broad discretion in managing class action litigation. Under Rule 23(d)(1):

> [T]he court may issue orders that:
>
> (A) determine the course of proceedings or prescribe measures to prevent undue repetition or complication in presenting evidence or argument;
>
> (B) require--to protect class members and fairly conduct the action--giving appropriate notice to some or all class members of:
>
>   (i) any step in the action;
>
>   (ii) the proposed extent of the judgment; or
>
>   (iii) the members' opportunity to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or to otherwise come into the action;
>
> (C) impose conditions on the representative parties or on intervenors;
>
> (D) require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly; or

ORDER - 3

(E) deal with similar procedural matters.

Rule 17(c)(1)(A) provides that "a general guardian" may sue on behalf of a minor person. C.P.'s parents purport to be his general guardians. C.P., by and through his parents, is the representative plaintiff for other minor persons in the class for whom C.P.'s parents are not "general guardians." Under Rule 17(c)(2), minor persons who do not have a "duly appointed representative may sue by a next friend or by a guardian ad litem." "Capacity to sue . . . is determined . . . for an individual not acting in a representative capacity, by the law of the individual's domicile." Rule 17(b)(1). In Washington,

> [W]hen an infant is a party he or she shall appear by guardian, or if he or she has no guardian, or in the opinion of the court the guardian is an improper person, the court shall appoint one to act. Said guardian shall be appointed as follows:
>
> (1) When the infant is plaintiff, upon the application of the infant, if he or she be of the age of fourteen years, or if under that age, upon the application of a relative or friend of the infant.

RCW 4.08.050.

This is an unusual case considering that the representative plaintiff is a minor, who is over 14, seeking declaratory and injunctive relief for class members who may be minors. The Court is concerned about the propriety of C.P.'s bringing this case by and through his parents on behalf of all the other potential minors in the class. Further, it is not clear that C.P.'s parents are his general guardians or the proper people to represent him here. The Court is inclined to appoint a guardian ad litem to represent both C.P's interests as well as those of the minor class members.

The parties should be prepared to discuss this issue at the status conference. The Plaintiffs should be prepared to discuss potential candidates.

ORDER - 4

**Case Schedule**. The cross motions for summary judgment should be stricken to be renoted to be considered after the class members have notice and an opportunity to participate in the litigation. Ruling on substantive issues before unnamed class members are identified or given an opportunity to participate in the proceedings threatens the class members' due process right. *See Patterson v. Peterson Enterprises, Inc*., 2018 WL 11436315, at *2 (E.D. Wash. 2018). Additionally, the trial should be continued as should all remaining case deadlines.

The parties should be prepared to discuss an amended case schedule, including a noting date for the motions for summary judgment, and the day trial should begin, as well as any other matters relevant to the case, at the status conference.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 15th day of November, 2022.

*[signature]*

ROBERT J. BRYAN
United States District Judge