The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| C.P., by and through his parents, Patricia Pritchard and Nolle Pritchard on his own behalf and on behalf of similarly situated others; and PATRICIA PRITCHARD,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF ILLINOIS,<br><br>Defendant. | No. 3:20-cv-06145-RJB<br><br>PLAINTIFFS' MOTION FOR CLASSWIDE DECLARATORY AND PERMANENT INJUNCTIVE RELIEF, AND AWARD OF INDIVIDUAL NOMINAL DAMAGES TO NAMED PLAINTIFFS<br><br>**Note on Motion Calendar: March 3, 2023** |

PLAINTIFFS' MOTION FOR CLASSWIDE DECLARATORY
AND PERMANENT INJUNCTIVE RELIEF, ETC.
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

**Table of Contents**

I. INTRODUCTION ............................................................................................................. 1

II. RELEVANT FACTS ........................................................................................................ 1

III. ARGUMENT .................................................................................................................... 2

    A. Declaratory Relief ................................................................................................. 3

    B. Permanent Injunctive Relief .................................................................................. 4

        1. Improper Denial of Medical Benefits Is Irreparable Injury. ........................................................................................................ 4

        2. Remedies at Law Are Inadequate. ................................................................. 5

        3. Balancing of the Hardships/Public Interest .................................................. 5

    C. Scope of Injunction Relief ..................................................................................... 6

        1. Prospective Relief ........................................................................................... 6

        2. Retrospective Relief ....................................................................................... 7

            a. Equitable Tolling ................................................................................. 7

            b. Notice ................................................................................................... 8

            c. Claims Processing ................................................................................ 9

    D. Nominal Damages for Plaintiffs Patricia Pritchard and C.P. ...................................................................................................................... 11

IV. CONCLUSION ............................................................................................................... 11

PLAINTIFFS' MOTION FOR CLASSWIDE DECLARATORY
AND PERMANENT INJUNCTIVE RELIEF, ETC. – ii
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

## I. INTRODUCTION

On behalf of the Class, Plaintiffs respectfully request that the Court issue declaratory and permanent injunctive relief to remedy the illegal discrimination on the basis of sex inflicted by Blue Cross Blue Shield of Illinois ("BCBSIL") on Class members when it administered categorical exclusions of gender-affirming care (the "Exclusions") in ERISA self-funded health plans during the Class period. Specifically, Plaintiffs seek (1) a declaration that BCBSIL engaged in illegal sex discrimination by administering the Exclusions; (2) prospective permanent injunctive relief; (3) equitable tolling of the timelines for submitting claims and appeals of adverse determinations in the BCBSIL administered health plans; (4) processing of all claims for gender-affirming care that were denied solely based on the Exclusions, either via pre-service determinations, or post-service claims adjudications, during the class period; and (5) classwide court-approved notice at the expense of BCBSIL. Additionally, Plaintiffs seek an award of nominal individual damages for the discrimination suffered by Plaintiffs Pattie Pritchard and C.P.[1]

## II. RELEVANT FACTS

The undisputed facts in Dkt. No. 148 are incorporated herein. These additional facts are relevant to the remedies sought:

The Plaintiff and Class have standing to pursue prospective injunctive relief. C.P. intends to seek other gender-affirming care in the form of surgery in the near future, as recommended by his medical providers. Pritchard Decl., ¶3. And the Class explicitly

---

[1] Class counsel is also entitled to attorney fees and litigation costs under the ACA, at BCBSIL's expense. *See* 42 U.S.C. § 18116(a) (Section 1557 adopts the enforcement grounds of Title IX); 42 U.S.C. § 1988 (authorizing fee-shifting of attorney fees and litigation costs for successful claims brought under Title IX). Class counsel will move for award of attorney fees, litigation costs and a case contribution award for the named plaintiff, C.P. after a final judgment is issued.

