The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| C.P., by and through his parents, Patricia Pritchard and Nolle Pritchard on his own behalf and on behalf of similarly situated others; and PATRICIA PRITCHARD,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF ILLINOIS,<br><br>Defendant. | No. 3:20-cv-06145-RJB<br><br>PLAINTIFF CLASS'S OPPOSITION TO DEFENDANT'S MOTION TO DECERTIFY<br><br>**Note on Motion Calendar:**<br>**March 3, 2023** |

PLAINTIFF CLASS'S OPPOSITION TO
DEFENDANT'S MOTION TO DECERTIFY - 1
[Case No. 3:20-cv-06145-RJB]

**Table of Contents**

I.   INTRODUCTION ...................................................................................1

II.  RELEVANT FACTS ..............................................................................2

    A.   The Class Sought Equitable Relief Including Processing of Wrongfully Denied Claims. ........................................................2

    B.   Processing Pre-authorizations and Claims Denied Due to the Exclusions May or May Not Result in Payments by BCBSIL. ...........................................................................................2

III.  ARGUMENT ........................................................................................3

    A.   BCBSIL Does Not Show "Good Reason" to Move to Decertify the Class. ..............................................................................3

         1.   Class Counsel's Statements During the Status Conference Were Nothing New. ............................................4

    2.   *Wit* Is Irrelevant to the Claims in this Case. ..................................4

    B.   Class Certification Remains Appropriate. ........................................7

         1.   The Rule 23(a) Requirements Are Met. ......................................7

    C.   Injunctive Relief is a Proper Remedy Even if it Places BCBSIL at a Competitive Disadvantage. ........................................13

IV.  CONCLUSION ...................................................................................13

PLAINTIFF CLASS'S OPPOSITION TO
DEFENDANT'S MOTION TO DECERTIFY - ii
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

**I.   INTRODUCTION**

BCBSIL "discriminated against the Plaintiffs and the class Plaintiffs by denying them services for gender-affirming care under individual and class Plaintiffs' insurance policies." Dkt. No. 148 at 20.  Without any new evidence or change in the applicable law, BCBSIL now moves to decertify the class.  Dkt. No. 156.  BCBSIL is wrong on the law.

BCBSIL argues that the equitable and declaratory relief sought by the Class is improper because of a recent decision, *Wit v. United Behav. Health*, 2023 U.S. App. LEXIS 2039, *28 (9th Cir. Jan. 26, 2023).  *Wit's* holding regarding injunctive relief is inapplicable, resting solely on ERISA's substantive law.   Specifically, Ninth Circuit found that ERISA's 29 U.S.C. § 1132(a)(1)(B) does not provide for retrospective injunctive relief.  *Id.* **The Class, however, makes no ERISA claim**.  In contrast, Section 1557 claim authorizes the Court to utilize the full panoply of equitable powers to remedy illegal discrimination.

The Class does not seek a common fund award of money damages.  Dkt. No. 38, ¶113, § VII, ¶¶3–4. It seeks declaratory and equitable relief requiring BCBSIL to process past, present and future claims for gender-affirming care without administering the Exclusions.  That some class members may be reimbursed for some gender-affirming care does not transform the equitable remedy sought into "monetary damages."  *See e.g., Senne v. Kan. City Royals Baseball Corp.,* 2021 U.S. Dist. LEXIS 137819, *84 (N.D. Cal. July 23, 2021).

BCBSIL further asserts that any classwide declaratory relief would be mired in individual factual determinations preventing class certification. Dkt No. 156 at 6.  However, the Court's Order on summary judgment is easily adapted to classwide declaratory relief. *See* Dkt. Nos. 148 at 20; 153-1 at 2.  BCBSIL's Motion should be denied.

PLAINTIFF CLASS'S OPPOSITION TO
DEFENDANT'S MOTION TO DECERTIFY – 1
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

## II.  RELEVANT FACTS

The undisputed facts in Dkt. Nos. 148 and 153 are incorporated herein.

