THE HONORABLE ROBERT J. BRYAN

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

C. P., by and through his parents,
Patricia Pritchard and Nolle Pritchard;
and PATRICIA PRITCHARD,

                  Plaintiffs,

    vs.

BLUE CROSS BLUE SHIELD OF
ILLINOIS,

                  Defendant.

Case No. 3:20-cv-06145-RJB

**BLUE CROSS BLUE SHIELD OF
ILLINOIS'S OPPOSITION TO
PLAINTIFFS' MOTION FOR
PERMANENT INJUNCTION AND
DECLARATORY RELIEF**

**ORAL ARGUMENT REQUESTED**

**NOTE ON MOTION CALENDAR:
MARCH 3, 2023**

BLUE CROSS BLUE SHIELD OF ILLINOIS'S OPPOSITION
TO PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION
AND DECLARATORY RELIEF

KILPATRICK TOWNSEND 77052278 16

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

# I.    INTRODUCTION

For the reasons stated in Blue Cross Blue Shield of Illinois's ("BCBSIL") Motion to Decertify, Dkt. 156, the remedies Plaintiffs seek are not available as a matter of law.  This Court certified a class under Rule 23(b)(1) and (b)(2).  Under these Rules, Plaintiffs can obtain only injunctive and declaratory relief, not monetary damages.  Because the reprocessing remedy that Plaintiffs really seek is damages, the Court cannot issue a class-wide injunction.

Plaintiffs want the Court to order BCBSIL to reprocess and pay a variety of claims, but this relief is explicitly prohibited by the Ninth Circuit's recent holding in *Wit v. United Behav. Health,* 58 F.4th 1080 (9th Cir. 2023).  The Court's reasoning in *Wit* squarely applies to this case: Section 1557 and ERISA do not allow reprocessing as a remedy.

In addition, Plaintiffs are not entitled to the equitable relief they seek because they had adequate remedies at law, equitable relief would impose an undue hardship on BCBSIL, and their proposed relief is contrary to public policy.

Plaintiffs' request that the Court toll the statute of limitations for the class is prohibited as a matter of law.  The Court cannot excuse class members' failure to satisfy their contractual requirement to file claims or appeals with BCBSIL.  Finally, as this Court has already found, notice is not required here, and even if it were, Plaintiffs should bear the cost of that notice.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

BCBSIL incorporates the facts in Dkt. Nos. 93 (Blue Cross Blue Shield of Illinois's Opposition To Motion For Class Certification) and 156 (Blue Cross Blue Shield of Illinois's Motion To Decertify The Class).

## III.    ARGUMENT

### A.    An injunction ordering reprocessing on a class-wide basis is not available here.

Plaintiffs ask the Court to order BCBSIL to reprocess previously-filed claims, a remedy they call "reprocessing."  Plaintiffs' Mot. at 9.  Yet the Ninth Circuit recently ruled that class-wide reprocessing is not available in the ERISA context.  *See Wit v. United Behavioral Health*, 58 F.4th 1080.  An ERISA plaintiff may seek only "to recover benefits or to enforce or clarify

BLUE CROSS BLUE SHIELD OF ILLINOIS'S OPPOSITION
TO PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION
AND DECLARATORY RELIEF - 1
Case No. 3:20-cv-06145-RJB

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

KILPATRICK TOWNSEND 77052278 16

rights under the plan." *Id.* at 1094.  As here, the *Wit* plaintiffs tried to invent an additional remedy, "reprocessing," to get around certain Rule 23 requirements that bar class certification when "there are numerous individualized questions involved in determining Plaintiffs' entitlement to benefits." *Id.*; Dkt. No. 156 at 6–13.  The Ninth Circuit saw through this maneuver to the fundamental reality: "reprocessing" is a just a fancy word for a remand to the plan administrator.  "Simply put, reprocessing is not truly the *remedy* that Plaintiffs seek, it is the *means to the remedy* that they seek." *Wit*, 58 F.4th at 1095 (emphasis in original).

