THE HONORABLE ROBERT J. BRYAN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

C. P., by and through his parents, Patricia Pritchard and Nolle Pritchard; and PATRICIA PRITCHARD,

    Plaintiffs,

vs.

BLUE CROSS BLUE SHIELD OF ILLINOIS,

    Defendant.

Case No. 3:20-cv-06145-RJB

**BLUE CROSS BLUE SHIELD OF ILLINOIS'S REPLY IN SUPPORT OF MOTION TO DECERTIFY THE CLASS**

**ORAL ARGUMENT REQUESTED**

**NOTE ON MOTION CALENDAR: MARCH 3, 2023**

BLUE CROSS BLUE SHIELD OF ILLINOIS'S REPLY IN SUPPORT OF MOTION TO DECERTIFY THE CLASS
CASE NO. 3:20-CV-06145-RJB

KILPATRICK TOWNSEND 77097183 3

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

# I. ARGUMENT

## A. The Court must review de novo and plaintiffs bear the burden of proof.

In addressing the standard for decertification, Plaintiffs misrepresent the law and the record. The Court must place the burden of proof on Plaintiffs and review de novo. "Under Rule 23 the district court is charged with the duty of monitoring its class decisions in light of the evidentiary development of the case." *NEI Contracting & Eng'g v. Hanson Aggregates,* No. 12-CV-01685-BAS(JLB), 2016 WL 2610107, at *6 (S.D. Cal. May 6, 2016), *aff'd*, 926 F.3d 528 (9th Cir. 2019); *Slaven v. BP Am.,* 190 F.R.D. 649, 652 (C.D. Cal. 2000) ("Because Defendants' motion assists the Court in performing its role as gatekeeper, or manager, of the class action, the motion should not be denied on the ground that it impermissibly recounts old facts and law...."). A motion to decertify "does not depend on a showing of new law, new facts, or procedural developments after the original decision." *NEI Contracting*, 2016 WL 2610107, at *5.

Accordingly, "[i]n evaluating whether to decertify the class, the court applies the same standard used in deciding whether to certify the class initially. Thus, a motion to decertify a class is not governed by the standard applied to motions for reconsideration." *Id.*; *Ballard v. Equifax Check Serv.,* 186 F.R.D. 589, 593 n.6 (E.D. Cal. 1999) ("Because the court has the power to alter or amend the previous class certification order under Rule 23(c)(1), the court need not consider whether 'reconsideration' is also warranted."). And like their initial motion, Plaintiffs bear the burden with respect to BCBSIL's motion to decertify. *Does 1-10 v. Univ. of Washington*, No. C16-1212JLR, 2020 WL 5526679, at *2 n.3 (W.D. Wash. Sept. 15, 2020).

Regardless, two new events justify the motion to decertify. First, Plaintiffs' counsel made clear at the December 12, 2022 hearing that they sought money damages. Plaintiffs contend they said "nothing new" at the hearing. But it was new, because this Court could not have certified a class under Rule 23(b)(1) and (b)(2) had Plaintiffs demanded money, and Plaintiffs' previous submissions contained no such statements. Dkt. 156 at 3-4.

BLUE CROSS BLUE SHIELD OF ILLINOIS'S REPLY
IN SUPPORT OF MOTION TO DECERTIFY THE CLASS - 1
CASE NO. 3:20-CV-06145-RJB

KILPATRICK TOWNSEND 77097183 3

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

Second, *Wit v. United Behav. Health,* 58 F.4th 1080 (9th Cir. 2023) came out after this Court certified the class, and it requires this Court both to deny the injunctive relief Plaintiffs seek and to decertify the class.

