The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

C.P., by and through his parents, Patricia Pritchard and Nolle Pritchard on his own behalf and on behalf of similarly situated others; and PATRICIA PRITCHARD,

Plaintiffs,

v.

BLUE CROSS BLUE SHIELD OF ILLINOIS,

Defendant.

No. 3:20-cv-06145-RJB

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR CLASSWIDE DECLARATORY AND PERMANENT INJUNCTIVE RELIEF AND AWARD OF INDIVIDUAL NOMINAL DAMAGES TO PLAINTIFFS C.P. AND PRITCHARD

**Note on Motion Calendar:
March 3, 2023**

PLAINTIFFS' REPLY IN SUPORT OF THEIR MOTION FOR CLASSWIDE DECLARATORY RELIEF, ETC.
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

**Table of Contents**

I.    INTRODUCTION ........................................................................................................... 1

II.   ARGUMENT .................................................................................................................. 1

    A.   Declaratory Judgment and Nominal Damages for C.P.
        and Ms. Pritchard Should Be Entered. .................................................................. 1

    B.   Injunctive Relief Should Be Ordered. ................................................................... 2

        1.   *Wit* Is Inapplicable. ....................................................................................... 2

        2.   *Cummings* and *Barnes* Confirm That Equitable Relief
           Is Available under Section 1557 and Title IX. .............................................. 2

        3.   No Adequate Remedy at Law. ....................................................................... 3

        4.   The Balance of the Hardships Favors the Class. ........................................... 3

        5.   Equitable Tolling Is Proper. ........................................................................... 4

    C.   Class Notice Should Be Ordered at BCBSIL's Expense. ...................................... 6

    D.   Scope of Injunction Is Proper. ............................................................................... 7

III.  CONCLUSION ............................................................................................................... 7

PLAINTIFFS' REPLY IN SUPORT OF THEIR MOTION
FOR CLASSWIDE DECLARATORY RELIEF, ETC. – ii
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

## I. INTRODUCTION

The Court may use all of its equitable powers to remedy illegal discrimination for class members, having concluded that Defendant Blue Cross Blue Shield of Illinois ("BCBSIL") discriminates on the basis of sex when it administers the Exclusions. *See* Dkt. No. 148.

Courts have "wide discretion in exercising their equitable powers to fashion the most complete relief possible" to restore those injured to where they would have been, but for the unlawful discrimination. *Sangster v. United Air Lines, Inc.,* 633 F.2d 864, 867 (9th Cir. 1980); *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 868 (9th Cir. 2014) ("the district court had broad powers to tailor equitable relief so as to vindicate the rights" protected under Title IX). This is true for sex discrimination found pursuant to Section 1557. *See, e.g., Fain v. Crouch*, 2022 U.S. Dist. LEXIS 137084, at *45 (S.D. W. Va. Aug. 2, 2022) (enjoining defendants "from enforcing or applying [a gender-affirming care] exclusion" under Section 1557); *Flack v. Wis. Dep't of Health Servs.,* 395 F. Supp. 3d 1001, 1003 (W.D. Wis. 2019) (same); *Boyden v. Conlin,* 341 F. Supp. 3d 979, 1005 (W.D. Wis. 2018) (plaintiffs have a right to pursue equitable relief for violations of Section 1557). The Court should order the declaratory, injunctive, and equitable relief requested by the Plaintiff Class, and the nominal damages sought by C.P. and his mother, Patricia Pritchard, on their own behalf.

## II. ARGUMENT

### A. Declaratory Judgment and Nominal Damages for C.P. and Ms. Pritchard Should Be Entered.

BCBSIL does not address and therefore waives any objection to the Class's proposed declaratory judgment and award of nominal damages to C.P. and Ms. Pritchard. *See* Dkt. No. 161.

