THE HONORABLE ROBERT J. BRYAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| C. P., by and through his parents, Patricia Pritchard and Nolle Pritchard; and PATRICIA PRITCHARD,<br><br>Plaintiffs,<br><br>vs.<br><br>BLUE CROSS BLUE SHIELD OF ILLINOIS,<br><br>Defendant. | Case No. 3:20-cv-06145-RJB<br><br>**BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE** |

BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE
TO THE COURT'S ORDER TO SHOW CAUSE
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND 77152748 4

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

Defendant Blue Cross Blue Shield of Illinois ("BCBSIL") hereby responds to the Court's 14, 2023 Order to Show Cause (Dkt. 166). The Court asks if there is any reason why it should not stay this action pending the Ninth Circuit's decision on the *en banc* petition in *Wit v. United Behavioral Health*, 58 F.4th 1080 (9th Cir. 2023), *pet. for rehearing en banc pending*. The Order to Show Cause requests that the parties "show cause, in writing, if any they have, why this case should not be stayed until the Ninth Circuit determines whether to grant some or all" of the petition in *Wit*.

It is appropriate for this Court to stay proceedings pending the outcome of the petition for rehearing in *Wit*. For the reasons previously briefed and discussed at the hearing of March 9, 2023, the panel decision in *Wit* compels vacatur of the class certification order. BCBSIL maintains that other reasons also warrant vacating the class certification ruling, and this Court could vacate the order on any of those bases. *See* Dkt. 156. But BCBS does not object to this Court waiting for the final disposition of *Wit* before considering the matter further.

*Wit* addresses the precise issues currently before this Court. As *Wit* explains, certification under Rule 23(b)(1) or (b)(2) is appropriate only if *this Court's* injunctive relief ruling in the named Plaintiffs' case would have a broad dispositive effect on all absent class members. *Wit* therefore prohibits certification of claims that 1) actually seek money damages, as is the case here; or 2) fail to provide final injunctive relief, as is also the case here.

Pursuant to *Wit*, a Rule 23(b)(1) or (b)(2) class like the Court certified in this case 1) may not claim monetary relief, and 2) the class-wide injunctive relief requested must be final. 58 F. 4th at 1094-95. *Wit* also holds that ERISA does not authorize the Court to issue a class-wide processing or reprocessing injunction.

Because *Wit* is dispositive of the pending motions, a stay is appropriate. It makes little sense for the Court to address BCBSIL's other reasons for decertifying the class before the Ninth Circuit in *Wit* determines whether to clarify the panel's holding or to decide the case on alternative grounds.

BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE - 1
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

KILPATRICK TOWNSEND 77152748 4

Plaintiffs claim that *Wit* is off-point because it arose from an ERISA claim, not a claim under Section 1557. Their argument is doubly wrong. First, Plaintiffs' effort to narrowly interpret *Wit* fails. *Wit* reaffirms broadly that Rule 23(b)(1) and (b)(2) do not allow claims for damages that masquerade as injunctive relief or class-wide claims that fail to provide final relief. The class certification here suffers from both of these flaws.

Second, in any event, here, the reprocessing that Plaintiffs ask this Court to order must comply with ERISA. The class consists solely of members of ERISA plans complaining of the denial of ERISA-governed benefits and seeking reprocessing and payment by those ERISA plans. Dkt. 143 at 2-3. Any reprocessing of claims by the plans must, therefore, comply with ERISA. *Diaz v. United Agric. Employee Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995). Indeed, this Court's certification order necessarily relies on the enforcement mechanisms provided by ERISA and the procedures provided by the plans themselves pursuant to ERISA. ERISA section 502(a) "contains a comprehensive scheme of civil remedies to enforce ERISA's provisions." *Cleghorn v. Blue Shield of California*, 408 F.3d 1222, 1225 (9th Cir. 2005). As an ERISA third-party administrator, BCBSIL must comply with ERISA and follow all plan terms, including the claim and appeal procedures established pursuant to ERISA. 29 U.S.C. § 1104(a)(1)(D).

In fact, the Ninth Circuit reversed the district court in *Wit* for ordering a remedy that was not available to members whose plans were governed by ERISA's statutory scheme. *See Wit*, 58 F.4th at 1095 ("The district court abused its discretion in accepting the erroneous legal view that reprocessing is itself a remedy under § 1132(a)(1)(B) independent from the express statutory remedies that Congress created . . . . Doing so improperly allowed Plaintiffs to use Rule 23 as a vehicle for enlarging or modifying their substantive rights where ERISA does not provide reprocessing as a standalone remedy.").

*Wit* establishes that BCBSIL should prevail in its Motion to Decertify and Plaintiffs' Motion for Injunction and Declaratory relief. Although BCBSIL relies on other grounds for decertifying the class, it would be prudent for this Court to stay this action until the Ninth Circuit

BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE
TO THE COURT'S ORDER TO SHOW CAUSE - 2
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

KILPATRICK TOWNSEND 77152748 4

decides the *en banc* petition in *Wit*.

Dated this 31st day of March, 2023.

           KILPATRICK TOWNSEND & STOCKTON LLP

           By */s/ Gwendolyn C. Payton*
              Gwendolyn C. Payton, WSBA No. 26752
              gpayton@kilpatricktownsend.com
              John R. Neeleman, WSBA No. 19752
              jneeleman@kilpatricktownsend.com
              1420 Fifth Ave., Suite 3700
              Seattle, WA 98101
              Telephone: (206) 626-7714
              Facsimile: (206) 623-6793

           *Counsel for Blue Cross Blue Shield of Illinois*

BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE - 3
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

KILPATRICK TOWNSEND 77152748 4

# CERTIFICATE OF SERVICE

I certify that on the date indicated below I caused a copy of the foregoing document, BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE, to be filed with the Clerk of the Court via the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| **Eleanor Hamburger**<br>SIRIANNI YOUTZ SPOONEMORE HAMBURGER<br>3101 WESTERN AVENUE STE 350<br>SEATTLE, WA 98121<br>206-223-0303<br>Fax: 206-223-0246<br>Email: ehamburger@sylaw.com | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| **Jennifer C Pizer**<br>LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC<br>4221 WILSHIRE BLVD., STE 280<br>LOS ANGELES, CA 90010<br>213-382-7600<br>Email: jpizer@lambdalegal.org | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| **Omar Gonzalez-Pagan**<br>LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC. (NY)<br>120 WALL STREET<br>19TH FLOOR<br>NEW YORK, NY 10005<br>212-809-8585<br>Email: ogonzalez-pagan@lambdalegal.org | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |

DATED this 31st day of March 2023.

KILPATRICK TOWNSEND & STOCKTON LLP

By: /s/ Gwendolyn C. Payton
Gwendolyn C. Payton, WSBA #26752

*Counsel for Blue Cross Blue Shield of Illinois*

CERTIFICATE OF SERVICE - 4

Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

KILPATRICK TOWNSEND 77152748 4