The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

C.P., by and through his parents, Patricia Pritchard and Nolle Pritchard on his own behalf and on behalf of similarly situated others; and PATRICIA PRITCHARD,

　　　　　　　　Plaintiffs,

　　v.

BLUE CROSS BLUE SHIELD OF ILLINOIS,

　　　　　　　　Defendant.

No. 3:20-cv-06145-RJB

PLAINTIFF CLASS'S RESPONSE TO ORDER TO SHOW CAUSE (Dkt. No. 166)

**Note on Motion Calendar:**
　March 31, 2023

PLAINTIFF CLASS'S RESPONSE TO
ORDER TO SHOW CAUSE (DKT. NO. 166)
[Case No. 3:20-cv-06145-RJB]

Sirianni Youtz
Spoonemore Hamburger pllc
3101 Western Avenue, Suite 350
Seattle, Washington 98121
Tel. (206) 223-0303 Fax (206) 223-0246

## I. INTRODUCTION

This case should not be stayed due to *Wit v. United Behav. Health*, 58 F.4th 1080 (9th Cir. 2023). *Wit* applies only to ERISA claims. It does not apply to claims brought under Section 1557 of the Affordable Care Act ("ACA"). Defendant is wrong, as a matter of law, when it argues "[w]hat is true for ERISA is true for Section 1557." Dkt. No. 161, p. 2:13. To the contrary, "Section 1557 is a separate and distinct anti-discrimination provision of the ACA" that is not incorporated into ERISA. *Grossman v. Dirs. Guild of Am., Inc.,* 2017 U.S. Dist. LEXIS 223142, at *15–17 (C.D. Cal. Mar. 6, 2017).

Section 1557 "creates a new civil right and remedy" based upon the incorporated anti-discrimination laws, *Rumble v. Fairview Health Servs.,* 2015 U.S. Dist. LEXIS 31591, at *29–30, n. 6 (D. Minn. Mar. 16, 2015), one that is completely independent of ERISA. 42 U.S.C. § 18116(b); 29 U.S.C. § 1144(d); *cf. Perez v. Sturgis Pub. Sch.*, 143 S. Ct. 859 (2023). Plaintiffs did not plead ERISA claims and are not subject to limitations on ERISA remedies. *See Fry v. Napoleon Cmty. Sch.,* 580 U.S. 154, 169 (2017) ("[P]laintiff [is] the master of the claim: [H]e identifies its remedial basis—and is subject to exhaustion or not based on that choice"). BCBSIL cannot import and graft ERISA's limited remedies onto Section 1557. The Court should enter the Class's requested relief.

At a minimum, the Court should issue a classwide declaratory judgment and prospective injunctive relief, while the *Wit en banc* procedures take place. The prospective relief is wholly unrelated to *Wit*. The Plaintiff Class should not have to wait the years that a rehearing of *Wit en banc* may take to obtain the declaratory judgment and prospective relief to which they are unequivocally entitled.

## II. ARGUMENT

**A.     Section 1557 Is a Distinct Statute That Is Not Incorporated into ERISA.**

BCBSIL repeatedly claimed without citation that ERISA incorporates Section 1557, and that therefore ERISA limits the remedies available under Section 1557. *See e.g.*, Dkt. No. 161,

PLAINTIFF CLASS'S RESPONSE TO
ORDER TO SHOW CAUSE (DKT. NO. 166) – 1
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

p. 2; Hamburger Decl., *Exh. A,* p. 32:21.[1]  BCBSIL's reasoning is unsound because its premise is flatly wrong.

Only certain portions of the ACA directly relate and are incorporated into ERISA pursuant to 29 U.S.C. § 1185d(a)(1) (incorporating provisions of the Public Health Service Act, as amended by the ACA, into ERISA).  The incorporated ACA requirements are found at 42 U.S.C. §§ 300gg-1 to -28.  *Id.*  These requirements do not include Section 1557, which is not part of the Public Health Service Act.  *See id.*  Section 1557 is a separate statute and is ***not*** incorporated into ERISA.  42 U.S.C. § 18116(a).

In *Grossman,* a federal district court concluded that while Section 1557 provides a "private right and private remedy" for discrimination engaged in by covered health entities, the parts of the ACA that are incorporated into ERISA, 42 U.S.C. §§ 300gg-1 to -28, do not.  *Id.,* 2017 U.S. Dist. LEXIS 223142, at \*15–16.  The Court further concluded that the fact that Congress incorporated those provisions of the ACA into ERISA, implies that their private enforcement may only occur via ERISA's 29 U.S.C. § 1132(a).  *Id.,* at \*16–17.  In contrast, Section 1557 was held up as an example of a free-standing part of the ACA where Congress established a separate private right of action and independent remedies.  *See id.* at \*13–15; *Scott v. St. Louis Univ. Hosp.,* 600 F. Supp. 3d 956, 960 (E.D. Mo. 2022) (ERISA does not pre-empt or limit Section 1557 claims).

