1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

| | |
|---|---|
| C. P., by and through his parents, Patricia Pritchard and Nolle Pritchard, individually and on behalf of others similarly situated; and PATRICIA PRITCHARD, | CASE NO. 3:20-cv-06145-RJB |
| | ORDER STAYING CASE |
| Plaintiffs, | |
| v. | |
| BLUE CROSS BLUE SHIELD OF ILLINOIS, | |
| Defendant. | |

11
12
13
14
15
16
17

This matter comes before the Court on the parties' responses to the Court's March 14, 2023 order to show cause (Dkts. 168 and 169), Plaintiffs' Motion for Classwide Declaratory and Permanent Injunctive Relief, and Award of Individual Nominal Damages to Named Plaintiffs (Dkt. 153) and Defendant Blue Cross Blue Shield of Illinois's ("Blue Cross") Motion to Decertify the Class (Dkt. 156).  The Court has considered the pleadings filed regarding the responses to the order to show cause, the motions and oral argument heard on March 9, 2023, and is fully advised.

18
19
20
21
22
23
24

1   Discussion of the January 26, 2023 Ninth Circuit Court of Appeals decision in *Wit v.*

2   *United Behavioral Health,* 58 F.4th 1080 (9th Cir. 2023) occurred in both the parties' briefing on

3   the motions and at oral argument.  On March 10, 2023, a Petition for Panel Rehearing and

4   Petition for Rehearing En Banc was filed in *Wit v. United Behavioral Health,* Ninth Circuit

5   Court of Appeals case number 20-17363, Dkt. 128.  On March 30, 2023, the circuit ordered a

6   response to the pending motions in *Wit.  Id.*, Dkt. 141.  The *Wit* case may, or may not, affect this

7   Court's decision on dispositive matters pending in the case now before this Court.

8   On March 14, 2023, the parties were ordered to show cause, in writing, if any they had,

9   why this case should not be stayed until the Ninth Circuit determines whether to grant some or

10   all of the petition in *Wit*.  Dkt. 166.  The parties have responded; Blue Cross does not oppose a

11   stay (Dkt. 168).  The Plaintiffs oppose staying the case, arguing that the holding in *Wit* is limited

12   to cases brought under ERISA and so does not apply here.  Dkt. 169.  The Plaintiffs also assert

13   that even if the Court stays the case due to the request for retrospective injunctive relief for

14   reprocessing, it should still enter the requested declaratory judgment and prospective injunctive

15   relief.  *Id.*

16   This is an area of rapidly changing law.  A stay in this case is warranted until after the

17   Ninth Circuit determines whether to grant some or all of the petition in *Wit*.  In an effort to fully

18   and fairly consider all issues, no further relief should be granted until after that decision is issued.

19   Granting partial relief, like the requested declaratory and prospective injunctive relief, is

20   improvident at this time.

21   All deadlines should be stricken.  The parties should notify the Court within 10 days of

22   the Ninth Circuit Court of Appeals' decision in *Wit* but, in any event, no later than September 5,

23   2023, they should file a status report.  The parties' pending motions (Dkts. 153 and 156) should

24

ORDER STAYING CASE - 2

be stricken to be renoted for consideration after a decision in *Wit* is issued, or after this stay is lifted.

   **IT IS ORDERED:**

- This case **IS STAYED**;

- All deadlines **ARE STRICKEN**;

- The parties **SHALL NOTIFY** the Court within 10 days of the Ninth Circuit Court of Appeals' decision in *Wit* but, in any event, no later than **September 5, 2023,** the parties **SHALL FILE** a status report; and

- The parties' pending motions (Dkts. 153 and 156) **ARE STRICKEN** to be renoted for consideration after a decision in *Wit* is issued or after the stay is lifted**.**

   The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

   Dated this 17th day of April, 2023.

ROBERT J. BRYAN
United States District Judge

ORDER STAYING CASE - 3