The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| C.P., by and through his parents, Patricia Pritchard and Nolle Pritchard on his own behalf and on behalf of similarly situated others; and PATRICIA PRITCHARD,<br><br>                          Plaintiffs,<br><br>        v.<br><br>BLUE CROSS BLUE SHIELD OF ILLINOIS,<br><br>                          Defendant. | No. 3:20-cv-06145-RJB<br><br>PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND TO ADD PARTIES AS ADDITIONAL CLASS REPRESENTATIVES<br><br>**Note on Motion Calendar:**<br>  **October 6, 2023** |

PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND
AMENDED COMPLAINT AND TO ADD PARTIES AS
ADDITIONAL CLASS REPRESENTATIVES
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

## I.   INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 15(a)(2), 16(b), and 21, and LCR 15, Plaintiff Class respectfully moves for leave to file a Second Amended Complaint, attached in redline format as ***Appendix A***, and to add class members Emmett Jones and S.L., by and through her parents, S.R. and R.L., as class representatives.

Following certification of the class and entry of classwide summary judgment, Plaintiff Class moved for declaratory and permanent injunctive relief (Dkt. 153), seeking equitable remedies for the illegal discrimination based on sex inflicted by Blue Cross Blue Shield of Illinois ("BCBSIL") on Class members, including Jones and S.L., when it administered categorical exclusions of gender-affirming care (the "Exclusions").  Specifically, Plaintiff Class seeks: (1) a declaration that BCBSIL engaged in illegal sex discrimination by administering the Exclusions; (2) prospective permanent injunctive relief; (3) equitable tolling of the timelines for submitting claims and appeals of adverse determinations in the BCBSIL-administered health plans; (4) processing of all pre-service requests and post-service claims for gender-affirming denied care denied solely based on the Exclusions during the class period; and (5) class-wide court-approved notice at the expense of BCBSIL.[1]

While Plaintiffs' Motion for Relief was pending, Ms. Pritchard and C.P. left the CHI plan, following Ms. Pritchard's attainment of new employment.  Hamburger Decl., ¶¶2-3.  However, "a plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).  While C.P. maintains standing to

---

[1] Plaintiffs also seek nominal individual damages for the discrimination suffered by Pattie Pritchard and C.P.  Class counsel is also entitled to attorney's fees and litigation costs under the ACA, at BCBSIL's expense.  42 U.S.C. §18116(a); 42 U.S.C. §1988.  Class counsel will move for award of attorney's fees, litigation costs and a case contribution award for the named plaintiffs after a final judgment is issued.

PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND
AMENDED COMPLAINT AND TO ADD PARTIES AS
ADDITIONAL CLASS REPRESENTATIVES – 1
[Case No. 3:20-cv-06145-RJB]

obtain most of the relief the Class has requested, it is arguable whether he maintains standing to seek classwide prospective injunctive relief.  Justice and judicial economy support the addition of class representatives Jones and S.L. who have such standing.

For good cause and in the interests of justice, and because Defendants will suffer no prejudice, the Court should grant this Motion.   and permit Plaintiffs to file a Second Amended Complaint adding Jones and S.L. as parties and appoint them as additional class representatives.

## II.   FACTUAL BACKGROUND

### A.    Procedural History.

This case was filed on November 23, 2020.  Dkt. 1.  The Court denied BCBSIL's motion to dismiss on May 4, 2021.  Dkt. 23.  With the Court's permission, Plaintiffs filed their Amended Complaint, including class allegations, on November 2, 2021.  Dkt. 38.

Discovery closed on August 12, 2022.  Dkt. 73.  Plaintiffs moved for class certification, and the parties each moved for summary judgment.  Dkt. 78, 87, and 96.  The Court granted class certification on November 9, 2022 and the order was amended on December 12, 2022.  Dkt. 113, 143.  The Court further granted Plaintiffs' motion for summary judgment and denied Defendant's cross-motion on December 21, 2022.  Dkt. 148.

