THE HONORABLE ROBERT J. BRYAN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

C. P., by and through his parents, Patricia Pritchard and Nolle Pritchard; and PATRICIA PRITCHARD,

Plaintiffs,

vs.

BLUE CROSS BLUE SHIELD OF ILLINOIS,

Defendant.

Case No. 3:20-cv-06145-RJB

**BLUE CROSS BLUE SHIELD OF ILLINOIS'S SUPPLEMENTAL BRIEFING ON *WIT v. UNITED BEHAVIORAL HEALTH* IN SUPPORT OF ITS MOTION TO DECERTIFY THE CLASS AND OPPOSITION TO PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF**

**ORAL ARGUMENT REQUESTED**

**NOTE ON MOTION CALENDAR: OCTOBER 20, 2023**

BLUE CROSS BLUE SHIELD OF ILLINOIS'S SUPPLEMENTAL BRIEFING ON *WIT*
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

I.     INTRODUCTION

The Ninth Circuit's superseding opinion in *Wit v. United Behavioral Health*, No. 20-17363, --- F.4th ---, 2023 WL 5356640 (9th Cir. Aug. 22, 2023), mandates decertification of the class in this case and prohibits the remedy the Plaintiffs seek here.  The Ninth Circuit again held that the district court in *Wit* erred in certifying a class of health care beneficiaries and prohibited reprocessing on a classwide basis.  *Wit* requires this Court to decertify the class and to deny Plaintiffs' claim for injunctive relief.

As in *Wit*, the class here is comprised of members of ERISA health plans.  As in *Wit*, the Plaintiffs in this case ask the Court to order the claims administrator to reprocess numerous, varied ERISA claims pursuant to ERISA's regulatory framework.  *Wit* (and other cases) make clear that this type of classwide injunctive relief is not allowed where class members' "claims may have been denied for reasons wholly independent" of the challenged aspect of the plan.  *Id*. at *10.  To the extent reprocessing is *ever* a valid classwide remedy, it is available only in very narrowly defined circumstances: when it is clear from the record that *every* class member's claim was denied "based only on the challenged provisions of the [plans]" or that "such a common showing is possible."  *Id*.  The class certified in this case fails to satisfy this demanding criteria.  Indeed, the class, by definition, includes many individuals who do not satisfy the prerequisites for an ERISA remand or for "reprocessing."  For this and other reasons, *Wit* compels both decertification of the class and denial of Plaintiffs' claim to classwide reprocessing.

II.    ARGUMENT

A.  **The revised *Wit* opinion confirms that the Court cannot certify a reprocessing class because ordering class-wide reprocessing requires an individualized claims review.**

In *Wit*, the plaintiffs alleged that defendant United wrongfully denied their health benefits claim by applying improper guidelines in violation of ERISA and various state laws.  2023 WL 5356640, at *4.  The district court certified the classes of ERISA plan members under Rule 23(b)(1), (b)(2), and (b)(3) and ordered United to reprocess the ERISA claims without reference to the offending guidelines.  *See Wit v. United Behav. Health*, 317 F.R.D. 106, 118, 141 (N.D. Cal.

BLUE CROSS BLUE SHIELD OF ILLINOIS'S
SUPPLEMENTAL BRIEFING ON *WIT* - 1
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

2016), *aff'd in part*, *rev'd in part and remanded*, No. 20-17363, 2023 WL 5356640 (9th Cir. Aug. 22, 2023); *Wit*, 2023 WL 5356640, at *6 ("The district court issued declaratory and injunctive relief, directed the implementation of court-determined claims processing guidelines, ordered 'reprocessing' of all class members' claims in accordance with the new guidelines, and appointed a special master to oversee compliance for ten years.").

