THE HONORABLE ROBERT J. BRYAN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

C. P., by and through his parents, Patricia Pritchard and Nolle Pritchard; and PATRICIA PRITCHARD,

Plaintiffs,

vs.

BLUE CROSS BLUE SHIELD OF ILLINOIS,

Defendant.

Case No. 3:20-cv-06145-RJB

**BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND TO ADD PARTIES AS ADDITIONAL CLASS REPRESENTATIVES**

**NOTE ON MOTION CALENDAR: OCTOBER 13, 2023**

BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND TO ADD PARTIES AS ADDITIONAL CLASS REPRESENTATIVES
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

## I. INTRODUCTION

Over a year after certification of the class, Plaintiffs seek leave to file a new Amended Complaint, to remove the named Plaintiff C.P. and his parents, and to substitute two new named Plaintiffs, S.L. and Emmett Jones. Plaintiffs admit that C.P. is no longer an adequate class representative. Because Plaintiffs' previously certified class no longer has an adequate representative, the Court should reopen discovery on a limited basis and for a narrowly-tailored purpose: to determine whether the newly-offered class representatives are (1) adequate and (2) sufficiently representative of the class. The Court should also order the parties to re-brief class certification on adequacy and typicality under Rule 23 as to the proposed replacement class representatives.

## II. PROCEDURAL HISTORY

Plaintiffs filed their initial complaint as an individual action on November 23, 2020. Dkt. 1. For over eighteen months, the parties engaged in extensive discovery, much of which focused on the named Plaintiffs and C.P.'s medical providers. On November 9, 2022, the Court ruled on class certification. Dkt. 113. On December 19, 2022, the Court ruled on the parties' motions for summary judgment. Dkt. 146. The Court issued each of these rulings under the assumption that C.P. would remain an adequate class representative for the duration of the litigation.

## III. ARGUMENT

**A.   A class may not remain certified without an adequate and typical class representative.**

Class certification must be proper at every stage of the litigation, and an order granting class certification "may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). Continued certification is only proper if a plaintiff is adequate to serve as class representative. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011) ("Under Rule 23(a), the party seeking certification must demonstrate, first, that . . . (4) the representative parties will fairly and adequately protect the interests of the class."). Plaintiffs and their counsel now admit that C.P. is an inadequate class representative, which means that the class cannot remain certified under Rule 23. As a result,

BLUE CROSS BLUE SHIELD OF ILLINOIS'S
RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT AND TO ADD
PARTIES AS ADDITIONAL CLASS REPRESENTATIVES - 1
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

the Court must re-examine certification of the class, after allowing BCBSIL an opportunity to reopen discovery to test the Plaintiffs' assertions regarding adequate representation.

Courts will require re-certification analysis of a class where the class representative becomes inadequate. *See, e.g.*, *Kaplan v. Pomerantz*, 132 F.R.D. 504, 510 (N.D. Ill. 1990) (decertifying class where named plaintiff's testimony defeated the typicality and adequacy requirements under Rule 23); *Dubin v. Miller*, 132 F.R.D. 269, 272 (D. Colo. 1990) (decertifying class where the plaintiff was not an adequate class representative); *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 727-28 (7th Cir. 2011) (decertifying class as a result of the named plaintiff presenting adequacy and credibility issues).

Here, Plaintiffs have not filed a motion to certify Emmett Jones or S.L. as adequate and typical class representatives, nor have they filed any renewed motion for class certification. Instead, Plaintiffs attempt to shoehorn the Rule 23 requirements the Court must adjudicate, and on which Plaintiffs bear the burden of proof, into a Motion to Amend. This is procedurally improper. Because C.P. no longer meets the adequacy requirements of Rule 23, the Court should deny Plaintiffs' Motion to substitute the named Plaintiffs and order limited discovery to address the adequacy and typicality of the newly proposed class representatives on a full record.

**B.     Plaintiffs must show good cause exists to obtain leave to amend under Rule 16.**

Once a court has issued a pretrial scheduling order, Rule 16, rather than Rule 15, governs a party's ability to amend. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). This means that the Court must apply the more exacting "good cause" standard of Rule 16. Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16's "good cause" standard is more stringent than the Rule 15 analysis. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). Even if "good cause" is shown under Rule 16, the moving party must still demonstrate that amendment is proper under Rule 15. *Johnson*, 975 F.2d at 608.

