THE HONORABLE ROBERT J. BRYAN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| C. P., by and through his parents, Patricia Pritchard and Nolle Pritchard; and PATRICIA PRITCHARD,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>BLUE CROSS BLUE SHIELD OF ILLINOIS,<br><br>　　　　　　　　　　Defendant. | Case No. 3:20-cv-06145-RJB<br><br>**BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEFING ON *WIT v. UNITED BEHAVIORAL HEALTH***<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**NOTE ON MOTION CALENDAR: OCTOBER 20, 2023** |

BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEFING ON *WIT*
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

## I.  INTRODUCTION

On August 22, 2023, the Ninth Circuit issued its updated decision in *Wit v. United Behavioral Health*, 79 F.4th 1068 (9th Cir. 2023).  This Court directed the parties to submit supplemental briefing "regarding the effect of *Wit* on this case."  Dkt. 173 at 2.  This brief responds to Plaintiffs' supplemental brief.  As with the earlier iterations of *Wit*, the new opinion prohibits class certification in this case.

## II.  ARGUMENT

**A.  Plaintiffs failed to limit their brief to an analysis of *Wit*, as this Court directed.**

This Court's order directed the parties to submit supplemental briefing limited to "the effect of *Wit* on this case."  *Id.*  But Plaintiffs devote little attention to *Wit* in their submission, likely because *Wit* is dispositive of their claims.  Plaintiffs instead rehash old arguments (Dkt. 180 at 8–9, 10–13, 15), raise new theories for relief (*id.* at 9–10, 13–14), and spend several pages complaining that BCBSIL continues to administer claims based on the challenged exclusions even though the Court has not issued any injunction, ordered any relief, or entered any final judgment (*id.* at 6–7).  *See* Dkt. 148 at 20 (granting summary judgment and ordering that "[t]he appropriate relief due, if any, will be addressed by motion practice, or at trial").  This Court should disregard Plaintiffs' many arguments that fail to discuss *Wit*'s "effect . . . on this case" and thus contravene the supplemental briefing order.  *See Bauman v. DaimlerChrysler Corp.*, 579 F.3d 1088, 1097–98 (9th Cir. 2009), *vacated on other grounds*, 603 F.3d 1141 (9th Cir. 2010); *Delashaw v. Seattle Times Co.*, No. C18-0537JLR, 2021 WL 63158, at *3 (W.D. Wash. Jan. 7, 2021) (refusing to consider arguments "beyond the scope of the court's narrow directive to file supplemental briefing").

**B.  Plaintiffs mischaracterize *Wit* and misapply it to this case.**

    **1.  Under *Wit*, remand for reprocessing is not available classwide where each plaintiff must show under the proper standard that the benefit sought is medically necessary.**

The Ninth Circuit's revised opinion in *Wit* did not alter the result that is dispositive of this
BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE TO
PLAINTIFFS' SUPPLEMENTAL BRIEFING ON *WIT* - 1
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

1 case. It reversed the district court's certification of claims for classwide reprocessing relief. *Wit*,
2 79 F.4th at 1078-79.

3 The Ninth Circuit held that reprocessing was not available on a classwide basis because under ERISA, to be eligible for a remand for "full and fair review" pursuant to ERISA, 29 U.S.C. § 1133(2), a plaintiff must "sho[w] that his or her claim was denied based on the wrong standard *and* that he or she might be entitled to benefits under the proper standard." *Wit*, 79 F.4th at 1084 (emphasis in original). In other words, the remand must follow from a showing that "[the claimant] might be entitled to benefits under the proper standard." *Id*. This standard can be applied individually only as to the named plaintiffs. It cannot be applied classwide.

