The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| C.P., by and through his parents, Patricia Pritchard and Nolle Pritchard; S.L. by and through her parents, S.R. and R.L.; EMMETT JONES, each individually and on behalf of similarly situated others; and PATRICIA PRITCHARD, individually,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF ILLINOIS,<br><br>Defendant. | No. 3:20-cv-06145-RJB<br><br>PLAINTIFF CLASS'S REPLY TO DEFENDANT'S SUPPLEMENTAL BRIEFING REGARDING DEFENDANT'S MOTION TO DECERTIFY (DKT. NO. 156)<br><br>**Note on Motion Calendar:**<br>    November 20, 2023 |

PLAINTIFF CLASS'S REPLY TO
DEFENDANT'S SUPPLEMENTAL BRIEFING
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

**Table of Contents**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT ................................................................................................................. 3

    A. No "Good Reason" to Revisit Class Certification. ...................................................... 3

    B. Named Plaintiffs S.L. and Jones Are Typical of the Class. ........................................ 3

        1. CHI's Purported Removal of the Exclusion from its Plan Is Irrelevant. ......................................................................................... 5

        2. Differences in Exclusionary Plan Language Are Irrelevant. ................................................................................................. 8

        3. No Individualized Assessment of the Medical Needs of S.L. or Jones by the Court Is Required. ............................................. 8

    C. The Class Seeks Declaratory, Prospective and Retrospective Equitable and Injunctive Relief. .................................................................. 11

III. CONCLUSION ........................................................................................................... 12

PLAINTIFF CLASS'S REPLY TO
DEFENDANT'S SUPPLEMENTAL BRIEFING – i
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

## Table of Authorities

### Cases

*Am. Cargo Transp., Inc. v. United States*,
    625 F.3d 1176 (9th Cir. 2010)............................................................................................7

*Berry v. Schulman*,
    807 F.3d 600 (4th Cir. 2015).............................................................................................12

*Bund v. Safeguard Props. LLC*,
    2018 U.S. Dist. LEXIS 180038 (W.D. Wash. Oct. 19, 2018)............................................3

*County of Los Angeles v. Davis*,
    440 U.S. 625 (1979) ...........................................................................................................7

*Des Roches v. Cal. Physicians' Serv.*,
    320 F.R.D. 486 (N.D. Cal. 2017)......................................................................................13

*Dilts v. Penske Logistics, LLC*,
    2013 U.S. Dist. LEXIS 192323 (N.D. Cal. Jan. 17, 2013).................................................3

*Ebert v. Gen. Mills, Inc.*,
    823 F.3d 472 (8th Cir. 2016).............................................................................................12

*Elkins v. Dreyfus,*
    2011 U.S. Dist. LEXIS 86782 (W.D. Wash. Aug. 5, 2011)................................................8

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
    528 U.S. 167 (2000) ...........................................................................................................7

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992)..............................................................................................4

*Hendricks v. Aetna Life Ins. Co.*,
    344 F.R.D. 237 (C.D. Cal. 2023).......................................................................................8

*In re First Am. Home Buyers Prot. Corp. Class Action Litig.*,
    313 F.R.D. 578 (S.D. Cal. 2016).........................................................................................8

*Kavu, Inc. v. Omnipak Corp.*,
    246 F.R.D. 642 (W.D. Wash. 2007)....................................................................................4

*Kazda v. Aetna Life Ins. Co.*,
    2023 U.S. Dist. LEXIS 199175 (N.D. Cal. Nov. 6, 2023) ...........................1, 2, 3, 11, 12, 13

PLAINTIFF CLASS'S REPLY TO
DEFENDANT'S SUPPLEMENTAL BRIEFING – ii
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

*Koe v. Noggle*,
  No. 1:23-CV-2904-SEG, 2023 U.S. Dist. LEXIS 147770 (N.D. Ga.
  Aug. 20, 2023) ......................................................................................................... 10

*L.W. v. Skrmetti*,
  No. 3:23-CV-00376, 2023 U.S. Dist. LEXIS 111424 (M.D. Tenn. June
  28, 2023), *rev'd and remanded on other grounds*, 83 F.4th 460 (6th
  Cir. 2023) ............................................................................................................... 10

*Patterson v. Hughes Aircraft Co.*,
  11 F.3d 948 (9th Cir. 1993) .................................................................................... 11

