UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| C. P., by and through his parents, Patricia Pritchard and Nolle Pritchard, S.L., by and through her parents, S.R. and R.L.; EMMETT JONES, individually and on behalf of others similarly situated; and PATRICIA PRITCHARD, individually,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF ILLINOIS,<br><br>Defendant. | CASE NO. 3:20-cv-06145-RJB<br><br>SECOND AMENDED ORDER CERTIFYING CLASS |

This matter comes before the Court *sua sponte* on review of the record and after argument of counsel heard on 29 November 2023. The Court has considered the record and argument of counsel and is fully advised.

In this case, Plaintiffs C.P., a transgender male, and his mother, Patricia Pritchard, S.L., a transgender female, and Emmett Jones, a transgender male, claim that Blue Cross violated the anti-discrimination provision of the Affordable Care Act ("ACA"), 42 U.S.C. § 18116, when it

SECOND AMENDED ORDER CERTIFYING CLASS - 1

administered discriminatory exclusions of gender-affirming care in self-funded health care plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Dkt. 1. The Plaintiffs' motion to certify a class of similarly situated people was granted on November 9, 2022 (Dkt. 113) and amended on December 12, 2022 (Dkt. 143).

On December 19, 2022, the Plaintiffs' motion for summary judgment was granted. Dkt. 146. Blue Cross's motion for summary judgment was granted, in part (eliminating Plaintiffs C.P. and Patricia Prichard's emotional distress damages claim), and denied in all other respects. *Id*. That order did not address what relief, if any, is appropriate. By leave of Court (Dkt. 188), on October 20, 2023, the Amended Complaint (Dkt. 189) was filed which added S.R., and her mother R.L., and Emmett Jones as named plaintiffs.

Now pending is Blue Cross's motion to decertify the class (Dkt. 156) and the Plaintiffs' motion for classwide relief (Dkt. 153). The Court ordered oral argument on the motions; in that order, it asked that the parties address, in part, "whether the class should be split into two classes: one class that is entitled to prospective relief only ("are or will be") and a second class that is entitled to retrospective relief ("have been"). See ¶1 of class." Dkt. 196. They were further asked to address whether "the classes should be further limited to those claimants who were denied benefits, in writing, solely due to the exclusion." *Id*.

The parties responded at the hearing. Blue Cross does not object to the changes. The Plaintiffs generally agree, but assert that the "in writing" requirement should not be included.

This class was certified pursuant to Fed. R. Civ. P. 23(a) and (b)(1) and (b)(2). Dkt. 113. That order was amended in the December 12, 2023 Amended Order Certifying Class which provided, in relevant part:

The class is composed of all individuals who:

SECOND AMENDED ORDER CERTIFYING CLASS - 2

(1) have been, are, or will be participants or beneficiaries in an ERISA self-funded "group health plan" (as defined in 29 U.S.C. § 1167(1)) administered by Blue Cross Blue Shield of Illinois during the Class Period and that contains a categorical exclusion of some or all Gender-Affirming Health Care services; and

(2) were, are, or will be denied pre-authorization or coverage of treatment with excluded Gender Affirming Health Care services. . . .

Dkt. 143.

### DISCUSSION

Section (2) of the class definition should be rewritten, as this Court has leave to do, *Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC,* 31 F.4th 651, 669 n.14 (9th Cir. 2022), and it should read:

(2) were denied pre-authorization or coverage of treatment solely based on an exclusion of some or all Gender-Affirming Health Care services; and/or

(3) are or will be denied pre-authorization or coverage of treatment solely based on an exclusion of some or all Gender-Affirming Health Care services.

Participants or beneficiaries may be members of either one (2) and (3) or both (2) and (3). . . .

The reasoning from the prior orders (Dkts. 113 and 143) apply. This change is necessary to clarify that class members are those that have been denied, are, or will be denied preauthorization or coverage solely based on the exclusions. Plan participants/beneficiaries may be members of one or both groups – just (2), just (3), or both (2) and (3). While the Court considered requiring that the newly amended section (2) include a requirement that the denial must be in writing, the undisputed facts in this case and Blue Cross's ability to produce transcripts of phone calls has eliminated the need for this requirement. It will not be included.

### ORDER

It is **ORDERED** that:

- The class definition **IS AMENDED** as follows:

SECOND AMENDED ORDER CERTIFYING CLASS - 3

The class is composed of all individuals who:

(1) have been, are, or will be participants or beneficiaries in an ERISA self-funded "group health plan" (as defined in 29 U.S.C. § 1167(1)) administered by Blue Cross Blue Shield of Illinois during the Class Period and that contains a categorical exclusion of some or all Gender-Affirming Health Care services; and

(2) were denied pre-authorization or coverage of treatment solely based on an exclusion of some or all Gender-Affirming Health Care services; and/or

(3) are or will be denied pre-authorization or coverage of treatment solely based on an exclusion of some or all Gender-Affirming Health Care services.

Participants or beneficiaries may be members of either one (2) and (3) or both (2) and (3).

DEFINITIONS:

"Class Period" means November 23, 2016 through the termination of the litigation.

"Gender-Affirming Health Care" means any health care service— physical, mental, or otherwise—administered or prescribed for the treatment of gender dysphoria; related diagnoses such as gender identity disorder, gender incongruence, or transsexualism; or gender transition. This includes but is not limited to the administration of puberty delaying medication (such as gonadotropin-releasing hormone (GnRH) analogues); exogenous endocrine agents to induce feminizing or masculinizing changes ("hormone replacement therapy"); gender-affirming or "sex reassignment" surgery or procedures; and other medical services or preventative medical care provided to treat gender dysphoria and/or related diagnoses, as outlined in World Professional Association for Transgender Health, Standards of Care for the Health of Transsexual, Transgender, and Gender Nonconforming People, 7th Version (2012).

The class asserts claims that Blue Cross Blue Shield of Illinois violated the anti-discrimination provision of the Affordable Care Act, 42 U.S.C. § 18116, when it administered discriminatory exclusions of gender-affirming care in a self-funded health care plans governed by the Employee Retirement Income Security Act of 1974.

The class seeks declaratory relief. They seek an order enjoining Blue Cross Blue Shield of Illinois from administering or enforcing health benefit plans that exclude coverage for gender-affirming health care, including applying or enforcing the plans' exclusions of services for, or leading to, gender reassignment surgery,' and other similar exclusions during the class period, now and in the future. The class seeks an order requiring Blue Cross Blue Shield of Illinois to

reprocess denied pre-authorizations and claims for gender affirming care under the relevant self-funded health care plans without applying the discriminatory exclusions, and when medically necessary and meeting the other terms and conditions of the relevant plans, provide coverage (payment) for those denied pre-authorizations and claims that were based solely on exclusions for gender affirming care.

Blue Cross Blue Shield of Illinois raises several defenses, including that the anti-discrimination provision of the Affordable Care Act, 42 U.S.C. § 18116 does not apply to it, and even if it did, its third-party administration of the exclusions was not discriminatory. Blue Cross Blue Shield also contends that it is protected by the Religious Freedom Restoration Act.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 4th day of December, 2023.

_____
ROBERT J. BRYAN
United States District Judge

SECOND AMENDED ORDER CERTIFYING CLASS - 5