1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| C. P., by and through his parents, Patricia Pritchard and Nolle Pritchard, S.L., by and through her parents, S.R. and R.L.; EMMETT JONES, individually and on behalf of others similarly situated; and PATRICIA PRITCHARD, individually,<br><br>                    Plaintiffs,<br>          v.<br><br>BLUE CROSS BLUE SHIELD OF ILLINOIS,<br><br>                    Defendant. | CASE NO. 3:20-cv-06145-RJB<br><br>ORDER DENYING DEFENDANT'S MOTION TO DECERTIFY CLASS |

This matter comes before the Court on the Defendant Blue Cross Blue Shield of Illinois's ("Blue Cross") Motion to Decertify the Class.  Dkt. 156.  The Court has considered the pleadings filed regarding the motion, oral argument heard on 9 March 2023 and on 29 November 2023, and the parties' supplemental briefing, and is fully advised.

In this case, Plaintiffs C.P., a transgender male, and his mother, Patricia Pritchard, S.L., a transgender female, and Emmett Jones, a transgender male, claim that Blue Cross violated the

anti-discrimination provision of the Affordable Care Act ("ACA"), 42 U.S.C. § 18116 (also referred to herein as "§ 1557"), when it administered discriminatory exclusions of gender-affirming care in self-funded health care plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Dkt. 1. The Plaintiffs' motion to certify a class of similarly situated people was granted on November 9, 2022 (Dkt. 113); the class definition was amended on December 12, 2022 (Dkt. 143) and amended again almost a year later on December 4, 2023 (Dkt. 203).

On December 21, 2022, the Plaintiffs' motion for summary judgment was granted. Dkt. 148. Blue Cross's motion for summary judgment was granted, in part (eliminating Plaintiffs C.P. and Patricia Prichard's emotional distress damages claim), and denied in all other respects. *Id*. That order did not address what relief, if any, is appropriate. By leave of Court (Dkt. 188), on October 20, 2023, the Amended Complaint (Dkt. 189) was filed which added S.L. (by and through her parents, S.R. and R.L.) and Emmett Jones as named plaintiffs.

Blue Cross now moves for decertification of the class. Dkt. 156. (The Plaintiffs' motion for partial relief (Dkt. 153) is also pending, but will be addressed by a separate order.) In its initial briefing Blue Cross relied, in large part, on the Ninth Circuit Court of Appeal's decision in *Wit v. United Behavioral Health,* 58 F.4th 1080 (9th Cir. 2023)("*Wit I*"). After the Ninth Circuit granted a petition for rehearing in *Wit I*, this case was stayed. Dkt. 171. On August 22, 2023, the Ninth Circuit vacated *Wit I* and filed a superseding opinion, *Wit v. United Behavioral Health,* 79 F.4th 1068 (9th Cir. 2023)("*Wit II*"). The parties were given an opportunity to file supplemental briefing on *Wit II* and their motions and presented further oral argument on 29 November 2023. Dkts. 179, 180, 190, 191, 193, and 197.

This opinion deals only with Blue Cross's motion to decertify the class (Dkt. 156).  For the reasons provided below, it (Dkt. 156) should be denied.

## I.   FACTS AND PROCEDURAL HISTORY

The facts and procedural history are in the December 21, 2022 Order on Cross Motions for Summary Judgment (Dkt. 148 at 1-8) and are adopted here.  The Court refined the class definition on December 4, 2023.  That Order provided in relevant part:

The class is composed of all individuals who:

(1) have been, are, or will be participants or beneficiaries in an ERISA self-funded "group health plan" (as defined in 29 U.S.C. § 1167(1)) administered by Blue Cross Blue Shield of Illinois during the Class Period and that contains a categorical exclusion of some or all Gender-Affirming Health Care services; and

(2) were denied pre-authorization or coverage of treatment solely based on an exclusion of some or all Gender-Affirming Health Care services; and/or

(3) are or will be denied pre-authorization or coverage of treatment solely based on an exclusion of some or all Gender-Affirming Health Care services.

Participants or beneficiaries may be members of either one (2) and (3) or both (2) and (3).

DEFINITIONS:

"Class Period" means November 23, 2016 through the termination of the litigation.

