1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

| | |
|---|---|
| C. P., by and through his parents, Patricia Pritchard and Nolle Pritchard, S.L., by and through her parents, S.R. and R.L.; EMMETT JONES, individually and on behalf of others similarly situated; and PATRICIA PRITCHARD, individually, | CASE NO. 3:20-cv-06145-RJB ORDER ON PLAINTIFFS' MOTION FOR CLASSWIDE RELIEF AND FOR NOMINAL DAMAGES |
| Plaintiffs, v. | |
| BLUE CROSS BLUE SHIELD OF ILLINOIS, | |
| Defendant. | |

This matter comes before the Court on the Plaintiffs' Motion for Classwide Declaratory and Permanent Injunctive Relief, and Award of Individual Nominal Damages to Named Plaintiffs. Dkt. 153. The Court has considered the pleadings filed regarding the motion, oral argument heard on March 9, 2023 and on November 29, 2023, and the parties' supplemental briefing, and is fully advised.

On December 21, 2022, the Plaintiffs' motion for summary judgment was granted. Dkt. 148. The Court found as a matter of law that Blue Cross violated the anti-discrimination provision of the Affordable Care Act ("ACA"), 42 U.S.C. § 18116 (also referred to herein as "§ 1557"), when it administered discriminatory exclusions of gender-affirming health care in self-funded health care plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Dkt. 148. The Plaintiffs' motion to certify a class of similarly situated people was granted on November 9, 2022 (Dkt. 113); the class definition was amended on December 12, 2022 (Dkt. 143) and amended again on December 4, 2023 (Dkt. 203).

In the December 21, 2022, order, Blue Cross's motion for summary judgment was granted, in part (eliminating Plaintiffs C.P. and Patricia Prichard's emotional distress damages claim) and denied in all other respects. *Id*. That order did not address what relief to Plaintiffs was appropriate.

The Plaintiffs now move for an award of class relief and nominal damages for the named Plaintiffs. Dkt. 153. For the reasons provided below, the Plaintiffs' motion (Dkt. 153) should be granted, as specified herein.

## I.     FACTS AND PROCEDURAL HISTORY

The facts and procedural history are in the December 21, 2022 Order on Cross Motions for Summary Judgment (Dkt. 148 at 1-8) and are adopted here. The Court refined the class definition on December 4, 2023. Dkt. 203. That order provided in relevant part:

The class is composed of all individuals who:

(1) have been, are, or will be participants or beneficiaries in an ERISA self-funded "group health plan" (as defined in 29 U.S.C. § 1167(1)) administered by Blue Cross Blue Shield of Illinois during the Class Period and that contains a categorical exclusion of some or all Gender-Affirming Health Care services; and

(2) were denied pre-authorization or coverage of treatment solely based on an exclusion of some or all Gender-Affirming Health Care services; and/or

(3) are or will be denied pre-authorization or coverage of treatment solely based on an exclusion of some or all Gender-Affirming Health Care services.

Participants or beneficiaries may be members of either one (2) and (3) or both (2) and (3).

DEFINITIONS:

"Class Period" means November 23, 2016 through the termination of the litigation.

"Gender-Affirming Health Care" means any health care service— physical, mental, or otherwise—administered or prescribed for the treatment of gender dysphoria; related diagnoses such as gender identity disorder, gender incongruence, or transsexualism; or gender transition. This includes but is not limited to the administration of puberty delaying medication (such as gonadotropin-releasing hormone (GnRH) analogues); exogenous endocrine agents to induce feminizing or masculinizing changes ("hormone replacement therapy"); gender-affirming or "sex reassignment" surgery or procedures; and other medical services or preventative medical care provided to treat gender dysphoria and/or related diagnoses, as outlined in World Professional Association for Transgender Health, Standards of Care for the Health of Transsexual, Transgender, and Gender Nonconforming People, 7th Version (2012). . . .

Dkt. 203. This Order will refer to those in the "(2) were denied" group as the "retrospective class" and those in the "(3) are or will be denied" group will be referred to as the "prospective class." Plan participants and beneficiaries can be in one or both groups.

The December 21, 2022 Order on Cross Motions for Summary Judgment (Dkt. 148) ruled on several dispositive issues. That order provided the relevant text of the ACA and the test that the Plaintiffs had to meet to make a § 1557 claim:

Section 1557 of the ACA provides:

"[A]n individual shall not, on the ground prohibited under . . . title IX of the Education Amendments of 1972 (20 U.S.C. 1681 et seq.) . . . be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance,

> including credits, subsidies, or contracts of insurance . . . . The enforcement mechanisms provided for and available under such . . . title IX . . . shall apply for purposes of violations of this subsection."

