1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

| | |
|---|---|
| C. P., by and through his parents, Patricia Pritchard and Nolle Pritchard, S.L., by and through her parents, S.R. and R.L.; EMMETT JONES, individually and on behalf of others similarly situated; and PATRICIA PRITCHARD, individually, | CASE NO. 3:20-cv-06145-RJB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING APPEAL AND SETTING OTHER DEADLINES |
|                       Plaintiffs, | |
|     v. | |
| BLUE CROSS BLUE SHIELD OF ILLINOIS, | |
|                  Defendant. | |

11
12
13
14
15
16
17
18
19

     This matter comes before the Court on Defendant Blue Cross Blue Shield of Illinois'

20

("Blue Cross") Motion to Stay Pending Appeal (Dkt. 210) and on the parties' responses to the

21

December 19, 2023 Supplemental Order (Dkts. 219 and 220). The Court has read and

22

considered all documents filed in support of, and in opposition to, the motion, as well as the

23

contents of the file and oral arguments heard on various issues throughout this litigation. The

24

Court is fully informed.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## I.   THE LAW

The parties agree that the basic rule governing a stay pending appeal is follows:

Pursuant to Fed. R. Civ. P. 62(d),  "[w]hile an appeal is pending from an . . . order or final judgment that grants . . . an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."  In determining whether to issue a stay of an injunction, the court considers four factors: (1) whether the stay applicant, Blue Cross, "has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Nken v. Holder*, 556 U.S. 418, 434 (2009).

The rule has some case-authorized interpretation:  the requesting party, here Blue Cross, has the burden of demonstrating that the facts justify a stay.  *Nken* at 433.  The first two *Nken* factors are the most critical; the second two factors are only considered if the first two factors are satisfied.  *Index Newspapers LLC v. United States Marshals Serv.*, 977 F.3d 817, 824 (9th Cir. 2020).  The moving party is not required to show that it will win on appeal, but must show that appellate success is a "reasonable probability" or a "fair prospect," or that "serious legal questions are raised."  *Leiva-Perez v. Holder*, 640 F.3d 962, 967-68 (9th Cir. 2011).  "A stay pending appeal is an extraordinary remedy that may be awarded only on a clear showing that appellant is entitled to such relief."  *Oracle USA, Inc. v. Rimini St., Inc.*, 2018 WL 4355154, at *2 (D. Nev. Sept. 11, 2018).

It is with that background that the Court must analyze Defendant's stay motion.

## II.   LIKELIHOOD OF SUCCESS ON THE MERITS

ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING APPEAL AND SETTING OTHER DEADLINES - 2

1      It is a challenging rule to ask a trial judge to analyze the strength of a party's chances on

2   appeal.  The undersigned is satisfied with the many rulings made in this case.  Nevertheless, the

3   Court should analyze Blue Cross's position.

4      As the Court already stated, the case "takes place in the midst of a sharply divided

5   regulatory and litigation background."  Dkt. 207 at 11.  All of the key decisions in the case – and

6   there were many – were sharply litigated, and added to the background of division.  Rulings were

7   spread over the order to certify the class (Dkt. 113), two additional orders amending the class

8   definition (Dkts. 143 and 203), the order denying the motion to decertify the class (Dkt. 206), the

9   order on the cross motions for summary judgment (Dkt. 146) and order on classwide relief and

10  for nominal damages (Dkt. 207)[1].  Although appeals were not discussed during the litigation,

11  appeals were likely due to the nature of the case in changing a long-set, and wide spread business

12  practice.  Serious legal questions were raised on all of the Court's many decisions that led to the

13  final judgment in favor of Plaintiffs.  A different decision in any one of those legal questions

14  would have resulted in a different result.

15     There were substantial and serious legal questions raised on many critical issues decided

16  in the case – enough to justify a stay.

17  **III.   WILL DEFENDANT BE IRREPARABLY INJURED IN THE ABSENCE
       OF A STAY?**

18

19     An irreparable injury is one that "cannot be easily undone should [the movant] prevail on

20  appeal."  *Fed. Trade Comm'n v. Qualcomm Inc.*, 935 F.3d 752, 756 (9th Cir. 2019).  The inquiry

21  asks the Court to "anticipate what would happen as a practical matter following the denial of a

22

23  ---
[1] The December 19, 2023 Order on Plaintiffs' Motion for Classwide Relief and for Nominal Damages (Dkt. 207)
24  included a direction to the Clerk of the Court to enter judgment (Dkt. 207 at 20-21).  Erroneously, judgment was not
entered.  Judgment is entered pursuant to that order. Dkt. 221.

ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING APPEAL AND SETTING OTHER
DEADLINES - 3

stay." *Leiva-Perez* at 968; *Lair v. Bullock*, 697 F.3d 1200, 1214 (9th Cir. 2012). Economic harm is irreparable where a party will not be able to recover monetary losses. *California v. Azar*, 911 F.3d 558, 581 (9th Cir. 2018).

It is difficult to anticipate the possible actions by Blue Cross if a stay is denied. We can conclude that that situation would require notice to all class members, prospective and retrospective alike, and claims by class members for services arising from the denial of gender affirming care.

The number of such retrospective claims is unknown. Blue Cross errs in concluding that reprocessing retrospective claims will require it to "pay for, and reimburse its plan members for certain gender-affirming care services." Dkt. 207 at 21. Such payment and reimbursement <u>could</u> happen, but that is beyond the scope of the injunction ordered. Dkt. 207 at 21. (Who would pay such claims is not resolved in this litigation, but Defendant clearly fears that it would be responsible for such payments, based on its relationship with non-party insuring plans.)

The bottom line on this issue is that the pending injunction will substantially change Defendant's corporate procedure which could not be readily or cheaply redone in the event of action under the pending injunction followed by reversal on appeal.

## IV.   WHETHER ISSUANCE OF A STAY WILL INJURE INTERESTED PARTIES

The concern of third parties - retrospective class members who wish to reprocess gender-affirming claims and prospective class members with such claims – will be seriously impacted. On the other hand, we do not know exactly how many retrospective or prospective claims may be made, how many such claims will be paid, the amount of money involved in such claims, let alone the issue of who might be responsible for payment.

ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING APPEAL AND SETTING OTHER DEADLINES - 4

Granting Blue Cross's motion for a stay will simply allow the status quo to remain in effect pending appeal.

This issue does not heavily militate against Defendant's motion.

## V.   WHERE DOES THE PUBLIC INTEREST LIE?

First, the most important public interest is to resolve the difficult issues raised by this case.  Second, is to enforce anti-discrimination law.  We cannot secure the second without Plaintiffs' success on the first.  The long term public interest must be delayed while these legal matters are resolved.

## VI.   BOND

No bond has been requested here in support of the proposed stay, and it appears to the Court that a bond, made possible pursuant to Fed. R. Civ. P. 62(d), should be waived.

## VII.   CONCLUSION AND ADDITIONAL CASE DEADLINES

The Defendant's Motion for a Stay Pending Appeal (Dkt. 210) is granted.  The bond should be waived.

The December 19, 2023 Supplemental Order to the Order on Plaintiffs' Motion for Classwide Relief and for Nominal Damages provided that:  (1) counsel for the parties is directed to "prepare proposed class notices, contents and methods of distribution, and meet and confer to attempt to reach agreement and should then provide agreements, if any, to the Court. Alternatively, counsel may provide issues remaining for the Court to resolve, all before February 1, 2024" and (2) by January 12, 2024, the Plaintiffs were ordered to clarify whether they were abandoning their individual damages claims, without prejudice to reprocessing claims, and (3) the Plaintiffs were ordered to "clarify what relief issues, if any, remain." Dkt. 208.  Both parties responded (Dkts. 219 and 220).

**Notice**.  The parties did not address the order's direction regarding notice to the class.  Notice to the class was a part of the injunctive relief ordered in this case.  Dkt. 207.  Considering that the injunctive relief is stayed by this order, the portion of the December 19, 2023 supplemental order (Dkt. 208) requiring the parties' counsel to prepare proposed class notices should be stricken, to be reordered, if appropriate, after the appeal is complete.

**Named Plaintiffs' Claim for Individual Damages**.  In their response, the named Plaintiffs indicate that they no longer seek individual damages, subject to their ability to reprocess their claims.  Dkt. 219.  They indicate that the named Plaintiffs' abandonment of individual damages is contingent upon and without prejudice to their ability to seek such relief should class certification be reversed on appeal.

Accordingly, the named Plaintiffs' claims for individual damages should be denied, without prejudice, subject to their ability to seek such relief should class certification be reversed on appeal.

**Representative Service Awards to Named Plaintiffs**.  The Plaintiffs move the Court for representative service awards (also referred to as incentive awards) to the named Plaintiffs.  Dkt. 219.