PLAINTIFFS' MOTION FOR CLASSWIDE DECLARATORY AND PERMANENT INJUNCTIVE RELIEF, ETC. – 1
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

includes individuals who have not yet, but "will be denied pre-authorization or coverage of treatment with excluded Gender-Affirming Care services." Dkt. No. 143, p. 2. Conversely, BCBSIL testified that it has no plan to change its practice. Hamburger Decl., ¶3, *Exh. A,* p. 165:8-18.

Ms. Pritchard appealed BCBSIL's denial of C.P.'s pre-service authorization request; that appeal was also denied. Pritchard Decl., ¶5; Dkt. No. 84-14, Dkt. No. 38-13, Dkt. No. 38-14. She did not submit the post-service claims for the denied treatment because it would have been futile. Pritchard Decl., ¶6. Claims denied by BCBSIL in a pre-service determination should be permitted, even if class members did not resubmit them, post-service.

### III.  ARGUMENT

The requested declaratory, injunctive, and other equitable relief, and nominal damages are appropriate in this case. The Court has certified a class of enrollees in BCBSIL-administered ERISA health plans who were or will be denied coverage (in the absence of court action) based upon BCBSIL's administration of a categorical exclusion of gender-affirming care services. Dkt. No. 143 at 2; *see also* Dkt. No. 113. Further, the Court has held that "Blue Cross, as a third party administrator, is a covered entity under Section 1557 and has discriminated against the Plaintiffs and the class Plaintiffs by denying them services for gender-affirming care under individual and class Plaintiffs' insurance policies." Dkt. No. 148 at 20. The remedy to be ordered by the Court should mirror and assist in effectuating that holding. Under Section 1557, Plaintiffs have a right to pursue declaratory and equitable relief, compensatory damages, and an award of attorney fees and costs. *See, e.g., Boyden v. Conlin,* 341 F. Supp. 3d 979, 1005 (W.D. Wis. 2018) (*citing to* 42 U.S.C. § 2000e-5(g) and *Franklin v. Gwinnett Cty. Pub. Sch.,* 503 U.S. 60,

PLAINTIFFS' MOTION FOR CLASSWIDE DECLARATORY AND PERMANENT INJUNCTIVE RELIEF, Etc. – 2
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

76 (1992))[2]. As shown below, all of the required factors for a declaratory judgment, proposed equitable remedies, and an award of nominal damages to the named Plaintiffs are present here.

**A.  Declaratory Relief**

Granting declaratory relief is in the sound discretion of the Court. *Bilbrey v. Brown,* 738 F.2d 1462, 1470 (9th Cir. 1984). "The existence of other remedies does not preclude appropriate declaratory relief." *Greater L.A. Council on Deafness v. Zolin,* 812 F.2d 1103, 1112 (9th Cir. 1987) (*citing* Fed. R. Civ. P. 57). When it comes to anti-discrimination law, such declaratory relief is critical as it "may even forestall future litigation." *Id.* at 1113. Declaratory relief is proper "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Bilbrey,* 738 F.2d at 1470; *see also, Grondal v. United States*, 682 F. Supp. 2d 1203, 1220 (E.D. Wash. 2010).

A clear, unequivocal statement from the Court that TPAs cannot "just follow orders" from the employers with whom they contract when it comes to anti-discrimination compliance (among other important elements of the Court's decision in this matter) will help ensure that TPAs (including BCBSIL) follow the law. Given the multiplicity of issues raised by BCBSIL (*see* Dkt. No. 148 at 10-19), a declaratory judgment will send "a message not only to the parties but also to the public and [would have] significant educational and lasting importance." *Bilbrey,* 738 F.2d at 1471. Since a declaratory judgment is also in the public interest, it should be granted. *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985).

---

[2] When interpreting Section 1557, courts may look to Title IX, and to the extent not inconsistent, Title VII. *Doe v. Snyder*, 28 F.4th 103, 114 (9th Cir. 2022).