### A.  The Class Sought Equitable Relief Including Processing of Wrongfully Denied Claims.

Plaintiffs amended their complaint to ensure that any equitable relief obtained for C.P. would be available to all class members.  Dkt. Nos. 26 at 2; 27, ¶2.  The classwide relief sought is declaratory and injunctive relief, including reprocessing of claims. Dkt. No. 38, ¶113, § VII, ¶4; *see also* Dkt. No. 143 at 3.

Consistent with these representations, the equitable relief sought by the Class does not provide for a specific monetary amount of damages.  *See generally,* Dkt. No. 153. Instead, the proposed relief seeks an injunction that prohibits BCBSIL from administering the Exclusions to all past, present and future claims and requires BCBSIL to reprocess previously denied claims.  *See id.* at 1.  Such claims processing, if ordered, will proceed according to the Court's order, the remaining terms of the plan documents, and the governing Administrative Services Agreements ("ASAs") and indemnification contracts in place at the time.

### B.  Processing Pre-authorizations and Claims Denied Due to the Exclusions May or May Not Result in Payments by BCBSIL.

Under the standard BCBSIL summary plan description and ASA, the employer delegates to BCBSIL all discretionary authority to adjudicate claims.  Dkt. 84-13 at 111 (discretionary clause); *see e.g.,* Hamburger Decl., *Exh. 1,* § 15.3.  Under ERISA, while employers can retain the right to make final decisions about coverage, they typically delegate their authority to make coverage determinations to their TPAs.  *See e.g., Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.,* 770 F.3d 1282, 1297 (9th Cir. 2014).  That is the case in C.P.'s plan.

With delegated authority from employers, BCBSIL adjudicates claims. Hamburger Decl., *Exh. 1,* § 15.3, *exh. 1* at 22.  Once the claims are adjudicated, ***BCBSIL***

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

*pays for claims* first and then sends a request for payment to the employer.  *Id., Exh. 1, exh. 2,* § 6.  The contract between BCBSIL and its employers includes a provision to ensure payment of claims incurred before the termination date but submitted after the contract terminated.  *Id., Exh. 1, exh. 2,* § 8.1 ("run off claims").  This provision holds the employer responsible for any valid and approved "run off claims."  *Id.*  BCBSIL also insisted on an indemnity agreement with each employer that sought to include the Exclusions.  *See e.g.,* Hamburger Decl., *Exh. 2* at 9; *Exh. 3* at 129:22–133:3.  If ordered, the proposed injunction will require BCBSIL to adjudicate all claims that were denied pursuant to the Exclusions consistent with the remaining terms and conditions of the plans.[1]  If the claims are adjudicated as medically necessary and valid, under existing contracts BCBSIL must pay them (albeit, adjusted and priced according to the contracts, subject to co-payments and deductibles).  *Id., Exh. 1,* § 15.3, *exh. 2,* § 6. Then, BCBSIL may pursue the relevant employer for reimbursement, according to the ASAs and indemnity agreements.  *See id., Exh. 3.*  If the claims are adjudicated as invalid under the remaining terms and conditions of the plans, *without applying the Exclusions*, BCBSIL will not be required to pay the claims and no reimbursement will be required from the relevant employer.  Ultimately, whether any employer will pay is governed by the contracts between BCBSIL and the employers, and is beyond the issues before this Court.

### III.  ARGUMENT

**A.    BCBSIL Does Not Show "Good Reason" to Move to Decertify the Class.**

A court has "considerable discretion" to modify or decertify a class.  *United Steel v. ConocoPhillips Co.,* 593 F.3d 802, 809 (9th Cir. 2010).  Nonetheless, "[d]ecertification is

---

[1]Other class members incurred out-of-pocket payments for gender-affirming care after they were denied pre-authorization.  *See* Dkt. No. 156 at 7; *see generally,* J.N. Decl.

PLAINTIFF CLASS'S OPPOSITION TO
DEFENDANT'S MOTION TO DECERTIFY – 3
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

a drastic step, not to be taken lightly."  *Bund v. Safeguard Props. LLC,* 2018 U.S. Dist. LEXIS 180038, at *10 (W.D. Wash. Oct. 19, 2018) (quotations omitted).