Just as in *Wit*, reprocessing is not the remedy the Plaintiffs here truly seek.  Instead, "reprocessing" is the means to the monetary relief Plaintiffs seek.  Such individualized monetary claims are not available here because Plaintiffs chose to certify a mandatory Rule 23(b)(1) and (b)(2) class and not an opt-out Rule 23(b)(3) class.  *See* Dkt. No. 156 at 8–10.

Plaintiffs fare no better arguing that class-wide reprocessing is an available remedy under Section 1557.  What is true for ERISA is true for Section 1557.  Reprocessing is not relief; it is only a means to individualized monetary relief made unavailable by Plaintiffs' decision to request certification only of mandatory classes.

Even if "reprocessing" were a distinct remedy, it would be outside the scope of the relief authorized by Section 1557.  Section 1557 adopts the enforcement mechanisms of Title IX.  42 U.S.C. § 18116(a).  Title IX does not have an explicit remedies provision, so courts have imputed a requirement that it authorizes only "appropriate relief." *Barnes v. Gorman*, 536 U.S. 181, 185 (2002).  "A remedy is 'appropriate relief' only if the funding recipient is *on notice* that, by accepting federal funding, it exposes itself to liability of that nature." *Id.* at 187 (emphasis in original).  As the Supreme Court reaffirmed last year, funding recipients are not on notice of "idiosyncratic or exceptional" remedies. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1574 (2022).

*Barnes v. Gorman* explained that Title IX obligations are "much in the nature of a contract: in return for federal funds, the [recipients] agree to comply with federally imposed

BLUE CROSS BLUE SHIELD OF ILLINOIS'S OPPOSITION
TO PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION
AND DECLARATORY RELIEF - 2
Case No. 3:20-cv-06145-RJB

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

KILPATRICK TOWNSEND 77052278 16

1   conditions." *Barnes,* 536 U.S. 186.  Therefore, "a funding recipient is generally on notice of . . .

2   those remedies traditionally available in suits for breach of contract." *Id.* at 187.  Likewise, an

3   ERISA claim for failure to provide benefits—such as that in *Wit*—is "analogous ... to a breach of

4   contract action." *Dameron v. Sinai Hosp.*, 815 F.2d 975, 981 (4th Cir. 1987); *see also Wit*, 58

5   F.4th at 1093 ("ERISA protects contractually defined benefits.").  Reprocessing is an

6   "idiosyncratic or exceptional" remedy for which BCBSIL, as an ERISA plan administrator

7   determining contractually-defined benefits, did not have notice. *Cummings, P.L.L.C.*, 142 S. Ct.

8   at 1574; *see also Wit*, 58 F.4th at 1095 (ERISA permits only "'those categories of relief that,

9   traditionally speaking (*i.e.*, prior to the merger of law and equity) were typically available in

10  equity.'"); *Kartman v. State Farm Mut. Auto. Ins. Co.,* 634 F.3d 883, 893 (7th Cir. 2011)

11  (holding that class-wide reprocessing relief is not available as a remedy for claims for breach of

12  insurance contracts).  Whether pursuant to Title IX or ERISA, reprocessing is not relief that is

13  available to Plaintiffs because it is not traditional or typical equitable relief.

14      Indeed, *Wit* emphasizes that ERISA fiduciaries are not on notice of the potential for any

15  reprocessing injunction.  Nothing in federal law places a plan or ERISA plan administrator—

16  including BCBSIL—on notice that it could face remedies other than those authorized by ERISA.

17  As an ERISA plan administrator, BCBSIL must comply with ERISA and enforce plan terms.  29

18  U.S.C. § 1104(a)(1)(D) (stating benefit plan decisions are required to be made "in accordance

19  with the documents and instruments governing the plan").