**B.     *Wit* requires decertification.**

    **1.     *Wit* applies to Title IX.**

*Wit* compels decertification. Plaintiffs admit that *Wit* establishes that their reprocessing remedy violates ERISA but attempt to avoid *Wit* by claiming that "*Wit*'s holding is limited to ERISA." Dkt. 158 ("Opp.") at 6. It is not, as discussed at length in BCBSIL's Opposition to Motion For Permanent Injunction, Dkt. 161. The *Wit* plaintiffs tried to invent a remedy, "reprocessing," to get around Rule 23's requirements that bar class certification when "there are numerous individualized questions involved in determining Plaintiffs' entitlement to benefits." *Id.*; Dkt. No. 156 at 6-13. The Ninth Circuit concluded that "reprocessing" was only an interim step. "Simply put, reprocessing is not truly the *remedy* that Plaintiffs seek, it is the *means to the remedy* that they seek." *Wit*, 58 F.4th at 1095 (emphasis in original). Because "reprocessing" is the means to the monetary relief Plaintiffs seek, these claims are not available because Plaintiffs chose to seek certification under Rule 23(b)(1) and (b)(2), not Rule 23(b)(3). Dkt. No. 156 at 8–10. Nothing in the Ninth Circuit's reasoning is limited to ERISA.[1]

"Reprocessing" falls outside the scope of the relief authorized by Section 1557, which adopts the enforcement mechanisms of Title IX. 42 U.S.C. § 18116(a). Title IX authorizes only "appropriate relief" that puts the "funding recipient is *on notice* that, by accepting federal funding, it exposes itself to liability of that nature." *Barnes v. Gorman*, 536 U.S. 181, 185 (2002). Reprocessing is not traditional or typical equitable relief, and Plaintiffs have failed to

---

[1] *Wit* is not an outlier. In *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 886 (7th Cir. 2011), the Seventh Circuit held that an injunction requiring the reprocessing of insurance claims under Rule 23(b)(2) was improper because it was actually an action for damages, not injunctive relief. *Id.* at 888-89. The Court held that reprocessing was not an available remedy because while "State Farm's alleged underpayment of the plaintiffs' hail-damage claims is a cognizable wrong in both contract and tort," "the method it uses to adjust claims is not independently actionable." *Id.* at 890. Thus, *Kartman* held that the only remedy available for any individual claim was damages, which precluded certification of the class. *Id.*

BLUE CROSS BLUE SHIELD OF ILLINOIS'S REPLY IN SUPPORT OF MOTION TO DECERTIFY THE CLASS - 2
CASE NO. 3:20-CV-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

KILPATRICK TOWNSEND 77097183 3

identify any authority suggesting BCBSIL was on notice of a potential "reprocessing" remedy when it accepted federal funds—particularly one requiring it potentially to violate its duties under ERISA by paying claims not authorized under the plans it administers. As *Wit* emphasized, nothing in federal law places a plan or ERISA plan administrator—including BCBSIL—on notice of the potential for any reprocessing remedy. *See Kartman,* 634 F.3d at 893.

Plaintiffs contend that *Senne v. Kansas City Royals Baseball Corp.*, No. 14-CV-00608-JCS, 2021 WL 3129460, at *3 (N.D. Cal. July 23, 2021), held that requiring employers to pay wages was "damages" defeating Rule 23(b)(2) certification. But *Senne* also certified a Rule 23(b)(3) damages class. *Id.* at *3. Nothing in *Senne* justifies damages for a Rule 23(b)(2) class.

*United States v. Ironworkers Loc. 86*, 443 F.2d 544 (9th Cir. 1971), upon which Plaintiffs also rely, does not support their reprocessing remedy. There, the court issued orders providing relief on a forward-looking basis; the court awarded no damages and did not establish any sort of reprocessing remedy that would lead to individual payments. *Id.* at 548.