PLAINTIFFS' REPLY IN SUPORT OF THEIR MOTION
FOR CLASSWIDE DECLARATORY RELIEF, ETC. – 1
[Case No. 3:20-cv-06145-RJB]

Sirianni Youtz
Spoonemore Hamburger pllc
3101 Western Avenue, Suite 350
Seattle, Washington 98121
Tel. (206) 223-0303 Fax (206) 223-0246

**B.     Injunctive Relief Should Be Ordered.**

All of BCBSIL's objections are meritless:

**1.     *Wit* Is Inapplicable.**

BCBSIL continues to argue that the decision in *Wit v. United Behav. Health*, 2023 U.S. App. LEXIS 2039, *26 (9th Cir. Jan. 26, 2023), prevents the Court from issuing injunctive relief that requires reprocessing, even while it concedes that *Wit* only applies to ERISA claims. Dkt. No. 161 at 1 (acknowledging that *Wit* applies only "in the ERISA context"). The *Wit* holding is far more limited, concluding that 29 U.S.C. § 1132(a)(1)(B) does not provide for injunctive relief. *Id.,* 2023 U.S. App. LEXIS 2039 at *26. To expand *Wit's* scope to apply to all of ERISA and Section 1557, BCBSIL makes the wholly unsupported claim that "what is true for ERISA is true for Section 1557." *Id.* at 2. BCBSIL offers no citation for this because none exists. As argued previously (*see* Dkt. Nos. 153 and 158), *Wit* does not apply to Section 1557. Nothing in ERISA limits the remedies available under Section 1557. 29 U.S.C. § 1144(d); Dkt. No. 148 at 20.

**2.     *Cummings* and *Barnes* Confirm That Equitable Relief Is Available under Section 1557 and Title IX.**

BCBSIL argues that *Cummings v. Premer Rehab Keller, P.L.L.C.,* 142 S. Ct. 1562, 1574 (2022), demonstrates that injunctive relief (including reprocessing) is an "idiosyncratic or exceptional" remedy under Section 1557. Dkt. No. 161 at 2. BCBSIL did not read the case closely. In *Cummings,* the Supreme Court *reaffirmed* that Section 1557 provides for injunctive relief. *See id.* at 1568 ("private plaintiffs may secure injunctive or monetary relief in such suits").

Nor does *Barnes v. Gorman,* 536 U.S. 181, 187 (2002), assist BCBSIL. In *Barnes,* the Supreme Court concluded that "where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, ***federal courts may use any available remedy to make good the wrong done.***" *Id.* at 189 (emphasis added). In *Barnes,*

PLAINTIFFS' REPLY IN SUPORT OF THEIR MOTION
FOR CLASSWIDE DECLARATORY RELIEF, ETC. – 2
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

just like in *Cummings,* the Supreme Court specifically mentioned injunctive relief as a form of traditional contract remedy that is available under Title IX. *Id.* at 187.

### 3. No Adequate Remedy at Law.

The Ninth Circuit holds that the loss of access to medically necessary health coverage is "irreparable harm" which is often "indistinguishable" from the lack of an adequate remedy at law. *M.R. v. Dreyfus*, 663 F.3d 1100, 1115 (9th Cir. 2011); *Mitchell v. 3PL Sys.,* 2013 U.S. Dist. LEXIS 199123, at *12-13 (C.D. Cal. Apr. 8, 2013). Here, as in other cases involving medical treatment, "monetary damages proposed by Defendants will not … cure the medical harms caused by the denial of timely health care." *Karnoski v. Trump,* 2017 U.S. Dist. LEXIS 203481, at *29-30 (W.D. Wash. Dec. 11, 2017); *see also Flack v. Wis. Dept. of Health Servs.,* 328 F. Supp. 3d 931, 946 (W.D. Wis. 2018) (same).

BCBSIL's reliance on *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996), is misplaced. *Varity* is another ERISA case that interpreted the narrow scope of available remedies under 29 U.S.C. § 1132(a). It does not address equitable relief available under Title IX, or Section 1557.

### 4. The Balance of the Hardships Favors the Class.

BCBSIL argues that the Court should permit it to continue to violate Section 1557 because an injunction would burden BCBSIL and provide an advantage to its competitors. Dkt. No. 161 at 5. BCBSIL provides no evidence of any such "burden."[1]

BCBSIL experiences no "burden" when it is ordered to comply with the law. *BMW of N. Am., LLC v. Rocco,* 2020 U.S. Dist. LEXIS 217040, at *34 (C.D. Cal. Nov. 18, 2020); *Deckers Outdoor Corp. v. Ozwear Connection Pty, Ltd.,* 2014 U.S. Dist. LEXIS 132169,

---

[1] BCBSIL's claim that competitors will continue to discriminate in the face of the proposed declaratory and injunctive order is dubious. The proposed Order, if issued, will likely motivate other TPAs subject to Section 1557 to cease similar discriminatory practices.