This is consistent with the plain language of Section 1557, 42 U.S.C. § 18116, and ERISA's 29 U.S.C. § 1144(d). Section 1557 "conditions a health program or activity's receipt of federal funds upon its consent to be subject to 'the enforcement mechanisms provided for and available under' the statutes listed in § 1557." *Kadel v. N. Carolina State Health Plan for Tchrs. & State Emps.*, 12 F.4th 422, 430 (4th Cir. 2021), *cert. denied*, 142 S. Ct. 861 (2022).  These are "[t]he enforcement mechanisms provided for and available under such title VI, title IX, section

---

[1] No authority supports BCBSIL's assertion that Title IX, which is part of the Education Amendments Act of 1972, is somehow incorporated into ERISA.  Hamburger Decl., *Exh. A,* p. 32:21-23.

PLAINTIFF CLASS'S RESPONSE TO
ORDER TO SHOW CAUSE (DKT. NO. 166) – 2
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

794, or such Age Discrimination Act." 42 U.S.C. § 18116(a). What is more, Section 1557 further and explicitly provides that "nothing in this title … shall be construed to invalidate or limit the rights, remedies, procedures, or legal standards available to individuals aggrieved under … title IX." 42 U.S.C. § 18116(b). At the same time, ERISA specifically does not "alter, amend, modify, invalidate, impair or supersede any law of the United States." 29 U.S.C. § 1144(d). In sum, Section 1557 provides a private right of action and all of the remedies available under Title IX, without limitation by ERISA.

The recently issued Supreme Court decision in *Perez* supports this analysis. In *Perez,* the Supreme Court considered whether and when a plaintiff's claim for relief under the Americans with Disabilities Act ("ADA") was limited by the remedies available under the Individuals with Disabilities Education Act ("IDEA"). The Supreme Court concluded that Section 1415(*l*), the IDEA provision stating that "nothing in [IDEA] shall be construed to restrict" the remedies under the ADA, means what it says, subject only to the limited exception in that statute itself.[2] *Perez*, 143 S. Ct. at 863. The Supreme Court concluded that where a plaintiff pled an ADA remedy unavailable under IDEA, the limited exception under Section 1415(*l*) does not apply. *Perez*, 143 S. Ct. at 863–64; *see also, Fry,* 580 U.S. at 169.

Here, Plaintiffs, for the Class, brought a claim under Section 1557, not ERISA claim. The Class may seek all remedies under Section 1557 (*i.e.,* under Title IX), without regard to any limitations that ERISA might impose on claims made under that statute's authority. This is reflected in the plain language of both statutes. Indeed, this case is easier than *Perez* or *Fry*. Unlike IDEA's Section 1415(*l*), ERISA includes no exception that requires ERISA's remedies to be imposed on any non-ERISA federal law claims. Both ERISA and Section 1557 plainly state that all of the remedies available under Title IX and therefore Section 1557 are not modified

---

[2] The exception contained in IDEA expressly notes that before filing a civil action under other federal laws "seeking relief that is also available" under IDEA, the procedures under IDEA must be exhausted. 143 S. Ct. at 863. ERISA contains no such similar provision.

PLAINTIFF CLASS'S RESPONSE TO
ORDER TO SHOW CAUSE (DKT. NO. 166) – 3
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

or impaired by ERISA. 29 U.S.C. § 1144(d); 42 U.S.C. § 18116(b). BCBSIL identifies no authority to the contrary.

### B.  *Wit* Does Not Apply Beyond ERISA.

BCBSIL misreads *Wit* to apply to all class actions, not just to ERISA class claims. *See* Hamburger Decl., *Exh. A,* p. 23:2–7 ("[I]n *Wit,* the Ninth Circuit told us that reprocessing … is not a remedy that is allowed under Rule 23, period"). But by its very terms, the *Wit* decision is confined to ERISA. *Wit,* 58 F.4th at 1094 ("We review de novo the district court's interpretation of ERISA" … "We must therefore begin with the ERISA statute to determine Plaintiffs' substantive rights"). The *Wit* court concluded that a claim for denial of ERISA benefits under 29 U.S.C. § 1132(a)(1)(B) does not include the remedy of reprocessing. "Because the remedy provided under § 1132(a)(1)(B) is to recover benefits or to enforce or clarify rights under the plan, a remand to the administrator for reevaluation is a ***means*** to the ultimate remedy."[3] *Id.* (emphasis in original). *Wit* only applies to ERISA claims and remedies, which are not present here.