On February 9, 2023, Plaintiffs filed their Motion for Relief and Defendant moved to decertify the class.  Dkt. 153 and 156.  After oral argument, the Court issued an Order to Show Cause asking the parties why the case should not be stayed pending a decision by the Ninth Circuit regarding the petition for *en banc* review in *Wit v. United Behav. Health.*  Dkt. 166.  On April 17, 2023, the Court entered a stay and ordered the parties to notify the Court within 10 days of the decision in *Wit* or file a status report no later than September 5, 2023.  Dkt. 171.

On September 1, 2023, following a new panel decision in *Wit*, 58 F.4th 1080 (9th Cir. 2023), the parties filed a joint response to the Stay Order requesting that Plaintiffs' Motion for Relief (Dkt. 153) and Defendant's motion to decertify (Dkt. 156) be renoted.  Dkt. 171.  On

PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND
AMENDED COMPLAINT AND TO ADD PARTIES AS
ADDITIONAL CLASS REPRESENTATIVES – 2
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

September 6, 2023, the Court ordered the motions renoted to October 20, 2023, and that supplemental briefing be filed by September 22, 2023.  Dkt. 173.

## B.    Proposed Amended Complaint.

During the pendency of Plaintiffs' Motion for Relief (Dkt. 153), Ms. Pritchard obtained new employment and she and C.P. left the CHI Plan (Hamburger Decl., ¶¶2-3), making amendment advisable for the provision of prospective injunctive relief. The proposed Second Amended Complaint adds no new claims.  It only adds allegations for two new named plaintiffs—Emmett Jones and S.L., by and through her parents—sufficient to show their suitability as additional class representatives and standing to seek prospective permanent injunctive relief on behalf of the Class. Class counsel met and conferred with BCBSIL's counsel, and BCBSIL opposes the amendment. Hamburger Decl., ¶¶4-5.

### *Emmett Jones*

Emmett Jones is enrolled in health coverage in the CHI Plan through his wife's employer, CHI. Jones Decl., ¶2.  His coverage is thus administered by BCBSIL and is subject to the same Exclusion as was C.P.  *Id.*, ¶3.  Jones has been diagnosed with gender dysphoria.  *Id.*, ¶4.  As part of the treatment for his gender dysphoria, Jones's health care providers recommended that he receive chest surgery and reconstruction as medically necessary.  *Id.*, ¶5.  Jones obtained chest surgery on May 25, 2023, which he paid for out-of-pocket.  *Id.*, ¶6.  On June 5, 2023, Jones submitted to BCBSIL a claim for reimbursement for the surgical procedure and associated services, which BCBSIL denied on June 27, 2023.  *Id.*, ¶¶7-8.

### *S.L.*

S.L. is a 12-year-old transgender girl, who has been diagnosed with gender dysphoria and precocious puberty.  S.R. Decl., ¶2. She is enrolled in a self-funded health benefit plan administered by BCBSIL offered through a non-religious employer. *Id.,* ¶4.  When she enrolled, her healthcare provider obtained pre-approval for her treatment with puberty blockers, which are

PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND
AMENDED COMPLAINT AND TO ADD PARTIES AS
ADDITIONAL CLASS REPRESENTATIVES – 3
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

medically necessary to treat both conditions.  *Id.,* ¶¶7-8, *Exh. 1*.  Despite pre-authorization, BCBSIL denied coverage for the puberty blockers, pursuant to the Exclusion.  *Id.,* ¶9, *Exh. 2*. On March 17, 2023, S.L.'s mother appealed the denial, and again BCBSIL denied all coverage for the treatment because BCBSIL considered the treatment "related to" gender dysphoria.  *Id.,* ¶¶10-11, *Exh. 3*.  S.L. will likely need a new puberty blocker this fall as well as hormone treatment in the future.  *Id.,* ¶14.