The Ninth Circuit reversed, holding that that the district court erred by certifying the classes *and* by ordering reprocessing under corrected guidelines. *Id*. at *9. In its revised opinion, the Ninth Circuit clarified that the claims "reprocessing" that plaintiffs sought was functionally a remand to the plan administrator. But to be eligible for a remand for "full and fair review" pursuant to ERISA, 29 U.S.C. § 1133(2), *see Buffonge v. Prudential Ins. Co. of Am.*, 426 F.3d 20, 30 (1st Cir. 2005), a plaintiff must "sho[w] that his or her claim was denied based on the wrong standard *and* that he or she might be entitled to benefits under the proper standard," *Wit*, 2023 WL 5356640, at *9 (emphasis in original). The class in *Wit* included class members who could not satisfy these prerequisites for reprocessing. Because "some class members' claims may have been denied for reasons wholly independent of the [g]uidelines" at issue, the Ninth Circuit concluded that the plaintiffs "have fallen short of demonstrating that all class members were denied a full and fair review of their claims or that such a common showing is possible." *Id*. at *10. By including individuals in the class who "would not be eligible for reprocessing" had they proceeded as individuals, the district court had used class certification "in a way that enlarged or modified Plaintiffs' substantive rights in violation of the Rules Enabling Act." *Id*. The Ninth Circuit thus held that certification and reprocessing relief on a classwide basis were each reversible error. *Id*. at *11.

This Court committed the same error here. This Court has certified a (b)(1) and (b)(2)—but *not* (b)(3)—class consisting of:

> All individuals who:
> (1) have been, are, or will be participants or beneficiaries in an ERISA self-funded "group health plan" (as defined in 29 U.S.C. § 1167(1)) administered by Blue Cross

BLUE CROSS BLUE SHIELD OF ILLINOIS'S
SUPPLEMENTAL BRIEFING ON *WIT* - 2
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

Blue Shield of Illinois ("BCBSIL") during the Class Period and that contains a categorical exclusion of some or all Gender-Affirming Health Care services; and
(2) were, are, or will be denied pre-authorization or coverage of treatment with excluded Gender Affirming Health Care services.

Dkt. 113 at 14–15. Nothing in this class definition limits the class "to those claimants whose claims were denied based only on the challenged provisions of the Guidelines." *Wit*, 2023 WL 5356640, at *10. The presence of a gender-affirming-care exclusion does not mean that the denial was "based only on" that exclusion. Indeed, on its face, the second part of the class definition is indifferent to the *reason* pre-authorization or coverage was denied. There can, of course, be multiple independent reasons for denial, including whether the member had other primary insurance, whether the claim was medically necessary, and a whole host of other eligibility requirements under ERISA and the plan that have nothing to do with the administration of an exclusion for gender-affirming care. Indeed, the plaintiffs expressly acknowledged that, on remand, they would still be required to prove that they are *otherwise* entitled to coverage. *See* Dkt. 38 at 22 (seeking an injunction requiring BCBSIL "to reprocess and when, *[sic] medically necessary* and *meeting the other terms and conditions* under the relevant plans, provide coverage (payment) for all denied pre-authorizations and denied claims for coverage during the Class Period that were based solely upon exclusions for gender-affirming care") (emphasis added). But *Wit* is clear: the class must be defined so that there is no question that there would be coverage upon remand; otherwise, individualized issues predominate and the class cannot be certified.

The situation here is even more inappropriate for class treatment than in *Wit*. BCBSIL has no current relationship with class members employed by more than one-quarter of the plans at issue. *See* Dkt. 156 at 7-8. So it *cannot* reprocess or pay any claims submitted by these members. That is, this class, as defined, is so broad that it necessarily includes individuals who will not be entitled to *any* ultimate relief as a result of reprocessing.

Ultimately, *Wit* makes clear that the class this Court certified improperly includes numerous individuals who are not legally eligible for a remand to (or "reprocessing" by) the plan

BLUE CROSS BLUE SHIELD OF ILLINOIS'S
SUPPLEMENTAL BRIEFING ON *WIT* - 3
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

administrator. Because this Court's order certifying the class for potential classwide reprocessing relief violates the Rules Enabling Act, the class should be decertified.