BLUE CROSS BLUE SHIELD OF ILLINOIS'S
RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT AND TO ADD
PARTIES AS ADDITIONAL CLASS REPRESENTATIVES - 2
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

Courts consider five factors when determining whether to grant leave to amend: (1) prejudice to the opposing party, (2) futility of amendment, (3) whether the pleadings have previously been amended; (4) undue delay; and (5) bad faith. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). This court need not consider all of these factors. *Atkins v. Astrue*, No. C 10–0180 PJH, 2011 WL 1335607, at *3 (N.D. Cal. Apr. 7, 2011). Prejudice to the opposing party is the "touchstone of the inquiry." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**C.  The Court should re-open discovery and order re-re-briefing on class certification to determine whether the proposed class representatives meet Rule 23's adequacy and typicality requirements.**

**1.  BCBSIL will face significant prejudice if the Court substitutes in two new named Plaintiffs without allowing BCBSIL to investigate their adequacy.**

BCBSIL will be prejudiced if the Court substitutes the named Plaintiffs without allowing BCBSIL discovery in order to test Plaintiffs' assertions regarding adequacy and typicality of the new class representatives.

When faced with a named plaintiff who is no longer an adequate representative of the class, courts routinely deny efforts to substitute named plaintiffs without additional discovery and re-briefing on class certification. In *Osakan v. Apple American Group*, No. C 08-4722 SBA, 2010 WL 1838701, at *4 (N.D. Cal. May 5, 2010), the court rejected the plaintiff's argument that the proposed joinder of four new class representatives would require only "minor additional discovery"; instead, the court found joinder would unduly prejudice the defendants, who had prepared their defense based on the named plaintiff identified in the initial and amended complaints. 2010 WL 1838701, at *5. The court explained that "[a]llowing Plaintiffs to add new plaintiffs at this juncture would require the Defendants to conduct new and/or additional discovery . . . . The need to conduct additional discovery is considered prejudicial." *Id*. (citing *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 438 (8th Cir. 1999) ("Granting [a motion to add class plaintiffs] would have required reopening class discovery and further delay, precisely the sort of prejudice that justifies denial of a motion to amend.")). Because the plaintiffs had previously been

BLUE CROSS BLUE SHIELD OF ILLINOIS'S
RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT AND TO ADD
PARTIES AS ADDITIONAL CLASS REPRESENTATIVES - 3
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

1  granted leave to file an amended pleading, the court in *Osakan* had broad discretion to deny leave
2  to amend the complaint again. *See Osakan*, 2010 WL 1838701, at *3 (quoting *Ascon Props., Inc.
3  v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)) ("The court's discretion to deny leave 'is
4  particularly broad where plaintiff has previously amended the complaint.'").

5        In *Wilson v. Frito-Lay N. Am., Inc.*, No. 12-cv-01586-JST, 2017 WL 3478776 (N.D. Cal.
6  Aug. 14, 2017), the court found that substitution of the named plaintiff would prejudice the
7  defendant, "as it would have to start its discovery efforts from scratch, beginning with written
8  discovery and a deposition of [the substituted plaintiff]." 2017 WL 3478776, at *4. Despite the
9  offer by the plaintiffs in *Wilson* to conduct discovery on an expedited basis, the court found that
10 the defendant would nonetheless suffer undue prejudice because it "would still have to undertake
11 the substantial effort and expense of conducting this discovery and preparing and re-filing pre-trial
12 motions that were specific to [the class representatives]." *Id*.

13       *Osakan* and *Wilson* demonstrate that it can be appropriate for a court to deny leave to
14 amend when class representatives are substituted in at such a late stage. As in *Osakan* and *Wilson*,
15 BCBSIL will face clear prejudice if the Court does not reopen discovery and reassess adequacy
16 and typicality. BCBSIL has spent significant time and resources on discovery, class certification,
17 summary judgment, and related appellate matters—all tied to named Plaintiff C.P. BCBSIL met
18 each of the Court's deadlines under the assumption that C.P. would remain an adequate class
19 representative for the duration of the litigation.

20       At the eleventh hour, Plaintiffs now seek to substitute two new named Plaintiffs. But the
21 "disclosures" in Plaintiff's motion for substitution are inadequate. For Mr. Jones, Plaintiffs attach
22 only a declaration. Dkt. 177. But this Declaration appears to contradict BCBSIL's internal records
23 because BCBSIL has no record that it ever denied any of his claims based on an exclusion. Decl.
24 of Suzanne Livorsi. Nor does he appear to have exhausted his contractual remedies under his
25 plan. *Id.* For S.L., Plaintiffs allegedly attach redacted copies of BCBSIL communications and
26 records. Dkt. 176. Plaintiffs offer no other evidence in support of Mr. Jones and S.L.'s adequacy