4 The class in *Wit* included class members who could not satisfy these prerequisites for reprocessing. The plaintiffs defined their class to include all plan members whose claims had been denied based on guidelines developed in-house by United for determining the medical necessity of residential treatment of mental illness. *Id.* at 1085. Because "some class members' claims may be denied for reasons wholly independent of the [g]uidelines" at issue, the Ninth Circuit concluded that the plaintiffs "have fallen short of demonstrating that all class members were denied a full and fair review of their claims or that such a common showing is possible." *Id*. at 1085-86; *see also id*. (stating that, to be eligible for classwide reprocessing, class must be "limited to those claimants whose claims were denied based only on the challenged provisions."). By including individuals in the class who "would not be eligible for reprocessing" under ERISA, the district court had used class certification "in a way that enlarged or modified Plaintiffs' substantive rights [under ERISA] in violation of the Rules Enabling Act." *Id*. The Ninth Circuit thus held that granting certification and ordering reprocessing relief on a classwide basis were each reversible error. *Id*.

5 The Ninth Circuit emphasized that it has "never held that a plaintiff is entitled to reprocessing without a showing that application of the wrong standard could have prejudiced the claimant," *i.e.*, that the claimant might be entitled to benefits under the correct standard. *Id.* at 1084 (emphasis added). This requirement applies to each individual claimant, who must develop a record showing that, if the correct standard were applied, he or she individually "might be entitled

BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE TO
PLAINTIFFS' SUPPLEMENTAL BRIEFING ON *WIT* - 2
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

to benefits under the proper standard." *Id.*

The plaintiffs in *Wit* could not make that showing classwide because the analysis required an individualized inquiry that precluded certification. *See id*. The class included (1) members "whose claim[s] w[ere] denied under one of the many unchallenged provisions in the [Guidelines]"; (2) members whose "claims were denied *in part* based on the Guidelines" and in part for other reasons, and (3) members whose "claims may have been denied for reasons wholly independent of the Guidelines even though the Guidelines were referenced in their denial letters." *Id.* at 1085-86 (emphasis in original). As a result, the Ninth Circuit ruled that the district court had erred in granting class certification "based on its determination that the class members were entitled to have their claims reprocessed regardless of the individual circumstances at issue in their claims." *Id.* at 1084.

So too here. To be eligible for remand on an individual basis, each absent class member would need to show that he or she "might be entitled to benefits under the proper standard," *i.e.,* absent the exclusion for gender-affirming care found in that specific member's plan. *Id*. Thus, for classwide reprocessing to be available, it would have to be possible for common proof to establish that *all* class members were or could be denied benefits solely because of the challenged exclusions. As in *Wit*, Plaintiffs here cannot meet this burden.

For example, Plaintiffs must be able to show that the claimed benefit is medically necessary for each class member. *See* Dkt. 38 at 22 (acknowledging that medical necessity is an independent bar to benefits). Plaintiffs must also be able to show that no class member's claims were denied on adequate and independent grounds. Plaintiffs cannot present classwide evidence supporting each class member's claim in these respects – only individualized proof can suffice. Indeed, BCBSIL has no current relationship with many class members because a quarter of the plans at issue no longer use BCBSIL as a third-party administrator. As a result, BCBSIL *cannot* reprocess or pay any claims submitted by a large segment of the class. See Dkt. 156 at 7-8.

Plaintiffs seek to avoid the straightforward conclusion that reprocessing is not available on a classwide basis by mischaracterizing *Wit*. They claim that "the new panel decision confirmed

BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEFING ON *WIT* - 3
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

that remand with reprocessing is a proper remedy, even under ERISA, abandoning its earlier decision." Dkt. 180 at 1. This is misleading. The Ninth Circuit's earlier opinions in *Wit* acknowledged that remand for reprocessing is a remedy under ERISA. *See Wit v. United Behav. Health*, 58 F.4th 1080, 1094 (9th Cir.), *opinion vacated and superseded on reh'g*, 79 F.4th 1068 (9th Cir. 2023). But the Ninth Circuit, in both its vacated opinion and in its final decision, contrasted class actions like *Wit* with individual actions where reprocessing is an available remedy under ERISA, as in *Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability Income Plan*, 85 F.3d 455, 458, 460–61 (9th Cir. 1996), and *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 949–51 (9th Cir. 1993). *See Wit*, 58 F.4th at 1094 (9th Cir.), *opinion vacated and superseded on reh'g*, 79 F.4th 1068 (9th Cir. 2023) ("Here, there are numerous individualized questions involved in determining Plaintiffs' entitlement to benefits given the varying Guidelines that apply to their claims and their individual medical circumstances."); *Wit*, 79 F.4th at 1084 ("[T]he district court erred in granting class certification here based on its determination that the class members were entitled to have their claims reprocessed regardless of the individual circumstances at issue in their claims."). There is no dispute that reprocessing may be available for individual ERISA claims, but *Wit* establishes conclusively that reprocessing is not a proper remedy for classwide claims unless every member can show entitlement to benefits if his or her claims are reprocessed.