*Randall v. Rolls-Royce Corp.*,
  637 F.3d 818 (7th Cir. 2011) .................................................................................. 12

*Robinson v. Metro-North Commuter R.R.*,
  267 F.3d 147 (2d Cir. 2001) ................................................................................... 12

*Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability
  Income Plan*,
  85 F.3d 455 (9th Cir. 1996) .................................................................................... 10

*Sherman v. Trinity Teen Sols., Inc.*,
  84 F.4th 1182 (10th Cir. 2023) ................................................................................. 4

*Smith v. Univ. of Wash. Law Sch.*,
  2 F. Supp. 2d 1324 (W.D. Wash. 1998) ................................................................... 4

*Walsh v. Great Atl. & Pac. Tea Co.*,
  726 F.2d 956 (3d Cir. 1983) ................................................................................... 12

*Wit v. United Behav. Health*,
  58 F.4th 1080 (9th Cir. 2023), *vacated by* 79 F.4th 1068 (9th Cir.
  2023) .............................................................................................................. 1, 3, 11

*Wit v. United Behav. Health*,
  79 F.4th 1068 (9th Cir. 2023) ............................................................ 1, 2, 3, 10, 11, 13

**Statutes**

29 U.S.C. § 1133(1) ......................................................................................................... 5

**Rules**

Fed. R. Civ. P. 23(a)(3) ............................................................................................. 4, 12

Fed. R. Civ. P. 23(b)(1) ............................................................................................. 2, 13

PLAINTIFF CLASS'S REPLY TO
DEFENDANT'S SUPPLEMENTAL BRIEFING – iii
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

Fed. R. Civ. P. 23(b)(2) ................................................................................................2, 12, 13

PLAINTIFF CLASS'S REPLY TO
DEFENDANT'S SUPPLEMENTAL BRIEFING – iv
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

I. **INTRODUCTION**

In *Wit v. United Behav. Health,* 79 F.4th 1068 (9th Cir. 2023) (*Wit 3*) the Ninth Circuit reaffirmed the propriety of certifying a class where the remedy sought is injunctive relief including reprocessing.[1] The Ninth Circuit further removed language from the earlier *Wit 2* opinion implying that a "positive benefits determination" must be demonstrated in all circumstances to make out a claim under ERISA for recovery of benefits. *See Kazda v. Aetna Life Ins. Co.*, 2023 U.S. Dist. LEXIS 199175, at *2 (N.D. Cal. Nov. 6, 2023), referencing *Wit v. United Behav. Health*, 58 F.4th 1080, 1094 (9th Cir. 2023) (*Wit 2)*, *vacated by Wit 3*. The Ninth Circuit's decision in *Wit 3* wholly undermines BCBSIL's motion for decertification. *Id.*

Defendant Blue Cross Blue Shield of Illinois' ("BCBSIL") Motion to Decertify must be denied because the named Plaintiffs meet all requirements under Rule 23. In its supplemental briefing, BCBSIL challenges only the typicality and adequacy of the two newly added named plaintiffs, S.L. and Jones. The evidence in the record clearly defeats these challenges. For example, S.L. received express denials of claims and appeals from BCBSIL based on BCBSIL's administration of a gender-affirming care exclusion. Dkt. No. 177, *Exhs. 2-3*. Similarly, Jones was denied coverage of gender affirming care after being told such coverage would be denied by BCBSIL, actions entirely consistent with BCBSIL's testimony that, as a standard practice, a diagnosis of gender dysphoria triggers the Exclusion's application. Dkt. No. 177, ¶¶4, 7; Dkt. No. 148, p. 11. This evidence is more than sufficient to allow the Court to conclude that both S.L. and Jones are members of the class and suffer injuries typical to that of the class.

While BCBSIL claims to challenge the "adequacy of representation" by S.L. and Jones, it does not identify any conflict between the named plaintiffs and the class. S.L.'s parent and

---

[1] In *Wit,* the Ninth Circuit's holdings only addressed ERISA claims and do not constrain the Class's claims for violations of § 1557 of the Affordable Care Act. Without conceding this point, this brief focuses on the appropriate remedies and satisfaction of the requirements for class certification even if *Wit 3's* holdings were more broadly applicable beyond ERISA.