"Gender-Affirming Health Care" means any health care service— physical, mental, or otherwise—administered or prescribed for the treatment of gender dysphoria; related diagnoses such as gender identity disorder, gender incongruence, or transsexualism; or gender transition. This includes but is not limited to the administration of puberty delaying medication (such as gonadotropin-releasing hormone (GnRH) analogues); exogenous endocrine agents to induce feminizing or masculinizing changes ("hormone replacement therapy"); gender-affirming or "sex reassignment" surgery or procedures; and other medical services or preventative medical care provided to treat gender dysphoria and/or related diagnoses, as outlined in World Professional Association for Transgender Health, Standards of Care for the Health of Transsexual, Transgender, and Gender Nonconforming People, 7th Version (2012). . . .

Dkt. 203.  This order will refer to those in the "(2) were denied" group as the retrospective  class;

those in the "(3) are or will be denied" group will be referred to as the prospective class.  Plan

participants and beneficiaries can be in one or both groups.

Blue Cross now moves to decertify the class.  This opinion will first address which

statute applies and provide the standard for decertification.  (There are no material issues of fact

that are necessary to decide the motion.) Next, this opinion will turn to the first basis for Blue

Cross's motion to decertify the class, whether the named class representatives are appropriate.

This opinion will then address whether Plaintiffs' claims for retrospective injunctive relief

require the class be decertified.  It will lastly turn to Blue Cross's remaining grounds to decertify

the class, for example, whether any/all of the injunctive relief disproportionately burdens Blue

Cross.

## II.    DISCUSSION

### A.  APPLICABLE STATUTE – ERISA OR THE ACA

Blue Cross asserts that ERISA governs whether the class should be decertified and the

relief, if any, to which Plaintiffs are entitled.  The Plaintiffs maintain that the ACA is the

controlling statute.

The Plaintiffs assert a single claim under the ACA's antidiscrimination provision, 42

U.S.C. § 18116(a), commonly referred to as "Section 1557."  They do not assert a claim under

ERISA.  Blue Cross fails to point to any authority that certification of a § 1557 case is limited by

ERISA or that claims for violation of § 1557 are limited to relief available under ERISA.

Section 1557 of the ACA, not ERISA, governs this case.

### B.  STANDARD ON MOTION TO DECERTIFY

Under Rule 23(c)(1)(C), "[a]n order that grants or denies class certification may be altered or amended before final judgment."  As to class-decertification, the Plaintiffs, as the parties seeking class certification, bear the burden of demonstrating that the requirements of Rule 23(a) and (b) are met.  *Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 947 (9th Cir. 2011). Class certification under Rule 23 necessitates that:  (1) Rule 23(a)'s four requirements: numerosity, commonality, typicality, and adequacy are met and (2) one of the three grounds in Rule 23(b) are met.  Rule 23.  This class was certified under Rule 23(a) and Rule 23(b)(1) and (b)(2).

## C.  BLUE CROSS'S MOTION TO DECERTIFY CLASS – NAMED CLASS REPRESENTATIVES

Blue Cross argues that newly added named Plaintiffs S.L. and Emmett Jones are not typical of the class or adequate class representatives (as required by Rule 23(a)) as part of its argument that the class should be decertified.  Dkt. 193.

### 1.  Standards on Typicality and Adequacy

Typicality requires that "the claims or defenses of the representative parties are typical" of the class. Rule 23(a)(3). Typicality "refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Johnson v. City of Grants Pass*, 50 F.4th 787, 805 (9th Cir. 2022)(*cleaned up*). It is a "permissive standard." *Id*. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *A.B. v. Hawaii State Dep't of Educ.*, 30 F.4th 828, 839 (9th Cir. 2022).

As to adequacy, Rule 23(a)(4) mandates that "the representative parties will fairly and adequately protect the interests of the class." In order to decide whether named plaintiffs will

1  adequately represent a class, two questions are considered: "(1) do the named plaintiffs and their

2  counsel have any conflicts of interest with other class members and (2) will the named plaintiffs

3  and their counsel prosecute the action vigorously on behalf of the class?" *Ellis v. Costco*

4  *Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011).

5          2.  <u>S.L.</u>

6          Blue Cross argues that S.L. is not a typical or adequate member of the class because her

7  plan only excludes "gender reassignment surgery . . . including related services and supplies"

8  unlike the plan for C.P. and Mr. Jones that excluded additional services related to gender

9  affirming treatment.  Dkt. 193.  It contends that in order to determine whether S.L. is entitled to

10  relief, the Court would have to examine her plan and consider whether her treatment is medically

11  necessary and whether she met other plan requirements.  *Id.*  Blue Cross maintains that, due to

12  the need to engage in an individualized inquiry, S.L. is not typical of class members who were

13  denied solely based on an exclusion.  *Id.*  It also asserts that she would not be an adequate

14  representative.  *Id.*

15          Blue Cross's contentions are belied by the record in this case.  The only ground Blue

16  Cross gave for denying S.L.'s claim for benefits for her May 24, 2022 surgery to implant a

17  device that delivers puberty blocking hormones to treat her gender dysphoria was: "[t]ransgender

18  services, including this service, are not covered under the terms of your plan."  Dkt. 176 at 10.