42 U.S.C. § 18116(a).  Title IX prohibits discrimination "on the basis of sex" in education.  20 U.S.C. § 1681.

> To make a claim for sex discrimination under Title IX and by extension, under § 1557 of the ACA, the Plaintiffs must show that: (1) Blue Cross operates "a health program or activity, any part of which is receiving Federal financial assistance;" (2) the Plaintiffs were excluded from participation in, denied the benefits of, or subjected to discrimination in the provision of that "health program or activity;" and (3) the latter occurred on the basis of sex. *See Schwake v. Ariz. Bd. of Regents*, 967 F.3d 940, 946 (9th Cir. 2020).

*Id.* at 9-10.  That December 21, 2022 order further held that:

- (1) Blue Cross's third party administrator activities constitute the operation of a health program or activity, part of which receives Federal financial assistance;

- (2) Plaintiffs were "denied the benefits of" their health insurance plans or "subjected to discrimination" in the administration of their health insurance plans, solely by application of categorical exclusions for gender-affirming health care; and

- (3) the discrimination was based on transgender status which constitutes discrimination on the basis of sex.

*Id.* at 10-12.  In summarizing the Plaintiffs' showing that Blue Cross violated § 1557, the December 21, 2022 order also held that:  Blue Cross, as a third party administrator, is a covered entity under § 1557 and has discriminated on the basis of sex against the Plaintiffs and the class Plaintiffs by denying them services for gender-affirming health care under individual and class Plaintiffs' insurance policies.  *Id.* at 20.

Now ripe is the Plaintiffs' summary judgment motion for classwide relief and nominal damages for the named Plaintiffs.  Dkt. 153.  Blue Cross opposes the Plaintiffs' motion.  Dkt.

161.  At the same time the Plaintiffs moved for relief, Blue Cross moved for decertification of the class (Dkt. 156) which was denied in a separate order (Dkt. 206).  To the extent they apply, the Court adopts the reasoning from the Order Denying Defendants' Motion to Decertify the Class (Dkt. 206) and the December 21, 2022 Order on Cross Motions for Summary Judgment (Dkt. 148).  The standard on a motion for summary judgment is in the December 21, 2022 order (Dkt. 148) and applies to this motion.  There are no material issues of fact.

In addressing the Plaintiffs' motion (Dkt. 153), this Order will address, in the following order: which statute applies, what forms of relief are generally available for violations of § 1557, and then the Plaintiffs' motion for classwide relief – declaratory relief and injunctive relief, including prospective injunctive relief, retrospective relief of equitable tolling and reprocessing, and classwide class notice.  This Order will then turn to the motion for nominal damages for the named Plaintiffs.  Last, it will address other issues raised at the November 29, 2023 argument.

## II.   DISCUSSION

### A.  APPLICABLE STATUTE – ERISA OR ACA?

Blue Cross asserts that ERISA governs the relief, if any, to which the Plaintiffs are entitled.  The Plaintiffs maintain that the ACA determines the relief available.

These issues were raised and addressed in the Order Denying Defendant's Motion to Decertify Class (Dkt. 206).  Its reasoning is adopted here.  In addition to that reasoning, the Court notes that it has already determined that ERISA does not supplant § 1557's anti-discrimination provisions (Dkt. 148 at 16).  The relief provisions of ERISA, 29 U.S.C. § 1132(a)(1)(B) and § 1132(a)(3), only permit plan beneficiaries to bring a lawsuit seeking benefits or a suit to "generically enforce" their rights under the plan or clarify future benefits.  *Wit v. United Behavioral Health,* 79 F.4th 1068, 1084 (9th Cir. 2023)("*Wit II*").  ERISA's relief

1  provisions are more restrictive than the relief available for violations of § 1557, which broadly

2  cover civil rights protection in health care matters (See § II.B., below).  Harmonizing ERISA's §

3  1144(d) (which prohibits construction of ERISA in a manner that "invalidates or impairs" other

4  laws) with the relief afforded in § 1557, leads to the conclusion that ERISA's relief provisions do

5  not trump the relief provided in § 1557.  While ERISA may provide some context and guidance,

6  § 1557 of the ACA, not ERISA, governs the relief available to the class Plaintiffs.

7      The nature of this case is for the vindication of the Plaintiffs' rights under § 1557.  It is

8  not a case for money damages.  Accordingly, the relief available to the class Plaintiffs should be

9  considered next.