"[I]ncentive awards that are intended to compensate class representatives for work undertaken on behalf of a class are fairly typical in class action cases." *In re Online DVD-Rental Antitrust Litig*., 779 F.3d 934, 943 (9th Cir. 2015).  In determining whether to make an incentive award, courts consider:

> 1) the risk to the class representative in commencing suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class representative; 4) the duration of the litigation and; 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

1   *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).  Class representatives

2   must justify incentive awards "through evidence demonstrating the quality of plaintiff[s']

3   representative service."  *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 266 (N.D. Cal.

4   2015).

5        The Plaintiffs state that they meet the *Van Vranken* factors "as will be determined in

6   subsequent briefing."  Dkt. 219.  They do not request a particular amount but state that the

7   amount will be determined following further briefing.  *Id.*  Blue Cross opposes the motion,

8   arguing that incentive awards are not proper when there is no common fund or agreed settlement

9   of class claims.  Dkt. 220.  It also argues that Plaintiffs failed to plead a claim for an incentive

10  award as is required under Fed. R. Civ. P. 9(g).  *Id.*

11       The Plaintiffs' motion for incentive awards to the named Plaintiffs (Dkt. 219) should be

12  denied without prejudice.  The Plaintiffs have not yet made a sufficient showing that is proper.

13  As they have indicated, further briefing is required.

14       Additionally, a notice of appeal has been filed.  "The filing of a notice of appeal is an

15  event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the

16  district court of its control over those aspects of the case involved in the appeal."  *Griggs v.*

17  *Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see Schroeder v.McDonald*, 55 F.3d

18  454, 458 (9th Cir. 1995).  It is not clear that this Court retains jurisdiction to determine whether

19  the named Plaintiffs are entitled to incentive awards, or the amount of such awards.

20       If the Plaintiffs intend to now renew their motion for an incentive award for the named

21  Plaintiffs, they should file their opening brief by February 1, 2024.  A response, if any, should be

22  filed by February 12, 2024, and a reply, if any, should be filed by February 16, 2024.  Parties

23

24

ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING APPEAL AND SETTING OTHER
DEADLINES - 7

should address whether this Court has jurisdiction for such an award in addition to addressing the merits of the motion.

**Briefing Schedule for an Award of Attorneys' Fees and Costs.**  The Plaintiffs lastly move the Court to set a briefing schedule for an award of attorneys' fees and costs to them as the prevailing parties.  Dkt. 219.  The Plaintiffs request that they be permitted to file their motion 21 days after entry of the judgment.  *Id.*  Blue Cross does not oppose setting a briefing schedule on this issue.  Dkt. 220.

Pursuant to Fed. R. Civ. P. 54 (d)(2)(B)(i), a motion for an award of attorneys' fees and costs should be filed within 14 days after entry of the judgment unless the court orders otherwise.

The Plaintiffs' motion should be granted.  Within 21 days after entry of the judgment, the Plaintiffs should file their motion for attorneys' fees and costs, if any.  A response and reply, if any, should be filed in accordance with Local Civ. Rule W.D. Wash. 7(d)(3).

The Plaintiffs should be mindful that pursuant to Fed. R. Civ. P. 54 (d)(1) and Local Civ. Rule W.D. Wash. 54 (d)(1)-(3), some motions for costs should be filed within 21 days of the entry of judgment and should be directed to the clerk of court.

## <u>ORDER</u>

It is **ORDERED** that:

- Defendant Blue Cross Blue Shield of Illinois' Motion to Stay Pending Appeal (Dkt. 210) **IS GRANTED;**

- A bond **IS WAIVED**;

- The portion of the December 19, 2023 supplemental order requiring the parties' counsel to prepare proposed class notices (Dkt. 208) **IS STRICKEN**, to be reordered, if appropriate, after the appeal is complete;

ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING APPEAL AND SETTING OTHER DEADLINES - 8

- The named Plaintiffs' claims for individual damages **ARE DENIED WITHOUT PREJUDICE**, subject to their ability to seek such relief should class certification be reversed on appeal;

- The Plaintiffs' motion for an award of representative service awards (Dkt. 219) **IS DENIED WITHOUT PREJUDICE;**

  - If the Plaintiffs intend to now renew their motion for an incentive award for the named Plaintiffs, their opening brief is due by **February 1, 2024**;

  - A response, if any, is due by **February 12, 2024**, and

  - A reply, if any, is due by **February 16, 2024**; and

- Within 21 days after entry of the judgment, the Plaintiffs **SHALL FILE** their motion for attorneys' fees and costs, if any;

  - A response and reply, if any, should be filed in accordance with Local Civ. Rule W.D. Wash. 7(d)(3).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 22nd day of January, 2024.

ROBERT J. BRYAN
United States District Judge