PLAINTIFFS' MOTION FOR CLASSWIDE DECLARATORY AND PERMANENT INJUNCTIVE RELIEF, Etc. – 3
[Case No. 3:20-cv-06145-RJB]

Sirianni Youtz
Spoonemore Hamburger PLLC
3101 Western Avenue, Suite 350
Seattle, Washington 98121
Tel. (206) 223-0303 Fax (206) 223-0246

**B.      Permanent Injunctive Relief**

"To be entitled to a permanent injunction, a plaintiff must demonstrate: (1) actual success on the merits; (2) that [they have] suffered an irreparable injury; (3) that remedies available at law are inadequate; (4) that the balance of hardships justify a remedy in equity; and (5) that the public interest would not be disserved by a permanent injunction." *Edmo v. Corizon, Inc.*, 935 F.3d 757, 784 (9th Cir. 2019). In addition to actual success on the merits (*see* Dkt. No. 148), the remaining factors for a permanent injunction are present:

**1.      Improper Denial of Medical Benefits Is Irreparable Injury.**

The loss of access to medically necessary health coverage is a form of irreparable injury. *M.R. v. Dreyfus*, 663 F.3d 1100, 1115 (9th Cir. 2011) ("The critical issue [on irreparable harm] is whether the services are necessary to maintain Plaintiffs' mental or physical health"); *see Lopez v. Heckler*, 713 F.2d 1432, 1437 (9th Cir. 1983) ("Deprivation of benefits … might cause economic hardship, suffering or even death"); *see also Brandt by & through Brandt v. Rutledge*, 47 F.4th 661, 671–72 (8th Cir. 2022) (affirming holding that the denial of gender-affirming care is irreparable harm); *Kadel v. Folwell*, 2022 U.S. Dist. LEXIS 190506, at *15 (M.D.N.C. Oct. 19, 2022) ("Kadel II") (same); *Eknes-Tucker v. Marshall*, 603 F. Supp. 3d 1131, 1150 (M.D. Ala. 2022) (same); *Flack v. Wis. Dep't of Health Servs.*, 328 F. Supp. 3d 931, 942–46 (W.D. Wis. 2018) (same).  Courts often find irreparable harm where the loss of medical coverage would cause: "(1) substantial risk to plaintiffs' health; (2) severe financial hardship; (3) the inability to purchase life's necessities; and (4) anxiety associated with uncertainty." *LaForest v. Former Clean Air Holding Co., Inc.*, 376 F.3d 48, 55 (2d Cir. 2004). Here, Plaintiff C.P. and the Class will suffer irreparable harm by being subjected to illegal discrimination, and the loss of access to needed medical benefits if the BCBSIL is not enjoined from administering the Exclusions.

PLAINTIFFS' MOTION FOR CLASSWIDE DECLARATORY
AND PERMANENT INJUNCTIVE RELIEF, ETC. – 4
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

### 2. Remedies at Law Are Inadequate.

When a legal violation results in the loss of timely, medically necessary health benefits, money damages are, as a matter of law, inadequate. "Often times the concepts of 'irreparable injury' and 'no adequate remedy at law' are indistinguishable' in the context of a permanent injunction." *Mitchell v. 3PL Sys.*, 2013 U.S. Dist. LEXIS 199123, at *12-13 (C.D. Cal. Apr. 8, 2013), *quoting Lewis v. S.S. Baune*, 534 F.2d 1115, 1124 (5th Cir. 1976). Here, of course, compensatory damages, after illegal sex discrimination is imposed, cannot compensate class members for the non-monetary harms caused by a delay in needed treatment, anxiety and mental anguish as a result of discrimination, among other intangible harms. *See, e.g., Karnoski v. Trump*, 2017 U.S. Dist. LEXIS 2034861, at *29-30 (W.D. Wash. Dec. 11, 2017) ("[M]onetary damages proposed by Defendants will not … cure the medical harms caused by the denial of timely health care.").