BCBSIL, as the moving party, bears the burden of going forward to demonstrate that "the prerequisites for certification no longer exist in light of discovery or other developments."  *Dilts v. Penske Logistics, LLC,* 2013 U.S. Dist. LEXIS 192323, at *4–5 (S.D. Cal. Jan. 17, 2013).  This is a heavy burden since "doubts regarding the propriety of class certification should be resolved in favor of certification."  *Id.* at *5.  ***After*** the moving party demonstrates good reason to revisit class certification, the plaintiffs must show that Rule 23's requirements are still met.  *See In re Korean Ramen Antitrust Litig.,* 2018 U.S. Dist. LEXIS 48606, at *15 (N.D. Cal. Mar. 23, 2018); *see* Dkt. No. 156 at 6.

BCBSIL argues two bases for revisiting class certification, both of which are meritless:

### 1.    Class Counsel's Statements During the Status Conference Were Nothing New.

BCBSIL relies upon statements made by Class counsel at the December 12, 2022 status conference for a "good reason" to revisit class certification.  Dkt. No. 156 at 2–3. The statements by class counsel contained no new information, and merely addressed the logistics of how injunctive relief requiring claims processing could occur. The same relief had long been sought by the Class. *See e.g.,* Dkt. No. 38, ¶113, § VII, ¶4; Dkt. No. 78 at 3; Dkt. No. 99 at 4; Dkt. No. 143 at 3.  The Class's Motion for Declaratory and Injunctive relief is consistent with this approach. *See* Dkt. No. 153.  The statements offer no basis for decertification.

### 2.    *Wit* Is Irrelevant to the Claims in this Case.

*Wit*'s holding is limited to ERISA.  *Wit*, 2023 U.S. App. LEXIS 2039, at *26.  The Ninth Circuit panel's disapproval of reprocessing as an injunctive remedy is limited to only claims brought under ERISA's 29 U.S.C. § 1132(a)(1)(B).  *Id.*  Instead, a claim under

PLAINTIFF CLASS'S OPPOSITION TO
DEFENDANT'S MOTION TO DECERTIFY – 4
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

§ 1132(a)(1)(B) must demonstrate that, but for the application of the disputed issue, the plaintiff may be entitled to the benefits on remand. *Id.* Accordingly, the *Wit* court concluded that there were too many individual issues related to whether each class member would be entitled to ERISA benefits, if the disputed mental health guidelines were not applied. *Id.* The *Wit* decision is narrow, focused on the substantive rights of ERISA enrollees under 29 U.S.C. § 1132(a)(1)(B).[2]

BCBSIL misleadingly takes dicta out of context to apply it to this non-ERISA case. *See* Dkt. No. 156 at 5 (quoting *Wit,* "reprocessing is not truly the **remedy** that Plaintiffs seek, it is the **means to the remedy** that they seek"). The statement in *Wit* applies only to ERISA's 29 U.S.C. § 1132(a)(1)(B). *See id.,* 2023 U.S. App. LEXIS 2039, at *26. This is apparent when considering the next sentence: "But Plaintiffs expressly disclaimed the actual remedy available to them and narrowed their theory of liability under § 1132(a)(1)(B)…" *Id.* *Wit* only limits the injunctive relief available under ERISA's 29 U.S.C. § 1132(a)(1)(B).[3]

Section 1557 differs markedly from ERISA. Federal anti-discrimination law has always offered courts broad equitable/injunctive remedies address legal violations. "There can be little doubt that where a violation of [anti-discrimination law] is found, the court is vested with broad remedial power to remove the vestiges of past discrimination and eliminate present and assure the non-existence of future barriers to the full enjoyment of equal [ ] opportunities by qualified [protected individuals]." *United States v. Ironworkers Local 86*, 443 F.2d 544, 553 (9th Cir. 1971). These remedial provisions "are intended to give the courts wide discretion in exercising

---

[2] The *Wit* decision is difficult to square with *CIGNA Corp. v. Amara*, 563 U.S. 421, 441 (2011), and the *Wit* plaintiffs intend to seek *en banc* review. *See* Dkt. No. 154, at ¶2.