20      Plaintiffs have simply failed to identify any authority that would suggest BCBSIL was

21  ever on notice of a potential "reprocessing" remedy when it accepted federal funds.  Plaintiffs

22  have not cited a single Title IX or Section 1557 case in which a court ordered a reprocessing

23  remedy. *Cf.* Dkt. No. 153 at 12–13 (citing cases).  To the contrary, Plaintiffs rely on government

24  benefits cases where the court vacated the administrative decision and remanded the case to the

25  administrative adjudicator *because the statute expressly permitted such a remand. See, e.g.,*

26  *Bowen v. City of New York*, 476 U.S. 467, 486 (1986) (affirming remand to HHS pursuant to 42

27

BLUE CROSS BLUE SHIELD OF ILLINOIS'S OPPOSITION
TO PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION
AND DECLARATORY RELIEF - 3
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

KILPATRICK TOWNSEND 77052278 16

U.S.C. § 405(g)); *Thornton v. Comm'r of Soc. Sec.*, 570 F. Supp. 3d 1010, 1020, 1024 (W.D. Wash. 2020) (remanding to the Social Security Administration pursuant to § 405(g)); *Hart v. Colvin*, No. 15-CV-00623-JST, 2016 WL 6611002, at *6–7 (N.D. Cal. Nov. 9, 2016) (same). These cases only highlight the fact that Congress knows how to create a remand remedy and chose not to include it when enacting Section 1557.

In short, like the plaintiffs in *Wit*, Plaintiffs here avoided asking for the ultimate relief they want—payment of benefits—because Rule 23(a)'s commonality requirement and Rule 23(b)(3)'s predominance requirement would preclude class certification. But *Wit* slams the door shut on this procedural legerdemain. The reprocessing remedy is not permitted by either ERISA or Section 1557, and so it is not available here.

**B.     Plaintiffs' requested injunction fails to satisfy the requirements of injunctive relief.**

To issue any injunction, the Court must determine that Plaintiffs cannot obtain adequate remedies at law and that Plaintiffs have demonstrated the balance of hardships between Plaintiffs and BCBSIL supports equitable relief. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Neither is true here.

**1.     Class members had an adequate remedy in law that precludes injunctive relief.**

Plaintiffs are not entitled to equitable relief because Title IX provides an adequate remedy in law—damages. To obtain any equitable relief, a plaintiff must demonstrate that remedies available at law, such as monetary damages, are inadequate to compensate for her injury. *Id*. This principle applies fully to ERISA plans. In *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996), the Supreme Court explained that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" Thus, this Court must find that there is no adequate remedy in law under ERISA before the Court may grant any equitable relief. Here, Plaintiffs could have pursed monetary relief for their denied claims, which would have made them whole. As a result, they cannot now obtain an injunction.

BLUE CROSS BLUE SHIELD OF ILLINOIS'S OPPOSITION
TO PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION
AND DECLARATORY RELIEF - 4
Case No. 3:20-cv-06145-RJB

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

KILPATRICK TOWNSEND 77052278 16

2.      **The Court cannot issue the requested injunctive relief because any injunction would disproportionately burden BCBSIL and benefit its competitors.**

The Court also cannot issue the requested injunctive relief because it would unduly and disproportionately burden BCBSIL.  To receive equitable relief, a plaintiff must demonstrate that the balance of hardships between the plaintiff and defendant supports equitable relief.  *eBay Inc.*, 547 U.S. at 391.  "An injunction should not be granted if its impact on the enjoined party would be more severe than the injury the moving party would suffer if it is not granted."  *Litton Sys., Inc. v. Sundstrand Corp.*, 750 F.2d 952, 959 (Fed. Cir. 1984) (citing *County of Alameda v. Weinberger*, 520 F.2d 344, 349 (9th Cir. 1975)).  The Court must undertake a "balancing of [the] equities" before issuing an injunction.  *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) ("[T]he court 'balances the conveniences of the parties and possible injuries to them'" according to how "they may be affected by the granting or withholding of the injunction."); *see also Kartman*, 634 F.3d at 892 (rejecting a reprocessing injunction and noting that "[i]njunctive relief is also not 'appropriate' because the hardships of the contemplated injunction would fall disproportionately on State Farm").