**2.    Plaintiffs' reprocessing remedy fails because it relies on ERISA's enforcement scheme.**

Plaintiffs assert that this Court may disregard *Wit* because they did not assert an ERISA claim. But the class here consists solely of members of ERISA plans complaining of the denial of ERISA-governed benefits and seeking reprocessing and payment by those ERISA plans. Dkt. 143 at 2-3. Plaintiffs simply cannot dodge the application of ERISA. Tellingly, before the Ninth Circuit decided *Wit*, Plaintiffs relied heavily on ERISA cases as authority to support their reprocessing remedy and particularly on the very district court opinion the Ninth Circuit reversed in *Wit*. Dkt. 99 at 3-4, 7-8. Further, acknowledging the centrality of ERISA requirements to this case, Plaintiffs have requested abatement of the plans' limitations periods for ERISA benefits claims. Dkt. 153 at 9-10.

This Court's certification order necessarily relies on the enforcement mechanisms required by ERISA and the summary plan descriptions. "ERISA section 502(a) contains a

BLUE CROSS BLUE SHIELD OF ILLINOIS'S REPLY
IN SUPPORT OF MOTION TO DECERTIFY THE CLASS - 3
CASE NO. 3:20-CV-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

KILPATRICK TOWNSEND 77097183 3

comprehensive scheme of civil remedies to enforce ERISA's provisions." *Cleghorn v. Blue Shield of California*, 408 F.3d 1222, 1225 (9th Cir. 2005). These remedies prescribe how claims must be processed. *Diaz v. United Agric. Employee Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995). As an ERISA TPA, BCBSIL must comply with ERISA and follow all plan terms, including the claim and appeal procedures established pursuant to ERISA. 29 U.S.C. § 1104(a)(1)(D).

C.   **Plaintiffs Cannot Satisfy Rule 23.**

   1.   **Plaintiffs cannot satisfy Rule 23(a)'s commonality and typicality requirements.**

*Wit* defeats Plaintiffs' Rule 23(a) arguments because any recovery of benefits or a declaration of rights under the 398 plans at issue would depend upon "numerous individualized questions involved in determining Plaintiffs' entitlement to benefits," given the "varying [plan language] that appl[ies] to their claims and their individual medical circumstances." 58 F.4th at 1094. Each plan member must establish medical necessity. Plaintiffs' proposed injunction therefore could not provide "systemwide relief" to every member of the class because they seek merely a precursor to that ultimate relief.[2]

Plaintiffs attempt to salvage their claims for monetary damages by pointing to provisions of CHI's Administrative Services Agreements ("ASA") and Benefit Program Applications ("BPA") with BCBSIL. To begin, these arguments regarding CHI's duty to reimburse payments confirm that Plaintiffs seek *money*, something they cannot recover here.

More fundamentally, Plaintiffs' arguments misstate what the agreements provide. Plaintiffs emphasize that, in the event of contract termination, BCBSIL will process and pay "runoff" claims for services members received while BCBSIL was the TPA for a fixed period,

---

[2] Plaintiffs rely on *Melendres v. Arpaio*, 784 F.3d 1254 (9th Cir. 2015). But *Melendres* demonstrates that Plaintiffs' class fails the typicality analysis. The court explained that even where a class "states the same general constitutional injury," it cannot be certified "if the remedy sought by the named plaintiffs would not redress the injury of the unnamed plaintiffs." *Id.* at 1264. Likewise, as *Wit* held, reprocessing is not a remedy as absent class members' claims must still undergo the individualized inquiry required by ERISA and the plan language.

BLUE CROSS BLUE SHIELD OF ILLINOIS'S REPLY IN SUPPORT OF MOTION TO DECERTIFY THE CLASS - 4
CASE NO. 3:20-CV-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

KILPATRICK TOWNSEND 77097183 3

and then CHI will reimburse BCBSIL. Dkt. 160-1. But the "runoff" provision does not change what claims are covered or who makes the coverage decision. During this period, CHI could still direct BCBSIL not to pay any claims for transgender-related care, and it still has a policy requiring all transgender claims to be sent directly to CHI for a final determination. Dkt. 94-1, Ex. E; Dkt. 156 at 3-4. In other words, for even the named plaintiff, reprocessing will not change the outcome because BCBSIL does not have the discretion to decide whether the services are covered, let alone to pay for them. But more importantly, Plaintiffs have not submitted evidence that any other plans (let alone all of them) contain provisions like those in the CHI agreements.