PLAINTIFFS' REPLY IN SUPORT OF THEIR MOTION FOR CLASSWIDE DECLARATORY RELIEF, ETC. – 3
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

at *32 (C.D. Cal. Sep. 18, 2014). That BCBSIL's competitors may continue to engage in illegal discrimination does not excuse BCBSIL.

### 5. Equitable Tolling Is Proper.

Equitable tolling is an appropriate remedy for illegal discrimination when (a) the class member diligently pursued their claim; (b) they were misinformed about the claim by defendant; and (c) they relied upon that misinformation, causing them to fail to exhaust any administrative remedies. *Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2001); *see also, Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013). All of the grounds for equitable tolling are met:

*First*, by definition, each class member diligently pursued coverage by submitting pre-service requests or post-service claims for gender-affirming care that were denied by BCBSIL based upon the Exclusions (rather than, for example, untimeliness).

*Second*, each class member's denial was based on BCBSIL's decision to administer the discriminatory exclusions; each is entitled to have their claims administered without discrimination. Thus, each class member was misinformed about their claims when they received the denial.

*Third*, relying on those denials, class members were entitled to conclude that any further claims submission or appeal by class members was futile. *See* Dkt. Nos. 155 and 159. Indeed, BCBSIL's Rule 30(b)(6) witnesses testified that it administered the Exclusions the same way every time, denying coverage if the service was determined to be related to "gender dysphoria" based solely on the diagnostic and procedural codes in the claims. Dkt. No. 84-6 at 69:8-71:4; Dkt. No. 84-9 at 40:17-22 (gender dysphoria is the condition that triggers the application of the Exclusions). Appeal was futile (but exhausted by C.P.). *Aleknagik Natives, Ltd. v. Andrus*, 648 F.2d 496, 499 (9th Cir. 1980).

PLAINTIFFS' REPLY IN SUPORT OF THEIR MOTION FOR CLASSWIDE DECLARATORY RELIEF, ETC. – 4
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

Ignoring both the undisputed facts and established caselaw, BCBSIL argues that *Wit* and various ERISA cases prohibit the use of "equitable tolling" as a remedy here. Dkt. No. 161 at 7-8. But this is not an ERISA case and, as this Court has already concluded, ERISA does not limit or narrow the broad remedies available under Section 1557. Dkt. No. 148. Even under ERISA, appeal was futile. *See Horan v. Kaiser Steel Ret. Plan*, 947 F.2d 1412, 1416 (9th Cir. 1991) (where a defendant establishes its position unequivocally, exhaustion may be waived).[2]

BCBSIL also argues that class members who timely submitted their claims and pre-service authorizations, only to be denied due to BCBSIL's discrimination, should remain subject to the original appeal timelines because, under ordinary circumstances, those appeal timelines would be reasonable and fair. Dkt. No. 161 at 16-17. BCBSIL asks the wrong question. The issue here is not whether, in theory, the BCBSIL timelines are reasonable. The real question in this remedies phase is: having found that BCBSIL engaged in illegal discrimination, what equitable remedies may the Court use to undo the injury? Equitable tolling is an available remedy that the Court can and should use to vindicate class members' rights.

This Court's decision in *Thornton v. Comm'r of Soc. Sec.*, 570 F. Supp. 3d 1010 (W.D. Wash. 2020), is instructive. In *Thornton*, the Court was presented with an unlawful categorical policy that led to the denial benefits to class members. After certifying the class and holding that the policy was unconstitutional, the Court held that "it would be futile to require exhaustion" of the internal appeals processes of the Social Security Administration given its "***blanket*** refusal to consider claims for survivor's benefits," and that the "the 60-day limitation on filing a district court appeal" should be waived

---

[2] BCBSIL cites to *Commc'ns Workers of Am. v. AT&T*, 40 F.3d 426, 432 (1994), for its argument that exhaustion by absent class members should not be excused. *See* Dkt. No. 161 at 16. That case is consistent with *Horan,* holding that exhaustion is waived when it is "clearly useless." *Id.*

PLAINTIFFS' REPLY IN SUPORT OF THEIR MOTION
FOR CLASSWIDE DECLARATORY RELIEF, ETC. – 5
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

based on "the equities in th[e] case." *Id.* at 1025–26. Indeed, the Court noted that "[i]t makes little sense to waive the exhaustion requirement but strictly enforce the limitations period," as BCBSIL appears to request. *Id.* at 1026. The Court should do the same here.