### C.  At a Minimum, The Court Should Order Immediate Classwide Declaratory and Prospective Injunctive Relief.

Plaintiffs are entitled to immediate classwide declaratory judgment. *Bilbrey v. Brown,* 738 F.2d 1462, 1470 (9th Cir. 1984). They are also entitled to an injunction against future discrimination. *See EEOC v. Goodyear Aerospace Corp.,* 813 F.2d 1539, 1544 (9th Cir. 1987) (the trial court abused its discretion when denying a prospective injunction). Without future injunctive relief, BCBSIL will continue to discriminate against C.P. and others with impunity. Dkt. No. 154-1, p. 165:8–18; Dkt. No. 161, pp. 5–6. The Court should not stay this form of relief pending a decision in *Wit* for the following reasons:

---

[3] In *Perez,* the Supreme Court rejected the narrow construction of the term "remedy" urged by BCBSIL*:* "[R]emedy denotes the means of enforcing a right and may come in the form of, say, money damages, an injunction or a declaratory judgment." *Id.,* at *4 (internal quotations omitted). *Wit* only limits the concept of "remedy" under 29 U.S.C. § 1132(a)(1)(B). *See id.,* 58 F.4th at 1094.

PLAINTIFF CLASS'S RESPONSE TO
ORDER TO SHOW CAUSE (DKT. NO. 166) – 4
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

***First,*** any decision in *Wit* will have no impact on the Class's request for declaratory and prospective injunctive relief. *Wit* did not hold that classwide declaratory and prospective injunctive relief is unavailable. Rather, the part of the *Wit* trial court decision granting such relief remains intact. *See Wit,* 58 F.4th at 1090 (the trial court granted declaratory and injunctive relief on the breach of fiduciary duty claim); *id.* at 1097, n. 5; *id.* at 1099 (affirming breach of fiduciary duty claim, except to the extent it relied on findings that defendant's guidelines violated the standards of care). BCBSIL's objection to "reprocessing" does not apply to ***prospective*** injunctive relief.

***Second,*** Plaintiffs would be entitled to immediate declaratory and prospective injunctive relief, even if a class had not been certified. The proposed prospective injunctive order, with or without a class, is essentially the same: BCBSIL, as a covered "health activity" subject to Section 1557, shall not administer any categorical exclusion of coverage of gender affirming care. *See* Fed. R. Civ. P. 65(d)(2). A certified class is not needed to order BCBSIL to obey Section 1557 in all of its activities. *See Bresgal v. Brock*, 843 F.2d 1163, 1170–71 (9th Cir. 1987) (an injunction may benefit persons other than the prevailing party). The Court should proceed to Order this relief presently.

***Third,*** the Court may order prospective injunction and declaratory judgment, even if it stays any retrospective relief until the Ninth Circuit addresses the *Wit* petition. Fed. R. Civ. P. 23(c)(4) permits the Court to decide certain issues on a classwide basis. *See A.F. v. Providence Health Plan*, 300 F.R.D. 474, 484, n. 6 (D. Or. 2013). Pursuant to this Rule, the Court may conclude that class members are entitled to prospective injunctive relief, while staying the issue of retrospective relief, pending a further decision in *Wit*.

### III. CONCLUSION

The Court should order the proposed declaratory judgment, nominal damages for C.P. and Ms. Pritchard, and injunctive and other equitable relief sought by the Class.

PLAINTIFF CLASS'S RESPONSE TO
ORDER TO SHOW CAUSE (DKT. NO. 166) – 5
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

DATED: March 31, 2023.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

 */s/ Eleanor Hamburger*
Eleanor Hamburger (WSBA #26478)
Daniel S. Gross (WSBA #23992)
3101 Western Avenue, Suite 350
Seattle, WA 98121
Tel. (206) 223-0303; Fax (206) 223-0246
Email: ehamburger@sylaw.com
        dgross@sylaw.com

*I certify that the foregoing contains 1,786 words, in compliance with the Local Civil Rules.*

LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.

 */s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan, *pro hac vice*
120 Wall Street, 19th Floor
New York, NY 10005
Tel. (212) 809-8585; Fax (212) 809-0055
Email: ogonzalez-pagan@lambdalegal.org

Jennifer C. Pizer, *pro hac vice*
4221 Wilshire Boulevard, Suite 280
Los Angeles, CA 90010
Tel. (213) 382-7600; Fax (213) 351-6050
Email: jpizer@lambdalegal.org

Attorneys for Plaintiffs and the Class

PLAINTIFF CLASS'S RESPONSE TO
ORDER TO SHOW CAUSE (DKT. NO. 166) – 6
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246