## III.  ARGUMENT

### A.    Addition of Class Representatives Is Appropriate.

This case is unusual in that C.P. continues to be an adequate class representative as to the sole claim in this case but now may not be adequate as to ***all forms of requested relief.***  To be clear, C.P. has standing to bring the Section 1557 claim and seek, on behalf of the Class: (1) a declaration that BCBSIL engaged in illegal sex discrimination by administering the Exclusions; (2) equitable tolling of the timelines for submitting claims and appeals of adverse determinations in the BCBSIL administered health plans; (3) processing of all claims for gender-affirming care that were denied solely based on the Exclusions, either via pre-service determinations, or post-service claims adjudications, during the class period; and (4) class-wide court-approved notice at the expense of BCBSIL.  However, "a plaintiff must demonstrate standing separately for each form of relief sought," *Laidlaw Env't Servs.*, 528 U.S. at 185, and the Plaintiff Class seeks prospective permanent injunctive relief.  Accordingly, the amendment of class members as class representatives is required to ensure standing for prospective injunctive relief. *See Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).

To be sure, on appeal, "a class representative may pursue the live claims of a properly certified class—without the need to remand for substitution of a new representative—even after his own claims become moot, provided that several requirements are met." *Johnson v. City of Grants Pass*, 72 F.4th 868, 884 (9th Cir. 2023).  Such requirements are that:  (1) the class be

PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND
AMENDED COMPLAINT AND TO ADD PARTIES AS
ADDITIONAL CLASS REPRESENTATIVES – 4
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

1   properly certified, or the representative be appealing denial of class certification; (2) the class

2   representative is a member of the class with standing to sue at the time certification is granted or

3   denied; (3) the unnamed class members still have a live interest in the matter throughout the

4   duration of the litigation; and (4) the court is satisfied that the named representative will

5   adequately pursue the interests of the class even though their own interest has expired.  *Id.*, at

6   884, n.18 (cleaned up).  Each criteria are met here.

7          Still, adding new class representatives will cure any question as to Plaintiffs' standing to

8   seek prospective injunctive relief.  "[W]hen a question exists regarding the suitability of existing

9   class representatives, it is appropriate to permit the intervention or substitution of named

10  plaintiffs."  *Butler v. Suffolk Cnty.*, 2023 U.S. Dist. LEXIS 138959, at *4 (E.D.N.Y. Aug. 9,

11  2023); *see also In re Lowe's Cos. Fair Labor Standards Act (FLSA) & Wage & Hour Litig.*, 2021

12  U.S. Dist. LEXIS 199148 at *8-9 (W.D.N.C. Oct. 7, 2021).  "This is so because a class has a

13  legal status separate from the named plaintiff; therefore, should the class representative become

14  inadequate, substitution of an adequate representative is appropriate to protect the interests of the

15  class."  *Butler*, 2023 U.S. Dist. LEXIS 138959, at *5; *see also Sosna v. Iowa*, 419 U.S. 393, 399

16  (1975); *Velazquez v. GMAC Mortg. Corp.*, 2009 U.S. Dist. LEXIS 88574 at *10 (C.D. Cal.

17  Sept. 10, 2009); Newberg on Class Actions §2:17 (5th ed. 2014) ("Once a class complaint is

18  filed, but certainly following certification, Rule 23 is designed to assure that the rights of absent

19  class members are not prejudiced by the voluntary actions of the representative plaintiff.");

20  Manual for Complex Litigation (Fourth) §21.26 (2004) (Class representative should be

21  substituted when her "individual claim has been mooted or otherwise significantly altered.").