**B.     *Wit* prohibits certification and reprocessing especially because Plaintiffs have alleged violations of Section 1557 instead of ERISA.**

The *Wit* plaintiffs alleged violations of ERISA, while Plaintiffs here allege violations of Section 1557. *Wit*, 2023 WL 5356640, at *4. That distinction further supports decertification and denial of a reprocessing remedy. Like in *Wit*, the class here consists of ERISA plan members who ask this Court to order the plan administrator to reprocess claims pursuant to the terms of each class member's ERISA plan. Dkt. 143 at 2-3. The reprocessing remedy Plaintiffs seek necessarily relies on ERISA's enforcement scheme. ERISA governs the way these claims must be reprocessed, so the reprocessing relief Plaintiffs seek must comply with ERISA's "comprehensive scheme of civil remedies to enforce ERISA's provisions." *Cleghorn v. Blue Shield of California*, 408 F.3d 1222, 1225 (9th Cir. 2005). ERISA's enforcement schedule prescribes in detail how claims must be processed. *Diaz v. United Agric. Empl. Welfare Benefit Plan & Tr.*, 50 F.3d 1478, 1483 (9th Cir. 1995).[1] Because ERISA's regulatory apparatus provides the only mechanism to actually reprocess individual claims upon remand, *Wit*'s limitations on classwide reprocessing of ERISA claims must govern here. To hold otherwise would pick apart ERISA's "comprehensive scheme of civil remedies." *Cleghorn*, 408 F.3d at 1225; *see also Korotynska v. Metro. Life Ins. Co.*, 474 F.3d 101, 107 (4th Cir. 2006) (quoting *Great–West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002)) ("In considering the adequacy of the remedy expressly provided by Congress, it is important to recognize that ERISA is a 'comprehensive and reticulated statute,' whose 'carefully crafted and detailed enforcement scheme provides strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly.'"). Courts should be "'especially reluctant to tamper with the enforcement scheme embodied in the statute

---

[1] Tellingly, Plaintiffs relied heavily on ERISA cases as authority when seeking class certification and reprocessing, including the district court opinion in *Wit* that the Ninth Circuit subsequently reversed. Dkt. 99 at 3-4, 7-8.

BLUE CROSS BLUE SHIELD OF ILLINOIS'S
SUPPLEMENTAL BRIEFING ON *WIT* - 4
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

by extending remedies not specifically authorized by its text.'" *Id*. (quoting *Great–West*, 534 U.S. at 209).

Section 1557 has supplanted neither ERISA's strict procedures governing remanded claims nor ERISA's strict limits on eligibility for remand, as the Ninth Circuit's approach in *Wit* confirms. Section 1557 adopts the enforcement mechanisms of Title IX. 42 U.S.C. § 18116(a). Title IX does not have an explicit remedies provision, so courts have imputed a requirement that Title IX and Section 1557 authorize only "appropriate relief," meaning "those remedies traditionally available in suits for breach of contract." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1570–71 (2022) (quoting *Barnes v. Gorman*, 536 U.S. 181, 185, 187 (2002)). Just as the *Wit* plaintiffs failed to show that reprocessing was a traditional equitable remedy, *see Wit*, 2023 WL 5356640, at *11 (rejecting plaintiffs' argument that § 1132(a)(3) permits reprocessing and disputing that "reprocessing … was typically available in equity"), Plaintiffs here have not demonstrated that reprocessing is an appropriate remedy under Section 1557 and Title IX. So, it follows from *Wit* that reprocessing is the sort of "idiosyncratic or exceptional" remedy not authorized by Section 1557. *Cummings*, 142 S. Ct. at 1574.