BLUE CROSS BLUE SHIELD OF ILLINOIS'S
RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT AND TO ADD
PARTIES AS ADDITIONAL CLASS REPRESENTATIVES - 4
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

to represent the class other than these materials.  Further, Plaintiffs' Motion does not contain any 23(a) adequacy of representation analysis.  *See, e.g.*, *Sloan v. General Motors LLC*, No. 16-cv-07244-EMC, 2020 WL 5517244, at *9 (N.D. Cal. Sept. 14, 2020) (permitting substitution of class representatives only "subject to an adequacy determination").  Therefore, BCBSIL is entitled to conduct narrowly-tailored discovery on a limited basis related to Mr. Jones and S.L. to determine their adequacy of representation in this case and to brief that issue for the Court.

   **2.    BCBSIL will face significant prejudice if the Court substitutes in two new proposed class representatives without allowing BCBSIL to investigate whether they satisfy Rule 23(a)'s typicality requirements.**

*Wit v. United Behavioral Health* demonstrates that a class cannot be certified if the recovery of benefits or a declaration of rights under plans at issue would depend upon a "multitude of individualized circumstances relating to the medical necessity for coverage and the specific terms of the member's plan." 79 F.4th 1068, 1080 (9th Cir. 2023).

As in *Wit*, the proposed new class representatives in this case ask the Court to order the claims administrator to reprocess numerous, varied ERISA claims pursuant to ERISA's regulatory framework.  *Wit* (and other cases) make clear that this type of classwide injunctive relief is not allowed where class members' "claims may have been denied for reasons wholly independent" of the challenged aspect of the plan. *Id*. at 1085.  To the extent reprocessing is *ever* a valid classwide remedy, it is available only in very narrowly defined circumstances: when it is clear from the record that *every* class member's claim was denied "based only on the challenged provisions of the [plans]" or that "such a common showing is possible." *Id*. at 1086.

The proposed new class representatives have not, and likely cannot, make that showing. Emmett Jones concedes in his declaration that his claims may not be typical of the class because there are individualized issues associated with the denial of his claims for gender-affirming care. *See* Dkt. 177 at ¶ 12 ("I am uncertain if the reason for the non-payment was due to my deductible, a need for additional information[,] or the application of the Exclusion in my health plan for gender affirming care.").  Indeed, Mr. Jones's claims for gender-affirming care were not denied based on

BLUE CROSS BLUE SHIELD OF ILLINOIS'S
RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT AND TO ADD
PARTIES AS ADDITIONAL CLASS REPRESENTATIVES - 5
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

a plan exclusion. *See* Declaration of Suzanne Livorsi at ¶¶ 2-3. Plaintiffs' class definition *only* includes those who "were, are, or will be denied pre-authorization or coverage of otherwise covered services *due to BCBSIL's administration of such an exclusion*." Dkt. 175-1 at ¶ 115 (emphasis added). If Mr. Jones's claims for gender-affirming care were denied based on his deductible or for a reason other than the challenged provisions of his plan, he would not fit within the class definition and would not be a typical and adequate representative of the class.

Mr. Jones also concedes that he has not yet appealed the denial of his claim and has therefore not exhausted the administrative appeals available to him. Dkt. 177 at ¶ 12. Because ERISA plans require exhaustion, Mr. Jones's claims are not yet ripe. Mr. Jones is therefore not an adequate or typical class representative. Moreover, based on the individualized inquiries required to determine why his claims for gender-affirming care were denied under the terms of his individual plan, Mr. Jones certainly cannot demonstrate that further administrative appeals would be futile.

Proposed new class representative S.L., by and through her parents, similarly has not demonstrated that her claims are typical of the class. S.L. is a member of a different health benefits plan than the current named plaintiff C.P. Dkt. 176 at ¶ 4. S.L.'s plan contains different exclusion language than C.P.'s plan. Plaintiffs have not shown that S.L.'s claims were denied based solely on the challenged exclusionary language, rather than for some other or additional reason. The Court must therefore examine S.L.'s plan and apply the language of that plan to S.L.'s claims for gender-affirming care to determine whether her claims are typical of the class and whether she is entitled to have her individual claims reprocessed.