Plaintiffs also claim that the revised *Wit* opinion "confirms that reprocessing is proper where the common standard imposed by defendant was illegal and each class member submitted claims that they were entitled to benefits." Dkt. 180 at 13. This is incorrect. Again, each plaintiff must "sho[w] that his or her claim was denied based on the wrong standard *and* that he or she might be entitled to benefits under the proper standard." *Wit*, 79 F.4th at 1084 (emphasis in original).

Plaintiffs instead seize on a fragmentary quote from *Wit* that "remand may be an appropriate remedy in some cases where an administrator has applied an incorrect standard." Dkt. 180 at 1. But that is not the test for classwide reprocessing. Plaintiffs omit the key part of the sentence that limits remand for alleged class actions:

BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE TO
PLAINTIFFS' SUPPLEMENTAL BRIEFING ON *WIT* - 4
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

>*While* remand may be an appropriate remedy in some cases where an administrator has applied an incorrect standard, we conclude that the district court erred in granting class certification here based on its determination that the class members were entitled to have their claims reprocessed *regardless of the individual circumstances at issue in their claims*.

79 F.4th at 1084 (emphasis added). Here, the "individual circumstances at issue" in the various claims will have to be considered. They cannot be disregarded. So classwide relief is not available. Plaintiffs have not shown that all class members "might be entitled to benefits under the proper standard," as *Wit* requires, 79 F.4th at 1084, and cannot make such a showing. Tellingly, Plaintiffs' supplemental brief does not even attempt to argue that the class satisfies *Wit*'s two-part test.

Seeking any support they can muster, Plaintiffs also cite the amicus brief that the Department of Labor submitted to the Ninth Circuit in *Wit*. *See* Dkt. 181-1. But Plaintiffs mischaracterize the Department of Labor's position as well. In its brief, the Department of Labor argued that the Ninth Circuit erred in implying that reprocessing was not a remedy available under ERISA for individual claims for relief. The Department of Labor's position is expressly limited to whether reprocessing is available for individual claims and does not reach whether a class seeking reprocessing under ERISA may be certified. *See id.* at 3 ("The Acting Secretary takes no view on whether class certification was appropriate in this particular case."). Classwide reprocessing is not appropriate in these circumstances, and neither *Wit* nor the Department of Labor amicus brief supports a different conclusion.

> **2. Plaintiffs mischaracterize *Wit*'s holding regarding equitable tolling and reprocessing.**

Plaintiffs have requested that limitations periods for claims and administrative appeals be tolled in order to enable absent class members to exhaust administrative remedies where the limitations periods would otherwise bar the claim. Plaintiffs claim that "*Wit* [] abandons the panel's earlier critique of the reprocessing remedy and affirmatively concludes that equitable tolling and reprocessing are proper where an administrator has applied an incorrect standard to health claims and reprocessing is not futile." Dkt. 180 at 5; *see also id.* at 9 & n.4. This is false. In *Wit*, the district court declined to allow tolling when it refused to excuse class members from

BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE TO
PLAINTIFFS' SUPPLEMENTAL BRIEFING ON *WIT* - 5
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

demonstrating compliance with the ERISA plan's administrative exhaustion requirement. 79 F.4th at 1089. The Ninth Circuit reiterated that every claimant must exhaust administrative remedies, finding that even though exhaustion may not be required for statutory breach of duty claims, "exhaustion *is* required if a plaintiff's statutory claim is a disguised claim for benefits." *Id.* at 1089 (emphasis in original). Here, Plaintiffs overtly seek remand and reprocessing of a denied claim for benefits, and thus exhaustion is required.