PLAINTIFF CLASS'S REPLY TO
DEFENDANT'S SUPPLEMENTAL BRIEFING – 1
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

Jones have attested that they know of no such conflict. Dkt. No. 176, ¶18; Dkt. No. 177, ¶14. BCBSIL's objection based on "adequacy" is wholly unfounded.

BCBSIL also reargues its position that the class cannot proceed under Fed. R. Civ. P. 23(b)(1) or (b)(2) because the injunctive relief sought is really a form of money damages and will require "hundreds of individual proceedings." *See* Dkt. No. 193, pp. 7-11. The Court has heard this exact argument before and rejected it. *See* Dkt. No. 93, pp. 18-22 (BCBSIL argued the same points, and cited similar cases); Dkt. No. 99, pp. 3-5, 6-9 (Class's response to BCBSIL's argument on this issue); Dkt. No. 113, p. 13-15 (certifying the class). BCBSIL adds nothing new except for citation to additional out-of-jurisdiction and/or irrelevant cases. BCBSIL's last ditch attempt to bolster an already-rejected argument is duplicative and should be disregarded. *See* Dkt. No.188, p.3.

BCBSIL wholly ignores *Kazda v. Aetna Life Ins. Co.,* 2023 U.S. Dist. LEXIS 199175 (N.D. Cal. Nov. 6, 2023), which is directly on point, deciding a motion to decertify a similar class in litigation over a health plan's exclusionary policy. Notably, the *Kazda* court concluded that *Wit 3* confirmed that class certification under Rule 23(b)(1) and (2) is proper even when the class seeks reprocessing of claims as a remedy:

> The ultimate remedy Kazda seeks is reprocessing. It does not necessarily require individualized adjudication and is therefore appropriate for certification under Rule 23(b)(1) and (b)(2) rather than Rule 23(b)(3). Aetna's other arguments against certification under Rule 23(b)(1) and (b)(2) similarly depend on the first *Wit* decision and fail for that reason.

*Kazda,* 2023 U.S. Dist. LEXIS 199175, at *30-31. For the same reason, the Court should deny BCBSIL's motion to decertify the class and grant the Class's request for declaratory, injunctive, and other equitable relief, including reprocessing of class members' denied claims for gender-affirming care.

PLAINTIFF CLASS'S REPLY TO
DEFENDANT'S SUPPLEMENTAL BRIEFING – 2
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

## II. ARGUMENT

### A. No "Good Reason" to Revisit Class Certification.

"[T]he burden of showing why a court should consider decertification 'falls squarely on the shoulders of defendants.'" *Kazda,* 2023 U.S. Dist. LEXIS 199175, at *13.

> Decertification is a 'drastic step,' not to be taken lightly. 3 Newburg on Class Actions § 7:37 (5th ed. 2011).).' Prior to decertification , the Court must consider all options available to render the case manageable,' *Chisolm v. TranSouth Financial Corp.,* 194 F.R.D. 538, 554 (E.D. Va. 2000).

*Bund v. Safeguard Props. LLC,* 2018 U.S. Dist. LEXIS 180038, *10 (W.D. Wash. Oct. 19, 2018). Accordingly, "doubts regarding the propriety of class certification should be resolved in favor of certification." *Dilts v. Penske Logistics, LLC,* 2013 U.S. Dist. LEXIS 192323, *4-5 (N.D. Cal. Jan. 17, 2013). And defendant must offer a "good reason" to revisit class certification. *Kazda,* 2023 U.S. Dist. LEXIS 199175 at *13.

Defendant's Motion to Decertify argued that the decision in *Wit 2* supplied the "good reason" to revisit class certification. *See generally* Dkt. No. 156 *citing to Wit 2*. But in *Wit 3,* the Ninth Circuit withdrew and repudiated the earlier *Wit 2* decision. *See Wit 3,* 79 F.4th 1068. BCBSIL's only reasons left for decertification are that the two class members who were recently added as named plaintiffs (*see* Dkt. Nos. 188, 189) do not meet the Rule 23 requirements for typicality and adequacy. As described below, BCBSIL is simply wrong.

### B. Named Plaintiffs S.L. and Jones Are Typical of the Class.

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992); *see also* Fed. R. Civ. P. 23(a)(3).

> When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually satisfied, irrespective of varying fact patterns which underlie individual claims.