19  This claim was for $140,122.91.  *Id.*  Further, Blue Cross denied S.L.'s earlier claim for March

20  30, 2022 injectable/oral medication because "[t]ransgender services, including this service, are

21  not covered under the terms of your plan."  *Id.* at 16.  This claim was for $33,212.31.  *Id.*  Her

22  appeals on these decisions were also denied.  *Id.* at 22.

23

24

1      Further, this is in keeping with other evidence submitted in the case.  Blue Cross's Rule

2  30(b)(6) witness testified that it administers gender affirming care exclusions consistently.  Dkt.

3  85-5 at 11-13.  It reviews claims to determine if the "diagnosis code" is for "gender dysphoria"

4  or "gender reassignment" and examines the "procedural code" to see if the claim is for gender

5  reassignment treatment.  *Id.*  If, based on that criteria, Blue Cross determines that the services are

6  for gender reassignment, the claim is denied.  *Id.* at 12-13.  S.L. and the class seek to challenge

7  this standard conduct.  The fact that some plans may cover portions of care for gender dysphoria

8  (like hormone treatments or mental health counseling) do not change the challenges to Blue

9  Cross's standard conduct.  Further, the additional reasons Blue Cross now offers to deny her

10  claim after the fact are immaterial - it is the standard conduct that is being challenged.

11      **Typicality.** S.L. is typical; she and the other class members have the same or similar

12  injury (discrimination based on Blue Cross's standard conduct).  *A.B. v. Hawaii State Dep't of*

13  *Educ.*, 30 F.4th 828, 839 (9th Cir. 2022).  The case is not based on her "unique situation" – other

14  class members have been injured "by the same course of conduct."  *Id.*  She asserts that she has

15  been injured, and due to her likely needing gender affirming care in the future, she is at risk of

16  Blue Cross injuring her further by its standard conduct.  Dkt. 176 at 3.  The Plaintiffs have

17  shown that S.L.'s claims are typical of the class for all of the relief the class seeks.

18      **Adequacy.** Further, S.L. is an adequate class representative.  She has no apparent conflict

19  of interest with other class members.  *Ellis* at 985.  Her interest align with them.  S.L., through

20  her parents, indicate that she will "prosecute the action vigorously on behalf of the class."  *Id.*

21      The class should not be decertified because S.L. is not a typical or adequate class

22  member.  The Plaintiffs have shown that S.L. is a typical and adequate class member.

23          3.  Emmett Jones

24

1    To the extent Mr. Jones represents the class for backward looking relief (reprocessing of

2  claims, equitable tolling, and/or retrospective declaratory relief), Blue Cross contends that Mr.

3  Jones is not a typical or adequate representative of the class because Jones's claims for gender

4  affirming care were not denied based on the plan exclusion at issue here.  Dkt. 193.  It points to a

5  portion of a declaration he submitted where he conceded that he was "uncertain if the reasons for

6  the non-payment was due to [his] deductible, a need for additional information[,] or the

7  application of the Exclusion in [his] health plan for gender affirming care."  Dkt. 193 at 3

8  (*quoting* Dkt. 177 at 3).

9    Mr. Jones's declaration provides additional detail about what he asserts happened:  he

10  contends that he called Blue Cross's customer service representative about receiving chest

11  reconstructive surgery as treatment for his gender dysphoria.  Dkt. 177 at 2.  Mr. Jones maintains

12  that the representative told him that his plan had an exclusion of coverage regarding gender

13  affirming surgical care.  *Id.*  He received the surgery on May 25, 2023, which he paid for in

14  advance out of pocket.  *Id.*  Mr. Jones contends that he submitted an online claim for chest

15  reconstructive surgery and "associated services (e.g. anesthesia)" on June 5, 2023.  *Id.* at 2.  Mr.