10      **B.  RELIEF GENERALLY AVAILABLE FOR VIOLATIONS OF § 1557**

11      Section 1557 does not expressly provide victims of discrimination a private right of

12  action to sue a recipient of federal funds, like Blue Cross here, for violation of the ACA.  Instead,

13  the ACA adopts the "enforcement mechanisms" in Title IX of the Education Amendments of

14  1972, 20 U.S.C. § 1681.  Title IX also does not contain an express private right of action or

15  innumerate the relief available for victims, but Title IX has been construed to include a private

16  right of action.  *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 255 (2009).  In cases

17  "brought pursuant to this private right, both damages and injunctive relief are available."  *Id.*

18      Not all types of damages are available under the ACA.  *Cummings v. Premier Rehab*

19  *Keller, P.L.L.C.*, 142 S. Ct. 1562, 1571 (2022).  For example, punitive damages and emotional

20  distress damages are not available under the ACA or other antidiscrimination statutes, like the

21  ACA, that condition receipt of federal funding on compliance with those statutes.  *See Id.*  In

22  determining the scope of available remedies under the ACA from a federal funding recipient like

23  Blue Cross, the *Cummings* Court held that it is "those remedies explicitly provided in the

24

1    relevant legislation . . . [and] those remedies traditionally available in suits for breach of

2    contract" that are available.  *Id.*  That includes compensatory damages and injunctions.  *Id.*  The

3    *Cummings* Court explained that in order to knowingly accept federal funds from the government

4    and agree to be liable under the ACA and other like statutes, the federal funding recipient must

5    be "on notice that, by accepting federal funding, it exposes itself to liability of that nature."  *Id.*

6         Each of the Plaintiffs' requested forms of relief: nominal damages, declaratory relief,

7    prospective injunctive relief prohibiting application of the exclusions in the future, and

8    retrospective injunctive relief in the form of reprocessing and equitable tolling will next be

9    considered utilizing the *Cummings* framework to determine if a relief request is available to the

10   Plaintiff class.

11            1.   Nominal Damages, Declaratory Relief and Prospective Injunctive Relief

12        "[N]ominal damages may be recovered on the breach of a contract."  *See Houserman v.*

13   *Comtech Telecommunications Corp.*, 2021 WL 673527, at *1 (W.D. Wash. Feb. 22, 2021).  The

14   parties also do not dispute that declaratory relief and prospective injunctive relief are remedies

15   traditionally available in suits for breach of contract.  Each of these forms of relief are available

16   here.

17            2.   Reprocessing

18        In determining whether reprocessing and equitable tolling are available remedies, a few

19   background principles are important.  As stated above, injunctive relief is an available remedy

20   under the ACA.  *Cummings* at 1571.  Further, injunctive and equitable relief are generally

21   available in suits for breach of contract where, as here, there is no adequate remedy at law.  *See*

22   *generally, Skinner v. Northrop Grumman Ret. Plan B*, 673 F.3d 1162, 1166 (9th Cir.

23   2012)(discussing reformation as a possible equitable remedy); *Grondal v. Mill Bay Members*

24

*Ass'n, Inc.*, 471 F.Supp.3d 1095, 1129 (E.D. Wash. 2020)(*aff'd sub nom. Grondal v. United States*, 21 F.4th 1140 (9th Cir. 2021))("Specific performance is an equitable remedy available to an aggrieved party for breach of contract where there is no adequate remedy at law").  Equitable relief is available under Title IX to remedy discrimination violations.  *Ollier v. Sweetwater Union High Sch. Dist.,* 768 F.3d 843, 868 (9th Cir. 2014)(noting the court had "broad powers to tailor equitable relief so as to vindicate the rights" protected under Title IX).  Additionally, several district courts have found that equitable injunctions are appropriate relief for § 1557 violations.  *Fain v. Crouch,* 618 F.Supp.3d 313, 335 (S.D. West Vir. 2022)(enjoining defendants from enforcing or applying exclusions for gender-affirming care in state Medicaid program); *Flack v Wis. Dep't of Health Servs.,* 395 F.Supp.3d 1001, 1003(W.D. Wis. 2019)(same); *Boyden v. Conlin*, 341 F.Supp.3d 979, 1005 (W.D. Wis. 2018).

The undersigned is mindful though, that in *Cummings* the Supreme Court cautioned that available remedies under the ACA do not include "idiosyncratic or exceptional" remedies. *Cummings* at 1574.  The *Cummings* Court also held that it is fair to consider recipients of federal funds, like Blue Cross, to be aware that if they violate their promise to the Government (in this case to not discriminate contrary to § 1557), "they will be subject to either damages or a court order to perform." *Id.* at 1573.