### 3. Balancing of the Hardships/Public Interest

The final two considerations for permanent injunctive relief, *i.e.,* the balance of hardships and the public interest, may be considered together. *Cota v. Maxwell-Jolly*, 688 F. Supp. 2d 980, 999 (N.D. Cal. 2010). Both favor a permanent injunction in this case. *See, e.g., M.R.*, 697 F.3d at 737-38 (the balance of hardships favors beneficiaries of medical assistance over payors concerned with conserving scarce resources).

There is minimal harm to BCBSIL if it is enjoined to follow Section 1557 in all of its activities. Indeed, this injunctive relief provides BCBSIL with clearcut legal authority to avoid administering the Exclusions in the future when asked to do so by employers. In contrast, without a permanent injunction, Class members may have to repeatedly enforce the Court's judicial determination as new employers ask BCBSIL to administer the same or similar Exclusions. The risk of ongoing irreparable harm to class members denied health benefits far outweighs any possible harm to BCBSIL. *See, e.g., Lopez,* 713 F.2d at 1436-37. And any cost associated with the equitable relief sought is "equally

PLAINTIFFS' MOTION FOR CLASSWIDE DECLARATORY AND PERMANENT INJUNCTIVE RELIEF, Etc. – 5
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

outweighed" by reducing class members' "suffering and of fulfilling the public interest in providing medically necessary procedures." *Flack*, 328 F. Supp. 3d at 954.

Finally, the public interest is served by a permanent injunction. *See M.R.*, 697 F.3d at 738. "[T]he public interest in this case lies with protecting public health by ensuring that all individuals covered under [the plans] receive 'medically necessary services for the treatment of gender dysphoria.'" *Kadel II*, 2022 U.S. Dist. LEXIS 190506, at *18. Conversely, there is no benefit to the public if permanent injunctive relief is denied here.

### C. Scope of Injunctive Relief

"A district court has considerable discretion in fashioning suitable relief and defining the terms of an injunction." *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991). The Court has "broad power to restrain acts which are of the same type or class as unlawful acts which the court has found to have been committed." *NLRB v. Express Pub. Co.*, 312 U.S. 426, 435 (1941).

#### 1. Prospective Relief

The Class seeks a permanent prospective injunction against BCBSIL prohibiting it from administering the same or similar categorical exclusions of coverage for gender-affirming care so long as BCBSIL remains a "health program or activity" pursuant to the Affordable Care Act's ("ACA") Section 1557, 42 U.S.C. § 18116(a). The Court's summary judgment decision, Dkt. No. 148, entitles the Class to this injunctive relief, particularly in light of BCBSIL's testimony that it has no plans to cease its administration of the Exclusions. *See EEOC v. Goodyear Aerospace Corp.*, 813 F.2d 1539, 1544 (9th Cir. 1987) ("Generally, a person subject to [] discrimination is entitled to an injunction against future discrimination").

PLAINTIFFS' MOTION FOR CLASSWIDE DECLARATORY
AND PERMANENT INJUNCTIVE RELIEF, ETC. – 6
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

**2.    Retrospective Relief**

The Class has suffered injury as a result of BCBSIL's administration of the Exclusions.  C.P. and his mother incurred $12,122.50 in uncovered claims as a result of BCBSIL's administration of the Exclusion.  Dkt No. 97-19 at 11.  And, from November 23, 2014 to July 29, 2022, BCBSIL denied 1,952 claims under the Exclusions for a total billed charges of $1,326,779.00 to 505 class members.  Dkt. No. 84-17, Answer to Interrogatory No. 8.  The Class is entitled to equitable relief aimed at making the Plaintiff class whole, based upon these injuries.  *See, e.g., Franks v. Bowman Transp. Co.*, 424 U.S. 747, 763 (1976) (Title VII equitable relief is aimed at a "make whole" remedy including for injuries suffered as a result of past discrimination*); Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1020 (9th Cir. 2000) (same).