[3] *Wit* does not even foreclose reprocessing under ERISA's catchall claim, 29 U.S.C. § 1132(a)(3). *See id.,* 2023 U.S. App. LEXIS 2039, at *28.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

their equitable powers to fashion the most complete relief possible, requiring that persons aggrieved by discriminatory … practices 'be, so far as possible, restored to a position where they would have been were it not for the unlawful discrimination.'" *Sangster v. United Air Lines, Inc.*, 633 F.2d 864, 867 (9th Cir. 1980) (quoting *Franks v. Bowman Transp. Co.*, 424 U.S. 747, 764 (1976)).

Unless a statute affirmatively restricts a court's equitable jurisdiction, and Section 1557 does not, "the full scope of that jurisdiction is to be recognized and applied." *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946); *Rodriguez v. Hayes*, 591 F.3d 1105, 1120 (9th Cir. 2010). In other words, "absent clear direction to the contrary by Congress, the federal courts have the power to award any appropriate relief in a cognizable cause of action brought pursuant to a federal statute." *Franklin v. Gwinnett Cnty. Pub. Sch.*, 503 U.S. 60, 70–71 (1992). The availability of equitable relief under Title IX and Section 1557 is well established. *See, e.g., Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 287 (1998) (injunctive or equitable relief fulfills Title IX's focus on protecting individuals from discriminatory practices); *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 868 (9th Cir. 2014) ("the district court had broad powers to tailor equitable relief so as to vindicate the rights" protected under Title IX); *Kadel v. Folwell*, 2022 U.S. Dist. LEXIS 218104, at *10 (M.D.N.C. Dec. 5, 2022) (granting summary judgment on claims for injunctive relief under Section 1557); *Fain v. Crouch*, 2022 U.S. Dist. LEXIS 137084, at *45 (S.D. W. Va. Aug. 2, 2022) (enjoining Medicaid program "from enforcing or applying [a gender-affirming care] exclusion" under, *inter alia*, Section 1557). Section 1557 provides the Class with broad substantive rights to injunctive relief including "make whole" remedies for illegal discrimination. *See id.*

BCBSIL argues that this case is brought under ERISA because the class definition references ERISA self-funded plans. *See* Dkt. No. 156 at 5, n.1. Mere reference to ERISA in the class definition does not invoke a claim under 29 U.S.C. § 1132(a)(1)(B). The

PLAINTIFF CLASS'S OPPOSITION TO
DEFENDANT'S MOTION TO DECERTIFY – 6
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

1    Class's Section 1557 claim is independent of any ERISA rights.  *See* 42 U.S.C. § 18116(a).

2    And ERISA cannot be construed to "invalidate or impair" any rights under Section 1557.

3    Dkt. No. 148 at 16; 29 U.S.C. § 1144(d).

4          BCBSIL also argues that Plaintiffs' claim is brought under ERISA because ERISA

5    "incorporates" the ACA. Dkt. No. 156 at 5, n. 1. BCBSIL cites no provision of ERISA that

6    "incorporates" Section 1557, much less show how doing so transforms a Section 1557

7    violation into an ERISA claim. The equitable relief available to the Class under Section

8    1557 is not limited by either ERISA or the *Wit* decision.

9          BCBSIL's claim that the declaratory relief sought here violates *Wit* is also

10   meritless. *See* Dkt. No. 156 at 6. A simple declaration of Class members' right to have

11   their claims adjudicated without the illegal Exclusions requires no individualized

12   analysis. *See* Dkt. Nos. 148 at 20; No.153-1 at 2.