Any injunction would disproportionately burden BCBSIL, advantage BCBSIL's competitors, and leave many class members with no remedy at all.  Even if BCBSIL reprocesses the claims, the injunctive relief Plaintiffs seek would stop there—it would not require any non-party employers, who contracted with their members to pay benefits, to pay any claim.  *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 819-20 (9th Cir. 1985) (when a plan is self-funded, the employer who sponsored the plan bears the expense of any benefit awarded); *see also* Dkt. 38-1 at 8, 117-19, 142.  The non-party employers would not be bound by any reprocessing order issued by this Court, could freely ignore any injunction issued by the Court, and would not be required to pay any claim.[1]  They could also terminate their contract with

---

[1] Under ERISA's enforcement scheme, were any class member to disagree with the plan's decision, they would have to bring suit in a district court that has personal jurisdiction over the

BLUE CROSS BLUE SHIELD OF ILLINOIS'S OPPOSITION
TO PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION
AND DECLARATORY RELIEF - 5
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

KILPATRICK TOWNSEND 77052278 16

BCBSIL and contract with a competitor not bound by this Court's orders, such as Aetna, Cigna, United, or other national, for-profit insurers.  Indeed, either course is likely because religious, non-party employers would feel, because of the proposed injunction, that they are subsidizing medical procedures to which they have a conscience-based objection.  *See Little Sisters of the Poor v. Pennsylvania*, 140 S. Ct. 2367, 2395 (2020).

Moreover, BCBSIL has no current relationship with members employed by more than one-quarter of the plans at issue.  *See* Dkt. 156 at 6-7.  As a result, it has no ability to reprocess or pay any claims submitted by these members.

In short, a large segment of the class would not benefit at all from the injunction, but BCBSIL would be disproportionately harmed because the injunction would allow BCBSIL's competitors to siphon BCBSIL's customers.  For this reason, any injunction here would be inequitable and should be rejected.

**C.    The Rules Enabling Act and ERISA bar equitable tolling of Plaintiffs' claims.**

The Court must deny Plaintiffs' request that the Court equitably toll class members' claims pursuant to Rule 23 and the Rules Enabling Act.  Equitable tolling is not a remedy available to Plaintiffs on a class-wide basis under the Rules Enabling Act because, as the Ninth Circuit in *Wit* recently explained, "exhaustion is a contractual limitation that impacts the availability of remedies."  *Wit*, 58 F.4th at 1098.  Plaintiffs cannot show futility on a class-wide basis, nor could they make an argument for futility absent an individualized inquiry.

Here, as in *Wit*, if this Court equitably tolled claims on a class-wide basis and excused class members from the requirement that they exhaust their claims, the Court would "abridge[] [BCBSIL's] affirmative defense of failure to exhaust and expand[] many absent class members' right to seek judicial remedies."  *Id.* (citing *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 367

---

plan and where venue is proper.  *See* 29 U.S.C. § 1132(a).  This Court lacks personal jurisdiction over many of the plans.  *See* Dkt. 94 ¶ 3 ("Under its license agreement, BCBSIL only administers self-funded health plans for businesses whose corporate headquarters are in the State of Illinois.").

BLUE CROSS BLUE SHIELD OF ILLINOIS'S OPPOSITION
TO PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION
AND DECLARATORY RELIEF - 6
Case No. 3:20-cv-06145-RJB

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

KILPATRICK TOWNSEND 77052278 16

(2011) ("[A] class cannot be certified on the premise that [the defendant] will not be entitled to litigate its statutory defenses to individual claims.")).  The Supreme Court and the Ninth Circuit have made clear that "the Rules Enabling Act forbids interpreting Rule 23 to 'abridge, enlarge or modify any substantive right.'"  *Wit*, 58 F.4th at 1094 (citing *Dukes*, 564 U.S. at 367).