### 2. Plaintiffs cannot satisfy Rule 23(b).

Plaintiffs cannot satisfy Rule 23(b) because "individualized monetary claims belong in Rule 23(b)(3) rather than Rule 23(b)(2)." *Wang v. Chinese Daily News,* 737 F.3d 538, 544 (9th Cir. 2013). In support of certification under Rule 23(b)(1), Plaintiffs contend class certification will help avoid the risk of inconsistent adjudications because class members will not have to re-litigate whether the exclusion violates Section 1557. Opp. at 9. But that is not the Rule 23(b)(1) standard. Rule 23(b)(1)(B) applies only when litigation vis-à-vis one class member would "as a practical matter, be dispositive" with respect to other class members. Plaintiffs never demonstrate why that is true here. Indeed, Plaintiffs admit the plans who would fund the benefits would not be bound and could countermand BCBSIL or replace it as TPA. Opp. at 12. The stare decisis or precedential effect of this Court's ruling is not reason to certify the class under Rule 23(b)(1). *Hesse v. Sprint Spectrum*, No. C06-0592-JCC, 2007 WL 9775533, at *2, n.1 (W.D. Wash. May 18, 2007) ("[T]he practical impediment must be more than the mere stare decisis impact of the Court's decision."). Their argument essentially is that individual litigation would be inefficient—but that is a 23(b)(3) rationale, not a (b)(1) rationale.

To support Rule 23(b)(1) certification, Plaintiffs again cite only Social Security Administration cases. These cases do not help them. Dkt. 161 at 4-5. The other cases Plaintiffs cite do not involve reprocessing claims on a class-wide basis. Neither *Pauma Band of Luiseno*

BLUE CROSS BLUE SHIELD OF ILLINOIS'S REPLY
IN SUPPORT OF MOTION TO DECERTIFY THE CLASS - 5
CASE NO. 3:20-CV-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

KILPATRICK TOWNSEND 77097183 3

*Mission Indians*, 813 F.3d 1155 (9th Cir. 2015), nor *Booth v. Churner*, 532 U.S. 731 (2001), is a class action, and they involve the Indian Gaming Act and the Prison Litigation Reform Act, respectively. And in *Huynh v. Harasz*, No. 14-CV-02367-LHK, 2015 WL 7015567 (N.D. Cal. Nov. 12, 2015), the plaintiffs sought certification pursuant to Rule 23(b)(3) for their money damages claims. *Id.* at *10.

No case Plaintiffs cite in support of Rule 23(b)(2) certification involved reprocessing insurance benefit claims on a class-wide basis, and several are no longer good law. *Defs. of Wildlife v. U.S. Env't Prot. Agency*, 420 F.3d 946 (9th Cir. 2005), *rev'd and remanded sub nom. Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644 (2007) (addressing remedies available under the Administrative Procedure Act and the Endangered Species Act, with no discussion of reprocessing); *Idaho Watersheds Project v. Hahn*, 307 F.3d 815 (9th Cir. 2002), *abrogated by Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139 (2010) (addressing remedies available under the National Environmental Policy Act, with no discussion of reprocessing); *United States v. Navajo Freight Lines, Inc.*, 525 F.2d 1318 (9th Cir. 1975) (limited to claims involving adjustments of seniority rights under Title VII, with no discussion of reprocessing); *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843 (9th Cir. 2014) (addressing retaliation claims brought against a school district in a Title IX athletics case, with no reprocessing analysis); *E.E.O.C. v. Hacienda Hotel*, 881 F.2d 1504 (9th Cir. 1989) (remedies available under Title VII for pregnancy discrimination claims, with no reprocessing analysis). The cases Plaintiffs cite do not support their assertion that the Ninth Circuit has "long approved" of permanent injunctive relief "even when the injunction requires reprocessing." Dkt. 158 at 12.