BCBSIL also argues that class members, like C.P. and M.N., who submitted pre-authorization requests and were denied by BCBSIL, should have submitted post-service claims, arguing that the pre-service authorization requests were not "sufficient to apprise" BCBSIL of the class members' claims. Dkt. No. 161 at 16. This is not true. **First,** even under ERISA, a denial of a pre-service authorization request is equivalent to a post-service denial; both are "adverse benefit determinations." 29 C.F.R. § 2560.503-1(m)(2)-(4). **Second,** having been denied pre-service, class members need not submit post-service claims when to do so would be futile. *See Desert Outdoor Advert. v. City of Moreno Valley*, 103 F.3d 814, 818 (9th Cir. 1996). Class members with pre-service denials did not need to do anything further to apprise BCBSIL of their claims.

**C.   Class Notice Should Be Ordered at BCBSIL's Expense.**

The class notice sought here is a form of equitable relief. *See, e.g., Thornton v. Comm'r of Soc. Sec.*, 2020 U.S. Dist. LEXIS 220711, at *4-5 (W.D. Wash. Nov. 24, 2020); *Z.D. v. Grp. Health Coop.*, 2012 U.S. Dist. LEXIS 76498, at *35 (W.D. Wash. June 1, 2012); *Elkins v. Dreyfus*, 2011 U.S. Dist. LEXIS 86782, at *34 (W.D. Wash. Aug. 5, 2011).

If the Court orders declaratory and injunctive relief, class members must be notified of the Court's decision, or there is no meaningful way for class members to be informed of and exercise the rights awarded. Class notice in this instance is required, not for due process purposes (since there is no ability to opt out of the injunctive class), **but as a remedy.** *See, e.g., EEOC v. DCP Midstream, L.P.*, 608 F. Supp. 2d 107, 112 (D. Me. 2009) (in discrimination case, injunctive relief included remedial notice by defendant).

PLAINTIFFS' REPLY IN SUPORT OF THEIR MOTION
FOR CLASSWIDE DECLARATORY RELIEF, ETC. – 6
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

Here, where the Class has prevailed on the merits, the cost of such remedial notice is properly borne by BCBSIL, the non-prevailing party in this fee- and cost-shifting case.

### D. Scope of Injunction Is Proper.

BCBSIL objects to the scope of the proposed injunctive order including BCBSIL's "agents, employees, successors and all others acting in concert with them" as violating Rule 65(d)(2) because it extends beyond the class and is too vague. Dkt. No. 161 at 11–12. The Class disagrees but is open to wording that addresses BCBSIL's concerns. The injunctive order to be issued by the Court should enjoin "BCBSIL, Health Care Services Corporation (of which BCBSIL is a division), and their agents or others under their control" from administering the Exclusions that are part of the class definition. Plaintiff Class agrees that the injunctive order does not reach non-party employers. An amended proposed Order is filed with this reply.

### III. CONCLUSION

The Court should order the proposed declaratory judgment, nominal damages for C.P. and Ms. Pritchard, and injunctive and other equitable relief sought by the Class.

DATED: March 3, 2023.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

 /s/ Eleanor Hamburger
Eleanor Hamburger (WSBA #26478)
Daniel S. Gross (WSBA #23992)
3101 Western Avenue, Suite 350
Seattle, WA 98121
Tel. (206) 223-0303; Fax (206) 223-0246
Email: ehamburger@sylaw.com
        dgross@sylaw.com

*I certify that the foregoing contains 2,083 words, in compliance with the Local Civil Rules.*

PLAINTIFFS' REPLY IN SUPORT OF THEIR MOTION
FOR CLASSWIDE DECLARATORY RELIEF, ETC. – 7
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.

*/s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan, *pro hac vice*
120 Wall Street, 19th Floor
New York, NY 10005
Tel. (212) 809-8585; Fax (212) 809-0055
Email: ogonzalez-pagan@lambdalegal.org

Jennifer C. Pizer, *pro hac vice*
4221 Wilshire Boulevard, Suite 280
Los Angeles, CA 90010
Tel. (213) 382-7600; Fax (213) 351-6050
Email: jpizer@lambdalegal.org

Attorneys for Plaintiffs and the Class

PLAINTIFFS' REPLY IN SUPORT OF THEIR MOTION
FOR CLASSWIDE DECLARATORY RELIEF, ETC. – 8
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246