22  "[W]hen a certified or putative class is left without adequate representation, courts hold that

23  adding a new class representative is appropriate, even required, to protect class interests."  *In re*

24  *GM LLC Ignition Switch Litig.*, 2017 U.S. Dist. LEXIS 189550, at *340 (S.D.N.Y. Nov. 15,

25  2017).   Indeed, "Courts regularly allow replacement of the named plaintiff after class

26

PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND
AMENDED COMPLAINT AND TO ADD PARTIES AS
ADDITIONAL CLASS REPRESENTATIVES – 5
[Case No. 3:20-cv-06145-RJB]

certification." *Velazquez*, 2009 U.S. Dist. LEXIS 88574 at *9; *see also In re Lowe's*, 2021 U.S. Dist. LEXIS 199148, at *8.

Here, Jones and S.L. are members of the certified Class with standing to seek prospective injunctive relief. Both are enrolled in self-funded health plans administered by BCBSIL (Jones in the CHI Plan, and S.L. in another plan); both were denied coverage based on BCBSIL's administration of the Exclusion in their plans; and both are likely to seek such coverage in the future. Jones Decl., ¶¶2–4, 7, 10-11; S.R. Decl., ¶¶4, 9–12. Moreover, C.P. would remain as a named plaintiff and class representative. No new discovery or litigation of liability is necessary as Jones and S.L. are undeniably members of the Class and the Court has already determined that BCBSIL cannot administer the Exclusions *as a matter of law*.

**B.    There is Good Cause to Amend.**

"Once the district court has issued a pretrial scheduling order pursuant to Rule 16 establishing the time for any amendment to the pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)." *Pizana v. Sanmedica Int'l LLC*, 2022 U.S. Dist. LEXIS 76989, at *10 (E.D. Cal. Apr. 26, 2022). "Under Rule 16, the court will only modify a scheduling order upon a showing of "good cause" by the moving party." *Id.* at *10–11; *see also* Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

"It is firmly established that where a class action exists, members of the class may … be substituted as named plaintiffs in order to keep the action alive after the claims of the original named plaintiffs are rendered moot." *Graves v. Walton Cty. Bd. of Educ.*, 686 F.2d 1135, 1138 (5th Cir. 1982). While C.P.'s claims are not moot, his ability to seek one form of relief has been potentially impaired. *See Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).

PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND
AMENDED COMPLAINT AND TO ADD PARTIES AS
ADDITIONAL CLASS REPRESENTATIVES – 6
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

As such, "courts have [] expressed a preference for plaintiff's counsel to locate a new class representative once the original class representative can no longer carry on their duties, rather than dismissing or decertifying a class." *Fishon v. Premier Nutrition Corp.*, 2022 U.S. Dist. LEXIS 58655, at *5 (N.D. Cal. Mar. 30, 2022). Indeed such addition or substitution of named plaintiffs is "a routine feature of class actions." *In re Brewer*, 863 F.3d 861, 876 (D.C. Cir. 2017). In sum, the addition of plaintiffs and class representatives here is appropriate to ensure the Class is able to obtain all forms of relief to which it is entitled.

Regarding "noncompliance" with the Rule 16 deadlines, such noncompliance is "because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference." *Pizana*, 2022 U.S. Dist. LEXIS 76989, at *13. The initial deadline to amend pleadings was April 30, 2021, Dkt. 15, which was over two years prior to Ms. Pritchard securing new employment. Thus, the facts giving rise to the requested amendment were not knowable by the deadline to amend pleadings. Amendment of the pleadings within the Rule 16 deadline was impossible.

Plaintiffs and their counsel have been diligent in seeking the requested amendment. Ms. Pritchard and C.P. left the CHI Plan on August 31, 2023, while this case was stayed. Hamburger Decl., ¶2. In the ensuing few weeks, Class counsel identified and secured two additional prospective class representatives and moved to amend the complaint and add additional class representatives to ensure the Class's ability to obtain prospective injunctive relief. This Court and other courts have found such a speedy response to be diligent. *See*, *e.g.*, *Kirby v. McMenamins Inc.*, 2023 U.S. Dist. LEXIS 125674, at *11 (W.D. Wash. July 19, 2023) (finding plaintiff exercised diligence in bringing motion less than two months after obtaining the class contact list and less than a month after the additional plaintiffs requested to join the case and retained counsel); *Pizana*, 2022 U.S. Dist. LEXIS 76989, at *22 (finding plaintiff acted diligently in filing motion to amend a few months after the depositions commenced and a few weeks after being retained by the newly proposed plaintiffs); *Pitre v. Wal-Mart Stores, Inc.*, 2019 U.S. Dist.

PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND
AMENDED COMPLAINT AND TO ADD PARTIES AS
ADDITIONAL CLASS REPRESENTATIVES – 7
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

LEXIS 11590, at *8-9 (C.D. Cal. Jan. 17, 2019) (finding good cause for leave to amend to add class representatives after learning in August that named plaintiff had health issues and moving to add new plaintiffs in October).[2]

Given the posture of this case, there is good cause for the amendment.  This Court certified the Class and granted summary judgment over nine months ago.  Since then, Plaintiffs' Motion for Relief (Dkt. 153) has been pending and the standing of the named Plaintiff to seek one of the requested forms of relief has come into question due to unforeseen circumstances, which Plaintiffs and their counsel have diligently sought to address to protect the Class's rights.

**C.      The Interests of Justice Favor of Granting Leave to Amend the Pleadings.**

Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave" to amend a pleading before trial "when justice so requires."  "This policy is to be applied with extreme liberality."  *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018) (quotes omitted).  "This liberality in granting leave to amend is not dependent on whether the amendment will add … parties."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  Rather, the district court's discretion to grant leave to amend "should be guided by the underlying purpose of Rule 15(a) … which was to facilitate decisions on the merits, rather than on technicalities or pleadings."  *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (quotes omitted). "Leave to amend should be granted generously, after considering bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1221 (9th Cir. 2023) (cleaned up).  "The party opposing amendment bears the burden to show why it should not be granted."  *Kirby,* 2023 U.S. Dist. LEXIS 125674, at *12.

---

[2] "When substitution is required, the court should allow 'reasonable time' for the substitution of a new class representative."  *Ga. Advocacy Office v. Jackson*, 2020 U.S. Dist. LEXIS 68261, at *7 (N.D. Ga. Jan. 7, 2020).

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

1    Pursuant to Rule 21, "[o]n motion or on its own, the court may at any time, on just terms,

2    add or drop a party."  Fed. R. Civ. P. 21.  "Courts consider requests to add or withdraw a party

3    pursuant to Rule 21 under the same standard that applies to requests to amend a complaint under

4    Rule 15."  *In re Snap Inc. Sec. Litig.*, 394 F. Supp. 3d 1156, 1157 (C.D. Cal. 2019).

5    None of the circumstances that might weigh against granting leave to amend are present.

6    ***First,*** there is no prejudice to BCBSIL.  "'Undue prejudice' means substantial prejudice

7    or substantial negative effect." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086

8    (S.D. Cal. 2002).  "[T]he Ninth Circuit has found such substantial prejudice where the claims

9    sought to be added would have greatly altered the nature of the litigation and would have required

10   defendants to have undertaken, at a late hour, an entirely new course of defense."  *Id.* (cleaned

11   up).  Here, the Court has already certified the Class and determined as a matter of law that

12   BCBSIL cannot administer the Exclusions.  And, as noted in *Kirby*, "[t]he proposed addition of

13   named plaintiffs does not add any new claims to the matter or alter the putative class

14   membership." 2023 U.S. Dist. LEXIS 125674, at *14. In fact, the proposed addition of the two

15   new class representatives does not in any way affect the purely legal question of whether

16   BCBSIL, as a TPA, can administer and apply the Exclusions.  Adding Jones and S.L. as named

17   plaintiffs would not "require any more discovery than if [they] were to remain as unnamed

18   members of the [] Class." *See Hogan v. InStore Grp., LLC*, 512 F. Supp. 3d 157, 170 (D. Mass.