C. **Reprocessing is even less appropriate here than in *Wit* because unlike *Wit*, this Court only certified a class under Rule 23(b)(1) and (b)(2), and not (b)(3).**

In *Wit*, the district court certified a class under Rule 23(b)(1), (b)(2), and (b)(3). *Wit*, 317 F.R.D. 106. Monetary relief is allowed only under Rule 23(b)(3). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360–61 (2011). And the district court in *Wit* had ordered retrospective reprocessing under only Rule 23(b)(3). *See Wit v. United Behav. Health*, No. 14-cv-02346-JCS, 2020 WL 6479273, at *24 (N.D. Cal. Nov. 3, 2020) ("Because the reprocessing will involve some individualized inquiries by UBH, the Court awards this remedy under Rule 23(b)(3) of the Federal Rules of Civil Procedure."); *see also Wit*, 2023 WL 5356640, at *9 (requiring a showing that, upon remand to the administrator for reprocessing, any class member "might be entitled to benefits [*i.e.*, monetary relief] under the proper standard").

BLUE CROSS BLUE SHIELD OF ILLINOIS'S
SUPPLEMENTAL BRIEFING ON *WIT* - 5
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

1        Here, by comparison, the Court certified the class only under Rules 23(b)(1) and (b)(2), which do not allow monetary relief.  But there is no dispute that Plaintiffs' "reprocessing" remedy really seeks payment of money on the claim, which is prohibited under Rule 23(b)(1) and (b)(2). Plaintiffs themselves have conceded that they seek payment of claims.  *See* Dkt. 38 at 22 (claiming "coverage (payment) for all denied pre-authorizations and denied claims for coverage during the Class Period that were based solely upon exclusions for gender-affirming care").

       While classwide reprocessing may be appropriate for certain (b)(3) classes in which all class members satisfy the prerequisites for remand, it is not appropriate for (b)(1) and (b)(2) classes, which can only seek declaratory or injunctive relief. *See* Dkt. 156 at 8–13.  The Ninth Circuit's recognition of the possibility of classwide reprocessing only for (b)(3) classes under limited circumstances is thus entirely consistent with BCBSIL's argument that classwide reprocessing cannot be ordered for this (b)(1) and (b)(2) class.  Indeed, *Wit*'s description of reprocessing as a "remand for reevaluation," 2023 WL 5356640, at *10, confirms that reprocessing is prohibited for a Rule 23(b)(2) class because it "fail[s] to provide 'final relief' … and require[s] too many individualized determinations of eligibility and medical necessity." Dkt. 156 at 10; *see also, e.g.*, *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 886 (7th Cir. 2011) (Denying (b)(2) class certification because "the injunction envisioned by the plaintiffs would in no sense be a final remedy.  A class-wide roof reinspection would only lay an evidentiary foundation for subsequent individual determinations of liability and damages.").

**D.  Reprocessing is even less appropriate here than in *Wit* because employers who sponsor the self-funded plans are contractually responsible to pay the class members' claims.**

       Here, BCBSIL is merely the plans' third-party administrator.  The employers who design and sponsor the self-funded plans are themselves contractually responsible to pay the class members' claims—*not* BCBSIL. *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 819-20 (9th Cir. 1985) (the employer who sponsored the plan was a necessary party because, as here, the plan was self-funded and would bear the expense of any benefit awarded); *see also* Dkt. 38-1 at 8, 117-

BLUE CROSS BLUE SHIELD OF ILLINOIS'S
SUPPLEMENTAL BRIEFING ON *WIT* - 6
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

19, 142. Even if the Court ordered BCBSIL to reprocess the claims, the injunction could not require the non-party employers to pay any claims. The non-party employers would not be bound by any reprocessing injunction issued by this Court, could freely ignore any injunction issued by the Court, and would not be required to pay any claim. As a result, ordering BCBSIL to reprocess claims would not provide any finality.