Plaintiffs also have not shown whether the proposed new class representatives seek relief that is typical of and available to the class as a whole. Indeed, the class, by definition, includes many individuals who do not satisfy the prerequisites for an ERISA remand or for "reprocessing." Based on *Wit* and the proposed substitution of the named Plaintiffs, this Court should re-examine whether reprocessing is an appropriate class-wide remedy, particularly because nothing in federal

BLUE CROSS BLUE SHIELD OF ILLINOIS'S
RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT AND TO ADD
PARTIES AS ADDITIONAL CLASS REPRESENTATIVES - 6
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

law places a plan or ERISA plan administrator—including BCBSIL—on notice of the potential for any reprocessing injunction. *See also Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 893 (7th Cir. 2011) (holding that class-wide reprocessing relief is not available as a remedy for claims for breach of insurance contracts).

### D. The Court should determine whether the proposed class representatives are adequate and typical of the class before ruling on BCBSIL's Motion to Decertify the Class and Plaintiffs' Motion for Classwide Declaratory and Permanent Injunctive Relief.

If amendment is permitted, BCBSIL will need to engage in written discovery to determine the adequacy of the new named plaintiffs and take their depositions, which will take several months. If amendment is permitted, BCBSIL will also need to supplement its pending motion to decertify the class, Dkt. 156, to address whether the proposed named plaintiffs adequately represent the currently-certified class and present claims typical of that class. For these reasons, the Court should first determine if the proposed class representatives are sufficiently adequate and typical under Rule 23(a) before ruling on BCBSIL's Motion to Decertify the Class and Plaintiffs' Motion for Classwide Declaratory and Permanent Injunctive Relief by ordering the following schedule providing for limited discovery and re-briefing of class certification:

1. For a period of ninety (90) days from the day this Order is signed, discovery should be reopened, limited to the new named Plaintiffs S.L. and Emmett Jones, to allow the parties to retrieve the medical records of S.L. and Emmett Jones and conduct written discovery and depositions related to the new named Plaintiffs; and

2. The Court should order re-briefing on the adequacy and typicality elements of class certification under the following schedule:

    a. Plaintiffs' briefing on the adequacy and typicality of S.L. and Emmett Jones as named plaintiffs is due no later than thirty (30) days after the close of the limited discovery period in paragraph (1) above;

    b. Defendant's opposition brief is due thirty (30) days after the filing of Plaintiffs' brief; and

BLUE CROSS BLUE SHIELD OF ILLINOIS'S
RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT AND TO ADD
PARTIES AS ADDITIONAL CLASS REPRESENTATIVES - 7
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

c. Plaintiffs' reply brief is due fourteen (14) days after the filing of Defendant's opposition brief.

**CONCLUSION**

Before ruling on Plaintiffs' motion for leave to file a second amended complaint and to add parties as additional class representatives, the Court should permit discovery on the proposed class representatives and re-brief class certification issues related to their adequacy and typicality.

Dated this 10th day of October, 2023.

KILPATRICK TOWNSEND & STOCKTON LLP

By  /s/ Gwendolyn C. Payton
Gwendolyn C. Payton, WSBA No. 26752
gpayton@kilpatricktownsend.com
John R. Neeleman, WSBA No. 19752
jneeleman@kilpatricktownsend.com
1420 Fifth Ave., Suite 3700
Seattle, WA 98101
Telephone: (206) 626-7714
Facsimile: (206) 623-6793

*Counsel for Blue Cross Blue Shield of Illinois*

BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND TO ADD PARTIES AS ADDITIONAL CLASS REPRESENTATIVES - 8
Case No. 3:20-cv-06145-RJB

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

# CERTIFICATE OF SERVICE

I certify that on the date indicated below I caused a copy of the foregoing document, BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND TO ADD PARTIES AS ADDITIONAL CLASS REPRESENTATIVES, to be filed with the Clerk of the Court via the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| **Eleanor Hamburger**<br>SIRIANNI YOUTZ SPOONEMORE HAMBURGER<br>3101 WESTERN AVENUE STE 350<br>SEATTLE, WA 98121<br>206-223-0303<br>Fax: 206-223-0246<br>Email: ehamburger@sylaw.com | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| **Jennifer C Pizer**<br>LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC<br>4221 WILSHIRE BLVD., STE 280<br>LOS ANGELES, CA 90010<br>213-382-7600<br>Email: jpizer@lambdalegal.org | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| **Omar Gonzalez-Pagan**<br>LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC. (NY)<br>120 WALL STREET<br>19TH FLOOR<br>NEW YORK, NY 10005<br>212-809-8585<br>Email: ogonzalez-pagan@lambdalegal.org | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |

DATED this 10th day of October, 2023.

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Gwendolyn C. Payton*
     Gwendolyn C. Payton, WSBA #26752

*Counsel for Blue Cross Blue Shield of Illinois*

CERTIFICATE OF SERVICE – 9