Still, despite this controlling authority from the Ninth Circuit, Plaintiffs renew their request that the Court equitably toll class members' claims. But as BCBSIL has previously explained, Dkt. 161, equitable tolling is not an available classwide remedy under the Rules Enabling Act because Plaintiffs cannot show futility on a classwide basis, nor could they make an argument for futility absent an individualized inquiry.[1]

If this Court equitably tolled claims on a classwide basis and excused class members from the requirement that they exhaust their claims, the Court would abridge BCBSIL's affirmative defense of failure to exhaust. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 367 (2011) ("[A] class cannot be certified on the premise that [the defendant] will not be entitled to litigate its statutory defenses to individual claims."). The Supreme Court has made clear that the Rules Enabling Act forbids interpreting Rule 23 to abridge, enlarge or modify any substantive right. *See Wit*, 79 F.4th at 1085 (citing *Dukes*, 564 U.S. at 367).

Plaintiffs claim that the Court should excuse failures by class members to adhere to these deadlines. Dkt. 180 at 5. This argument fails. As Plaintiffs acknowledge, the contract between the named Plaintiffs and plan sponsor CommonSpirit Health (f/k/a Catholic Health Initiatives) unambiguously requires members to submit claims to the plan and file internal appeals before

---

[1] In a footnote, Plaintiffs note *Wit*'s dichotomy between "fiduciary duty claims" (for which exhaustion may not be required) and "disguised claim[s] for benefits" (which require exhaustion) and suggest that they were not required to exhaust their claims. Dkt. 180 at 9 n.4 (quoting *Wit*, 79 F.4th at 1089). But *Wit* proves that exhaustion is required here. Plaintiffs' claims are prototypical "disguised claims for benefits" that require exhaustion. *See Diaz v. United Agr. Emp. Welfare Ben. Plan & Tr.*, 50 F.3d 1478, 1483–84 (9th Cir. 1995) (establishing exhaustion is required for any case "involv[ing] an individual's claim for plan benefits under a particularized set of facts" even if the claim "implicate[s] statutory requirements imposed by ERISA or COBRA (or perhaps other statutes, for that matter)").

BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE TO
PLAINTIFFS' SUPPLEMENTAL BRIEFING ON *WIT* - 6
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

suing for benefits. Dkt. 153 at 9-10. Further, it provides for a one-year time limit on the submission of claims and a 180-day time limit on filing internal appeals of adverse benefit determinations. Dkt. 38-1 at 85, 97. These time limits are typical of all ERISA self-funded plans that BCBSIL administers, and courts enforce contractual limitations periods in ERISA contracts unless the time limit is "unreasonable or fundamentally unfair." *Wang Lab. v. Kagan*, 990 F.2d 1126, 1128 (9th Cir. 1993) (citation omitted).

In *Leaverton v. RBC Capital Markets Corp.*, No. C09–1804RSL, 2010 WL 3418270 (W.D. Wash. 2010), for example, this Court upheld a limitations period requiring beneficiaries to bring claims "within 90 days after the Participant or beneficiary knows or should have known of his or her claim for benefits" and concluded the contract barred a claim submitted outside the limitations period. *Id.* at *3 (alterations omitted); *see also Martinez-Claib, M.D. v. Business Men's Assur. Co. of America*, 349 F. App'x 522, 524-25 (11th Cir. 2009) (finding an ERISA participant's claim for benefits time-barred because the plan imposed a one-year deadline and the participant filed four months late). Here, Plaintiffs have not argued or established that the contractual deadlines are "unreasonable or fundamentally unfair." *Wang Lab.*, 990 F.2d at 1128.