PLAINTIFF CLASS'S REPLY TO
DEFENDANT'S SUPPLEMENTAL BRIEFING – 3
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

*Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642, 648 (W.D. Wash. 2007) (*quoting Smith v. Univ. of Wash. Law Sch.*, 2 F. Supp. 2d 1324, 1342 (W.D. Wash. 1998)). Also, as the Tenth Circuit explained mere weeks ago, "typicality does not require that every member of the class share a fact situation identical to that of the named plaintiff," rather "only that the claims of the class representative and class members are based on the same legal or remedial theory." *Sherman v. Trinity Teen Sols., Inc.*, 84 F.4th 1182, 1193 (10th Cir. 2023) (cleaned up). That is the case here.

Named Plaintiffs and class members have all been injured or are at risk of being injured by the same standard practice – BCBSIL's discriminatory administration of gender-affirming care exclusions in violation of § 1557 of the Affordable Care Act. *See* Dkt. No. 148, p. 20 ("Blue Cross, as a third party administrator, is a covered entity under Section 1557 and has discriminated against the Plaintiffs and the class Plaintiffs by denying them services for gender affirming care under individual and class Plaintiffs' insurance policies."). Without court action, the same course of conduct – BCBSIL's administration of gender-affirming care exclusions at the request of contracted employers – has seriously harmed class members and will continue to harm them in the future.[2] That is all that is required for typicality.

More specifically, Plaintiff S.L. was denied coverage of gender-affirming care based upon BCBSIL's administration of a gender-affirming care exclusion. *See* Dkt. No. 176, *Exh. 2* (BCBSIL's denials of coverage for S.L.'s hormone injection and implant with the reason listed as "[t]ransgender services, including this service, are not covered under the terms of your plan.") *Exh. 3* (denial of S.L.'s appeal of these claim denials because "[t]ranssexual surgery and related psychiatric care are not covered"). Similarly, Plaintiff Jones was informed by BCBSIL staff that

---

[2] In briefing filed on November 8, 2023, BCBSIL announced to Plaintiffs for the first time that the CHI health plan, in which Plaintiffs C.P. was and Jones is enrolled reportedly "no longer ha[d] any exclusion relating to gender-affirming care in its plans administered by BCBSIL" as of July 1, 2023. Dkt. No. 195. Reportedly, BCBSIL has yet to receive anything in writing about this alleged amendment to the CHI Plan. Hamburger Decl., *Exh. 1*. When Plaintiff Jones contacted BCBSIL, the customer service representative had no knowledge about any change in the CHI Plan. Jones Decl., ¶5. Even if true, this voluntary cessation of the imposition of the Exclusion on enrollees does not "moot" Jones' standing for prospective injunctive relief. *See* discussion *infra* § II(B)(1).

PLAINTIFF CLASS'S REPLY TO
DEFENDANT'S SUPPLEMENTAL BRIEFING – 4
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

his gender-affirming surgery would not be covered by BCBSIL due to BCBSIL's administration of the Exclusion. Dkt. No. 177, ¶¶6-7. After Jones received gender-affirming surgery, the claim he submitted to Defendant was denied. *Id.,* ¶10. While the denial letter from BCBSIL does not include the reason for the denial, in violation of federal law (*see id.* ¶¶10-11; 29 U.S.C. § 1133(1)), BCBSIL's 30(b)(6) witness testified that the Exclusion was triggered based on the entry of a diagnosis code for gender dysphoria, without further consideration of the claimed procedure's medical necessity or its satisfaction of any other coverage criteria. Dkt. No. 148, p. 11, *citing* Dkt. No. 85-8. Plaintiff Jones presents more than sufficient evidence for the Court to infer that BCBSIL administered the Exclusion to his claim for gender-affirming surgery.

Moreover, both S.L. and Jones are at risk of future denials of coverage of gender-affirming care due to BCBSIL's continued administration of the Exclusion. Both intend to seek additional gender-affirming care, including surgery, in the future. Dkt. No. 176, ¶17; Dkt. No. 177, ¶13. Importantly, BCBSIL has not promised that it will refuse to administer gender-affirming care exclusions in the future – even in the CHI plan. *See* Dkt. No. 195.