16  Jones states that in a letter dated June 27, 2023, addressed to his surgical provider, Blue Cross

17  stated that it paid Jones $0 for the claim and provided no reason for not paying the claim.  *Id.* at

18  2-3.  He states that he received an additional explanation of benefits in the mail regarding other

19  gender affirming care services and the statement indicated that "health plan responsibility" was

20  $0 with no additional explanation.  *Id.* at 3.  Mr. Jones' declaration then continues with the

21  portion quoted by Blue Cross above, that he was "uncertain if the reason for the non-payment . .

22  ."  Blue Cross asserts further that it does not have a record of a denial of gender affirming care

23  treatment for Mr. Jones.  Dkt. 193 (*citing* Dkt. 185 at 1).

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**Typicality – Retrospective Class.** The Plaintiffs have shown that Mr. Jones is a typical retrospective class member for its claims for retrospective relief. "[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982). Mr. Jones has adequately shown that he has the same interest and suffered the same injuries as the other class members. Mr. Jones states that he submitted a claim and received the denial by letter; Blue Cross failed to provide a reason for the denials. In light of this litigation, Jones is entitled to an inference that Blue Cross did not provide him a reason for the denials because it did not want him included in the class. The Court notes that Blue Cross took these actions after summary judgment on liability was granted in favor of the Plaintiffs. Its efforts to avoid including him in the class should not be rewarded.

**Typicality – Prospective Class.** To the extent Mr. Jones claims to represent the class for prospective relief (a declaration forbidding Blue Cross to engage in the disputed conduct in the future), Blue Cross maintains that Mr. Jones is not a typical representative of the prospective class because his health plan has now removed exclusions for gender affirming care, effective July 1, 2023. Dkt. 193 (citing Dkt. 195 Declaration of Telisa Drake). Mr. Jones states that he reached out to Blue Cross and spoke with a customer service representative regarding this issue on November 15, 2023. Dkt. 198 at 2. He asserts that he asked whether the gender affirming care exclusion had been removed from his plan, and the customer service representative said there "was no verbiage on that." *Id.* They sent Mr. Jones's inquiry to a supervisor and said that they would get back to him. *Id.* On November 21, 2023,[1] a Blue Cross customer service

---

[1] This call occurred one day after the final briefs on the pending motions were due. Accordingly, the Plaintiffs did not have an opportunity to address this in their written materials.

representative called Mr. Jones and informed him that gender affirming care "is a covered service." Dkt. 201-2 at 2.

Aside from Ms. Drake's declaration asserting that Blue Cross has now removed the Exclusion from Mr. Jones' plan, and a November 21, 2023 phone call that occurred after these motions had been briefed, there is no other evidence to support that assertion (that Mr. Jones's plan now covers gender affirming care) – no written notification to the plan members, no written agreement or memorialization of the change between Blue Cross and the plan sponsor. Blue Cross's showing that there has been a change is not sufficient. Mr. Jones remains a typical class member for those seeking prospective relief. There is no reliable showing that he is not a member of that portion of the class. Accordingly, Mr. Jones, like S.L., is a typical class member for the portion of the class seeking prospective relief.

**Adequacy.** Further, the Plaintiffs have shown that Mr. Jones will be an adequate class representative for all relief requested. He has no apparent conflict of interest with other class members and indicates he will "prosecute the action vigorously on behalf of the class." *Ellis* at 985.

4. Conclusion

Blue Cross's motion to decertify the class based on its contention that the named Plaintiffs are not proper representatives of the class should be denied. At a minimum, S.L. and Mr. Jones meet the Rule 23 criteria for all classes; C.P. meets the Rule 23 criteria for retrospective relief. Blue Cross's argument that the class should be decertified due to the class's requested relief of reprocessing will be addressed next.

**D.  BLUE CROSS'S MOTION TO DECERTIFY CLASS – RETROSPECTIVE EQUITABLE INJUNCTION FOR REPROCESSING**

Blue Cross moves to decertify the class, arguing that the class's claim for injunctive relief in the form of reprocessing demonstrates that class relief is not proper here. Dkt. 156. It maintains that the class cannot meet the requirements of Rule 23(a) or 23(b) due to its requested reprocessing relief. In order to address these issues, this opinion should first discuss Blue Cross's reliance *Wit I* and the Ninth Circuit's decision in *Wit II*.