The retrospective class claim for equitable injunctive relief in the form of reprocessing is not an "idiosyncratic or exceptional" remedy.  *Cummings* at 1574.  Blue Cross, in accepting federal funds, anticipated that it could be held liable to "perform the contract" – to process claims, or if necessary reprocess claims, in a nondiscriminatory manner.  *See Cummings* at 1573.  While this is not an ERISA case, reprocessing has long been held an appropriate ERISA remedy when a claims administrator applies an improper

1    standard.  *See Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability*

2    *Income Plan*, 85 F.3d 455, 456 (9th Cir. 1996).  Reprocessing is not new.  Moreover,

3    Blue Cross required each of the plans' sponsors to include an indemnity provision if it

4    was found to be liable to its administration of the exclusions in the plans.  Dkts. 160-2 at

5    10; 160-3 at 10-12.  Blue Cross knew it may have to reprocess claims denied based on the

6    exclusions.  Reprocessing (a court order to "perform the contract" and administer the

7    plans in a non-discriminatory way) is an available form of relief under the ACA.

8                    3.   Equitable Tolling

9           Similarly, the retrospective class claim for "equitable tolling" is not an "idiosyncratic or

10   exceptional" remedy given the uncontested facts here.  Although this is not an ERISA case,

11   equitable tolling is also an available remedy in ERISA cases.  *Heimeshoff v. Hartford Life &*

12   *Acc. Ins. Co*., 571 U.S. 99, 115 (2013).  Based on cases like *Heimeshoff,* as an ERISA plan

13   administrator, Blue Cross is aware that equitable tolling is a possibility as a consequence of

14   Court-ordered reprocessing.  Equitable tolling, like reprocessing, is not an unusual remedy and is

15   an available form of relief under the ACA as a means to right a wrong.

16       **C.  APPLICATION OF FORMS OF RELIEF**

17          Considering that each of these various forms of requested relief are available for a

18   vindication of the Plaintiffs' § 1557 rights, the next issue is whether they are warranted.  A few

19   class action guiding principles are helpful.  As argued by the Plaintiffs, this case does not make

20   claims for money, but claims for vindication of rights against a Defendant whose actions involve

21   sex discrimination.  The requirements of Fed. R. Civ. P. 23(a) have been met.  The class

22   representatives and class cover the requirements of numerosity, commonality, typicality and

23   adequacy.  There is no dispute that numerosity is met.  The commonality and typicality

24

requirement have been met by the common fact of being discriminated against by Blue Cross in the application of discriminatory language defeating claims for benefits.  The named Plaintiffs are adequate class representatives.  Fed. R. Civ. P. 23(b)(1) is met because separate actions would create a risk of inconsistency, which arguably would be dispositive of individual enforcement efforts.  Fed. R. Civ. P. 23(b)(2) is also met:  Blue Cross has applied, and continues to apply, the exclusions in the same manner for all class members such that "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).

The class Plaintiffs' request is the ability to be made whole in the past, now, and in the future by eliminating the discriminatory language from their plans.  Some retrospective class members may secure ultimate payment of benefits, some may not.  That is not the issue before this Court.  The issue here is only to see that claims are handled fairly, without known unfair and illegal discriminatory clauses thwarting class members' claims.  The class Plaintiffs are entitled to all relief requested and available to protect their rights.

The relief granted by this Order is based on Blue Cross's liability which is explained in the December 21, 2022 Order on Cross Motions for Summary Judgment (Dkt. 148).

### D.  DECLARATORY RELIEF

"Granting declaratory relief is committed to the sound discretion of the trial court." *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984).  A court's "decision to grant declaratory relief should always be made with reference to the public interest, recognizing that declarations can serve an important educational function for the public at large as well as for the parties to the lawsuit."  *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1112 (9th Cir. 1987)(*superseded by statute on other grounds*).  "Declaratory relief should be

1    denied when it will neither aid in clarifying and settling legal relations in issue nor terminate the

2    proceedings and afford the parties relief from the uncertainty and controversy they faced." *Id*.

3          The Plaintiffs' motion for classwide declaratory relief (Dkt. 153) should be granted.  A

4    declaration in this case will aid in "clarifying and settling legal relations" at issue here.  This case

5    takes place in the midst of a sharply divided regulatory and litigation background.  As stated in

6    the December 21, 2022 Order on Cross Motions for Summary Judgment, "Blue Cross, as a third

7    party administrator is engaged in a 'health care program or activity' and receives Federal

8    financial assistance.  It is subject to Section 1557.  Its denial of benefits under the Plaintiffs'

9    plans based on their transgender status was discrimination on the basis of sex."  Dkt. 148 at 12.