*a.    Equitable Tolling*

The retrospective relief must include equitable tolling of the timelines under the BCBSIL-administered plans so that class members' claims can be processed (as described below) without BCBSIL raising objections on timeliness grounds.  *See, e.g.*, Dkt. No. 38-1 at 85, 97 of 142 (BCBSIL applies a 12-month limitation on the submission of claims and a 180-day time-limit on filing internal appeals of adverse benefit determinations).  Equitable tolling is necessary for class members to effectively obtain the "make whole" remedy contemplated under sex discrimination cases.  *See Tech Access,* 2012 U.S. Dist. LEXIS 149610, at *32-33 (imposing equitable tolling); *see Burnett v. N.Y. Cent. R.R. Co.,* 380 U.S. 424, 428 (1965) (equitable tolling is proper "where the interests of justice require vindication of the plaintiff's rights" after the period of repose has ended); *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) (same). "Long-settled equitable-tolling principles instruct that generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Kwai*

PLAINTIFFS' MOTION FOR CLASSWIDE DECLARATORY
AND PERMANENT INJUNCTIVE RELIEF, Etc. – 7
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

1  *Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (internal quotations and brackets
2  omitted).  Equitable tolling is typically applied when a party is unable to timely file
3  documents as a result of external circumstances.  *Id.*

4  That is the case here.  All class members timely submitted their pre-authorization
5  requests for coverage or post-service claims information.  In response, they were
6  informed by BCBSIL that it would administer the Exclusions in their health plans to
7  deny coverage, such that further claims submission or appeal would be futile.  Indeed,
8  BCBSIL told Ms. Pritchard that appeal was hopeless. Hamburger Decl., *Exh. B* ("[T]here
9  is no way to appeal a non-covered benefit with CHI (and likely not with BCBS)"); *Exh. C*
10 (Denying C.P.'s internal appeal in 2019 for his chest surgery by asserting that BCBSIL's
11 "prior response dated April 26, 2018" had pre-determined the outcome).

12 Some class members, like C.P., had their requests denied upon pre-authorization.
13 *See*, *e.g.*, Dkt. No. 38-12.  These class members may not have resubmitted their claims,
14 post-service, due to futility.  Others may have failed to appeal the BCBSIL denials for
15 the same reason.  The Court should waive any obligation to submit these claims within
16 12 months after a class member's pre-authorization request was denied, or to appeal
17 denials within 180 days.  *See Tech. Access,* 2012 U.S. Dist. LEXIS 149610, at *30, citing to
18 *Se. Alaska Conservation Council v. Watson*, 697 F.2d 1305, 1309 (9th Cir. 1983), and *Horan*
19 *v. Kaiser Steel Ret. Plan,* 947 F.2d 1412, 1416 (9th Cir. 1991).  The Court may impose a new
20 deadline for submission of claims and/or appeals, such as 12 months from issuance of
21 the class notice. *See Tech. Access,* 2012 U.S. Dist. LEXIS 149610, at *30.

22 **b.  *Notice***

23 Notice is proper at this stage of the litigation.  The Court has broad discretion to
24 require classwide notice as appropriate, including as part of fashioning equitable relief.
25 Fed. R. Civ. P. 23 (c)(2)(A); *Alaska Ctr. for the Env't v. Browner*, 20 F.3d 981, 986 (9th Cir.
26

PLAINTIFFS' MOTION FOR CLASSWIDE DECLARATORY
AND PERMANENT INJUNCTIVE RELIEF, Etc. – 8
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

1994) ("The district court has broad latitude in fashioning equitable relief when necessary to remedy an established wrong"). *See e.g., Elkins v. Dreyfus*, 2011 U.S. Dist. LEXIS 86782, at *34 (W.D. Wash. Aug. 5, 2011) (classwide notice ordered as part of permanent injunctive relief).