13   **B.      Class Certification Remains Appropriate.**

14        **1.      The Rule 23(a) Requirements Are Met.** [4]

15        BCBSIL disputes that commonality and typicality are met, but its objection rests

16   entirely on misreading *Wit*. Dkt. No. 156 at 7.  Mistakenly, BCBSIL argues that the Class

17   is limited to only the remedies under ERISA's 29 U.S.C. § 1123(a)(1)(B), "to recover

18   benefits or to enforce or clarify rights under the plan."  *Id.*   Not true.  The Class did not

19   bring a claim under ERISA, and ERISA does not limit the Class's Section 1557 claim or

20   available remedies.

21        BCBSIL also argues that "reprocessing is not proper relief" because "such relief

22   would not be typical for the class."  *Id.* at 7.  BCBSIL is wrong again.  Here, "[a] single,

23   indivisible injunction ordering [defendant] to abate those policies and practices would

24

25   ─────────────────

26   [4] The Class incorporates herein all previous arguments in support of class certification. *See* Dkt. Nos. 78, 99, 113, 143.

PLAINTIFF CLASS'S OPPOSITION TO
DEFENDANT'S MOTION TO DECERTIFY – 7
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

provide relief to each member of the class, thus satisfying Rule 23(b)(2)." *B.K. v. Snyder*, 922 F.3d 957, 971 (9th Cir. 2019) (quotations omitted); *Parsons v. Ryan*, 754 F.3d 657, 675 (9th Cir. 2014). *Melendres v. Arpaio*, 784 F.3d 1254, 1264 (9th Cir. 2015), cited by BCBSIL, supports the Class. There, the Ninth Circuit concluded that where all class members were subject to the same "systemwide violation" of the law, a class is properly certified to seek "systemwide relief" in the form of an injunction. *Id.*, 784 F.3d at 1264. Here, all class members were denied coverage due to BCBSIL's administration of the Exclusions. The remedy sought is systemic: an injunction requiring administration of all claims (past, present, and future) without illegal discrimination.

Finally, BCBSIL asserts it no longer administers 106 of the 398 plans that contain the Exclusions during the class period, such that it cannot reprocess claims for those plans.[5] Dkt. No. 156, pp. 7–8; Dkt. No. 156-2, ¶3. BCBSIL's professed "impossibility" without more, merits no weight. The standard ASA and indemnity language provides a process for (1) handling claims after the contract between BCBSIL and employers has terminated; and (2) addressing payments related to a court order holding BCBSIL liable for administering the Exclusions. Hamburger Decl., *Exh. 1, exh. 2*, § 8.1; *Exh. 2* at 9; *Exh. 3*, pp. 131:15–133:3. That the injunction may be administratively difficult for BCBSIL is irrelevant to class certification. *See Rodriguez*, 591 F.3d at 1125.

**2. The Class Satisfies Fed. R. Civ. P. 23 (b)(1).**

BCBSIL makes three arguments for decertification under Rule 23 (b)(1), none of which are applicable. *See* Dkt. No. 156, pp. 8–9.

***First***, as noted above, *Wit* does not limit the remedies available under Section 1557. Courts have repeatedly held that injunctive relief is not money damages, even

---

[5] Curiously, BCBSIL does not declare that any class member was enrolled in any of the plans it no longer administers. *See* Dkt. No. 156-2, ¶3.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

1    when an injunction causes payment of money.  The term "remedy" "can mean either

2    specific relief obtainable at the end of a process of seeking redress, *or* the process itself,

3    the procedural avenue leading to some relief." *Booth v. Churner*, 532 U.S. 731, 738 (2001)

4    (emphasis added).  When an injunction requires that a procedural avenue be followed,

5    the fact that the ultimate outcome may involve payment does not transform the remedy

6    into one for money damages.  *CIGNA*, 563 U.S. at 441 ("[T]hat this relief takes the form

7    of a money payment does not remove it from the category of traditionally equitable

8    relief"); *see e.g., Bowen v. New York*, 476 U.S. 467, 476 (1986) (affirming injunction

9    requiring reprocessing without application of illegal policy).