The Rules Enabling Act forbids the Court from using the class action mechanism to dispense with the requirement that Plaintiffs must establish equitable tolling through individualized inquiry.  In *Wit*, the district court excused class members from demonstrating compliance with the ERISA plan's administrative exhaustion requirement.  *Id.* at 1097.  The Ninth Circuit reversed, finding that "to the extent any absent class members' plans required exhaustion, the district court erred in excusing the failure to satisfy such a contractual requirement."  *Id.* at 1098.  The Ninth Circuit explained that application of any judicially-created exception to the exhaustion requirement—such as futility—would "conflict with the written terms of the plan," and the plaintiffs "ha[d] not show that we have extended these exceptions to a contractual exhaustion requirement."  *Id.*

As Plaintiffs acknowledge, the contract between the named Plaintiffs and CHI unambiguously requires members to submit claims to the plan and file internal appeals before suing for benefits.  Dkt. 153 at 9-10.  Further, it provides for a one-year time limit on the submission of claims and a 180-day time limit on filing internal appeals of adverse benefit determinations.  Dkt. 38-1 at 85, 97.  These time limits are typical of all ERISA self-funded plans that BCBSIL administers.  Plaintiffs do not argue that these contractual exhaustion requirements and limitations period are unreasonable; instead, they assert that the Court should excuse failures by class members to adhere to these deadlines on futility grounds.  These arguments fail as a matter of law.

### 1.    The Court must enforce the contractual time limitations.

Courts enforce contractual limitations periods in ERISA contracts unless the time limit is "unreasonable or fundamentally unfair."  *Wang Lab. v. Kagan*, 990 F.2d 1126, 1128 (9th Cir.

BLUE CROSS BLUE SHIELD OF ILLINOIS'S OPPOSITION
TO PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION
AND DECLARATORY RELIEF - 7
Case No. 3:20-cv-06145-RJB

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

KILPATRICK TOWNSEND 77052278 16

1993).  "An ERISA plan is nothing more than a contract, in which parties as a general rule are free to include whatever limitations they desire."  *Northlake Reg'l Med. Ctr. v. Waffle House Sys. Empl. Benefit Plan*, 160 F.3d 1301, 1303 (11th Cir. 1998).  In *Leaverton v. RBC Capital Markets Corp.*, No. C09–1804RSL, 2010 WL 3418270 (W.D. Wash. 2010), for example, the Court upheld a limitations period requiring beneficiaries to bring claims "within 90 days after the Participant or beneficiary knows or should have known of his or her claim for benefits" and concluded the contract barred a claim submitted outside the limitations period.  *Id.* at *3 (alterations omitted); *see also Martinez-Claib, M.D. v. Business Men's Assur. Co. of America*, 349 F. App'x 522, 524-25 (11th Cir. 2009) (finding an ERISA participant's claim for benefits time-barred because the plan imposed a one-year deadline and the participant filed four months late).  Here, Plaintiffs have not argued or established that the contractual deadlines are "unreasonable or fundamentally unfair."

### 2.      The Court must enforce exhaustion requirements in the plans at issue.

Plaintiffs claim it would have been futile to submit claims within the contractual period. Under *Wit* and the Rules Enabling Act, the futility carveout to exhaustion does not apply here, but even if it did, Plaintiffs' argument fails as a matter of law and of fact.  When an ERISA plan requires exhaustion, all class plaintiffs must satisfy that contractual requirement, and a court cannot impose "judicially created exhaustion exceptions [that] would conflict with the written terms of the plan."  *Wit*, 58 F.4th at 1098.

### 3.      The ERISA futility exception does not apply to unsubmitted claims.

The Court cannot excuse class members' failure to file claims even if they are futile.  In any event, Plaintiffs have failed to make a sufficient showing of futility.