**D.   Injunctive Relief Is Not Appropriate Because It Would Disproportionately Burden BCBSIL.**

The Court cannot issue the requested injunctive relief because it would unduly and disproportionately burden BCBSIL. Dkt. 161 at 6-7. Plaintiffs do not dispute that the proposed injunction binds only BCBSIL, that plans could ignore the Court's injunction and replace BCBSIL, and that the injunction will not bind BCBSIL's competitors, who could continue to

BLUE CROSS BLUE SHIELD OF ILLINOIS'S REPLY
IN SUPPORT OF MOTION TO DECERTIFY THE CLASS - 6
CASE NO. 3:20-CV-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

KILPATRICK TOWNSEND 77097183 3

administer any plan instead of BCBSIL. Opp. at 12. Plaintiffs' only response is to express hope the injunction will serve as a "signal" to BCBSIL's competitors. Opp. at 13.

Plaintiffs cannot contest that harm to BCBSIL greatly outweighs any possible benefit to the class, particularly given that a large segment of the class would receive no benefit from the injunction because (1) their non-party employers would not be bound by any injunction; (2) their non-party employers would not be required to pay any claim; and (3) BCBSIL has no current relationship more than one quarter of the plans at issue.

## II.     CONCLUSION

The Court should grant BCBSIL's Motion to Decertify.

Dated this 3rd day of March, 2023.

KILPATRICK TOWNSEND & STOCKTON LLP

By        /s/ Gwendolyn C. Payton
      Gwendolyn C. Payton, WSBA No. 26752
      gpayton@kilpatricktownsend.com
      John R. Neeleman, WSBA No. 19752
      jneeleman@kilpatricktownsend.com
      1420 Fifth Ave., Suite 3700
      Seattle, WA 98101
      Telephone: (206) 626-7714
      Facsimile: (206) 623-6793

*Counsel for Blue Cross Blue Shield of Illinois*

I certify that this memorandum contains 2,301 words, in compliance with the Local Civil Rules.

BLUE CROSS BLUE SHIELD OF ILLINOIS'S REPLY IN SUPPORT OF MOTION TO DECERTIFY THE CLASS - 7
CASE NO. 3:20-CV-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

KILPATRICK TOWNSEND 77097183 3

# CERTIFICATE OF SERVICE

I certify that on the date indicated below I caused a copy of the foregoing document, BLUE CROSS BLUE SHIELD OF ILLINOIS'S REPLY IN SUPPORT OF MOTION TO DECERTIFY THE CLASS, to be filed with the Clerk of the Court via the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| **Eleanor Hamburger**<br>**Daniel S Gross**<br>SIRIANNI YOUTZ SPOONEMORE HAMBURGER<br>3101 WESTERN AVENUE STE 350<br>SEATTLE, WA 98121<br>206-223-0303<br>Fax: 206-223-0246<br>Email: ehamburger@sylaw.com<br>Email: dgross@sylaw.com | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| **Jennifer C Pizer**<br>LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC<br>4221 WILSHIRE BLVD., STE 280<br>LOS ANGELES, CA 90010<br>213-382-7600<br>Email: jpizer@lambdalegal.org | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| **Omar Gonzalez-Pagan**<br>LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC. (NY)<br>120 WALL STREET<br>19TH FLOOR<br>NEW YORK, NY 10005<br>212-809-8585<br>Email: ogonzalez-pagan@lambdalegal.org | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |

DATED this 3rd day of March, 2023.

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Gwendolyn C. Payton*
Gwendolyn C. Payton, WSBA #26752

*Counsel for Blue Cross Blue Shield of Illinois*

CERTIFICATE OF SERVICE - 8
CASE NO. 3:20-CV-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

KILPATRICK TOWNSEND 77097183 3