19   2021).  And BCBSIL's "liability does not change based on whether [Jones and S.L.] [are] []

20   named plaintiff[s] or simply [] class member[s]." *Id.*  The only issues left in this case are the

21   entry of relief and BCBSIL's eleventh hour attempt to decertify the Class, neither of which are

22   affected by the addition of Jones and S.L. as named plaintiffs and class representatives.

23   ***Second,*** as noted in Section III.B, *supra*, Plaintiffs did not delay in making this

24   amendment.  Here, the amendment is sought less than two weeks after the Court lifted its stay of

25   proceedings on September 6, 2023; three weeks after C.P. left the CHI Plan on August 31, 2023;

26

PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND
AMENDED COMPLAINT AND TO ADD PARTIES AS
ADDITIONAL CLASS REPRESENTATIVES – 9
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

and about one month after Ms. Pritchard provided notice to CHI of her intent to leave her position on August 16, 2023.

**Third,** there is no bad faith in seeking the amendment.  Plaintiffs so move to protect the Class's ability to secure all relief to which they are entitled.  There is no evidence of "wrongful motive" by plaintiffs in seeking to amend.  *DCD Programs*, 833 F.2d at 187.

**Fourth**, amendment is not futile.  "A proposed amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim."  *Barrett v. Apple Inc.*, 523 F. Supp. 3d 1132, 1149 (N.D. Cal. 2021); *see also* Dkt. 37, at 3 (quoting *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018)).  Both proposed new plaintiffs are not only class members, but also are currently enrolled within discriminatory plans administered by BCBSIL (one being the CHI Plan).  The purpose of the amendment is to ensure the Class may obtain prospective injunctive relief and both proposed additional plaintiffs have such standing.  Should Defendant argue that the amendment affects class certification, that issue should be more litigated in the context of the pending motion to decertify the class (however futile that may be), rather than this motion for leave to amend.

**Fifth,** Plaintiffs seek leave to file a second amended complaint.  Their "proposed amendments are unrelated to [their] … previous amendments, and there has been no history of repeated failures to cure pleading deficiencies in this case."  *Pizana*, 2022 U.S. Dist. LEXIS 76989, at *26.  "Thus, consideration of this factor does not weigh against granting leave to amend."  *Id.*

**Finally**, Rule 23 was amended "in 1966 to enable structural reform and broad remedial relief" and "was designed to enhance civil rights enforcement." Suzette M. Malveaux, *The Modern Class Action Rule: Its Civil Rights Roots and Relevance Today*, 66 U. KAN. L. REV. 325, 327 (2017). The addition of the two new proposed class representatives achieves those goals in this civil rights case, as the amendment ensures Class's ability to obtain "structural reform and broad remedial relief."

PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND
AMENDED COMPLAINT AND TO ADD PARTIES AS
ADDITIONAL CLASS REPRESENTATIVES – 10
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

**D.      Emmett Jones and S.L. Are Appropriate Additional Class Representatives.**

Proposed plaintiffs Emmett Jones and S.L. are appropriate class representatives.  Their claims are co-extensive with those of the certified Class.  Like all class members, Jones and S.L. "(1) have been, are, or will be participants or beneficiaries in an ERISA self-funded 'group health plan' (as defined in 29 U.S.C. §1167(1)) administered by Blue Cross Blue Shield of Illinois during the Class Period and that contains a categorical exclusion of some or all Gender-Affirming Health Care services; and (2) were, are, or will be denied pre-authorization or coverage of treatment with excluded Gender Affirming Health Care services."  Dkt. 143, at 2.