Finally, under ERISA's enforcement scheme, were any class member to disagree with the plan's decision, they could sue, but only in a district court that has personal jurisdiction over the plan and where venue is proper. *See* 29 U.S.C. § 1132(a). This Court lacks personal jurisdiction over the majority of the plans at issue. *See* Dkt. 94 ¶ 3 ("Under its license agreement, BCBSIL only administers self-funded health plans for businesses whose corporate headquarters are in the State of Illinois."). Thus, the requested injunctive relief could not possibly provide "final injunctive relief" required to certify a class under Rule 23(b) because this Court cannot enforce any injunction against the majority of the employer plan sponsors.

### E. BCBSIL's Other Arguments as to Decertification and Remedies Do Not Depend On *Wit*.

Finally, while *Wit* bars classwide reprocessing here, thereby obligating this Court to decertify the class and deny Plaintiffs' claim to a reprocessing remedy, BCBSIL has presented several additional compelling reasons for decertification and denial of Plaintiffs' remedial claims.

As BCBSIL has explained, the named Plaintiffs cannot establish commonality or typicality with all the various class members, who belong to different plans, were denied benefits for various reasons, include both preauthorization and reimbursement claimants, and even include former plan members who are ineligible to have their claims reprocessed. Dkt. 156 at 7–8. Moreover, class members had an adequate remedy at law—*i.e.*, damages—that precludes injunctive relief. Dkt. 161 at 5. The balance of hardships do not support injunctive relief because any injunction would disproportionately burden BCBSIL and benefit its competitors. *Id.* at 6–7. In addition, the Rules Enabling Act bars equitable tolling of Plaintiffs' claims. *Id.* at 7–11.

BLUE CROSS BLUE SHIELD OF ILLINOIS'S
SUPPLEMENTAL BRIEFING ON *WIT* - 7
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

## CONCLUSION

For the reasons stated above, the revised decision in *Wit* compels vacatur of the class certification order and denial of Plaintiffs' claims to injunctive relief.

Dated this 22nd day of September, 2023.

                                           KILPATRICK TOWNSEND & STOCKTON LLP

By     */s/ Gwendolyn C. Payton*
        Gwendolyn C. Payton, WSBA No. 26752
        gpayton@kilpatricktownsend.com
        John R. Neeleman, WSBA No. 19752
        jneeleman@kilpatricktownsend.com
        1420 Fifth Ave., Suite 3700
        Seattle, WA 98101
        Telephone: (206) 626-7714
        Facsimile: (206) 623-6793

*Counsel for Blue Cross Blue Shield of Illinois*

BLUE CROSS BLUE SHIELD OF ILLINOIS'S
SUPPLEMENTAL BRIEFING ON *WIT* - 8
Case No. 3:20-cv-06145-RJB

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

# CERTIFICATE OF SERVICE

I certify that on the date indicated below I caused a copy of the foregoing document, BLUE CROSS BLUE SHIELD OF ILLINOIS'S SUPPLEMENTAL BRIEFING ON WIT v. UNITED BEHAVIORAL HEALTH IN SUPPORT OF ITS MOTION TO DECERTIFY THE CLASS AND OPPOSITION TO PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF, to be filed with the Clerk of the Court via the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| **Eleanor Hamburger**<br>SIRIANNI YOUTZ SPOONEMORE HAMBURGER<br>3101 WESTERN AVENUE STE 350<br>SEATTLE, WA 98121<br>206-223-0303<br>Fax: 206-223-0246<br>Email: ehamburger@sylaw.com | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| **Jennifer C Pizer**<br>LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC<br>4221 WILSHIRE BLVD., STE 280<br>LOS ANGELES, CA 90010<br>213-382-7600<br>Email: jpizer@lambdalegal.org | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| **Omar Gonzalez-Pagan**<br>LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC. (NY)<br>120 WALL STREET<br>19TH FLOOR<br>NEW YORK, NY 10005<br>212-809-8585<br>Email: ogonzalez-pagan@lambdalegal.org | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |

DATED this 22nd day of September, 2023.

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Gwendolyn C. Payton*
    Gwendolyn C. Payton, WSBA #26752

*Counsel for Blue Cross Blue Shield of Illinois*

CERTIFICATE OF SERVICE – 9