The Court cannot excuse class members' failure to exhaust administrative remedies even if they are futile. In any event, Plaintiffs have failed to make any showing of futility. It is well established that the futility exception to ERISA's exhaustion requirement does not apply to claims that were never submitted. In *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 917 (3d Cir. 1990), the court determined an ERISA plaintiff could not claim futility if he or she did not request the contested benefit. *See id.* at 917 ("[B]ecause [the plaintiff] did not request [the disputed benefit], he [wa]s precluded from seeking judicial relief on his claims seeking to enforce the terms of the Plan."). *Berger* reached this conclusion despite the fact the plaintiff's claim would have been denied pursuant to company policy. *Id*; *see also Diaz*, 50 F.3d at 1485-86 (denying futility exception where claimants failed to appeal, even though an insurer said it would not pay, because the "record contain[ed] nothing but speculation to suggest that the administrators would have reached a preconceived result in that respect"). Here, contrary to *Berger*, Plaintiffs seek to excuse

BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE TO
PLAINTIFFS' SUPPLEMENTAL BRIEFING ON *WIT* - 7
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

class members who only submitted a pre-authorization of benefits and failed to appeal or file an initial claim. This is insufficient—a plaintiff must at least submit a claim "sufficient to apprise the plan of the assertion of a right to benefits." *Leaverton*, 2010 WL 3418270, at *4.

Proving which class members submitted claims would inherently require an individualized inquiry. This is particularly true here, where plan language is not uniform and the 398 plans at issue contain widely-varying exclusions for transgender-related services—some plans cover most transgender-related services but exclude surgery, some plans cover transgender-related services for adults but not minors, some plans cover hormone treatments while others do not, and some plans cover transgender-related services but put a limit on how much a member can spend. *See* Dkt. 93 at 9-11.[2] Because Plaintiffs cannot show futility on a classwide basis or make an argument for futility absent an individualized inquiry, their request that the Court equitably toll class members' claims must fail.

**C.    The certified class fails to satisfy Rule 23's standards.**

   **1.    The proposed new class representatives do not satisfy Rule 23's adequacy and typicality thresholds because they do not make a threshold showing that they are individually entitled to relief on remand.**

*Wit* reiterates that a class cannot be certified if the recovery of benefits or a declaration of rights under the 398 plans at issue would depend upon a "multitude of individualized circumstances relating to the medical necessity for coverage and the specific terms of the member's plan." *Wit*, 79 F.4th at 1080.

As in *Wit*, the proposed new class representatives in this case ask the Court to order the claims administrator to reprocess numerous, varied ERISA claims pursuant to ERISA's regulatory framework. *Wit* (and other cases) make clear that this type of classwide injunctive relief is not

---

[2] Plaintiffs rely on *Z.D. ex rel. J.D. v. Grp. Health Co-op.*, No. C11-1119RSL, 2012 WL 5033422 (W.D. Wash. Oct. 17, 2012), in support of their equitable tolling arguments. The district court in that case waived ERISA's exhaustion requirement with little analysis or citation to authority based on the defendant's uniform litigation position concerning coverage found in a single plan. That case is both unpersuasive and inapplicable here, where the plan language is not uniform.

BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE TO
PLAINTIFFS' SUPPLEMENTAL BRIEFING ON *WIT* - 8
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713   FAX: (206) 260-8946

allowed where class members' "claims may have been denied for reasons wholly independent" of the challenged aspect of the plan. *Id*. at 1085.

Here, the proposed new class representatives have not, and likely cannot, make the showing the law requires for remand for reprocessing *for themselves individually*, to say nothing of the proposed class a whole. Emmett Jones concedes in his declaration that his claims may not be typical of the class because there are individualized issues associated with the denial of his claims for gender-affirming care. *See* Dkt. 177 ¶ 12 ("I am uncertain if the reason for the non-payment was due to my deductible, a need for additional information[,] or the application of the Exclusion in my health plan for gender affirming care."). Indeed, Mr. Jones's claims for gender-affirming care were not denied based on a plan exclusion. *See* Livorsi Decl., Dkt. 185 ¶ 2. Plaintiffs' class definition includes *only* those who "were, are, or will be denied pre-authorization or coverage of otherwise covered services *due to BCBSIL's administration of such an exclusion*." Dkt. 175-1 ¶ 115 (emphasis added). Because Mr. Jones's claims for gender-affirming care were denied based on reasons other than the challenged provisions of his plan, he does not fit within the class definition and is not a typical or adequate representative of the class.