### 1. CHI's Purported Removal of the Exclusion from its Plan Is Irrelevant.

In an attempt to undermine Plaintiff Jones's standing for prospective, injunctive relief (not his typicality or adequacy for class certification), BCBSIL asserts that CHI has eliminated the Exclusion from its plan as of July 1, 2023.[3] *Id.* This change, if genuine, is irrelevant to the continued certification of the class:

***First,*** the alleged removal of the offending CHI plan language alone is insufficient to undermine Plaintiff Jones's standing for injunctive relief. Like Plaintiff C.P., Jones had care denied based on BCBSIL's enforcement of the Exclusion and, as such, is entitled to and is an

---

[3] BCBSIL's evidence of the CHI plan's alleged change is based on hearsay, as no written documentation, much less admissible documentation, of the change in the plan has been provided to BCBSIL. Hamburger Decl., *Exh. 1.*

PLAINTIFF CLASS'S REPLY TO
DEFENDANT'S SUPPLEMENTAL BRIEFING – 5
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

adequate representative for the class to obtain declaratory relief and injunctive relief in the form of reprocessing for the Class.[4]

***Second,*** BCBSIL has previously enforced a gender-affirming care exclusion in the CHI plan even when there was no express language barring such coverage. *See* Dkt. No. 84-11 (BCBSIL informed Pritchard that "[t]ransgender services are not covered under the terms of your group health plan through Catholic Health Initiatives"); Dkt. No. 84-6, pp. 79:17-80:12 (BCBSIL's Rule 30(b)(6) witness Ms. Drake testified that, at that time, the CHI plan did not contain an express gender-affirming care exclusion). Thus, CHI's removal of the Exclusion, without affirmatively adding medically necessary gender-affirming care to its list of covered services, along with a written commitment to continue to affirmatively provide coverage for medically necessary gender-affirming care, changes nothing. The removal of the Plan language may still subject Plaintiff Jones and others to a gender-affirming care exclusion administered by BCBSIL.

***Third,*** even if CHI will now cover gender-affirming surgical care, it can easily change its position again, apparently based solely on a telephone call. *See* Hamburger Decl., *Exh. 1*. Importantly, BCBSIL does not promise that it will cease its administration of gender-affirming care exclusions and/or not resume administering such exclusions. Thus, Plaintiffs Jones remains at risk of similar denials in the future. CHI's purported "voluntary cessation" of its use of the Exclusion is thus irrelevant.

This issue is typically raised when a defendant claims that a lawsuit is "moot" because it has voluntarily stopped the challenged policy. Claims of "voluntary cessation" must meet "the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 190 (2000). Consistent with this precedent, Ms. Drake's declaration is

---

[4] BCBSIL does not and, indeed, cannot argue that this development affects Plaintiff Jones's standing to seek declaratory and retrospective injunctive (i.e., reprocessing) relief for himself and the Class.

PLAINTIFF CLASS'S REPLY TO
DEFENDANT'S SUPPLEMENTAL BRIEFING – 6
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

insufficient to show that Plaintiff Jones is no longer reasonably at risk of being subjected to a gender-affirming care exclusion in the future. Neither CHI nor BCBSIL has pledged to irrevocably refrain from imposing or administering gender-affirming care exclusions. *See, e.g., County of Los Angeles v. Davis,* 440 U.S. 625, 631 (1979) (only where "events have completely and ***irrevocably*** eradicated the effects of an alleged violation" will claims of voluntary cessation be considered). *See also Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1179 (9th Cir. 2010); *Elkins v. Dreyfus,* 2011 U.S. Dist. LEXIS 86782, *17 (W.D. Wash. Aug. 5, 2011).

The same holds true when a defendant changes the disputed policy to avoid a prospective injunctive order. In *Hendricks v. Aetna Life Ins. Co.*, 344 F.R.D. 237, 246 (C.D. Cal. 2023), another case involving a class action challenging an insurer's administration of standard coverage-limiting health policy, Aetna argued that no injunction was needed because it had withdrawn the disputed policy. *Id.* The Court rejected this form of "voluntary cessation": "Nothing prevents Aetna from returning to its old ways, so the injunction is still viable notwithstanding Aetna's change of heart." *Id.* Here, BCBSIL continued to administer the Exclusion in the CHI Plan with impunity despite the Court's order on summary judgment that doing so was illegal. *See generally,* Dkt. Nos. 176-177. Without court action, BCBSIL is only a telephone call from CHI away from resuming imposition of the Exclusion. *See* Hamburger Decl., *Exh. 1*. A classwide injunctive order is required to change BCBSIL's behavior, both with regards to the CHI Plan and all the plans with gender-affirming care exclusions that it administers.