  1. *Wit I and Wit II*

In the initial motion for decertification, Blue Cross asserted that *Wit I* stood for the proposition that class-wide reprocessing really sought damages and so was not final relief as required under *Wal-mart v. Dukes*, 564 U.S. 338 (2011). Dkts. 156 and 163. It maintained that under *Wit I*, reprocessing was not a remedy allowed under ERISA and so is not available here. *Id.*

In *Wit II*, the Ninth Circuit vacated *Wit I* and clarified that in an ERISA case, "reprocessing may be an available remedy where an administrator has applied an incorrect standard that could have prejudiced the claimant." *Wit II* at 1084. It explained that reprocessing is not available "without a showing that application of the wrong standard could have prejudiced the claimant." *Id.*

In its supplemental briefing, Blue Cross, in essence, argues that the class fails Rule 23(a)'s commonality and typicality requirements because reprocessing requires individualized claims review. Blue Cross argues that to be eligible for reprocessing, a class member must show (1) that their claim was denied based on the wrong standard and (2) that they might be entitled to benefits under the proper standard. It is this *Wit II* second requirement, a showing that application of the incorrect standard "could have prejudiced the claimant," that Blue Cross urges

1    necessitates individualized claims review, such as, a showing that the treatment was medically

2    necessary.  Blue Cross contends that such individualized inquiries defeat class certification.

3        Blue Cross's arguments are unavailing.  First, it is not wholly clear that *Wit I, Wit II* or

4    any other ERISA case mandates the result in this case.  The Plaintiffs here do not make an

5    ERISA claim, but make a claim under the ACA, which affords broader relief (including

6    equitable relief) than ERISA provides.  Second, even if *Wit II* applies, Blue Cross extends the

7    holding in *Wit II* too far.  *Wit II* held only that reprocessing was not available if there was **no**

8    showing that application of the wrong standard could have resulted in a denial of the claim.  *Wit*

9    *II* at 1084.  It did not require that a party establish a right to benefits before reprocessing was an

10   available remedy.  *Wit II* cited, with approval, *Saffle v. Sierra Pac. Power Co. Bargaining Unit*

11   *Long Term Disability Income Plan*, 85 F.3d 455, 456 (9th Cir. 1996).  *Saffle* specifically held

12   that "when, as here, the administrator construes a plan provision erroneously, the court should

13   not itself decide whether benefits should be awarded but rather should remand to the

14   administrator for it to make that decision under the plan, properly construed." *Id.* at 456.  There

15   is no need for an individualized showing that the class members are entitled to benefits in order

16   to receive a classwide injunction (for the retrospective class) ordering reprocessing without

17   discrimination.  *See Kazda v. Aetna Life Ins. Co.*, 2023 WL 7305038 (N.D. Cal. Nov. 6, 2023).

18                        2.   Rule 23(a)

19       The Plaintiffs have shown that Rule 23(a)'s commonality and typicality requirements are

20   met when considering their request for reprocessing and equitable tolling relief.

21       The Plaintiffs have met Rule 23(a)(2)'s commonality requirement.  Rule 23(a)(2)

22   mandates that there be "questions of law or fact common to the class."  In regard to this

23   requirement, "[w]hat matters to class certification is . . . the capacity of a classwide proceeding to

24

1  generate common answers apt to drive the resolution of the litigation." *Dukes* at 350.  Class

2  claims must depend on a "common contention." *Id.*  Further, that "common contention . . . must

3  be of such a nature that it is capable of classwide resolution which means that determination of

4  its truth or falsity will resolve an issue that is central to the validity of [class claims] in one

5  stroke." *Id.*

6      As stated in prior orders of the Court, the Plaintiffs have shown that Blue Cross applied

7  the wrong standard against all class members when it enforced the discriminatory exclusions,

8  meeting the first *Wit II* requirement.  Further, the class is defined as those plan

9  participants/beneficiaries whose claims were denied solely based on the exclusion.  Accordingly,

10  the Plaintiffs have shown that application of the exclusions **could** have prejudiced them, meeting

11  the second *Wit II* requirement.  Further, because Blue Cross's Rule 30(b)(6) witness testified that

12  the exclusions are applied uniformly, based on the diagnosis and requested service alone, the

13  Plaintiffs have demonstrated that appeal (of either their preauthorization service request denials

14  or their claims denials) is futile.  These are "common contention[s]" that are capable of and

15  should  result in, classwide resolution.  *Dukes* at 350.  Applying equitable tolling and ordering

16  Blue Cross to reprocess the claims without discrimination does not defeat commonality – no

17  further individualized inquiries or findings are necessary.

18      The Plaintiffs have also met the typicality requirement of Rule 23(a)(3).  As stated in

19  Section II.D.1. above, typicality requires that "the claims or defenses of the representative parties

20  are typical" of the class. Rule 23(a)(3). Typicality "refers to the nature of the claim or defense of

21  the class representative, and not to the specific facts from which it arose or the relief sought."