10   Declaratory relief will "afford the parties relief from the uncertainty and controversy they faced"

11   and help prevent future litigation.  Lastly, declaratory relief is appropriate as a "vindication" of

12   the Plaintiffs' position and as a "public statement" of the extent of a discrimination victim's

13   rights under the ACA.  *Zolin* at 1113.   The class is entitled to the award of a declaration that is

14   narrowly tailored to reflect the parties and facts in this litigation.  The declaration appears in

15   Section I, pages 20-21, of this Order.

16        **E.  INJUNCTIVE RELIEF**

17        Generally, after determining a plaintiff has succeeded on the merits, the standard four-

18   factor test in determining whether to issue a permanent injunction considers:  "(1) whether a

19   plaintiff has suffered an irreparable injury, (2) whether remedies available at law are inadequate

20   to compensate for that injury, (3) the balance of hardships, and (4) the public interest." *Equal*

21   *Employment Opportunity Comm'n v. BNSF Ry. Co.*, 902 F.3d 916, 928 (9th Cir. 2018).  Having

22   already determined that the Plaintiffs have succeeded on the merits in the order granting their

23

24

motion for summary judgment (Dkt. 148), each of these remaining factors will be considered here.

### 1.  Irreparable Injury

Loss of access to medically necessary care is a form of irreparable injury.  *M.R. v. Dreyfus*, 663 F.3d 1100, 1115 (9th Cir. 2011).  The class has shown that it suffered an irreparable injury when Blue Cross denied their claims for gender-affirming care based on the exclusions.  Moreover, they have shown that they will continue to suffer this injury if Blue Cross is not enjoined from administering the exclusions in the future.

### 2.  Adequacy of Remedies Available at Law

In order to be awarded a permanent injunction, a plaintiff must show that remedies available at law "such as monetary damages, are inadequate to compensate for that injury." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).  Blue Cross asserts that the Plaintiffs have an adequate remedy at law – monetary damages under ERISA - and so no permanent injunction (either for forward-looking relief or backward-looking relief) should issue.

The Plaintiffs properly point out that they suffered and will continue to suffer additional, non-monetary harms caused by the refusal of, or the delay in, treatment, including anxiety and mental anguish as a result of the discrimination.  "Monetary damages proposed by [Blue Cross] will not . . . cure the medical harms caused by the denial of timely health care." *See Karnoski v. Trump*, 2017 WL 6311305, at *9 (W.D. Wash. Dec. 11, 2017).  Further, the Plaintiffs demonstrated that appeals within the contract framework are futile. *See* Section II.E.5.b. page 15 lines 17-22 and page 16, lines 6-12, below.  The same discriminatory standard will be applied without an injunction.  The Plaintiffs have shown that monetary damages alone are not sufficient,

or practical, to compensate for their injuries.  The Plaintiffs have met the third element for an injunction.

### 3.  Balance of Hardships

Before a Court may grant a permanent injunction, it must determine that the remedy is warranted considering the balance of hardships between the plaintiff and defendant.  *eBay* at 391. The Plaintiffs have shown that they have suffered and will continue to suffer disproportionate harm if a permanent injunction is not entered.  They point out that they would have to repeatedly litigate application of the ACA antidiscrimination provision to Blue Cross, acting as a plan administrator for self-funded plans - a doubtful source of fairness.  The damage to the Plaintiffs has, and will be, significant absent relief.  While Blue Cross asserts that a permanent injunction would harm it and benefit its competitors, the proper comparator is Blue Cross and the Plaintiffs, not Blue Cross and some other entity.  *See eBay* at 391.  Following antidiscrimination laws is not a hardship.  The damage to Blue Cross is comparatively inconsequential.  The Plaintiffs have shown that the balance of equities tips sharply in their favor.

### 4.  Public Interest

The Plaintiffs have also shown that the public interest favors issuance of a permanent injunction.  Despite the order on summary judgment issued in this case, finding that administration of the exclusion constituted discrimination, Blue Cross continued to administer the exclusions, as it did, for example, against named Plaintiffs Jones and S.L.  *See* Dkts. 176 and 177.  The public has a strong interest in ensuring that antidiscrimination laws are enforced.  The public interest also lies with protecting public health by ensuring that all individuals covered under plans administered by Blue Cross receive "medically necessary services for the treatment

of gender dysphoria."  *See Kadel v. Folwell*, 2022 WL 11166311, at *5 (M.D.N.C. Oct. 19, 2022).  Public interest calls for an injunction.