Similar notice has been issued in other cases involving the unlawful denial of benefits based on discriminatory requirements. In *Thornton v. Comm'r of Soc. Sec.*, 2020 U.S. Dist. LEXIS 220711, at *4-5 (W.D. Wash. Nov. 24, 2020), after the Court ordered that the Social Security Administration ("SSA") "re-adjudicate class members' claims" consistent with the Court's order, the court also found that notice was appropriate to alert class members regarding the Court's decisions. *See, e.g.*, https://www.ssa.gov/thornton/ (last visited 2/8/23).

The Court should order Class counsel to draft a proposed form of such notice, after consultation with BCBSIL counsel, and submit the proposed notice to the Court for approval. The Court-approved notice should be distributed to all identified class members by BCBSIL at its expense.

### c. *Claims Processing*

Once notice and equitable tolling are in place, the Court should order BCBSIL to accept all claims from Class Members that, during the class period, were denied based on the Exclusions (whether denied on pre-authorization or upon the submission of the claim), and process the claims as required under the relevant health plans and Administrative Services Agreements, but without administering the discriminatory Exclusions or denying based on timeliness. That is the same relief ordered by this Court

PLAINTIFFS' MOTION FOR CLASSWIDE DECLARATORY AND PERMANENT INJUNCTIVE RELIEF, ETC. – 9
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

in *Thornton,* which also involved a class certified under Fed. R. Civ. P. 23(b)(2) and sex discrimination claims.[3]

Here, the Court has concluded that BCBSIL discriminated on the basis of sex against every class member when it administered the Exclusions.  Dkt. No. 148.  Class members have an independent right to have their previously denied claims adjudicated without illegal discrimination. The proposed injunction will finally conclude this litigation without any ongoing court involvement, post-judgment.  It also arms class members with the tools they need to pursue their damages on their own, resting on the Court's various orders.

Nonetheless, BCBSIL has indicated that it will object based upon a recent Ninth Circuit decision, *Wit v. United Behav. Health*, 2023 U.S. App. LEXIS 2039, at *28 (9th Cir. Jan. 26, 2023).  In that case, a Ninth Circuit panel concluded that reprocessing is not an available remedy under ERISA.  *Id.* ("Plaintiffs cannot modify their ERISA rights to obtain the benefits of proceeding as a class action under Rule 23").  Importantly, though, the *Wit* decision is confined only to ERISA litigation claims, which are not asserted here.[4] The Class asserts only a claim of discrimination under Section 1557 of the ACA. And, as the Court has already found, ERISA's provisions are "subservient to Section 1557, outlawing discrimination, which is dominate."  Dkt. No. 148 at 20.  *Wit* is simply inapplicable.

Retrospective equitable relief is both common and appropriate in civil rights class actions seeking redress for past discrimination.  *See*, *e.g., Bowen v. City of New York*, 476

---

[3] *See generally, Thornton v. Comm'r of Soc. Sec.,* 570 F. Supp. 3d 1010, 1019 (W.D. Wash. 2020); *Bostock v. Clayton Cnty., Georgia*, 140 S. Ct. 1731, 1741 (2020)("[I]t is impossible to discriminate against a person for being homosexual or transgender without discriminating against that individual based on sex").

[4] The *Wit* decision is difficult to square with *CIGNA Corp. v. Amara*, 563 U.S. 421, 441 (2011) (approving the equitable remedy of reprocessing in ERISA), and the *Wit* plaintiffs intend to seek *en banc* review. Hamburger Decl., ¶2.

PLAINTIFFS' MOTION FOR CLASSWIDE DECLARATORY AND PERMANENT INJUNCTIVE RELIEF, Etc. – 10
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

U.S. 467, 476 (1986) (affirming order requiring a defendant to "reopen the decisions denying or terminating benefits and to redetermine eligibility"); *Thornton,* 2020 U.S. Dist. LEXIS 220711, at *8-9 (ordering reprocessing of wrongfully denied Social Security benefits); *Hart v. Colvin*, 310 F.R.D. 427, 438-39 (N.D. Cal. 2015) (same); *Huynh v. Harasz*, 2015 U.S. Dist. LEXIS 154078, at *30 (N.D. Cal. Nov. 12, 2015) (where "[d]efendants implemented a uniform, blanket, and illegal policy in denying all reasonable accommodation requests" reprocessing of those requests is an appropriate form of injunctive relief for a class certified under Rule 23(b)(2)). Classwide retrospective relief should be ordered here.