10         The Ninth Circuit confirms as much.  *See e.g., Pauma Band of Luiseno Mission*

11   *Indians of the Pauma & Yuina Reservation v. California,* 813 F.3d 1155, n.19 (9th Cir. 2015)

12   ("equitable relief, which may take the form of money, is different than monetary

13   damages…"); *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993) (claims seeking

14   "invalidation of a rule used to determine eligibility for benefits" did not amount to claim

15   for the underlying benefits themselves); *see also, Thornton v. Comm'r of Soc. Sec.,* 2020 U.S.

16   Dist. LEXIS 220711, at *8–9 (W.D. Wash. Nov. 24, 2020) (ordering reprocessing of

17   wrongfully denied Social Security benefits); *Hart v. Colvin*, 310 F.R.D. 427, 438–39 (N.D.

18   Cal. 2015) (same); *Huynh v. Harasz*, 2015 U.S. Dist. LEXIS 154078, at *30 (N.D. Cal.

19   Nov. 12, 2015) (where "[d]efendants implemented a uniform, blanket, and illegal policy

20   in denying all reasonable accommodation requests" reprocessing of those requests is an

21   appropriate form of injunctive relief); *Senne,* 2021 U.S. Dist. LEXIS 137819 at *84.

22         ***Second*,** without class certification, there is a high risk of inconsistent

23   adjudications.  The Court has concluded that BCBSIL may not administer

24   discriminatory exclusions like that in C.P.'s plan.  This determination is dispositive for

25   all class members and for all of BCBSIL's activities.  Class members should not have to

26   re-litigate the issue, plan-by-plan or member-by-member.

PLAINTIFF CLASS'S OPPOSITION TO
DEFENDANT'S MOTION TO DECERTIFY – 9
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

***Third***, BCBSIL has a statutory and a regulatory obligation to treat similarly situated enrollees the same.  29 U.S.C. § 1144(d); 29 C.F.R. § 2560.503-1(b)(5); 42 U.S.C. § 18116(a).  BCBSIL must comply with Section 1557 in all of its activities.  *T.S. v. Heart of CarDon*, 2021 U.S. Dist. LEXIS 49119, at *27 (S.D. Ind. Mar. 16, 2021).  If BCBSIL is prohibited from administering the Exclusion in C.P.'s plan because it is illegal discrimination under Section 1557, it is similarly prohibited from administering the Exclusion in any other plan.  BCBSIL identifies no basis by which any class member should be treated differently.

### 3.  The Class Satisfies Fed. R. Civ. P. 23(b)(2).

BCBSIL repeats its meritless argument that the injunctive relief sought in this case is actually an award of money damages, which fails for the previously stated reasons.  *See* Dkt. No. 156 at 9; § III.B.2 *supra*.

BCBSIL also argues that an injunction prohibiting BCBSIL from administering the Exclusions is not "final relief," citing out-of-jurisdiction cases.  Dkt. No. 156 at 9–10.  That is not the law in this Circuit, and, in any event, BCBSIL misreads the cases.

The Ninth Circuit has long approved of permanent injunctive relief to enforce a defendant's compliance with a court order, even when the injunction requires reprocessing.  *See e.g., Defs. of Wildlife v. United States EPA*, 420 F.3d 946, 978 (9th Cir. 2005) (Typically, when an entity violates the law, "we vacate the [entity's] action and remand to the [entity] to act in compliance with its statutory obligations."); *Idaho Watersheds Project v. Hahn*, 307 F.3d 815, 823 (9th Cir. 2002) (approving injunction requiring reprocessing of 68 permits); *United States v. Navajo Freight Lines, Inc.*, 525 F.2d 1318, 1325–26 (9th Cir. 1975) (equitable remedies include placing class members in the position "which they would have occupied but for the discrimination"); *see also Ollier*, 768 F.3d at 859 (approving injunction under Title IX including reinstatement); *Criswell*

PLAINTIFF CLASS'S OPPOSITION TO
DEFENDANT'S MOTION TO DECERTIFY – 10
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

*v. W. Air Lines, Inc.*, 514 F. Supp. 384, 394 (C.D. Cal. 1981), *aff'd*, 709 F.2d 544, 546 (9th Cir. 1983) (injunction including reinstatement and retraining); *EEOC v. Hacienda Hotel*, 881 F.2d 1504, 1518 (9th Cir. 1989) (approving permanent injunctive relief since the "district court is required to attempt to make victims of discrimination whole by restoring them to the position in which they would have been absent the discrimination").