It is well established that the futility exception to ERISA's exhaustion requirement does not apply to claims that were never submitted.  In *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 917 (3d Cir. 1990), the court determined an ERISA plaintiff could not claim futility if he or she did not request the contested benefit.  *See id.* at 917 ("[B]ecause [the plaintiff] did not request

BLUE CROSS BLUE SHIELD OF ILLINOIS'S OPPOSITION
TO PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION
AND DECLARATORY RELIEF - 8
Case No. 3:20-cv-06145-RJB

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

KILPATRICK TOWNSEND 77052278 16

[the disputed benefit], he [wa]s precluded from seeking judicial relief on his claims seeking to enforce the terms of the Plan."). *Berger* reached this conclusion despite the fact the plaintiff's claim would have been denied pursuant to company policy. *Id*; *see also Diaz v. United Agr. Emp. Welfare Ben. Plan & Tr.*, 50 F.3d 1478, 1485 (9th Cir. 1995) (denying futility exception where claimants failed to appeal even though an insurer said it would not pay, because the "record contain[ed] nothing but speculation to suggest that the administrators would have reached a preconceived result in that respect").

Contrary to *Berger*, Plaintiffs seek to excuse class members who only submitted a pre-authorization of benefits and failed to file an initial claim. This is insufficient—a plaintiff must at least submit a claim "sufficient to apprise the plan of the assertion of a right to benefits." *Leaverton*, 2010 WL 3418270, at *3.

Proving which class members submitted claims would require an individualized inquiry that would defeat class-wide certification. Plaintiffs are not entitled to a blanket waiver of the requirement that they submit claims to BCBSIL for determination, since this would violate the Rules Enabling Act by expanding the rights provided to members under ERISA.

### 4.    Plaintiffs failed to demonstrate that class members' claims and appeals were futile.

ERISA claim exhaustion is not excused simply because a claimant does not like his or her chances on appeal; if that were the case, every claimant with a meritless claim could plead futility. *Commc'ns Workers of Am. v. Am. Tel. & Tel. Co.*, 40 F.3d 426, 432 (D.C. Cir. 1994).

In *Communication Workers*, the court reversed the trial court's finding that an appeal was futile and held that even where a plan administrator said a claim was not covered and "consistently interpreted the plan to deny claims," that alone could not be a basis for finding futility because "exhaustion of internal administrative remedies would be excused in virtually every case . . . where a company has expressed a view as to the meaning and terms of the plan." *Id.* at 433.

BLUE CROSS BLUE SHIELD OF ILLINOIS'S OPPOSITION
TO PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION
AND DECLARATORY RELIEF - 9
Case No. 3:20-cv-06145-RJB

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

KILPATRICK TOWNSEND 77052278 16

1   This is particularly true here, where plan language is not uniform and the 398 plans at

2   issue contain widely-varying exclusions for transgender-related services—some plans cover

3   most transgender-related services but exclude surgery, some plans cover transgender-related

4   services for adults but not minors, some plans cover hormone treatments while others do not, and

5   some plans cover transgender-related services but put a limit on how much a member can spend.

6   *See* Dkt. 93 at 9-11.[2]

7   Plaintiffs cannot establish that, had they properly presented all claims and appeals to

8   BCBSIL, those claims were "demonstrably doomed to fail."  *Diaz*, 50 F.3d at 1485 (rejecting

9   "circular" argument that a refusal to pay benefits during pending litigation suggested that appeal

10  was futile).

11  To support their claim that the Court should bypass the exhaustion requirements in the

12  contract, Plaintiffs cite to a statement made by named plaintiff C.P.'s employer, CHI—not by

13  BCBSIL—regarding the availability of appeals for C.P.  *See* Dkt. 154-2 at Ex. B.  But this

14  ignores that that BCBSIL actually paid some of C.P.'s claims for transgender-related services,

15  which shows in itself that pursuing these claims was not futile.  Plaintiffs cannot establish that

16  appeals would have been futile for C.P., much less for the unidentified class members whose

17  claims are not implicated by this plaintiff-specific record.