Their claims are also typical of the Class. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *A. B. v. Hawaii State Dep't of Educ.*, 30 F.4th 828, 839 (9th Cir. 2022).  Here, their "injury is the same or is similar to other class members."  Dkt. 113, at 12. Like C.P., they "assert[] that Blue Cross denied [them] access to coverage for needed gender-affirming care as do all other members of the putative class."  *Id.*  And, "[l]ike the class, [they] contend[] that Blue Cross impermissibly discriminated against [them], contrary to the ACA, when it administered and/or enforced exclusions for gender affirming care in self-funded ERISA healthcare plans."  *Id.  See also*, *e.g.*, *Tech. Access Found. Health Benefit Plan v. Grp. Health Coop.*, 2012 U.S. Dist. LEXIS 149610, at *12 (W.D. Wash. Oct. 17, 2012).

To the extent BCBSIL opposes Jones's and S.L.'s suitability to serve as class representatives based on variations in plan language, this Court has already rejected such arguments.  Dkt. 113, at 12 ("The variation in plan language and the possibility of the application of various defenses does not exclude C.P.'s claim as typical of the class.").  While Jones is enrolled in the same CHI Plan in which C.P. was enrolled, that S.L. is enrolled in a different plan is of no consequence.  All that is required is that class members' injuries result from the similar course of conduct by the defendant, regardless of varying fact patterns for each individual class

PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND
AMENDED COMPLAINT AND TO ADD PARTIES AS
ADDITIONAL CLASS REPRESENTATIVES – 11
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

member. *See Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642, 648 (W.D. Wash. 2007).  Here, "Blue Cross administered the exclusions for gender affirming care (regardless of the particular plan's coverage) consistently."  Dkt. 113, at 12.

In addition, like C.P., both Jones and S.L., by and through her parents, will fairly and adequately represent the class.  They are committed to the vigorous prosecution of this suit and views their interests as coextensive with the Class members, both known and unknown.  Their claims and interests do not conflict with any interests of the Class.  *See generally*, Jones Decl., ¶¶14-15; S.R. Decl., ¶¶18-19.  Indeed, Jones, S.L., C.P., and the Class Members all have a common interest in seeing the ACA's non-discrimination requirements enforced and securing nondiscriminatory health coverage. Jones and S.L. are well-situated to seek the relief sought by the proposed class.  As current enrollees, they have indisputable standing to seek prospective injunctive relief.

## IV.  CONCLUSION

For the foregoing reasons, the Court should order the following:

1.    Plaintiffs' Motion for Leave to File an Amended Complaint be granted, and Plaintiffs be directed to file the Second Amended Complaint, attached hereto as ***Appendix A***; and

2.    Plaintiffs' Motion to Add Parties as Class Representatives be granted, and Emmett Jones and S.L., by and through her parents, S.R. and R.L., are hereby appointed as Class Representatives in addition to C.P., by and through his parents, Pattie Pritchard and Nolle Pritchard.

PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND TO ADD PARTIES AS ADDITIONAL CLASS REPRESENTATIVES – 12
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

DATED:  September 21, 2023.

*I certify that the foregoing contains 4,140 words, in compliance with the Local Civil Rules.*

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

 */s/ Eleanor Hamburger*
Eleanor Hamburger (WSBA #26478)
Daniel S. Gross (WSBA #23992)
3101 Western Avenue, Suite 350
Seattle, WA 98121
Tel. (206) 223-0303; Fax (206) 223-0246
Email:  ehamburger@sylaw.com
       dgross@sylaw.com

LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.

 */s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan, *pro hac vice*
120 Wall Street, 19th Floor
New York, NY 10005
Tel. (212) 809-8585; Fax (212) 809-0055
Email: ogonzalez-pagan@lambdalegal.org

Jennifer C. Pizer, *pro hac vice*
4221 Wilshire Boulevard, Suite 280
Los Angeles, CA 90010
Tel. (213) 382-7600; Fax (213) 351-6050
Email: jpizer@lambdalegal.org

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND
AMENDED COMPLAINT AND TO ADD PARTIES AS
ADDITIONAL CLASS REPRESENTATIVES – 13
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246