Mr. Jones also concedes that he has not yet appealed the denial of his claim and has therefore not exhausted the administrative appeals available to him. Dkt. 177 ¶ 12. Indeed, Mr. Jones does not have any appeals pertaining to denial for medical necessity or plan exclusions, and he does not have any prior authorization requests or denial of prior authorization requests. Livorsi Decl. ¶ 3. Because ERISA plans require exhaustion, Mr. Jones's claims are not yet ripe. For this additional reason, Mr. Jones is therefore not an adequate or typical class representative. Moreover, based on the individualized inquiries required to determine why his claims for gender-affirming care were denied under the terms of his individual plan, Mr. Jones certainly cannot demonstrate that further administrative appeals would be futile.

Proposed new class representative S.L., by and through her parents, similarly has not demonstrated that her claims are typical of the class in Plaintiffs' motion for leave to amend the complaint. S.L. is a member of a different health benefits plan than the current named plaintiff

BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE TO
PLAINTIFFS' SUPPLEMENTAL BRIEFING ON *WIT* - 9
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

C.P. Dkt. 176 ¶ 4. S.L.'s plan contains different coverage language than C.P.'s plan. Even the exclusion itself is very different than in named plaintiff C.P.'s plan: C.P.'s plan excludes "treatment, drugs, medicines, therapy, counseling services and supplies for, or leading to, gender reassignment surgery," while S.L.'s plan excludes "gender reassignment Surgery (also referred to as transsexual Surgery, sex reassignment Surgery or intersex Surgery), including related services and supplies." Dkt. 88-1 at 120; Dkt. 104-1 at 259. The Court must therefore examine S.L.'s plan and apply the language of that plan to S.L.'s claims for gender-affirming care to determine whether her claims are typical of the class and whether she is entitled to have her individual claims remanded.

Because neither Emmett Jones nor S.L. have made a sufficient showing that their claims were denied solely due to challenged exclusions, they have not demonstrated they are adequate and typical class representatives.

### 2.     Common-law anticipatory breach or repudiation does not apply here.

Plaintiffs cannot rely on the common law doctrines of anticipatory breach and repudiation to try to circumvent *Wit*'s prohibition on tolling or excusing exhaustion requirements for absent class members. As an initial matter, Plaintiffs should be barred from making this argument because they raise these doctrines – for the first time – in a supplemental brief that should have been devoted exclusively to *Wit*, a case that does not discuss either anticipatory breach or repudiation.

In making this argument, Plaintiffs rely on *Hendricks v. Aetna Life Insurance Company*, 344 F.R.D. 237 (C.D. Cal. 2023), to support their assertion that no exhaustion requirement should apply. *Hendricks* involves a class action against an insurer with a uniform policy of denying coverage for lumbar artificial disc replacement surgery as experimental or investigational. *Id.* at 240. The district court denied the insurer's motion to decertify the class, finding that the named plaintiffs satisfied Rule 23's typicality requirement even though plaintiffs had failed to exhaust their ERISA remedies. *Id.* at 242. While the prudential futility exception could not save the named plaintiffs' claims, the court concluded that the contract-law doctrine of anticipatory repudiation

BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE TO
PLAINTIFFS' SUPPLEMENTAL BRIEFING ON *WIT* - 10
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

could. *See id.* at 242–45. As the *Hendricks* court explained the doctrine, "the performance of a condition precedent"—like exhaustion—is waived when "a party makes 'a positive, unconditional, and unequivocal declaration of fixed purpose not to perform the contract in any event or at any time.'" *Id.* at 242–43 (quoting *Minidoka Irrigation Dist. v. Dep't of Interior*, 154 F.3d 924, 926 (9th Cir. 1998)).

Plaintiffs' reliance on *Hendricks* is misplaced for several reasons. To start, the holding in *Hendricks* will need to be revisited and potentially reconsidered because it was issued in reaction to the Ninth Circuit's January 2023 opinion in *Wit* that has since been superseded.