BCBSIL's sole case on this issue, *In re First Am. Home Buyers Prot. Corp. Class Action Litig.*, 313 F.R.D. 578, 611-12 (S.D. Cal. 2016), provides no support for BCBSIL's position. In the *First American* case, it was not the defendants' cessation of an unlawful coverage condition that deprived the plaintiffs of standing. Rather, the named plaintiffs lost their standing to seek prospective injunctive relief because they were no longer enrolled in the challenged insurance coverage. *Id.* Conversely, it is undisputed here that Plaintiff Jones is and remains enrolled in the

PLAINTIFF CLASS'S REPLY TO
DEFENDANT'S SUPPLEMENTAL BRIEFING – 7
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

BCBSIL-administered CHI Plan. Dkt. Nos. 176, ¶4; 177, ¶2. Since CHI could direct BCBSIL to enforce the Exclusion at any time, and given BCBSIL's testimony that it will continue to administer the Exclusion when asked to do so by employers (*see* Dkt. No. 154-1, p. 165:8-18), CHI's alleged directive to BCBSIL to stop implementing the Exclusion in no way undermines Jones's standing to seek prospective injunctive relief.

**2.     Differences in Exclusionary Plan Language Are Irrelevant.**

BCBSIL argues that S.L. is not typical of the class since the exclusionary language in S.L.'s plan is different from that in the CHI Plan. Dkt. No. 193, p. 7. The Court previously rejected this precise argument. Dkt. No. 113, p. 12.

Nothing regarding this argument has changed with the addition of Plaintiff S.L. S.L. was denied coverage because the services she sought were deemed excluded as "Transsexual surgery and related psychiatric care are not covered." Dkt. No. 176, *Exh. 3*. While there may be slight differences in the precise language in the various plans, BCBSIL's Rule 30(b)(6) witness testified that all of the Exclusions were administered according to the same standard practice. Dkt. No. 100-4, pp. 69:8-71:4. A diagnosis of "gender dysphoria" is the condition that triggers the standard application of the exclusions. Dkt. No. 100-5, p. 40:17-22. BCBSIL offers no evidence to show that S.L.'s plan is administered any differently. Typicality is met.

**3.     No Individualized Assessment of the Medical Needs of S.L. or Jones by the Court Is Required.**

BCBSIL argues that the Court must assess whether S.L. and Jones will be entitled to coverage if their claims are reprocessed. Dkt. No. 193, pp. 7, 9-11. Indeed, BCBSIL commissioned an improper, belated report from its hired-gun expert to dispute that S.L. might be

PLAINTIFF CLASS'S REPLY TO
DEFENDANT'S SUPPLEMENTAL BRIEFING – 8
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

entitled to coverage, if BCBSIL is enjoined from applying the Exclusion.[5] *See* Dkt. No. 194. But "nearly all class actions potentially present individual questions about whether individuals qualify for whatever classwide relief may ultimately be granted." Dkt. No. 191-1, Order Certifying Class, at 7, *Doe v. Ladapo*, No. 4:23-cv-00114 (N.D. Fla. Oct. 18, 2023) (ECF No. 166). Thus, ultimately deciding whether S.L. or Jones will be eligible for coverage if BCBSIL is enjoined from applying the discriminatory exclusion is not a prerequisite to their service as class representatives but rather must be addressed by BCBSIL ***during the claims process*** – not by the Court and certainly not by Dr. Laidlaw.[6]

Under *Wit 3,* a named plaintiff need only show that her claim was "denied based on the wrong standard" such that she "***might*** be entitled to benefits under the proper standard." *Wit 3,* 79 F.4th at 1084 (emphasis added). It is not for the Court to decide whether benefits should be awarded. *Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability Income Plan*, 85 F.3d 455, 456 (9th Cir. 1996) ("[R]emand for reevaluation of the merits of a claim is the correct course to follow" when a TPA applies the wrong standard); *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 949-51 (9th Cir. 1993).