22  *Johnson* at 805.  It is a "permissive standard."  *Id.*

23

24

The Plaintiffs have shown that they have suffered the same injury based on the same conduct by Blue Cross.  Their preauthorization requests or claims were denied when Blue Cross applied the wrong standard – enforcing discriminatory exclusions.  They have shown that other class members have been injured by the same course of conduct.  The class has shown that they have been deprived of their right under § 1557 to preauthorization and/or claim processing without discrimination.  Applying equitable tolling and ordering common relief in the form of reprocessing, after removal of that discriminatory deprivation, does not defeat typicality.

Blue Cross also contends that the class is defined so widely it sweeps in people whose claims could have been denied for other reasons, citing *Wit II*.  In *Wit II*, the Ninth Circuit noted that the class definition there included people whose claims were denied, only in part (or not at all), on the wrong standard - leaving open the possibility that those people's claims would be denied anyway based on the reasons given in the denials.  Unlike in *Wit II,* the class here includes only those class members who were, are, or will be denied services based **solely** on the exclusions.  In determining this motion, the Court is limited to considering the rationale offered by Blue Cross for the denials at the time of the denials.  *Collier v. Lincoln Life Assurance Co. of Boston*, 53 F.4th 1180, 1182 (9th Cir. 2022).  The new rationales Blue Cross now offers for the potential denial of the retrospective class's claims may be appropriately raised during reprocessing.  *Id.*

Blue Cross points out that the named Plaintiffs seek reimbursement for the costs of their care out of pocket.  It fails to explain why the class should be decertified on this ground.

Blue Cross also asserts that the class is defined so widely it includes members whose plans are no longer administered by Blue Cross (it does not have a relationship with about 106 of the 398 plans now) and so Blue Cross cannot reprocess the claims.  Administrative difficulty of

this kind is not grounds to decertify a class or deny a remedy. While manageability of class

actions with money damages claims may be a relevant inquiry for court administered money

damages in other cases, *See Hamilton v. Wal-Mart Stores, Inc.*, 39 F.4th 575, 588 (9th Cir.

2022), such considerations do not apply when the class relief does not involve individualized

claims for **court** awarded monetary damages, as here.

    3.   Rule 23(b)

      The next issue to be determined is whether the retrospective class should be decertified

because its requested relief of reprocessing and equitable tolling are not permissible under Rule

23(b)(1) or (b)(2), which were the basis upon which the class was certified.

    *a.   Decertification due to Rule 23(b)(1)(A) and (B)*

Rule 23(b)(1) provides:

(b) A class action may be maintained if Rule 23(a) is satisfied and if:

(1) prosecuting separate actions by or against individual class members would
create a risk of:

> (A) inconsistent or varying adjudications with respect to individual
> class members that would establish incompatible standards of
> conduct for the party opposing the class; or

> (B) adjudications with respect to individual class members that, as
> a practical matter, would be dispositive of the interests of the other
> members not parties to the individual adjudications or would
> substantially impair or impede their ability to protect their
> interests; . . .

In the Order granting class certification, this Court found:

> C.P. has shown that certification under Rule 23(b)(1)(A) and (B) is warranted.
> Blue Cross, as an ERISA fiduciary, is obligated to apply plan provisions
> consistently with respect to similarly situated enrollees. Plaintiffs allege that there
> are at least hundreds of people who were, are, or will be discriminated against
> contrary to ACA's Section 1557 provisions by Blue Cross's conduct, all of whom
> could file suit. Multiple suits would create a risk of "inconsistent or varying
> adjudications" resulting in "incompatible standards of conduct" for Blue Cross.

1    Rule 23(b)(1)(A). Further, independent adjudications on whether Blue Cross is
2    subject to Section 1557 when it acts as a third-party administrator, as a practical
     matter, "would be dispositive of the interests of the other members not parties to
3    the individual adjudications or would substantially impair or impede their ability
     to protect their interests." Rule 23(b)(1)(B).

4    Dkt. 113 at 14.

5         Blue Cross argues that decertification is appropriate because reprocessing is not the real

6    relief sought by the class.  According to Blue Cross, the class actually seeks individualized

7    monetary claims.