     5.  <u>Scope of Injunctive Relief</u>

    The class has shown that it is entitled to injunctive relief.  The scope of the relief will now be addressed.

     a.  <u>*Prospective Injunctive Relief*</u>

    The class has demonstrated that a prospective injunction is an available remedy under the ACA.  Based on the findings in the December 21, 2022 order granting the Plaintiffs' motion for summary judgment (Dkt. 148) and the Plaintiffs showing that all four factors necessary for the issuance of an injunction are met, they are entitled to a prospective injunction prohibiting Blue Cross from applying the discriminatory exclusions in the future.  This injunction should be narrowly tailored but also prevent the class Plaintiffs' harms in the future.  The prospective injunction appears in Section I, page 21, of this order.

     b.  <u>*Retrospective Injunctive Relief for Retrospective Class – Those Who "Have Been Denied" Benefits Based on Exclusions*</u>

    Members of the retrospective class seek injunctions that include equitable tolling of time limits to apply for and appeal negative benefits decisions already made and based on the gender-affirming exclusions, and for reprocessing without the offending standard.

    The Court has "broad powers to tailor equitable relief so as to vindicate the rights" of those protected under Title IX and, by adoption of those remedies, the ACA.  *See Ollier* at 868.  Further, as victims of illegal discrimination, the class is entitled to a "make whole" remedy.  *See, e.g., Franks v. Bowman Transp. Co.,* 424 U.S. 747, 763 (1976)(noting that to achieve the "make whole" objective of Title VII, Congress "vested broad equitable discretion in the federal courts

to order such affirmative action as may be appropriate to include . . . equitable relief as the court deems appropriate" to remedy discrimination).

Reprocessing appears to be the only fair relief to counter the Defendants' erroneous denial of retrospective class's claims because of sex discrimination.

**Equitable Tolling**.  The retrospective class seeks an injunction prohibiting Blue Cross from applying the original time limits in the health plans for submitting claims or appealing adverse benefits decisions for gender-affirming health care that were denied based on the exclusions.

A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that they have been pursuing their rights diligently, and (2) that some extraordinary circumstances stood in their way.  *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013), *aff'd and remanded sub nom. United States v. Wong*, 575 U.S. 402 (2015).

The retrospective class has met the first requirement.  It, by definition, is comprised of those plan participants and beneficiaries who submitted preauthorization service requests or claims and were denied benefits solely based on application of the inappropriate exclusions.  Class Definition, ¶¶ (1) and (2).  Blue Cross applied the wrong standard (it applied the discriminatory exclusions) uniformly as to all class members.  As stated in the prior orders, Blue Cross's Rule 30(b)(6) witness testified that it administers gender-affirming care exclusions consistently.  Dkt. 85-5 at 11-13.  It reviews claims to determine if the "diagnosis code" is for "gender dysphoria" or "gender reassignment" and examines the "procedural code" to see if the claim is for gender reassignment treatment.  *Id*.  If, based on that criteria, Blue Cross determines that the services are for gender reassignment, the claim is denied.  *Id*. at 12-13.  By filing their

initial preauthorization service request and/or claims, the retrospective class pursued their rights

diligently, meeting the first requirement of equitable tolling.

The retrospective class has shown that extraordinary circumstances stood in their way of

timely filing claims after preauthorization denials or claims denial appeals, meeting the second

equitable tolling requirement.  The retrospective class was entitled to processing without

discrimination under § 1557.  Blue Cross discriminated against them when it applied the

exclusions contrary to § 1557.  Blue Cross's Rule 30(b)(6) witness's testimony demonstrates that

further appeal would be futile – the denials were based, not on administrator discretion, but by

computer code, uniformly applied.  There is no indication that Blue Cross would act in any other

manner.  Individualized inquiries are unnecessary.  Further attempts at exhaustion would be

futile without the Court's protection.  Without court aid, members are entrapped into Blue

Cross's continued use of the offending exclusion.

Blue Cross's arguments, that the Rules Enabling Act prohibits equitable tolling from

being an available remedy here, are addressed in the Order Denying Defendants' Motion to

Decertify Class (Dkt. 206) and its reasoning is adopted here.  It is unnecessary to reach the

Plaintiffs' assertions that common-law anticipatory breach or repudiation also support their claim

for equitable tolling.

The retrospective class's claim for relief in the form of equitable tolling should be

granted.  The language proposed by the retrospective class should be modified to clarify that it

only includes denials based solely on application of the exclusions.  The injunction on equitable

tolling appears in Section I, page 21, of this order.

**Reprocessing.**  Recently, in *Wit II,* the Ninth Circuit Court of Appeals reaffirmed the

availability of reprocessing (referred to as "remand") in ERISA cases.  *Id.* at 1084.  It provided

that reprocessing is available "where a plaintiff has shown that his or her claim was denied based on the wrong standard and that he or she might be entitled to benefits under the proper standard." *Id.*

As stated in the Order Denying Defendant's Motion to Decertify the Class, the retrospective class has met this standard. Dkt. 206. It has shown that their requests for preauthorization or claims were denied solely based on application of the exclusion (the wrong standard). Further, they have shown that, as participants or beneficiaries of the plans who were denied solely based on application of the exclusions, they might be entitled to benefits. The reasoning provided in that order (Dkt. 206), (including the reasons why Blue Cross's reliance on the *Wit II* case is misplaced) is adopted here.