### D.  Nominal Damages for Plaintiffs Patricia Pritchard and C.P.

The named plaintiffs are entitled to nominal damages, on an individual basis, in addition to classwide equitable relief. Under Section 1557, a plaintiff can recover "the usual contract remedies in private suits" for breach of contract. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1571 (2022). Nominal damages are one such remedy. *See Bains LLC v. ARCO Prods. Co.*, 405 F.3d 764, 771 (9th Cir. 2005) (upholding award of nominal damages in race discrimination case); *Houserman v. Comtech Telecomms. Corp.*, 2021 U.S. Dist. LEXIS 32689, at *3 (W.D. Wash. Feb. 22, 2021) ("[N]ominal damages may be recovered on the breach of contract").

### IV.  CONCLUSION

The Court should order the following:

1.  Declare that BCBSIL, its agents, employees, successors, and all others acting in concert with them, including Health Care Service Corporation[5] ("agents")

---

[5] BCBSIL is a division of Health Care Service Corporation. Dkt. No. 148 at 2-3.

PLAINTIFFS' MOTION FOR CLASSWIDE DECLARATORY
AND PERMANENT INJUNCTIVE RELIEF, Etc. – 11
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

violated Section 1557 of the ACA and discriminated on the basis of sex when it administered the Exclusions;

2. Enjoin BCBSIL, its agents, employees, successors, and all others acting in concert with them, including the Health Care Service Corporation, from administering the Exclusions, for as long as BCBSIL and/or the agent are "health programs or activities" under the ACA's Section 1557, 42 U.S.C. § 18116(a);

3. Enjoin BCBSIL and its agents from applying the time limits in the health plans for which it administered the Exclusions during the Class period, such as the time limit for submitting claims or appealing adverse benefit determinations, but only as to claims that were originally denied based upon the Exclusions;

4. Order BCBSIL to accept and process claims that were denied based upon the Exclusions or were denied as a result of pre-service authorization denials, consistent with the relevant health plans and Administrative Services Agreements, but without administering the Exclusions or the enjoined time limits;

5. Order classwide notice of the Court's decisions, at BCBSIL's expense, as drafted by Class counsel, in consultation with Defendant's counsel and approved by the Court; and

6. Award nominal damages to Plaintiffs C.P. and Patricia Pritchard for BCBSIL's violation of the ACA's Section 1557.

PLAINTIFFS' MOTION FOR CLASSWIDE DECLARATORY
AND PERMANENT INJUNCTIVE RELIEF, Etc. – 12
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

DATED: February 9, 2023.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

*/s/ Eleanor Hamburger*
Eleanor Hamburger (WSBA #26478)
Daniel S. Gross (WSBA #23992)
3101 Western Avenue, Suite 350
Seattle, WA 98121
Tel. (206) 223-0303; Fax (206) 223-0246
Email: ehamburger@sylaw.com
       dgross@sylaw.com

*I certify that the foregoing contains 3,347 words, in compliance with the Local Civil Rules.*

LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.

*/s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan, *pro hac vice*
120 Wall Street, 19th Floor
New York, NY 10005
Tel. (212) 809-8585; Fax (212) 809-0055
Email: ogonzalez-pagan@lambdalegal.org

Jennifer C. Pizer, *pro hac vice*
4221 Wilshire Boulevard, Suite 280
Los Angeles, CA 90010
Tel. (213) 382-7600; Fax (213) 351-6050
Email: jpizer@lambdalegal.org

Attorneys for Plaintiffs

PLAINTIFFS' MOTION FOR CLASSWIDE DECLARATORY
AND PERMANENT INJUNCTIVE RELIEF, ETC. – 13
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246