The proposed equitable and injunctive order would provide "final injunctive relief." BCBSIL cites two out-of-jurisdiction cases for its argument that reprocessing is not "final relief:" *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481 (7th Cir. 2012) and *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 886 (7th Cir. 2011). Neither is relevant. The class in *Jamie S.* was rejected because the class alleged individual violations of the law, requiring individualized determinations of liability and individualized injunctive relief; there was no unified legal injury that could be cured by a single injunction. *See id.*, 668 F.3d at 486. In contrast, here, all class members were harmed by the same discriminatory action taken by BCBSIL: its administration of the Exclusions. The proposed injunction resolves the dispute for all class members.

*Kartman* is also inapplicable. In that case, a lawsuit contending that an insurer had underpaid its insureds for hail damage to their roof, the class sought an injunction to require the defendant to "implement a reasonable, objective standard" for assessing their roofs. *Id.*, 634 F.3d at 889. The Seventh Circuit rejected this approach, concluding that there was no actionable claim over the method used by State Farm to adjudicate claims. *Id.* at 890.

This case is very different. The Class asserts that Section 1557 prohibits administration of health claims in a manner that discriminates based on sex. Dkt. No. 38. The Court concluded that BCBSIL violated Section 1557 as to all class members. Dkt. No. 148 at 12. Here, BCBSIL's own internal medical policy prescribes how Class claims

PLAINTIFF CLASS'S OPPOSITION TO
DEFENDANT'S MOTION TO DECERTIFY – 11
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

should be adjudicated, without the Exclusions.  *See* Dkt. No. 84-4.  Ultimately, *Kartman* and its progeny are inapplicable where "a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011).  Here, a single injunction would direct BCBSIL to adjudicate past, present and future claims without illegal discrimination. Even Seventh Circuit caselaw distinguishes *Kartman* on this basis.  *See Chi. Teachers Union, Local No. 1 v. Bd. of Educ. of Chi.*, 797 F.3d 426, 443 (7th Cir. 2015).[6]

*Third*, BCBSIL argues that the proposed injunctive order would not require any non-party to pay a claim, such that relief would not be "final."[7]  Dkt. No. 156 at 11.  To be clear, the proposed injunction is intended to bind only BCBSIL to do what it is required to do under the existing contracts *without discrimination*.  So long as BCBSIL complies with the injunction, there is nothing further for this Court to do, making the injunctive order final.

The Court is not required to adjudicate who ultimately pays for the injunctive relief (BCBSIL or the employers) since that question involves non-parties and unrelated contract claims.   That said, if BCBSIL adjudicates the claims without illegal discrimination and concludes that the claims are covered, then BCBSIL must pay (subject to adjusted prices, co-pays and deductibles). Hamburger Decl., *Exh. 1*, § 15.3, *exh. 2*, § 6.   BCBSIL then can pursue the employers for payment under its various

---

[6] *Day v. Humana Ins. Co.*, 335 F.R.D. 181, 199 (N.D. Ill. 2020), cited by BCBSIL, Dkt. No. 156 at 10, is irrelevant.  The district court dismissed the class claims, *with leave to amend*, because the plaintiff failed to plead that Humana acted in a uniform manner to deny a particular treatment to all class members. *Day*, 335 F.R.D. at 199.  Here, the Court concluded that BCBSIL uniformly denied access to gender-affirming care to all class members.  Dkt. No. 148 at 12.

[7] *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815 (9th Cir. 1985), cited by BCBSIL at Dkt. No. 156 at 11–12, is inapplicable.  The plan administrator in *Takeda* was a necessary party because it was unclear whether the plan administrator or the TPA made the decision at issue in the case.  *Id.* at 820.  Here, BCBSIL administered the Exclusions, conduct that the Court concluded was illegal discrimination.