18  **D.    Plaintiffs should bear the cost associated with any notice requirement.**

19  This Court has already determined that notice is not necessary for this class because it

20  was certified under  Rule 23(b)(1) and (b)(2).  *See* Dkt. 76 ("Further notice to class members is

21  not required.").   Under Rule 23(c)(2), notice is required only for Rule 23(b)(3) money damages

22  classes and is not required for injunctive and declaratory relief classes certified under Rules

---

24  [2] Plaintiffs rely on *Z.D. ex rel. J.D. v. Grp. Health Co-op.*, No. C11-1119RSL, 2012 WL
25  5033422 (W.D. Wash. Oct. 17, 2012), which they cite as *Tech Access*, 2012 U.S. Dist. LEXIS
    149610, in support of their equitable tolling and futility arguments.  The district court in that case
26  waived ERISA's exhaustion requirement with little analysis or citation to authority based on the
    defendant's uniform litigation position concerning coverage found in a single plan.  That case is
27  both unpersuasive and inapplicable here, where the plan language is not uniform.

BLUE CROSS BLUE SHIELD OF ILLINOIS'S OPPOSITION
TO PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION
AND DECLARATORY RELIEF - 10
Case No. 3:20-cv-06145-RJB

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

KILPATRICK TOWNSEND 77052278 16

1  23(b)(1) or (b)(2).

2        If the Court orders notice to the class, Plaintiffs must pay for any notice.  There is no

3  basis to deviate from the standard that class plaintiffs should pay for notice.  In *Eisen v. Carlisle*

4  *& Jacquelin*, 417 U.S. 156, 177-79 (1974), the Supreme Court held that the burden of notice falls

5  upon the party who seeks or has sought certification.  *See also Oppenheimer Fund, Inc. v.*

6  *Sanders,* 437 U.S. 340, 359 (1978) ("We caution that courts must not stray too far from the

7  principle underlying *Eisen IV* that the representative plaintiff should bear all costs relating to the

8  sending of notice because it is he who seeks to maintain the suit as a class action.").

9        This remains the default rule today, particularly when a court elects to order non-

10  mandatory notice to a Rule 23(b)(1) or (b)(2) class.  *See Coalition for Econ. Equity v. Wilson,*

11  No. C 96-4024, 1996 WL 788376, at *4 (N.D. Cal. Dec. 16, 1996) (certifying a Rule 23(b)(2)

12  class but requiring class plaintiffs to pay the cost of notice); *Lynch Corp. v. MII Liquidating Co.*,

13  82 F.R.D. 478, 483 (D.S.D. 1979) (certifying a Rule 23(b)(1) class but requiring class plaintiffs

14  to pay the cost of notice); *Miles v. Am. Online, Inc.*, 202 F.R.D. 297, 306 (M.D. Fla. 2001)

15  (directing the plaintiff to pay the costs associated with providing notice).  Plaintiffs must bear the

16  cost of notice.

17  **E.    If the Court Issues an Injunction, it Must Be Narrowly Tailored.**

18        The Court should not issue any injunction, but in the event it does, the scope of the

19  injunction "must be narrowly tailored to remedy the specific harm shown."  *E. Bay Sanctuary*

20  *Covenant v. Barr*, 934 F.3d 1026, 1029 (9th Cir. 2019); *see also Gates v. Shinn*, 98 F.3d 463,

21  468 (9th Cir. 1996) ("actions enjoined by an injunction" must be "clearly and specifically

22  described").

23        Plaintiffs' conclusion appears to request that the Court issue an injunction that binds non-

24  parties to this proceeding, including BCBSIL's "agents, employees, successors, and all others

25  acting in concert with them. . . ."  Plaintiffs' Motion at 12.  Such equitable relief against non-

26  parties on this record would violate Rule 65(d)(2), in two respects.  *First*, the injunction cannot

27

BLUE CROSS BLUE SHIELD OF ILLINOIS'S OPPOSITION
TO PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION
AND DECLARATORY RELIEF - 11
Case No. 3:20-cv-06145-RJB

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

extend beyond plans that were included in the class, which was limited by the class certification order to plans "administered by Blue Cross Blue Shield of Illinois."  Dkt. 143 at 2.  In the Rule 23 context, injunctions must be narrowly tailored to encompass only the certified class.  *Paige v. State of Cal.*, 102 F.3d 1035, 1039 (9th Cir. 1996); *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 728, n.1 (9th Cir. 1983).  As the certified class here extended only to members of plans administered by BCBSIL, the injunction must be similarly constrained.