In any event, as with equitable tolling, anticipatory breach and repudiation are highly fact-intensive analyses that depend on the exclusionary language at issue and any individual plan's specific response to any claims. To be excused from an exhaustion requirement, a claimant must show that the insurer's "repudiation contributes materially" to the claimant's failure to exhaust. *Hendricks*, 344 F.R.D. at 243 (quoting *Restatement (Second) of Contracts* § 255 (Am. L. Inst. 1981)). Such a necessary, individualized inquiry defeats certification here. In *Hendricks*, the plaintiffs alleged they were harmed by a single, uniform policy of denying coverage for lumbar artificial disc replacement surgery as experimental or investigational. *Id.* at 240. This finding relied on a well-developed record regarding Aetna's responses to the plaintiffs' claims and other statements to plan participants and published materials. *Id.* Here, unlike in *Hendricks*, the challenged exclusions are not uniform for all class members – there are 398 plans with different plan language at issue, and they contain widely-varying exclusions for transgender-related services. As noted above, some plans cover most transgender-related services but exclude surgery, some plans just exclude minors, and some plans cover services but put a limit on how much a member can spend. There is no single, uniform policy at issue. Moreover, Plaintiffs have not made the kind of showing made in *Hendricks* that the exclusions "contribute[d] materially" to their failure to exhaust. *See id.* at 241

More significantly, *Hendricks* appears to be alone in finding that common-law anticipatory breach or repudiation can apply in the ERISA context even when exhaustion has not been met and

BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE TO
PLAINTIFFS' SUPPLEMENTAL BRIEFING ON *WIT* - 11
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

the futility exception under ERISA is unavailable. *Id.* at 242. None of the repudiation cases the court in *Hendricks* relied on are ERISA cases. *Id.* at 243-44.

Instead, controlling Ninth Circuit authority on ERISA exhaustion should govern. The Ninth Circuit has consistently held that "federal courts have the authority to enforce the exhaustion requirement in suits under ERISA, and that as a matter of sound policy they should usually do so." *Amato v. Bernard*, 618 F.2d 559, 568 (9th Cir. 1980). Thus, a plaintiff claiming a denial of benefits under an ERISA plan "must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court." *Diaz*, 50 F.3d at 1483. This "sound policy" applies even when the plaintiff alleges repudiation. As the Eighth Circuit has explained, even "when there has been a repudiation by the fiduciary which is clear and made known to the beneficiary, … [o]ur case law is clear that [the beneficiary's] claim can proceed only if he has pled sufficient facts to show either futility or lack of administrative remedy." *Angevine v. Anheuser-Busch Companies Pension Plan*, 646 F.3d 1034, 1037–38 (8th Cir. 2011). A district court's outlier opinion in *Hendricks* should not alter this conclusion.

### 3. Reprocessing is not appropriate because this Court only certified a class under Rule 23(b)(1) and (b)(2) and because the remedy would not afford final relief.

Plaintiffs claim that certification of a reprocessing class was proper under Rule 23(b)(1) and (b)(2), Dkt. 180 at 13, but that position is without merit under both *Wit* and the governing law of other circuits.

In *Wit,* the district court certified a class under Rule 23(b)(1), (b)(2), and (b)(3). *Wit v. Behav. Health*, 317 F.R.D. 106 (N.D. Cal. 2016), *aff'd in part, rev'd in part*, 79 F.4th 1068 (9th Cir. 2023). Monetary relief is allowed only under Rule 23(b)(3). *Dukes*, 564 U.S. at 360–61. And the district court in *Wit* had ordered retrospective reprocessing under only Rule 23(b)(3). *See Wit v. United Behav. Health*, No. 14-cv-02346-JCS, 2020 WL 6479273, at *24 (N.D. Cal. Nov. 3, 2020) ("Because the reprocessing will involve some individualized inquiries by UBH, the Court awards this remedy under Rule 23(b)(3) of the Federal Rules of Civil Procedure."); *see also Wit*,

BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEFING ON *WIT* - 12
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

79 F.4th at 1084 (requiring a showing that, upon remand to the administrator for reprocessing, any class member "might be entitled to benefits [*i.e.*, monetary relief] under the proper standard").