S.L. has more than met that standard. Her pre-authorization request for coverage of her puberty blockers was ***approved*** by BCBSIL under its medical policies for both gender-affirming care and early onset puberty. Dkt. No. 176, *Exh. 1;* Hamburger Decl., *Exh. 2*. After pre-

---

[5] BCBSIL's belated submission of a never-before disclosed report from Dr. Laidlaw is highly improper. It comes long after the discovery and disclosure cutoffs, and in any event, is completely irrelevant to the issues at hand. The Court should not consider it. What is more, since this Court found that it was, at best, a "close question" as to whether Dr. Laidlaw was qualified to testify about the medical necessity of gender-affirming care (Dkt. No. 121, p.8), other courts have found his testimony "to be unreliable" and given it very little weight. *Koe v. Noggle*, No. 1:23-CV-2904-SEG, 2023 U.S. Dist. LEXIS 147770, at *56 n. 26 (N.D. Ga. Aug. 20, 2023); *see also L.W. v. Skrmetti*, No. 3:23-CV-00376, 2023 U.S. Dist. LEXIS 111424, at *58 n. 48 (M.D. Tenn. June 28, 2023), *rev'd and remanded on other grounds*, 83 F.4th 460 (6th Cir. 2023). In sum, Dr. Laidlaw's declaration merits no consideration or reliance in any way.

[6] BCBSIL as the Plan Administrator must evaluate medical necessity of reprocessed claims based upon the plan's definition of the term, and BCBSIL's internal medical policies. *See* Dkt. No. 189-1, p. 73 of 142. The opinion of Dr. Laidlaw (or anyone else) about the medical necessity of S.L.'s treatment, untethered to the relevant plan language and BCBSIL internal medical policies, has no bearing on whether S.L.'s claims will be covered when they are reprocessed by BCBSIL.

PLAINTIFF CLASS'S REPLY TO
DEFENDANT'S SUPPLEMENTAL BRIEFING – 9
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

authorization and upon receipt of S.L.'s post-service claims, BCBSIL denied coverage solely due to the Exclusion. *See* Dkt. No. 176, *Exhs. 2-3*. Indeed, S.L.'s mother was told by a BCBSIL representative that had her claims been submitted without a diagnosis of gender dysphoria, and only for her early onset puberty, the treatment likely would have been covered. *Id.,* ¶13. Similarly, Jones has demonstrated that his claim was likely denied by BCBSIL based on the Exclusion. BCBSIL informed him that the claim would be denied on that basis in advance, and then denied it without the required explanation. Dkt. No. 177. Moreover, both Jones and S.L. have been diagnosed with gender dysphoria (*Id.* ¶5, Dkt. No. 176. ¶2), and this Court has already found that "the trigger for application of the Exclusion and a denial of coverage was a diagnosis of gender dysphoria for C.P. and other class members." Dkt. No. 148, p. 11 *citing* Dkt. No. 85-8. Nothing more is needed to demonstrate that Plaintiffs S.L. and Jones might be entitled to coverage when their claims are reprocessed by BCBSIL under the proper standard. *Wit 3,* 79 F.4th at 1084.

The court in *Kazda* reached the same conclusions in the face of arguments for class decertification nearly identical to those made here by BCBSIL. 2023 U.S. Dist. LEXIS 199175, at *20. After *Wit 2* was issued, the *Kazda* defendant (Aetna) moved to decertify the class, just as BCBSIL did here. *Id.,* *16. Aetna argued, just like BCBSIL, that the court must evaluate each individual class member's entitlement to benefits, such that the class should be decertified. *Id.,* *19-20. The *Kazda* court resoundingly rejected Aetna's arguments:

> Aetna overreads *Wit [3]*. As the Ninth Circuit made clear in *Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability Income Plan*, and as is unchanged in *Wit [3]*, "the court should not itself decide whether benefits should be awarded." 85 F.3d 455, 456 (9th Cir. 1996). Kazda is not required to show that her claim or the claims of the class members would in fact be covered under Aetna's guidelines….
>
> *Wit [3]* did not change this requirement.

PLAINTIFF CLASS'S REPLY TO
DEFENDANT'S SUPPLEMENTAL BRIEFING – 10
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

*Id.,* \*20. As the *Kazda* court confirmed, all that is required for class certification is that a showing that the "application of the wrong standard could have prejudiced" each class member. *Id.,* \*22. Plaintiffs S.L. and Jones have easily demonstrated such prejudice.