8         Class actions for individualized monetary claims are eligible for certification only under

9    Rule 23(b)(3).  *Dukes* at 362.  The class here does not seek individualized monetary claims, but

10   an opportunity to have their claims processed without discrimination.  The Plaintiffs properly

11   point out that when an injunction requires that a procedural avenue be followed, and that there is

12   a possibility of payment after the process, does not transform the equitable injunctive remedy

13   into one for money damages.  *See CIGNA Corp. v. Amara*, 563 U.S. 421, 441 (2011)(injunction

14   requiring plan administrator to pay benefits under court reformed benefits plan did not remove

15   the injunction from "the category of traditionally equitable relief").

16        Blue Cross argues that because the Plaintiffs really seek damages and not only injunctive

17   relief through reprocessing, there is no risk that varying individual adjudications would

18   "establish incompatible standards of conduct" for it under Rule 23(b)(1)(A) because payment of

19   damages is not varying conduct.  It asserts that certification under Rule 23(b)(1)(B) was not

20   proper because it does not have an obligation to treat members of different plans the same.

21   These arguments are unconvincing.

22        The Plaintiffs have shown that Rule 23(b)(1)'s requirements are met when considering

23   their request for reprocessing and equitable tolling relief.  As stated above, the class seeks

24

1  processing of their claims without discrimination; it does not here seek damages.  Further, Blue

2  Cross must treat similarly situated plan participants the same.  29 C.F.R. § 2560.503-1(b)(5).

3  The Court has found that Blue Cross discriminates against plan participants when it administers

4  the exclusions.  If another court found that Blue Cross was not discriminating against

5  participants in the same plans, Blue Cross would be subject to "incompatible standards of

6  conduct."  Rule 23(b)(1)(A).  That is, it would be administering the exclusions for some plan

7  members and not for others.  Such a scenario would, as a practical matter, create situations where

8  individual adjudications "would be dispositive of the interest of other members not parties" or

9  "would substantially impair or impede their ability to protect their interest."  Rule 23(b)(1)(B).

10  While Blue Cross contends that there is no statutory duty that it treat members of different plans

11  the same, it does have a statutory duty to refrain from discrimination pursuant to § 1557.  42

12  U.S.C. § 18116(a).  Further, Blue Cross's Rule 30(b)(6) witness testified that it does, in fact,

13  administer the exclusions the same for all the plans.  This Court has already held that Blue

14  Cross's administration of the exclusions constitutes discrimination contrary to § 1557.  As stated

15  in the order granting the class certification (Dkt. 113), the named Plaintiffs have met the

16  requirements of Rule 23(b)(1).

*b.  Decertification Due to Rule 23(b)(2)*

18       Blue Cross also asserts that the class was improperly certified as a Rule 23(b)(2) class

19  because of its request for reprocessing relief.  Rule 23(b)(2) provides,

20       (b) A class action may be maintained if Rule 23(a) is satisfied and if . . .

21       (2) the party opposing the class has acted or refused to act on grounds that apply
         generally to the class, so that final injunctive relief or corresponding declaratory
22       relief is appropriate respecting the class as a whole . . .

23  In the Order granting class certification, this Court found:

24

1
2
3
4
5

Certification under Rule 23(b)(2) is also appropriate here. C.P. and the class seek declaratory and injunctive relief from Blue Cross's practice of administering exclusions for gender affirming care in self-funded plans. Individualized inquiries are unnecessary. Plaintiffs are seeking a determination of whether Blue Cross's practice violates Section 1557 of the ACA. "Rule 23(b)(2) requirements are unquestionably satisfied when members of a putative class seek uniform injunctive or declaratory relief from policies or practices that are generally applicable to the class as a whole." *Stromberg v. Qualcomm Inc*., 14 F.4th 1059, 1067 (9th Cir. 2021)(*internal quotation marks and citations omitted*).

6
7
8

Dkt. 113 at 14.  In the order granting summary judgment, the Court held that Blue Cross discriminated against Plaintiffs C.P. and his mother in administering the exclusion in their plan and uniformly administers the exclusions as to the others in the class.

9
10
11
12
13
14
15
16

The Plaintiffs have shown that Rule 23(b)(2)'s requirements are met when considering their request for reprocessing and equitable tolling relief.  "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Dukes* at 360.  As stated in prior orders, Blue Cross's discriminatory conduct was uniform as to all plans and as to all class members.  It was declared unlawful as to all of class members and enjoined in the future as to the prospective class.  Further, it can be enjoined as to the retrospective class members by ordering reprocessing without the unlawful conduct.

17
18
19

Blue Cross contends that Rule 23(b)(2) does not authorize class certification where class members are entitled to individualized awards of monetary damages.  As stated above, the Plaintiffs do not seek damages; they seek discrimination-free claims processing.