While this case is not an ERISA case, reprocessing provides the retrospective class with a "make whole remedy" to which it is entitled. Reprocessing is necessary to remedy Blue Cross's discrimination. The class Plaintiffs propose that retrospective class members be given 12 months to file a claim for reprocessing. That is too long; 90 days after notice is a fairer time limit. The reprocessing injunction appears in Section I, page 21, of this Order.

> ### c. *All Classes – Court Ordered Notice at Blue Cross's Expense*

Fed. R. Civ. P. 23(c)(2)(A) provides that "[f]or any class certified under Fed. R. Civ. P. 23(b)(1) or (b)(2), the court may direct appropriate notice to the class." In light of the relief awarded here, class members should now be given notice of this case, its findings, and reprocessing limits and requirements. The Court finds that the notice requirements in Fed. R. Civ. P. 23(c)(2)(B) are appropriate given the nature of this case.

The Plaintiffs' motion for an order that Blue Cross pay for notice to the class (Dkt. 153) should be granted. Ordinarily, the burden of notice falls on the party who sought certification of

the class. *Eisen v. Carlisle  Jacquelin,* 417 U.S. 156, 177-179 (1974).  In this case, as part of the

"make whole" remedy for the Plaintiffs that the Court is entitled to fashion for the class, *Franks*

at 763, notice is part of the remedy ordered and Blue Cross should be ordered to notify the class

members, at its own expense, with a court-approved notice.  Method of notification, contents,

and timing, will be approved by the Court.  (*See* the Supplemental Order, Dkt. 208).

### F.  NOMINAL DAMAGES TO NAMED PLAINTIFFS

Blue Cross does not contest an award of nominal damages.  Accordingly, the class

Plaintiffs' representatives' motion for an award of individual nominal damages to the named

class Plaintiffs' representatives in the amount of $1.00 each (Dkt. 153) should be granted.

### G.  BLUE CROSS'S MOTION FOR STAY PENDING APPEAL

At the November 29, 2023 hearing, Blue Cross's counsel indicated that if the Court

granted the Plaintiffs' motion for classwide relief, that the Court should stay enforcement of the

order pending appeal.

Pursuant to Fed. R. Civ. P. 62(c), unless the court orders otherwise, an interlocutory or

final judgment in an action for an injunction is "not stayed after being entered, even if an appeal

is taken."  The following factors are to be considered in deciding whether to issue a stay of an

injunction while on appeal: (1) the stay applicant has made a strong showing that they are likely

to succeed on the merits; (2) the applicant will be irreparably injured absent a stay; (3) issuance

of the stay will not substantially injure the other parties interested in the proceeding; and (4) the

public interest favors staying the injunction.  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

At this point, Blue Cross's motion for issuance of a stay pending an appeal should be denied

without prejudice.  No appeal has been filed.  It has not shown it is likely to succeed on the

merits or that it will be irreparably injured absent a stay.  Class members will be substantially

injured if they are unable to get needed medical care.  The public interest favors enforcement of antidiscrimination statutes and so does not favor issuance of a stay.

## H.  FINDINGS OF FACT, AND CONCLUSIONS OF LAW

In support of this relief and judgment award, the following findings of fact and conclusions of law are made:

As stated in the prior orders of the Court regarding class certification (Dkts. 113, 143, 203, and 206): Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy are met.  Further, Rule 23(b)(1) and (b)(2)'s requirements are met.  Accordingly, this case is properly certified as a class action.

The class is composed of all individuals who:

(1) have been, are, or will be participants or beneficiaries in an ERISA self-funded "group health plan" (as defined in 29 U.S.C. § 1167(1)) administered by Blue Cross Blue Shield of Illinois during the Class Period and that contains a categorical exclusion of some or all Gender-Affirming Health Care services; and

(2) were denied pre-authorization or coverage of treatment solely based on an exclusion of some or all Gender-Affirming Health Care services; and/or

(3) are or will be denied pre-authorization or coverage of treatment solely based on an exclusion of some or all Gender-Affirming Health Care services.

Participants or beneficiaries may be members of either one (2) and (3) or both (2) and (3).

DEFINITIONS:

"Class Period" means November 23, 2016 through the termination of the litigation.