PLAINTIFF CLASS'S OPPOSITION TO
DEFENDANT'S MOTION TO DECERTIFY – 12
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

contracts and the indemnification agreements.  *See id., Exh. 2* at 9; *Exh. 3,* at 131:15–133:3. This is exactly what BCBSIL does every day with thousands of health care claims.[8]

**C.    Injunctive Relief Is a Proper Remedy Even If It Places BCBSIL at a Competitive Disadvantage.**

BCBSIL argues that the proposed permanent injunctive order would be unfair since its competitors may continue to administer similar exclusions.  Dkt. No. 156 at 13. BCBSIL suffers no hardship "when a permanent injunction would merely require the defendant to comply with law." *BMW of N. Am., LLC v. Rocco,* 2020 U.S. Dist. LEXIS 217040, at *34 (C.D. Cal. Nov. 18, 2020).   That other TPAs persist in discriminatory treatment of transgender enrollees is not a justification for allowing BCBSIL to continue to do so.

BCBSIL's concern underscores why declaratory relief is critically important in this case.  All TPAs that are subject to Section 1557 cannot discriminate in any of their activities, including when acting as a claims administrator for ERISA self-funded plans. Such a declaratory judgment will signal to BCBSIL's alleged competitors which are subject to Section 1557 that they cannot engage in the sex discrimination in the administration of benefits.

### IV.  CONCLUSION

The Court should deny BCBSIL's Motion to Decertify the Class.

---

[8] CHI and the other employers are not "necessary parties."  *See Carr v. United Healthcare Servs.*, 2016 U.S. Dist. LEXIS 182561, at *9 (W.D. Wash. May 31, 2016).

PLAINTIFF CLASS'S OPPOSITION TO
DEFENDANT'S MOTION TO DECERTIFY – 13
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

1    DATED:  February 27, 2023.

2                                              SIRIANNI YOUTZ
                                               SPOONEMORE HAMBURGER PLLC
3

4                                               /s/ Eleanor Hamburger
                                               Eleanor Hamburger (WSBA #26478)
5                                              Daniel S. Gross (WSBA #23992)
                                               3101 Western Avenue, Suite 350
6                                              Seattle, WA 98121
                                               Tel. (206) 223-0303; Fax (206) 223-0246
7                                              Email: ehamburger@sylaw.com
                                                        dgross@sylaw.com
8

9                                              *I certify that the foregoing contains 4,161 words,
                                               in compliance with the Local Civil Rules.*[9]
10

11
                                               LAMBDA LEGAL DEFENSE AND
12                                             EDUCATION FUND, INC.

13                                              /s/ Omar Gonzalez-Pagan
                                               Omar Gonzalez-Pagan, *pro hac vice*
14                                             120 Wall Street, 19th Floor
                                               New York, NY 10005
15                                             Tel. (212) 809-8585; Fax (212) 809-0055
                                               Email: ogonzalez-pagan@lambdalegal.org
16

17                                             Jennifer C. Pizer, *pro hac vice*
                                               4221 Wilshire Boulevard, Suite 280
18                                             Los Angeles, CA 90010
                                               Tel. (213) 382-7600; Fax (213) 351-6050
19                                             Email: jpizer@lambdalegal.org
20

21                                             *Attorneys for Plaintiffs*

22

23

24

25  _____

26   [9] By agreement of the parties, this Motion, opposition and reply are briefed according to word limits
    in LCR 7(e)(2).

PLAINTIFF CLASS'S OPPOSITION TO                        SIRIANNI YOUTZ
DEFENDANT'S MOTION TO DECERTIFY – 14          SPOONEMORE HAMBURGER PLLC
[Case No. 3:20-cv-06145-RJB]                   3101 WESTERN AVENUE, SUITE 350
                                                 SEATTLE, WASHINGTON 98121
                                              TEL. (206) 223-0303 FAX (206) 223-0246