  *Second*, Rule 65(d) requires an injunction to use "reasonable detail" to describe the "acts to be restrained or required."  *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974).  In this context, Plaintiffs' request to extend an injunction to those "acting in concert" with BCBSIL is inherently ambiguous and might be interpreted to extend to separate, independent companies not under the control of BCBSIL, particularly the employers who sponsor the plans.  Those employers are not parties to this case and, as a matter of due process, the Court cannot extend an injunction to their actions.  Moreover, this Court likely lacks personal jurisdiction over many—probably most—of the employers at issue, so the Court cannot properly enjoin them.  *See Zepeda*, 753 F.2d at 727.  Accordingly, the Court should make clear that any injunction applies only to BCBSIL and those under its control.

## IV.   CONCLUSION

  The Court should deny all class-wide relief claimed by the Plaintiffs.

  Dated this 27th day of February, 2023.

       KILPATRICK TOWNSEND & STOCKTON LLP

       By: */s/ Gwendolyn C. Payton*
        Gwendolyn C. Payton, WSBA No. 26752
        gpayton@kilpatricktownsend.com
        John R. Neeleman, WSBA No. 19752
        jneeleman@kilpatricktownsend.com
        1420 Fifth Ave., Suite 3700
        Seattle, WA 98101
        Telephone: (206) 626-7714
        Facsimile: (206) 623-6793

BLUE CROSS BLUE SHIELD OF ILLINOIS'S OPPOSITION
TO PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION
AND DECLARATORY RELIEF - 12
Case No. 3:20-cv-06145-RJB

*KILPATRICK TOWNSEND & STOCKTON LLP*
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

KILPATRICK TOWNSEND 77052278 16

*Counsel for Blue Cross Blue Shield of Illinois*

I certify that this memorandum contains 4194 words, in compliance with the Local Civil Rules.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

BLUE CROSS BLUE SHIELD OF ILLINOIS'S OPPOSITION
TO PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION
AND DECLARATORY RELIEF - 13
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND 77052278 16

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

## CERTIFICATE OF SERVICE

I certify that on the date indicated below I caused a copy of the foregoing document, BLUE CROSS BLUE SHIELD OF ILLINOIS'S OPPOSITION TO PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION AND DECLARATORY RELIEF, to be filed with the Clerk of the Court via the CM/ECF system.   In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| **Eleanor Hamburger**<br>SIRIANNI YOUTZ SPOONEMORE<br>HAMBURGER<br>3101 WESTERN AVENUE STE 350<br>SEATTLE, WA 98121<br>206-223-0303<br>Fax: 206-223-0246<br>Email: ehamburger@sylaw.com | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| **Jennifer C Pizer**<br>LAMBDA LEGAL DEFENSE AND<br>EDUCATION FUND, INC<br>4221 WILSHIRE BLVD., STE 280<br>LOS ANGELES, CA 90010<br>213-382-7600<br>Email: jpizer@lambdalegal.org | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| **Omar Gonzalez-Pagan**<br>LAMBDA LEGAL DEFENSE AND<br>EDUCATION FUND, INC. (NY)<br>120 WALL STREET<br>19TH FLOOR<br>NEW YORK, NY 10005<br>212-809-8585<br>Email: ogonzalez-pagan@lambdalegal.org | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |

DATED this 27th day of February 2023.

KILPATRICK TOWNSEND & STOCKTON LLP

By:*/s/ Gwendolyn C. Payton*
    Gwendolyn C. Payton, WSBA #26752

*Counsel for Blue Cross Blue Shield of Illinois*

CERTIFICATE OF SERVICE – 14

KILPATRICK TOWNSEND 77052278 16