Here, by comparison, the Court certified the class only under Rules 23(b)(1) and (b)(2), which do not allow monetary relief. But there is no dispute that Plaintiffs' "reprocessing" remedy really seeks payment of money on each class member's claim, which is prohibited under Rule 23(b)(1) and (b)(2). Plaintiffs themselves have conceded that they seek payment of claims. *See* Dkt. 38 at 22 (claiming "coverage (payment) for all denied pre-authorizations and denied claims for coverage during the Class Period that were based solely upon exclusions for gender-affirming care").[3]

While classwide reprocessing may be appropriate for certain (b)(3) classes in which all class members satisfy the prerequisites for remand, it is not appropriate for (b)(1) and (b)(2) classes, which can only seek declaratory or injunctive relief. *See* Dkt. 156 at 8–13. The Ninth Circuit's recognition of the possibility of classwide reprocessing only for (b)(3) classes under limited circumstances is thus entirely consistent with BCBSIL's argument that classwide reprocessing cannot be ordered for this (b)(1) and (b)(2) class.

Indeed, *Wit*'s description of reprocessing as a "remand for reevaluation," 79 F.4th at 1084, confirms that reprocessing is prohibited for a Rule 23(b)(2) class because it "fail[s] to provide 'final relief' . . . and require[s] too many individualized determinations of eligibility and medical necessity." Dkt. 156 at 10; *see also, e.g.*, *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 886 (7th Cir. 2011) (denying (b)(2) class certification because "the injunction envisioned by the plaintiffs would in no sense be a final remedy. A class-wide roof reinspection would only lay an evidentiary foundation for subsequent individual determinations of liability and damages.").

---

[3] Plaintiffs try to salvage their reprocessing remedy by pointing to testimony about indemnity language in certain agreements between BCBSIL and plan sponsors, claiming that reprocessing affords final relief because either BCBSIL or the plan sponsors will pay. Dkt. 180 at 10-11. These arguments regarding plan sponsors' duties to reimburse payments have the opposite effect of what Plaintiffs likely intended: they confirm that Plaintiffs seek *money*, something they cannot recover in a 23(b)(1) or (b)(2) class.

BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE TO
PLAINTIFFS' SUPPLEMENTAL BRIEFING ON *WIT* - 13
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

## CONCLUSION

For the reasons stated above, the revised decision in *Wit* compels vacatur of the class certification order and denial of Plaintiffs' claims to injunctive relief.

Dated this 20th day of October, 2023.

KILPATRICK TOWNSEND & STOCKTON LLP

By  /s/ Gwendolyn C. Payton
Gwendolyn C. Payton, WSBA No. 26752
gpayton@kilpatricktownsend.com
John R. Neeleman, WSBA No. 19752
jneeleman@kilpatricktownsend.com
1420 Fifth Ave., Suite 3700
Seattle, WA 98101
Telephone: (206) 626-7714
Facsimile: (206) 623-6793

*Counsel for Blue Cross Blue Shield of Illinois*

BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEFING ON *WIT* - 14
Case No. 3:20-cv-06145-RJB

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

# CERTIFICATE OF SERVICE

I certify that on the date indicated below I caused a copy of the foregoing document, BLUE CROSS BLUE SHIELD OF ILLINOIS'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEFING ON WIT v. UNITED BEHAVIORAL HEALTH, to be filed with the Clerk of the Court via the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following attorneys of record:

| Attorney | Method |
|---|---|
| **Eleanor Hamburger**<br>SIRIANNI YOUTZ SPOONEMORE HAMBURGER<br>3101 WESTERN AVENUE STE 350<br>SEATTLE, WA 98121<br>206-223-0303<br>Fax: 206-223-0246<br>Email: ehamburger@sylaw.com | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| **Jennifer C Pizer**<br>LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC<br>4221 WILSHIRE BLVD., STE 280<br>LOS ANGELES, CA 90010<br>213-382-7600<br>Email: jpizer@lambdalegal.org | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| **Omar Gonzalez-Pagan**<br>LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC. (NY)<br>120 WALL STREET<br>19TH FLOOR<br>NEW YORK, NY 10005<br>212-809-8585<br>Email: ogonzalez-pagan@lambdalegal.org | ☒ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |

DATED this 20th day of October, 2023.

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Gwendolyn C. Payton*
Gwendolyn C. Payton, WSBA #26752

*Counsel for Blue Cross Blue Shield of Illinois*