C.   **The Class Seeks Declaratory, Prospective and Retrospective Equitable and Injunctive Relief.**

BCBSIL argues yet again that reprocessing is really a claim for monetary damages, not a form of equitable and injunctive relief. Dkt. No. 193, pp. 7-11. This issue has been exhaustively briefed by the parties, and the Class will not reargue its previous points, which are hereby incorporated by reference.[7] *See* Dkt. No. 99, pp. 3-5, 6-9; Dkt. No. 180, pp. 11-13; Dkt. No. 191, pp. 10-11 (Class's various briefing in response to BCBSIL's argument on this issue). *See also* Dkt. No. 188, p. 3 (further supplemental briefing must be nonduplicative). Moreover, the *Kazda* decision confirms that, after *Wit 3,* a class certified under Rule 23(b)(1) and (2) may seek a reprocessing remedy and, where an authority has unlawfully denied benefits in a standard manner, reprocessing shall be granted unless it is otherwise a shown to be a useless formality. *Kazda,* 2023 U.S. Dist. LEXIS 199175, at \*34 ("Courts have recognized that class certification is appropriate under Rule 23(b)(2) when the plaintiff seeks a reprocessing injunction."). *See also Wit 3,* 79 F.4th at 1085-86; *Des Roches v. Cal. Physicians' Serv.*, 320 F.R.D. 486, 508 (N.D. Cal. 2017) (With a class certified under Rule 23(b)(2), "the reprocessing injunction that Plaintiffs seek

---

[7] The new cases cited by BCBSIL are unavailing. *See* Dkt. No. 193, pp. 8-9. Several support class certification. *See Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147, 165 (2d Cir. 2001) ("Where class-wide injunctive or declaratory relief is sought in a (b)(2) class action for an alleged group harm, there is a presumption of cohesion and unity between absent class members and the class representatives"); *Berry v. Schulman*, 807 F.3d 600, 609 (4th Cir. 2015) ("[T]his is a paradigmatic Rule 23(b)(2) case: The 'meaningful, valuable injunctive relief' afforded by the Agreement is 'indivisible,' 'benefitting all [] members' of the (b)(2) Class at once"); *Walsh v. Great Atl. & Pac. Tea Co.*, 726 F.2d 956, 963 (3d Cir. 1983) (confirming Rule 23(b)(2) class certification).

And the cases BCBSIL cites where certification under Rule 23(b)(3) was preferred to (b)(2), did not actually involve genuine injunctive relief. *See Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 825 (7th Cir. 2011) (the plaintiffs sought a specific monetary award by the court cloaked as injunctive relief, rather than one unitary order enjoining certain actions by the defendant); *Ebert v. Gen. Mills, Inc.*, 823 F.3d 472, 476 (8th Cir. 2016) (plaintiffs did not seek a standard, equitable remedy like "reprocessing" but rather undefined "comprehensive remediation" of property contaminated by defendant's used of toxic chemicals).

PLAINTIFF CLASS'S REPLY TO
DEFENDANT'S SUPPLEMENTAL BRIEFING – 11
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

is precisely the sort of final relief that the Court should order under binding Ninth Circuit precedent.").

### III. CONCLUSION

The Court should deny BCBSIL's motion for decertification and order the proposed classwide declaratory, injunctive, and other equitable relief, as well as nominal damages for C.P. and Patricia Pritchard. The Ninth Circuit's decision in *Wit 3*, and the individual circumstances of the new class representatives, S.L. and Emmett Jones, if anything reinforce this conclusion.

DATED: November 20, 2023.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

 /s/ Eleanor Hamburger
Eleanor Hamburger (WSBA #26478)
Daniel S. Gross (WSBA #23992)
3101 Western Avenue, Suite 350
Seattle, WA 98121
Tel. (206) 223-0303; Fax (206) 223-0246
Email: ehamburger@sylaw.com
         dgross@sylaw.com

LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.

 /s/ Omar Gonzalez-Pagan
Omar Gonzalez-Pagan (*pro hac vice*)
120 Wall Street, 19th Floor
New York, NY 10005
Tel. (212) 809-8585; Fax (212) 809-0055
Email: ogonzalez-pagan@lambdalegal.org

Jennifer C. Pizer (*pro hac vice*)
4221 Wilshire Boulevard, Suite 280
Los Angeles, CA 90010
Tel. (213) 382-7600; Fax (213) 351-6050
Email: jpizer@lambdalegal.org

Attorneys for Plaintiffs and the Class

PLAINTIFF CLASS'S REPLY TO
DEFENDANT'S SUPPLEMENTAL BRIEFING – 12
[Case No. 3:20-cv-06145-RJB]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246