20
21
22
23

Blue Cross maintains that a reprocessing injunction does not provide "final relief" and so does not satisfy Rule 23(b)(2).  Plaintiffs point out that the Ninth Circuit has approved reprocessing as a final remedy.  *See e.g. Idaho Watersheds Project v. Hahn*, 307 F.3d 815, 823 (9th Cir. 2002)(affirming injunction requiring reprocessing of 68 permits).  Blue Cross

24

complains that reprocessing isn't final relief because the Court here is not ordering non-parties to pay benefits and payment of benefits is what the Plaintiffs want. Blue Cross further contends that reprocessing is not a final remedy because it requires too many individualized determinations of eligibility and medical necessity. It misconstrues Plaintiffs' aims. The class members want an opportunity to have their claims processed without discrimination. The remedy the class seeks is reprocessing and injunctive relief under the correct standard. The outcome of the reprocessing (e.g. whether benefits are paid and by whom) is not the subject of this case.

While Blue Cross maintains that *Dukes* restricted monetary relief available to those in Rule 23(b)(2) classes to monetary relief that is "incidental to requested injunctive or declaratory relief," the Supreme Court held that it "need not decide" in that case whether there are any forms of "incidental" monetary relief that are consistent with the interpretation of Rule 23(b)(2). *Dukes* at 366. Blue Cross contends that the retrospective class must be cohesive to remain certified under Rule 23(b)(2), and it is not because the real relief sought is dependent on individualized determinations.

The retrospective class is sufficiently cohesive. The ultimate remedy the retrospective class seeks from this Court is reprocessing without application of time limits set out in the plans. Reprocessing, with equitable tolling, "does not necessarily require individualized adjudication and is therefore appropriate for certification under Rule 23(b)(1) and (b)(2) rather than Rule 23(b)(3)." *Kazda* at 11 (finding reprocessing a proper remedy for an ERISA class certified under Rule 23(a) and 23(b)(1) and (b)(2)).

    4. <u>Conclusion</u>

Blue Cross's motion to decertify the class based on its contention that retrospective relief destroys compliance with Rule 23 should be denied. The retrospective equitable injunctive relief requested does not require that the class be decertified.

**E.  REMAINING GROUNDS ASSERTED FOR DECERTIFICATION**

Blue Cross additionally argues that the class should be decertified because the Plaintiffs have an adequate remedy at law through ERISA and the balance of equities favors Blue Cross. Dkt. 156.  These arguments are not grounds to decertify the class, but go to the merits of whether an injunction (whether a prospective injunction or retrospective equitable injunction like reprocessing) should issue.  Those issues will be addressed in the order on Plaintiffs' motion for relief (Dkt. 153).

To the extent that Blue Cross asserts that the Rules Enabling Act requires the class be decertified due to the claims for reprocessing and equitable tolling, its arguments are unpersuasive.  *Witt II* noted that "the Rules Enabling Act forbids interpreting Rule 23 to abridge, enlarge or modify any substantive right."  *Id.* at 1084.  Blue Cross fails to demonstrate that reprocessing and equitable tolling are not permitted relief under § 1557.  It does not show that class members' substantive rights to be free from illicit discrimination are here abridged, enlarged, or modified.  Blue Cross does not show that its rights are abridged, enlarged or modified.  The class members rights are provided  by § 1557; to the extent Blue Cross maintains that its rights under ERISA are impacted by application of the remedies available under § 1557, this Court has already held that ERISA is to be construed in a manner subservient to § 1557. Dkt. 148.  The Rules Enabling Act does not prevent certification of the class here.

To the extent that Blue Cross maintains that if an injunction (whether prospective or retrospective (like reprocessing)) is issued, another competitor may take its place and so the

Plaintiffs really don't get any relief, the argument is without merit.  Those other parties are not before the Court.  This case concerns Blue Cross and its discrimination.  Other parties' conduct may be the subject before other courts, or may be based on  their good faith conduct in avoiding illegal discrimination.  Blue Cross's contention that the Plaintiffs will not get final relief due to Blue Cross's competitors' actions is supposition and not a ground to decertify the class.

### III.   ORDER

For the foregoing reasons, it is **ORDERED** that:

> o   Defendant Blue Cross Blue Shield of Illinois's Motion to Decertify the Class (Dkt. 156) **IS DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 11th day of December, 2023.

ROBERT J. BRYAN
United States District Judge