"Gender-Affirming Health Care" means any health care service— physical, mental, or otherwise—administered or prescribed for the treatment of gender dysphoria; related diagnoses such as gender identity disorder, gender incongruence, or transsexualism; or gender transition. This includes but is not limited to the administration of puberty delaying medication (such as gonadotropin-releasing hormone (GnRH) analogues); exogenous endocrine agents to induce feminizing or masculinizing changes ("hormone replacement therapy"); gender-affirming or "sex reassignment" surgery or procedures; and other medical services or preventative medical care provided to treat gender dysphoria and/or

related diagnoses, as outlined in World Professional Association for Transgender Health, Standards of Care for the Health of Transsexual, Transgender, and Gender Nonconforming People, 7th Version (2012). . . .

Dkt. 203.  As held in the December 21, 2022 Order on Cross Motions for Summary Judgment,

- (1) Blue Cross's third party administrator activities constitute the operation of a health program or activity, part of which receives Federal financial assistance;

- (2) Plaintiffs were "denied the benefits of" their health insurance plans or "subjected to discrimination" in the administration of their health insurance plans, solely by application of categorical exclusions for gender-affirming health care; and

- (3) the discrimination was based on transgender status which constitutes discrimination on the basis of sex.

Dkt. 148 at 10-12.  Blue Cross violated § 1557.  *Id.*  Blue Cross, as a third party administrator, is a covered entity under § 1557 and has discriminated on the basis of sex against the Plaintiffs and the class Plaintiffs by denying them services for gender-affirming health care under individual and class Plaintiffs' insurance policies.  *Id.* at 20.

Classwide declaratory and injunctive relief is necessary to ensure that class members have their past, present, and future claims for gender-affirming health care adjudicated without discrimination.

## I.      ORDER AND ORDER FOR JUDGMENT

Based on the foregoing findings of fact and conclusions of law, the Court hereby orders the following relief and directs that judgment be entered accordingly:

**Declaratory Relief.** The class is entitled to declaratory relief as follows:

Blue Cross, its agents, employees, and successors, including Health Care Service Corporation (of which Blue Cross is a division), violated Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116(a), and discriminated on the basis of sex against Plaintiffs C.P., S.L., and Jones, and the Plaintiff Class when it

administered and enforced categorical exclusions of some or all gender-affirming health care services as they are defined in the class definitions. As a "health program or activity" subject to Section 1557, Blue Cross cannot discriminate in any of its activities, including but not limited to, its activities as a third-party administrator.

**Injunctive Relief.**  The class is entitled to a prospective injunction prohibiting Blue Cross from applying the discriminatory exclusions in the future as follows:

Blue Cross, its agents, employees, successors, including the Health Care Service Corporation, are hereby **PERMANENTLY ENJOINED** from administering or enforcing exclusions and any policies or practices that wholly exclude or limit coverage of "gender-affirming health care," so long as it is a "health program or activity" under the ACA's Section 1557, 42 U.S.C. § 18116(a).

The retrospective class is entitled to an injunction setting forth equitable tolling of the time limits to make claims or file appeals set out in their plans and for reprocessing.  Those injunctions are as follows:

Blue Cross is enjoined from applying the original time limits in Class members' health plans for submitting claims or appealing adverse benefit determinations, but only as to claims for gender-affirming health care that were denied based solely on the exclusions of gender-affirming health care services during the Class period. Class members will have 90 days from the date the Class notice is submitted to class members, to submit claims for gender-affirming care that were denied for pre-authorization and/or post-service based solely upon the exclusions for gender-affirming care.

Blue Cross shall accept and process these claims consistent with the remaining terms of the plans, the Administrative Services Agreements, other contracts, and indemnification agreements, subject to this Order and without administering the exclusions.

**Notice.**  The class is entitled to court-approved notice of this case to class members at Blue Cross's expense in accord with the Supplemental Order (Dkt. 208).

**Nominal Damages.** The named Plaintiffs are each entitled to nominal damages of $1.00 for processing this case to success for the class.

1

**J.        FURTHER ORDER:**

2          To the extent Blue Cross moved for a stay pending appeal at the November 29, 2023

3    hearing, the motion **IS DENIED WITHOUT PREJUDICE**; and

4          The Plaintiff's Motion for Classwide Declaratory and Permanent Injunctive Relief, and

5    Award of Individual Nominal Damages to Named Plaintiffs (Dkt. 153) **IS GRANTED AS**

6    **MODIFIED HEREIN**.

7          The Clerk is directed to send uncertified copies of this Order to all counsel of record and

8    to any party appearing pro se at said party's last known address.

9          Dated this 19th day of December, 2023.

10

11

12          ROBERT J. BRYAN
            United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24